1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Alex Spiro (*pro hac vice* forthcoming)
2  alexspiro@quinnemanuel.com
   Jesse Bernstein (*admitted pro hac vice*)
3  jessebernstein@quinnemanuel.com
   51 Madison Ave 22nd floor
4  New York, NY 10010
   Telephone:    (212) 849-7000
5  Facsimile:    (212) 849-7100

6  Michael T. Lifrak (Bar No. 210846)
   michaellifrak@quinnemanuel.com
7  Joseph C. Sarles (Bar No. 254750)
   josephsarles@quinnemanuel.com
8  Alex Bergjans (Bar No. 302830)
   alexbergjans@quinnemanuel.com
9  865 S. Figueroa Street, 10th Floor
   Los Angeles, California 90017
10 Telephone:    (213) 443-3000
   Facsimile:    (213) 443-3100
11
   *Attorneys for Defendant Elon Musk*
12
                    UNITED STATES DISTRICT COURT
13
                   NORTHERN DISTRICT OF CALIFORNIA
14

15
   GIUSEPPE PAMPENA, on behalf of      | CASE NO. 3:22-CV-05937-CRB
16 himself and all others similarly situated, |
                                        | **DEFENDANT ELON MUSK'S ANSWER**
17          Plaintiff,                   | **TO FIRST AMENDED COMPLAINT**
18      vs.                              | Judge:      Hon. Charles R. Breyer
                                        | Courtroom:  6, 17th Floor
19 ELON R. MUSK,
20          Defendant.
21

22
23
24
25
26
27
28

Defendant Elon Musk ("Defendant" or "Musk"), by and through his undersigned counsel, hereby answers the First Amended Complaint ("FAC") filed by lead plaintiffs Steve Garrett, Nancy Price, John Garrett, and Brian Belgrave, individually and on behalf of all other persons similarly situated.  Defendant denies any allegations made in the unnumbered headings contained in the FAC. Defendant further denies each and every allegation set forth in the FAC except for those allegations expressly and specifically admitted below.

## I.      NATURE OF THE ACTION

1.      Defendant admits that plaintiffs purport to bring a putative class action on behalf of themselves and others similarly situated individuals regarding Defendant's public statements. Defendant denies the remainder of the allegations set forth in Paragraph 1 of the FAC.

2.      Defendant admits the first sentence of Paragraph 2 of the FAC.  Defendant denies the remainder of the allegations set forth in Paragraph 2 of the FAC, denies that any statement was false or misleading, and that Defendant engaged in any wrongdoing.

3.      Paragraph 3 of the FAC purports to characterize the content of Defendant's Tweet, which speaks for itself and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.   Defendant denies the remainder of the allegations in Paragraph 3 of the FAC.

4.      Defendant denies the allegations in Paragraph 4 of the FAC.

5.      Defendant denies the allegations in the first sentence of Paragraph 5.  The second sentence of Paragraph 5 of the FAC purports to characterize the content of Defendant's Tweet, which speak for itself and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.

6.      Defendant denies the allegations of second sentence of Paragraph 6.  The first sentence of Paragraph 6 of the FAC purports to characterize the content of Defendant's Tweet, which speaks for itself and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.

7.      Paragraph 7 of the FAC purports to characterize the content of Defendant's Tweets, which speak for themselves and to which no response is required.   Defendant denies the

allegations to the extent plaintiffs have mischaracterized the same.   Defendant denies the remainder of the allegations in Paragraph 7 of the FAC.

8.      The Court has determined that falsity has not been adequately pled with respect to the termination letter referred to in Paragraph 8 of the FAC, thus the allegations in Paragraph 8 of the FAC require no response.   To the extent a response is required, Defendant denies the allegations in Paragraph 8.

9.      Defendant denies the allegations in Paragraph 9 of the FAC.

10.     Defendant denies the allegations in Paragraph 10 of the FAC.

## II.      <u>JURISDICTION AND VENUE</u>

11.     Paragraph 11 of the FAC contains legal conclusions and arguments to which no response is required.

12.     Paragraph 12 of the FAC contains legal conclusions and arguments to which no response is required.

13.     Paragraph 13 of the FAC contains legal conclusions and arguments to which no response is required.

14.     Paragraph 14 of the FAC contains legal conclusions and arguments to which no response is required.

## III.      <u>DIVISIONAL ASSIGNMENT</u>

15.     Paragraph 15 of the FAC contains legal conclusions and arguments to which no response is required.

## IV.      <u>PARTIES</u>

16.     Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 16 of the FAC and therefore denies them.

17.     Defendant admits the allegations of Paragraph 17 of the FAC.

18.     Defendant admits subpart (a) of Paragraph 18 of the FAC.   Defendant denies the remainder of the allegations set forth in Paragraph 18 of the FAC and its subparts.

V.   INTRODUCTION AND SUMMARY OF THE ACTION

19.   Paragraph 19 of the FAC contains legal conclusions and arguments to which no response is required.

20.   Defendant admits the first sentence of Paragraph 20.   Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 20 of the FAC.

21.   Defendant admits the allegations of the first sentence of Paragraph 21 of the FAC. The fourth sentence of Paragraph 21 of the FAC purports to characterize the content of a public press release which speaks for itself and to which no response is required.   Defendant denies the remainder of the allegations of Paragraph 21 of the FAC.

22.   Defendant admits the fourth sentence of Paragraph 22 of the FAC.   Defendant denies the remainder of the allegations of Paragraph 22 of the FAC.

23.   Defendant admits the first sentence of Paragraph 23 of the FAC.   The second sentence of Paragraph 23 of the FAC purports to characterize the content of public filings in litigation which speak for themselves and to which no response is required.

24.   Paragraph 24 of the FAC cites to public Twitter share prices, which speak for themselves and to which no response is required.   Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.   Defendant denies the remainder of the allegations in Paragraph 24.

25.   Paragraph 25 of the FAC cites to public prices of Tesla share prices, which speak for themselves and to which no response is required.   Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.   Defendant denies the remainder of the allegations in Paragraph 25.

26.   Defendant denies the allegations of Paragraph 26 of the FAC.

27.   Defendant denies the allegations of Paragraph 27 of the FAC

28.   Paragraph 28 of the FAC purports to characterize the content of Defendant's Tweet, which speaks for itself and to which no response is required.   Defendant denies the

allegations to the extent plaintiffs have mischaracterized the same.  To the extent a response is required, Defendant denies the allegations in Paragraph 28 of the FAC.

29.     Defendant denies the allegations of Paragraph 29 of the FAC.

30.     Paragraph 30 of the FAC cites to the public price of Twitter shares, which speak for themselves and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.  Defendant denies the remainder of the allegations in Paragraph 30.

31.     Paragraph 31 of the FAC purports to characterize the content of Defendant's Tweets, which speak for themselves, and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.  To the extent a response is required, Defendant denies the allegations in Paragraph 31 of the FAC.

32.     Paragraph 32 of the FAC purports to characterize the contents of a Wall Street Journal article, the contents of which speak for itself, and to which no response is required. Defendant denies the allegations to the extent plaintiffs have mischaracterized the same. Defendant denies the remaining allegations in Paragraph 32.

33.     Paragraph 33 of the FAC purports to characterize the contents of a New York Times article, the contents of which speak for itself, and to which no response is required. Defendant denies the allegations to the extent plaintiffs have mischaracterized the same. Defendant denies the remaining allegations in Paragraph 33.

34.     Paragraph 34 of the FAC purports to characterize the contents of a New York Times article, the contents of which speak for itself, and to which no response is required. Defendant denies the allegations to the extent plaintiffs have mischaracterized the same. Defendant denies the remaining allegations in Paragraph 34.

35.     Paragraph 35 of the FAC purports to characterize the contents of a New York Times article, the contents of which speak for itself, and to which no response is required. Defendant denies the allegations to the extent plaintiffs have mischaracterized the same. Defendant denies the remaining allegations in Paragraph 35.

36.     Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of what short sellers knew or believed and therefore denies allegations pertaining to them.  Defendant denies the remaining allegations in Paragraph 36.

37.     The Court has determined that falsity has not been adequately pled with respect to the termination letter referred to in Paragraph 37 of the FAC, thus the allegations in Paragraph 37 of the FAC require no response.

38.     Defendant admits Twitter sued Defendant in Delaware Chancery Court.  Defendant denies the remainder of the allegations in Paragraph 38.

39.     Defendant denies the allegations of Paragraph 39 of the FAC.

40.     Paragraph 40 of the FAC purports to characterize the procedural history of the Delaware Chancery Court action which is public and speaks for itself and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same. Defendant denies the remainder of the allegations in Paragraph 40.

41.     Paragraph 41 of the FAC purports to characterize the procedural history of the Delaware Chancery Court action and cites to the public prices of Twitter shares, both of which are public and speak for themselves and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.  Defendant denies the remainder of the allegations in Paragraph 41.

## VI.     EVENTS LEADING UP TO THE BEGINNING OF THE CLASS PERIOD

42.     Defendant admits he is an active Twitter user, but lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations in Paragraph 42 and therefore denies them.

43.     Paragraph 43 of the FAC purports to characterize the procedural history of SEC actions and a Wall Street Journal article which speak for themselves and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same. Defendant denies the remainder of the allegations in Paragraph 43.

44.     The second sentence of Paragraph 44 of the FAC purports to characterize the content of a YouTube video which speaks for itself and to which no response is required.

Defendant denies the allegations to the extent plaintiffs have mischaracterized the same. Defendant denies the allegations of the first sentence of Paragraph 44.

45.     Defendant denies the allegations in the first sentence of Paragraph 45, other than that he spoke to Jack Dorsey on March 26, 2022.  Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the second and third sentences of Paragraph 45 of the FAC and therefore denies them.

46.     Defendant denies the allegations in the first and second sentence of Paragraph 46, other than that he spoke to Egon Durban on or around March 26, 2022.  Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of the third and fourth sentences and therefore denies them.

**A.     Musk Fails to Timely Disclose His 9+% Stake in Twitter**

47.     Paragraph 47 of the FAC purports to characterize SEC filings which speak for themselves and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.  Defendant denies the remainder of the allegations in Paragraph 47.

48.     Paragraph 48 of the FAC cites to the public prices of Twitter shares, which speak for themselves and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.   Defendant denies the remainder of the allegations in Paragraph 48.

49.     Paragraph 49 of the FAC purports to characterize public SEC forms and filings, which speak for themselves and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.   Defendant denies the remainder of the allegations in Paragraph 49.

50.     Paragraph 50 of the FAC purports to characterize public SEC forms and filings, which speak for themselves and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.   Defendant denies the remainder of the allegations in Paragraph 50.

51.     Paragraph 51 of the FAC purports to characterize public SEC forms and filings, which speak for themselves and to which no response is required.   Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.   Defendant denies the remainder of the allegations in Paragraph 51.

52.     Paragraph 52 of the FAC purports to characterize the contents of a Wall Street Journal article, the contents of which speaks for itself and to which no response is required. Defendant denies the allegations to the extent plaintiffs have mischaracterized the same. Defendant denies the remaining allegations in Paragraph 52.

53.     The first sentence of Paragraph 53 of the FAC contains legal conclusions and arguments to which no response is required.   The second sentence of Paragraph 53 purports to characterize public SEC forms and filings, which speak for themselves and to which no response is required.   Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.  Defendant denies the remainder of the allegations in Paragraph 53.

54.     Paragraph 54 of the FAC purports to characterize public SEC forms and filings, which speak for themselves and to which no response is required.   Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.   Defendant denies the remainder of the allegations in Paragraph 54.

**B.      Musk Fails to Disclose He Had Been Invited to Join the Twitter Board**

55.     Defendant denies the allegations in Paragraph 55 of the FAC, other than that he had a conversation with Parag Agrawal and Bret Taylor about different options relative to Twitter.

56.     The allegations in Paragraph 56 of the FAC are copied from Twitter's July 26, 2022 Proxy Statement which speaks for itself and to which no response is required.

57.     The allegations in Paragraph 57 of the FAC are copied from Twitter's July 26, 2022 Proxy Statement which speaks for itself and to which no response is required.   Defendant denies the remainder of the allegations in Paragraph 57.

58.     Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 58 of the FAC and therefore denies them.

59.     Defendant denies the allegations of Paragraph 59 other than that he completed a questionnaire and it was returned to Twitter.

60.     Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 60 of the FAC and therefore denies them.

61.     Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 61 of the FAC and therefore denies them.

62.     Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 62 of the FAC and therefore denies them.

63.     Defendant denies the allegations in Paragraph 63 of the FAC, other than that Defendant admits that the board offered Defendant a position, that Defendant initially accepted and signed an agreement, and that the agreement was announced on April 5.

64.     Paragraph 64 of the FAC purports to characterize public SEC forms and filings, which speak for themselves and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.  Defendant denies the remainder of the allegations in Paragraph 64.

65.     Defendant denies the allegations in Paragraph 65.

66.     Defendant admits that on April 4, 2022, Defendant disclosed a 9.2 percent stake in Twitter.  Paragraph 66 of the FAC otherwise cites to the public prices of Twitter share prices and SEC filings, which speak for themselves and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.  Defendant denies the remainder of the allegations in Paragraph 66.

67.     Paragraph 67 of the FAC purports to characterize the contents of a Washington Post article, the contents of which speak for itself and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.  Defendant denies the remaining allegations in Paragraph 67.

68.     Defendant denies the allegations in Paragraph 68.

69.     Paragraph 69 of the FAC purports to characterize the contents of a cooperation agreement, the contents of which speak for itself and to which no response is required.  Defendant

denies the allegations to the extent plaintiffs have mischaracterized the same.  Defendant denies the remaining allegations in Paragraph 69.

70.     Paragraph 70 of the FAC purports to characterize the contents of a cooperation agreement and letter agreement, the contents of which speak for itself and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.

71.     Paragraph 71 of the FAC purports to characterize the content of joint Tweets, which speak for themselves and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.  Defendant respectfully refers the Court to the Tweets for a complete and accurate description of their contents.

72.     The allegations in the first and second sentences of Paragraph 72 of the FAC are copied from Twitter's July 26, 2022 Proxy Statement which speaks for itself and to which no response is required.  Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the third and fourth sentences of Paragraph 72 of the FAC and the location of Dorsey referred to in the second sentence of Paragraph 72 and therefore denies them.

73.     Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 73 of the FAC and therefore denies them.

74.     Defendant denies the allegations in Paragraph 74 of the FAC, other than that Defendant admits that he determined not to join the board on April 9, and that he informed Twitter that he would offer to buy the company.

75.     Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 75 of the FAC and therefore denies them.

**C.     After Unexpectedly Announcing He Would Not Join Its Board, Musk Discloses an Intent to Buy Twitter and Threatens to Go Hostile Through a Tender Offer if Twitter's Board Does Not Acquiesce**

76.     Defendant denies the allegations in Paragraph 76 of the FAC, other than that he admits he communicated with Taylor on April 13 and that he sent a letter to Twitter that day, which speak for itself and to which no response is required.

77.     Paragraph 77 of the FAC purports to characterize the content of Defendant's written proposal which speak for itself and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.  To the extent a response is required, Defendant denies the allegations in Paragraph 77 of the FAC.

78.     Paragraph 78 of the FAC purports to characterize the content of Defendant's Tweet, which speak for itself and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.  Defendant respectfully refers the Court to the Tweet for a complete and accurate description of its contents.

79.     Paragraph 79 purports to characterize the terms of the rights plan, which speaks for itself.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 79, except to admit that the rights plan was announced on April 15, 2022.

80.     Paragraph 80 of the FAC purports to characterize the content of Defendant's Tweets and a various news articles, which speak for themselves and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.  Defendant denies the remaining allegations in Paragraph 80.

81.     Paragraph 81 of the FAC purports to characterize the terms of SEC forms and filings, which speaks for themselves and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.

82.     Paragraph 82 of the FAC purports to characterize the terms of SEC forms and filings, which speaks for themselves and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.

83.     Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of the second and third sentences of Paragraph 83 of the FAC and therefore denies them.  Defendant otherwise denies the allegations in Paragraph 83 of the FAC, other than that he admits that on April 23, 2022, he asked to speak with Twitter representatives about his offer, that he spoke to Taylor, and that he stated his offer was "best and final."

84.     Paragraph 84 of the FAC purports to characterize the terms of Twitters' acceptance of Defendant's offer and Defendant's April 24, 2022 letter, which speaks for themselves and to

which no response is required.   Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.

85.     Paragraph 85 of the FAC purports to characterize the terms of the parties' Merger Agreement, SEC forms and filings and press release, which speaks for themselves and to which no response is required.   Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.  Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of the third sentence of Paragraph 85 of the FAC and therefore denies them.

86.     Paragraph 86 of the FAC purports to characterize the contents of Dorsey's Tweet, which speaks for itself and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.

87.     Paragraph 87 of the FAC purports to characterize the contents of the ElonJet twitter account and SEC filings, which speak for themselves and to which no response is required. Defendant denies the allegations to the extent plaintiffs have mischaracterized the same. Defendant denies the remainder of the allegations in Paragraph 87.

88.     Paragraph 88 of the FAC purports to characterize the contents of a confidentiality agreement, which speaks for itself and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.   Defendant denies the remainder of the allegations in Paragraph 88.

89.     Paragraph 89 of the FAC purports to characterize the contents of SEC filings, which speak for themselves and to which no response is required.   Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.

### D.     Musk Finances the Proposed Buyout in Part by Pledging Billions of Dollars of His Tesla Stock as Collateral for a Loan From Morgan Stanley

90.     Paragraph 90 of the FAC purports to characterize the contents of Defendant's finance disclosures, which speak for themselves and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.

91.     Paragraph 91 of the FAC purports to characterize the contents of Defendant's financial disclosures, which speak for themselves and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.

92.     Paragraph 92 of the FAC purports to characterize the contents of SEC filings and public Tesla share prices, which speak for themselves and to which no response is required. Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.

93.     Paragraph 93 of the FAC purports to characterize the contents of SEC filings and public Tesla share prices, which speak for themselves and to which no response is required. Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.

94.     Paragraph 94 of the FAC purports to characterize the contents of SEC filings, which speak for themselves and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.

95.     Paragraph 95 of the FAC purports to characterize the contents of SEC filings, which speak for themselves and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.

96.     Defendant denies the allegations in Paragraph 96.

97.     Paragraph 97 of the FAC purports to characterize the contents of SEC filing and public Tesla share prices, which speak for themselves and to which no response is required. Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.

98.     Paragraph 98 of the FAC purports to characterize the contents of Tesla's stock pledging policy, which speaks for itself and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.

99.     Paragraph 99 of the FAC purports to characterize Defendant's agreement with Morgan Stanley and other banks, which speak for themselves and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same. Defendant denies the remainder of the allegations in Paragraph 99.

100.    Paragraph 100 of the FAC purports to characterize Tesla's annual report, which speaks for itself and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.

101.    Paragraph 101 of the FAC purports to characterize the contents of an SEC filing, which speaks for itself and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.

102.    Paragraph 102 of the FAC purports to characterize the contents of an SEC filing, which speaks for itself and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.

103.    Paragraph 103 of the FAC purports to characterize public Tesla share prices, which speak for themselves and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.   Defendant denies the remainder of the allegations in Paragraph 103.

104.    Paragraph 104 of the FAC purports to characterize public Tesla share prices, and an Observer article which speak for themselves and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.  Defendant denies the remainder of the allegations in Paragraph 104.

105.    Defendant denies the allegations in Paragraph 105.

106.    Paragraph 106 of the FAC purports to characterize the contents of SEC filings, loan commitment letter, Bloomberg article and Tesla public share prices which speak for themselves and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.  Defendant denies the remainder of the allegations in Paragraph 106.

## VII.    FALSE STATEMENTS DURING THE CLASS PERIOD

107.    Defendant denies the allegations in Paragraph 107.

108.    Defendant denies the allegations in Paragraph 108.

109.    Defendant denies the allegations in Paragraph 109.

110.    Defendant denies the allegations in Paragraph 110.

**A.** **Musk's May 13, 2022, Tweet**

111.   Paragraph 111 of the FAC purports to characterize the contents of Defendant's Tweet, which speaks for itself and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.

112.   Defendant denies the allegations in Paragraph 112.

113.   Paragraph 113 of the FAC purports to characterize the content of Defendant's Tweet and public Twitter share prices which speak for themselves, and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.

114.   Paragraph 114 of the FAC purports to characterize the content of Defendant's Tweet, which speaks for itself and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.

**B.** **Musk's May 14, 2022, Tweet**

115.   The Court has determined that falsity has not been adequately pled with respect to Defendant's May 14, 2022 Tweet, thus the allegations in Paragraph 115 require no response.

116.   The Court has determined that falsity has not been adequately pled with respect to Defendant's May 14, 2022 Tweet, thus the allegations in Paragraph 116 require no response.

117.   The Court has determined that falsity has not been adequately pled with respect to Defendant's May 14, 2022 Tweet, thus the allegations in Paragraph 117 require no response.

118.   The Court has determined that falsity has not been adequately pled with respect to Defendant's May 14, 2022, thus the allegations in Paragraph 118 require no response.

119.   The Court has determined that falsity has not been adequately pled with respect to Defendant's May 14, 2022, thus the allegations in Paragraph 119 require no response.

**C.** **Musk's May 16, 2022, Statement**

120.   Defendant denies the allegations in Paragraph 120.

121.   Paragraph 121 of the FAC purports to characterize the content of Parag Agrawal's Tweet, which speaks for itself and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.

122.   Paragraph 122 of the FAC purports to characterize the content of Defendant's Tweet, which speaks for itself and to which no response is required.   Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.

123.   Paragraph 123 of the FAC purports to characterize the content of Defendant's Tweet, which speaks for itself and to which no response is required.   Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.

124.   Paragraph 124 of the FAC purports to characterize public Twitter share prices, which speak for themselves, and to which no response is required.   Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.   Defendant denies the remainder of the allegations in Paragraph 124.

**D.     Musk's May 17, 2022, Tweet**

125.   Paragraph 125 of the FAC purports to characterize the content of Defendant's Tweet, which speaks for itself and to which no response is required.   Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.   Defendant denies the remainder of the allegations in Paragraph 125.

126.   Paragraph 126 of the FAC purports to characterize the content of a Tweet and SEC filing, which speaks for themselves and to which no response is required.   Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.   Defendant denies the remainder of the allegations in Paragraph 126.

127.   Paragraph 127 of the FAC purports to characterize the contents of a Huffington Post article which speaks for itself and to which no response is required.   Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.   Defendant denies the remainder of the allegations in Paragraph 127.

**E.     Musk's May 21, 2022, Tweets**

128.   The Court has determined that falsity has not been adequately pled with respect to the Tweet referred to in Paragraph 128, thus the allegations in Paragraph 128 require no response.

129.   The Court has determined that falsity has not been adequately pled with respect to the Tweet referred to in Paragraph 128, thus the allegations in Paragraph 129 require no response.

130.    The Court has determined that falsity has not been adequately pled with respect to the Tweet referred to in Paragraph 130, thus the allegations in Paragraph 130 require no response.

131.    The Court has determined that falsity has not been adequately pled with respect to the Tweet referred to in Paragraph 130, thus the allegations in Paragraph 131 require no response.

132.    The Court has determined that falsity has not been adequately pled with respect to the Tweets referred to in Paragraphs 128 and 130, thus the allegations in Paragraph 132 require no response.

133.    The Court has determined that falsity has not been adequately pled with respect to the Tweets referred to in Paragraphs 128 and 130, thus the allegations in Paragraph 133 require no response.

134.    The Court has determined that falsity has not been adequately pled with respect to the Tweets referred to in Paragraphs 128 and 130, thus the allegations in Paragraph 134 require no response.

**F.    Musk's False Statements Foreshadowing and Later Purporting to Terminate the Merger**

135.    Paragraph 135 of the FAC purports to characterize the contents of a May 25, 2022 letter to Twitter which speaks for itself and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.

136.    Paragraph 136 of the FAC purports to characterize the contents of a May 31, 2022 letter to Twitter which speaks for itself and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.

137.    Paragraph 137 of the FAC purports to characterize the contents of a June 1, 2022 letter from Twitter which speaks for itself and to which no response is required

138.    Defendant denies the allegations in Paragraph 138.

139.    Paragraph 139 of the FAC purports to characterize the contents of a June 20, 2022 letter from Twitter which speaks for itself and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.

140.     The Court has determined that falsity has not been adequately pled with respect to the termination letter referred to in Paragraph 140, thus the allegations in Paragraph 140 require no response.  Paragraph 140 of the FAC otherwise purports to characterize the contents of a July 8, 2022 letter from Skadden Arps which speaks for itself and to which no response is required. Defendant denies the allegations to the extent plaintiffs have mischaracterized the same. Defendant denies the remainder of the allegations in Paragraph 140.

141.     The Court has determined that falsity has not been adequately pled with respect to the termination letter referred to in Paragraph 140, thus the allegations in Paragraph 141 require no response.

142.     The Court has determined that falsity has not been adequately pled with respect to the termination letter referred to in Paragraph 142, thus the allegations in Paragraph 142 require no response.  Paragraph 142 of the FAC otherwise purports to characterize the public Twitter share price which speaks for itself and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.  Defendant denies the remainder of the allegations in Paragraph 142.

143.     Paragraph 143 of the FAC refers to a public filing in the Delaware Chancery Court which speaks for itself and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.

144.     The Court has determined that falsity has not been adequately pled with respect to the termination letter referred to in Paragraph 144, thus the allegations in Paragraph 144 require no response.  Paragraph 144 of the FAC otherwise purports to characterize the contents of an August 29, 2022 letter from Skadden Arps which speaks for itself and to which no response is required. Defendant denies the allegations to the extent plaintiffs have mischaracterized the same. Defendant denies the remainder of the allegations in Paragraph 144.

145.     The Court has determined that falsity has not been adequately pled with respect to the termination letter referred to in Paragraph 144, thus the allegations in Paragraph 145 require no response.  Paragraph 145 of the FAC otherwise purports to characterize the contents of an August 29, 2022 letter from Skadden Arps which speaks for itself and to which no response is required.

Defendant denies the allegations to the extent plaintiffs have mischaracterized the same. Defendant denies the remainder of the allegations in Paragraph 145.

146.    The Court has determined that falsity has not been adequately pled with respect to the termination letter referred to in Paragraph 144, thus the allegations in Paragraph 146 require no response.  Paragraph 146 of the FAC otherwise refers to the public Twitter share price which speaks for itself and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.  Defendant denies the remainder of the allegations in Paragraph 146.

147.    The Court has determined that falsity has not been adequately pled with respect to the termination letter referred to in Paragraph 147, thus the allegations in Paragraph 147 require no response.  Paragraph 147 of the FAC otherwise purports to characterize the contents of a September 9, 2022 letter from Skadden Arps which speaks for itself and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.

148.    The Court has determined that falsity has not been adequately pled with respect to the termination letter referred to in Paragraph 147, thus the allegations in Paragraph 148 require no response.

149.    The Court has determined that falsity has not been adequately pled with respect to the termination letters, thus the allegations in Paragraph 149 require no response.  To the extent a response is required, Defendant denies the allegations in Paragraph 149.

150.    Defendant admits the allegations of Paragraph 150.

151.    Paragraph 151 of the FAC purports to characterize a SEC filing which speaks for itself and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.

**VIII.   MUSK'S SCIENTER AND MOTIVE AND OPPORTUNITY TO COMMIT FRAUD**

152.    Defendant denies the allegations in Paragraph 152 of the FAC.

153.    Defendant denies the allegations in Paragraph 153 of the FAC.

154.    Paragraph 154 of the FAC purports to characterize the contents of news articles which speaks for themselves and to which no response is required.  Defendant denies the

allegations to the extent plaintiffs have mischaracterized the same.   Defendant denies the remainder of the allegations in Paragraph 154.

155.   Defendant denies the allegations in Paragraph 155 of the FAC.

156.   Paragraph 156 of the FAC purports to characterize Defendant's information demands, Twitter's information responses, the contents of the Merger Agreement, and contents of public filing in the Delaware Chancery Court, which speak for themselves and to which no response is required.   Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.

157.   Paragraph 157 of the FAC purports to characterize the contents of the termination letter and contents of public filings in the Delaware Chancery Court, which speak for themselves and to which no response is required.   Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.   Defendant denies the remainder of the allegations in Paragraph 157.

158.   Paragraph 158 of the FAC refers to public filings in the Delaware Chancery Court which speaks for itself and to which no response is required.   Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.   Defendant denies the remainder of the allegations in Paragraph 158.

159.   Paragraph 159 of the FAC refers to public filings in the Delaware Chancery Court which speaks for itself and to which no response is required.   Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.   Defendant denies the remainder of the allegations in Paragraph 159.

160.   Defendant denies the allegations in Paragraph 160 of the FAC.

161.   Paragraph 161 of the FAC refers to public filing in the Delaware Chancery Court which speaks for itself and to which no response is required.   Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.   Defendant denies the remainder of the allegations in Paragraph 161.

162.   Defendant denies the allegations in Paragraph 162 of the FAC.

163.   Defendant denies the allegations in Paragraph 163 of the FAC.

1      164.    Defendant denies the allegations in Paragraph 164 of the FAC.

2      165.    Defendant denies the allegations in Paragraph 165 of the FAC.

3      166.    Defendant denies the allegations in Paragraph 166 of the FAC.

**The Truth Emerges**

167.    Defendant denies the allegations in Paragraph 167 of the FAC.

168.    Paragraph 168 of the FAC cites to the public price of Twitter shares, which speak for themselves and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.  Defendant denies the remainder of the allegations in Paragraph 168.

169.    Paragraph 169 of the FAC purports to characterize the contents of a Wall Street Journal Article, the contents of which speaks for itself and to which no response is required. Defendant denies the allegations to the extent plaintiffs have mischaracterized the same. Defendant denies the remaining allegations in Paragraph 169.

170.    Paragraph 170 of the FAC purports to characterize the contents of a New York Times article, the contents of which speaks for itself and to which no response is required. Defendant denies the allegations to the extent plaintiffs have mischaracterized the same. Defendant denies the remaining allegations in Paragraph 170.

171.    Paragraph 171 of the FAC purports to characterize the contents of a BBC interview the contents of which speak for and to which no response is required.  Defendant denies the allegations to the extent plaintiffs have mischaracterized the same.  Defendant denies the remaining allegations in Paragraph 171.

172.    Defendant denies the allegations in Paragraph 172 of the FAC.

**IX.    LOSS CAUSATION**

173.    Defendant denies the allegations in Paragraph 173 of the FAC.

174.    Defendant denies the allegations in Paragraph 174 of the FAC.

175.    Defendant denies the allegations in Paragraph 175 of the FAC.

1

## X.     PLAINTIFFS' CLASS ACTION ALLEGATIONS

2          176.    Paragraph 176 of the FAC contains legal conclusions and arguments to which no

3   response is required

4          177.    Defendant denies the allegations in Paragraph 177 of the FAC.

5          178.    Defendant denies the allegations in Paragraph 178 of the FAC.

6          179.    Defendant denies the allegations in Paragraph 179 of the FAC.

7          180.    Defendant denies the allegations in Paragraph 180 of the FAC and all its subparts.

8          181.    Defendant denies the allegations in Paragraph 181 of the FAC.

9          182.    Defendant denies the allegations in Paragraph 182 of the FAC and all its subparts.

10         183.    Defendant denies the allegations in Paragraph 183 of the FAC.

11         184.    Defendant denies the allegations in Paragraph 184 of the FAC.

12                                        **COUNT I**

13              **Violation of Section 10(b) of The Exchange Act and Rule 10b-5**

14                              **Against Defendant Musk**

15         185.    Defendant repeats and realleges each and every response contained above as if fully

16   set forth herein.

17         186.    Paragraph 186 of the FAC contains legal conclusions and arguments to which no

18   response is required.

19         187.    Defendant denies the allegations in Paragraph 187 of the FAC.

20         188.    Defendant denies the allegations in Paragraph 188 of the FAC.

21         189.    Defendant denies the allegations in Paragraph 189 of the FAC.

22         190.    Defendant denies the allegations in Paragraph 190 of the FAC.

23         191.    Defendant denies the allegations in Paragraph 191 of the FAC.

24         192.    Defendant denies the allegations in Paragraph 192 of the FAC.

25         193.    Defendant denies the allegations in Paragraph 193 of the FAC.

26         194.    Defendant denies the allegations in Paragraph 194 of the FAC.

27

28

**AFFIRMATIVE DEFENSES**

Defendant offers the following defenses in response to the allegations set forth in the FAC. Defendant reserves the right to amend this Answer, to amend, modify and/or supplement his defenses, and to pled and assert additional defenses as they become known and appropriate during the course of the litigation, including without limitation any defenses that may arise as a result of any findings, conclusions, or other action taken.  The statement of any defense does not assume the burden of proof on any issue as to which applicable law places the burden on plaintiffs.  To the extent that any of the defenses asserted herein or to be asserted in the future is mutually exclusive with another defense asserted herein or to be asserted in the future, such defense is asserted in the alternative to them.   Nothing stated herein is intended, or shall be construed, as an acknowledgment that any particular issue or subject matter is relevant to the allegations.  Any affirmative defenses asserted with respect to plaintiffs likewise apply to the putative class where appropriate.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs fail to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The FAC fails to pled fraud with particularity, as required by Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-(b)(1), and otherwise fails properly to identify the alleged false or misleading statements of which plaintiffs complain and the alleged scienter of Defendant.

**THIRD AFFIRMATIVE DEFENSE**

Defendant is not liable because he did not make a false or misleading statement of material fact or omission of material fact, and complied with all applicable disclosure requirements.  The alleged misrepresentations and omissions on which plaintiffs base their claims were immaterial puffery and/or otherwise not material.

1

**FOURTH AFFIRMATIVE DEFENSE**

2       Defendant is not liable because plaintiffs' claims are barred, in whole or in part, because,

3   assuming there was any untruth or omission as alleged in the FAC (and Defendant denies there

4   was any), plaintiffs knew or should have known of such untruth or omissions.

5

**FIFTH AFFIRMATIVE DEFENSE**

6       Defendant is not liable because some or all of the matters now claimed by the FAC to be

7   the subject of misrepresentations or omissions publicly were disclosed or were in the public

8   domain and, as such, were available to plaintiffs and were at all times reflected in the market price

9   of the securities.

10

**SIXTH AFFIRMATIVE DEFENSE**

11       Defendant is not liable because certain alleged misstatements about which plaintiffs

12   complain concern nonactionable matters of opinion or soft information, rather than matters of

13   material fact.

14

**SEVENTH AFFIRMATIVE DEFENSE**

15       Defendant is not liable because plaintiffs' claims are barred, in whole or in part, because

16   the purported misrepresentations and omissions alleged in the FAC did not affect the market price

17   of the securities.

18

**EIGHTH AFFIRMATIVE DEFENSE**

19       Plaintiffs cannot recover against Defendant because plaintiffs are unable to establish that

20   the purported misstatements and omissions alleged in the FAC were the cause of plaintiffs'

21   decisions to purchase or sell the securities.

22

**NINTH AFFIRMATIVE DEFENSE**

23       Plaintiffs' claims against Defendant are barred in whole or in part because of the lack of

24   loss causation and because Defendant did not cause any losses.  Plaintiffs have not suffered any

25   injury or harm as a result of the actions of Defendant alleged in the FAC.

26

**TENTH AFFIRMATIVE DEFENSE**

27       The claims asserted in the FAC are contradicted by documentary evidence.

28

1

**ELEVENTH AFFIRMATIVE DEFENSE**

2      Some or all of plaintiffs' claims are barred because plaintiffs cannot establish a sufficient

3 connection between existing statements and any alleged underlying wrongdoing sufficient to

4 create a duty to disclose.

5

**TWELFTH AFFIRMATIVE DEFENSE**

6      Defendant is not liable because any wrongdoing alleged in the FAC lacks a sufficient

7 connection to the purchase or sale of the securities.

8

**THIRTEENTH AFFIRMATIVE DEFENSE**

9      Defendant is not liable for any alleged damages suffered by plaintiffs and other members

10 of the putative class to the extent that their purported damages, if any, were caused or contributed,

11 in whole or in part, by the policies, practices, acts, or omissions of independent persons or entities

12 other than Defendant over which Defendant had no control.

13

**FOURTEENTH AFFIRMATIVE DEFENSE**

14      Plaintiffs' claims are limited, in whole or in part, because superseding or intervening

15 events caused some or all of the alleged damages.

16

**FIFTEENTH AFFIRMATIVE DEFENSE**

17      Plaintiffs' claims are limited, in whole or in part, by plaintiffs' actions, omissions, and/or

18 comparative fault and contributory negligence.

19

**SIXTEENTH AFFIRMATIVE DEFENSE**

20      Plaintiffs' claims are limited, in whole or in part, because plaintiffs' alleged damages are

21 based on speculation.

22

**SEVENTEENTH AFFIRMATIVE DEFENSE**

23      Plaintiffs' claims are limited, in whole or in part, because plaintiffs are not entitled to the

24 "fraud on the market" presumption of reliance, and because plaintiffs did not rely on the alleged

25 misstatements or omissions in determining whether to take any actions in connection with Twitter

26 securities.

27

28

1

### EIGHTEENTH AFFIRMATIVE DEFENSE

2   Plaintiffs' claims are limited, in whole or in part, because plaintiffs failed to make

3   reasonable efforts to mitigate damages.

4

### NINETEENTH AFFIRMATIVE DEFENSE

5   Plaintiffs are not entitled to any recovery from Defendant because plaintiffs would have

6   sold Twitter securities, even with full knowledge of the facts that plaintiffs allege were

7   misrepresented or omitted.

8

### TWENTIETH AFFIRMATIVE DEFENSE

9   This action may not properly be maintained as a class action.

10

### TWENTY-FIRST AFFIRMATIVE DEFENSE

11   Plaintiffs are not entitled to attorneys' fees, costs, expenses, or any other damages or relief.

12

### TWENTY-SECOND AFFIRMATIVE DEFENSE

13   Plaintiffs' claims are limited, in whole or in part, because plaintiffs lack standing to

14   maintain this action under Article III or other applicable statute or common law.

15

### TWENTY-THIRD AFFIRMATIVE DEFENSE

16   Plaintiffs' claims are limited, in whole or in part, because the alleged misrepresentations

17   and omissions on which plaintiffs base their claims were not material.

18

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

19   Plaintiffs' claims are limited in whole or in part by the doctrines of estoppel, quasi-

20   estoppel, waiver, and/or ratification.

21

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

22   Plaintiffs' claims are limited in whole or in part because plaintiffs have failed to establish

23   any non-speculative causal or other connection between the alleged misstatements or omissions, or

24   other acts or occurrences, and the alleged losses.

25

26   **WHEREFORE**, Defendant respectfully requests that the Court enter judgment for them

27   by adjudging and decreeing:

28   1.   That this action may not be maintained as a class action;

2.      That the FAC, and each purported cause of action, is dismissed with prejudice;

3.      That the Court grant Defendant all equitable or other relief against plaintiffs as a consequence of defending this action, including attorneys' fees and costs; and

4.      That the Court award Defendant any such other and further relief as the Court may deem just and proper.

DATED:  March 8, 2024                    QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP


                                        By _/s/ Joseph C. Sarles_____
                                            Alex Spiro
                                            Jesse Bernstein
                                            Michael T. Lifrak
                                            Joseph C. Sarles
                                            Alex Bergjans

                                            *Attorneys for Elon Musk*

1

## CERTIFICATE OF SERVICE

2

I hereby certify that the foregoing document was served on all counsel of record

3

electronically or by another manner authorized under FED. R. CIV. P. 5(b) on this the 8th day of

4

March, 2024.

5

6                                    QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP

7

8                                    By  */s/ Joseph C. Sarles*
                                     _____
9                                        Alex Spiro
                                         Jesse Bernstein
10                                       Michael T. Lifrak
                                         Joseph C. Sarles
11                                       Alex Bergjans

12                                       *Attorneys for Elon Musk*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28