1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Alex Spiro (*pro hac vice* forthcoming)
2  alexspiro@quinnemanuel.com
   Jesse Bernstein (*admitted pro hac vice*)
3  jessebernstein@quinnemanuel.com
   Jonathan E. Feder (*pro hac vice* forthcoming)
4  jonathanfeder@quinnemanuel.com
   51 Madison Ave 22nd floor
5  New York, NY 10010
   Telephone:    (212) 849-7000
6  Facsimile:    (212) 849-7100

7  Michael T. Lifrak (Bar No. 210846)
   michaellifrak@quinnemanuel.com
8  Joseph C. Sarles (Bar No. 254750)
   josephsarles@quinnemanuel.com
9  Alex Bergjans (Bar No. 302830)
   alexbergjans@quinnemanuel.com
10 865 S. Figueroa Street, 10th Floor
   Los Angeles, California 90017
11 Telephone:    (213) 443-3000
   Facsimile:    (213) 443-3100
12
   *Attorneys for Defendant Elon Musk*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIUSEPPE PAMPENA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ELON R. MUSK,<br><br>Defendant. | CASE NO. 3:22-CV-05937-CRB<br><br>**DEFENDANT ELON MUSK'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS UNDER FED. R. CIV. P. 12(c)**<br><br>Judge:        Hon. Charles R. Breyer<br><br>Hearing Date:  May 10, 2024<br>Time:          10:00 a.m.<br>Courtroom:     6, 17th Floor |

Defendant Elon R. Musk respectfully requests that the Court consider the records identified below as incorporated by reference into Plaintiffs' Amended Complaint or otherwise by taking judicial notice for purposes of ruling on Defendant's concurrently-filed Motion for Judgment on the Pleadings Under Fed. R. Civ. P. 12(c).  The documents are attached as Exhibits to the Declaration of Alex Bergjans filed herewith.

### A. The SEC Documents Are Subject To Judicial Notice

Exhibits 1 to 2 are judicially noticeable as SEC filings "because these Exhibits are matters of public record not subject to reasonable dispute." *See* MTD Op. 16; *In re Aqua Metals, Inc. Sec. Litig.*, 2019 WL 3817849, at *5 (N.D. Cal. Aug. 14, 2019) (taking judicial notice of SEC filings).  Courts regularly take notice of such "publicly filed SEC documents" because their authenticity and content "cannot reasonably be questioned." *Strezsak v. Ardelyx*, 2024 WL 1160900, at *4 (N.D. Cal. Mar. 18, 2024) ("These documents are not subject to reasonable dispute, and the 'accuracy' of these publicly filed SEC documents 'cannot reasonably be questioned.'").

### B. The Video And Transcript Are Incorporated By Reference

According to Plaintiffs, Musk stated "publicly, during the All In Summit . . . that fake and spam accounts make up at least 20% of Twitter's users." (Am. Compl. ¶¶ 5, 120.)  A recording of the referenced "All In Summit" is available on YouTube and a transcript is publicly available, *see* https://www.youtube.com/watch?v=CnxzrX9tNoc (the "**Video**"); *see* Ex. 12 (the "**Transcript**").

The Video and Transcript are incorporated by reference into the Amended Complaint because a statement therein is one of the three upon which Plaintiffs bring claims. *See Vinson v. L.A.*, 2014 WL 12967582, at *3 (C.D. Cal. Oct. 7, 2014) (collecting cases where "courts have applied the incorporation by reference doctrine to video material [because the] videos [we]re central to the claims raised in the complaint"); *see also Garin v. Menegazzo*, 2022 WL 1658831, at *8 (S.D. Fla. May 25, 2022) (taking judicial notice where video "is central to the plaintiff's claim, . . . its contents were alleged in the complaint, and . . . no party questions those contents").

Incorporation by reference is particularly appropriate here because "plaintiffs [may not] select[] only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Hazel v. Prudential Fin., Inc.*, 2023 WL 3933073,

at *3 (N.D. Cal. June 9, 2023) (quoting *Khoja*, 899 F.3d at 1002); *see also In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (a document may be "consider[ed] . . . in its entirety" where Plaintiffs "rel[ied] on portions of it in their complaint"); MTD Op. 15.  The Video and Transcript are therefore appropriately incorporated, including for consideration of Defendant's "argument that Plaintiffs . . . inaccurately characterize the contents of those documents. . . [and] to assess the veracity of the challenged statement in context." *Kang v. PayPal Holdings*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022).

Because the Video and Transcript are directly referenced in the complaint as one of the three alleged false misstatements, "[t]aking judicial notice of the YouTube Video . . . is unnecessary because" it is "incorporated by reference into the" Amended Complaint. *Mills v. Netflix, Inc.*, 2020 WL 548558, at *2 (C.D. Cal. Feb. 3, 2020).  Even if it were not incorporated by reference, the Video and Transcript would be judicially noticeable because they are "integral" to Plaintiffs' complaint. *See Wynn v. Chanos*, 75 F. Supp. 3d 1228, 1235 (N.D. Cal. 2014) (taking judicial notice of a video, which "while not submitted as part of the Complaint, is integral to Wynn's sole cause of action for slander per se"); *see also Diamond Foods v. Hottrix, LLC*, 2016 WL 3880797, at *3 (N.D. Cal. July 18, 2016) (collecting citations that YouTube videos and web pages included in a complaint are judicially noticeable).

**C.     The Press Reports Are Subject To Judicial Notice**

"Taking judicial notice of news reports and press releases is appropriate to show that the market was aware of the information contained in news articles." *ScripsAmerica, Inc. v. Ironridge Glob.*, 119 F. Supp. 3d 1213 (C.D. Cal. 2015).  "Publicly accessible websites and news articles are among the proper subjects of judicial notice." *Kang*, 620 F. Supp. 3d at 884.

Here, Exhibits 3, 4, 5, 6, 7, 8, 9 and 14 (the "**Press Reports**")—which include public reporting of Defendant's offer to buy Twitter and the Terms of the Merger Agreement—are judicially noticeable for at least the fact of their existence, *i.e.*, that the information within them was publicly available. *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) ("[T]he court may take judicial notice of information that was publicly available to reasonable investors at the time the defendant made the allegedly false statements."); *see also In re Am. Apparel, Inc. Shareholder*

*Litigation*, 855 F.Supp.2d 1043, 1062 (C.D. Cal. 2012) (holding that judicial notice of news articles may be appropriate in securities fraud cases to show "that the market was aware of the information contained in news articles'" (quoting *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999)); *see also In re Splash Tech. Holdings, Inc. Sec. Litig.*, 2000 WL 1727405, at *7, n. 6 (N.D. Cal. Sept. 29, 2000) (holding that because omitted information in the case had been disclosed elsewhere, "the Court may take judicial notice that the market already was aware of the information").

### D.     The Analyst Reports Are Subject To Judicial Notice

In securities fraud cases, "courts routinely take judicial notice of analyst reports." *In re Century Aluminum Co. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011). Similar to the Press Reports, the Analyst Reports (Exs. 10 and 11) are properly noticeable for the fact that the information within them was available to the market at the time of those reports. *See In re Rackable Sys.*, 2010 WL 3447857, at *3 (taking judicial notice of analyst reports); ("courts routinely take judicial notice of analyst reports"); *Yaron v. Intersect ENT, Inc.*, 2020 WL 6750568, at *4 (N.D. Cal. June 19, 2020) (taking judicial notice of analyst reports).

For the same reason, the Court should take judicial notice of the journal article, Ex. 15. *See Homyk v. ChemoCentryx, Inc.*, 2023 WL 3579440, at *4 (N.D. Cal. Feb. 23, 2023) (taking judicial notice of journal article "for the purpose of determining what information was available to the market").

### E.     The Prior Complaint Is Subject To Judicial Notice

In this Circuit, "courts routinely grant judicial notice of court records and documents." *Smith v. Cook*, 2018 WL 1185221, at *2 (S.D. Cal. Mar. 7, 2018). Here, the prior complaint by Plaintiffs' counsel (Ex. 15) in a similar case before this Court is judicially noticeable for the fact that the allegations within it were made on the date of that complaint. *See Zaracotas v. AmGUARD Ins.*, 2024 WL 846239, at *1 (N.D. Cal. Feb. 28, 2024) ("The court takes judicial notice of the existence of the complaints and the allegations therein, although it does not take judicial notice of disputed facts within the complaint."); *Integon Nat'l v. Garbuzov*, 2021 WL 1561243, at *4 n.2 (E.D. Cal. Apr. 21, 2021) ("The court here takes judicial notice of the existence of the complaint in the underlying court case and the allegations made therein."), *report and recommendation adopted*, 2021 WL 2661762 (E.D.

Cal. June 29, 2021); *Red v. Gen. Mills*, 2015 WL 9484398, at *3 (C.D. Cal. Dec. 29, 2015) ("The court may take judicial notice of the existence of a complaint and the fact that certain allegations were made therein, but not of the truth of any facts asserted in the complaint."); *Monarrez v. Centerra Grp.*, 2021 WL 5105587, at *3 (C.D. Cal. Nov. 3, 2021) ("The Court takes judicial notice of the complaint filed in Vasquez and the allegations therein, but not the truth of those allegations (i.e., the Court takes judicial notice of the fact that certain allegations were made)."); *cf. Collins v. Wal-Mart Stores*, 2024 WL 56993, at *5 (S.D. Cal. Jan. 4, 2024) ("The Court takes judicial notice of the date and existence of the 2021 DFEH complaint and the 2021 right-to-sue letter.  The Court also notes the similarity of the claims and the discrepancy between the alleged start dates of the unlawful conduct between the 2021 and 2023 administrative complaints.  However, the Court does not decide the accuracy of the claims and the alleged start dates.").

### F.     The Stock Price History Is Subject To Judicial Notice

"A district court ruling on a motion to dismiss may judicially notice the price of publicly traded stocks on particular dates." *Lloyd v. CVB Fin. Corp.*, 2012 WL 12883522, at *13 (C.D. Cal. Jan. 12, 2012) (collecting citations).  Twitter's stock price history (Ex. 16) is properly judicially noticed at this stage. *See Metzler Inv. v. Corinthian Colleges*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (holding it was "proper" to take "judicial notice for . . . stock price history").

### **CONCLUSION**

Defendant respectfully requests the Court consider, as incorporated by reference or by judicial notice, the Video and the following Exhibits 1 to 16 to the Declaration of Alex Bergjans in support of Defendant's Motion for Judgment on the Pleadings.

| SEC Documents | |
|---|---|
| Ex. 1 | Twitter Inc.'s April 13, 2022 Amendment No. 2 to Schedule 13D/A |
| Ex. 2 | Twitter Inc.'s May 17, 2022 Proxy |
| **Press Reports** | |
| Ex. 3 | April 26, 2022, *The Wallstreet Journal* article "How Elon Musk Won Twitter" |
| Ex. 4 | April 21, 2022, *Bloomberg News* article "Elon Got His Money" |
| Ex. 5 | May 12, *Fortune* article "Elon Musk's deal to buy Twitter diverges from Wall Street norms in 5 ways, according to an insider" |
| Ex. 6 | April 30, 2022, *The New York Times* article "How Twitter's Board Went from Fighting Elon Musk to Accepting Him" |

| | |
|---|---|
| Ex. 7 | May 2, 2022, *Bloomberg News* article "Twitter's Board Gave Up" |
| Ex. 8 | May 11, 2022, *Yahoo News* article "Explainer: Can Elon Musk renegotiate a lower price for his Twitter deal?" |
| Ex. 9 | May 13, 2022, *Bloomberg News* article "Elon Musk Trolls Twitter" |
| Ex 14 | April 28, 2022, Time article "Elon Musk Wants to Rid Twitter of 'Spam Bots.' Nearly Half His Followers Are Fake" |
| **Analyst Reports** | |
| Ex. 10 | June 21, 2022, analyst report from Rosenblatt Securities |
| Ex. 11 | July 18, 2022, Company Update from Wells Fargo |
| **Video Transcript** | |
| Ex. 12 | Transcript of YouTube Video at www.youtube.com/watch?v=CnxzrX9tNoc |
| **Judicial Documents** | |
| Ex. 13 | Complaint (Dkt. 1) in *Heresniak v. Musk*, No. 22-cv-03074-CRB, (N.D. Cal. May 25, 2022) |
| **Journal Article** | |
| Ex. 15 | February 12, 2021, journal article "Down the bot hole: Actionable insights from a one-year analysis of bot activity on Twitter" |
| **Stock Price History** | |
| Ex. 16 | Twitter stock trading data available at https://www.macrotrends.net/stocks/delisted/TWTR/Twitter/stock-price-history |

DATED:  March 26, 2024                     QUINN EMANUEL URQUHART & SULLIVAN, LLP


By      */s/ Michael T. Lifrak*
    Alex Spiro
    Jesse Bernstein
    Michael T. Lifrak
    Joseph C. Sarles
    Jonathan E. Feder
    Alex Bergjans

    *Attorneys for Defendant Elon Musk*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record electronically or by another manner authorized under FED. R. CIV. P. 5(b) on this the 26th day of March, 2024.

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Alex Bergjans
Alex Spiro
Jesse Bernstein
Michael T. Lifrak
Joseph C. Sarles
Jonathan E. Feder
Alex Bergjans

*Attorneys for Defendant Elon Musk*

## **ATTESTATION**

Pursuant to Civil L.R. 5-1, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the other signatory herein.

By */s/ Alex Bergjans*
Alex Spiro
Jesse Bernstein
Michael T. Lifrak
Joseph C. Sarles
Jonathan E. Feder
Alex Bergjans

*Attorneys for Defendant Elon Musk*