UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIUSEPPE PAMPENA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ELON MUSK,<br><br>    Defendant. | Case No. 22-cv-05937-CRB (DMR)<br><br>**ORDER ON DEPOSITIONS OF BRET TAYLOR AND EGON DURBAN**<br><br>Re: Dkt. No. 133 |

On February 28, 2025, Plaintiffs and third parties Bret Taylor and Egon Durban filed a joint discovery letter. [Docket No. 133 (JDL).] Plaintiffs seek to depose Taylor and Durban; Taylor and Durban move to quash or for a limiting order. This matter is suitable for determination without oral argument. Civ. L.R. 7-1(b). After carefully reviewing the parties' arguments, the court determines that Plaintiffs are entitled to depose Taylor and Durban for a limited time.

This is a securities class action. Plaintiffs allege that in April 2022, Defendant Elon Musk offered to purchase Twitter through what he called a "seller friendly" merger agreement, and Twitter accepted. [Docket No. 48 (Order on Motion to Dismiss) at 3-4]. According to Plaintiffs, Musk then made several misrepresentations in May 2022 to "artificially depress the price of Twitter stock and to pressure Twitter to lower the price Defendant would have to pay to acquire it." *Id.* at 1. During the relevant time, Taylor was Chairman of Twitter's board and Durban was a board member. JDL at 1. Plaintiffs state that Taylor and Durban were "intimately involved" in both the board's merger negotiations with Musk and Twitter's response after Musk made the alleged false statements. *Id.* at 1-2. Plaintiffs seek to depose Taylor for seven hours and Durban for four hours. *Id.* at 2.

Taylor and Durban argue that they previously had been deposed in *Twitter, Inc. v. Musk*, No. 2022-0613-KSJM (Del. Ch.) (the "Delaware Action"), a case brought by Twitter seeking

1    specific performance of Musk's April 2022 merger agreement. In the Delaware Action, Taylor
2    was deposed for nine hours and Durban for four hours. JDL 3. Plaintiffs and Defendant have
3    already agreed that much of the Delaware Action discovery can be used in this case. [Docket No.
4    116.] As such, Taylor and Durban argue that another round of depositions would be duplicative.
5    Taylor offers a two-hour deposition as a compromise. JDL 5. Durban objects to any deposition.
6    *Id.*

## I.   LEGAL STANDARDS

"The scope of discovery permissible under Rule 26 should be liberally construed; the rule contemplates discovery into any matter that bears on or that reasonably could lead to other matter that could bear on any issue that is or may be raised in a case." *Phoenix Sols. Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 575 (N.D. Cal. 2008); *see* Fed. R. Civ. P. 26(b)(1). However, the court must limit discovery "when (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, (ii) the party has already had ample opportunity to obtain the information, or (iii) the burden of obtaining the information outweighs the expense." *Syncora Guarantee Inc. v. EMC Mortg. Corp.,* No. C 12-80028 SI, 2012 WL 12505608, at *2 (N.D. Cal. Mar. 8, 2012) (citing Fed. R. Civ. P. 26(b)(2)(c)).

Rule 45 requires the court to quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). "Non-parties may occasionally have to testify and give evidence for and against litigants, but non-parties should not be burdened in discovery to the same extent as the litigants themselves." *Updateme Inc. v. Axel Springer SE*, No. 17-CV-05054-SI (LB), 2018 WL 4945323, at *1 (N.D. Cal. Oct. 11, 2018) (quoting *Convolve, Inc. v. Dell, Inc.*, No. C 10-80071-WHA, 2011 WL 1766486, at *2 (N.D. Cal. May 9, 2011)). "Generally, the party moving to quash under Rule 45(c)(3) bears the burden of persuasion, but '[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings.'" *Waymo LLC v. Uber Techs., Inc.*, No. 17-CV-00939-WHA(JSC), 2017 WL 2929439, at *2 (N.D. Cal. July 7, 2017) (quoting *Optimize Tech. Solutions, LLC v. Staples*, Inc., No. 14-MC-80095, 2014 WL 1477651, at *2 (N.D. Cal. Apr. 14, 2014)).

## II.     DISCUSSION

Taylor and Durban do not dispute that the information Plaintiffs seek is relevant and material to the claims at issue in the proceedings. *See Waymo*, 2017 WL 2929439, at *2. Rather, they argue the discovery is unreasonably duplicative because the same information already exists in the Delaware Action depositions which are available to Plaintiffs. JDL 4. For example, they testified in the Delaware Action on topics such as their roles at Twitter, the origins of the merger agreement, their conduct during the sale, the dispute between Musk and Twitter leading to the Delaware Action, and their interactions with Musk. *Id.* at 3, 5.

Plaintiffs argue the depositions would not be duplicative because they seek to examine different facts from those covered in the Delaware Action depositions. For example, the Delaware Action depositions did not ask about Musk's May 2022 statements, renegotiating the merger price, or whether the witnesses understood what "seller friendly" meant. JDL 2. The court is persuaded that Taylor and Durban possess relevant, non-duplicative information. The Delaware Action focused on specific performance. It did not involve allegations that Musk made multiple material misrepresentations about the proposed merger, with scienter, aimed at devaluing the stock price to force a more favorable deal. The cases overlap but not completely.

The court determines that Plaintiffs are entitled to depose both witnesses for a limited number of hours: four hours for Taylor and two hours for Durban.[1] Plaintiffs may not ask the same questions posed in the witnesses' Delaware Action depositions. These depositions shall occur within thirty days of this order.

**IT IS SO ORDERED.**

Dated: April 8, 2025

                                                        Donna M. Ryu
                                                        Chief Magistrate Judge

---

[1] Plaintiffs also argue that the Delaware Action depositions did not authenticate documents in this case. JDL 2. Authentication can be accomplished through less burdensome means such as a stipulation or affidavit. Plaintiffs have not persuaded the court that authenticating documents provides sufficient reason to extend these time limits, but the court may revisit the issue if Defendant, Taylor, or Durban fail to cooperate in reasonable efforts to authenticate the documents.

3