QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (*pro hac vice*)
alexspiro@quinnemanuel.com
Jesse A. Bernstein (*pro hac vice*)
Jessebernstein@quinnemanuel.com
Jonathan E. Feder (*pro hac vice*)
jonathanfeder@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
Telephone:     (212) 849-7000
Facsimile:     (212) 849-7100

Michael T. Lifrak (Bar No. 210846)
michaellifrak@quinnemanuel.com
Joseph C. Sarles (Bar No. 254750)
josephsarles@quinnemanuel.com
Stephen A. Broome (Bar No. 314605)
stephenbroome@quinnemanuel.com
Alex Bergjans (Bar No. 302830)
alexbergjans@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

Nathan Archibald (*pro hac vice*)
nathanarchibald@quinnemanuel.com
2755 E. Cottonwood Parkway, Suite 430
Salt Lake City, Utah 84121
Telephone:     (801) 515-7300
Facsimile:     (801) 515-7400

*Attorneys for Defendant Elon Musk*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIUSEPPE PAMPENA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ELON R. MUSK,<br><br>Defendant. | CASE NO. 3:22-CV-05937-CRB<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' UNSOLICITED STATUS CONFERENCE STATEMENT**<br><br>Judge: Hon. Charles R. Breyer<br><br>Magistrate Judge: Hon. Donna M. Ryu |

1    Defendant Elon R. Musk respectfully submits the following response to Plaintiffs' April 16, 2025 Status Conference Statement.

*First*, Defendant regrets that he is filing a status report that the Court did not request. This could have been avoided. Plaintiffs unilaterally filed their purported Status Conference Statement over Defendant's objection and in spite of Defendant's proposal that the parties first ask the Court—either through an informal call or an unopposed motion for leave—whether it desired statements from the parties. Instead of responding to Defendant's proposal, Plaintiffs simply filed their unsolicited Statement, to which Defendant must now respond.

*Second*, Plaintiffs' Statement includes inaccurate statements that require clarification. Plaintiffs assert that the Court "entered an order requiring Musk to reimburse Plaintiffs' Counsel for their expenses and to appear for deposition in San Francisco on May 7, 2025"—suggesting that Magistrate Judge Ryu sanctioned Mr. Musk for being unable to attend his deposition because he was ill. Dkt. 188 at 3. That is untrue. Plaintiffs conspicuously omit that, on the same day the deposition was to occur, Defendant immediately *offered* to reimburse Plaintiffs' reasonable expenses and to reschedule the deposition. Magistrate Judge Ryu merely so-ordered a stipulation between the parties memorializing their agreement. Dkt. 184.

Plaintiffs also incorrectly suggest that the case has "languish[ed] due to delays in Musk's appearance at deposition." Dkt. 188 at 3. Not so. The case has "languished" due to Plaintiffs' own conduct. Fact discovery opened in August 2024 and Plaintiffs did not notice a single deposition in that calendar year. Instead, in December, they asked Defendant to consent to a two-month extension of all case deadlines. Dkt. 121. Plaintiffs did not start noticing or subpoenaing witnesses for deposition until February 2025—just two months before the new, extended, fact discovery cut-off. Unsurprisingly, the witnesses Plaintiffs sought to depose, who included some of the busiest and highest profile lawyers, bankers, and journalists in the country, were not immediately available for deposition on the short notice Plaintiffs provided and/or otherwise challenged their subpoenas. As a result, discovery had to be extended again at Plaintiffs' request.

Mr. Musk's is not the only deposition Plaintiffs have yet to take. Plaintiffs also plan to depose William Savitt, head of litigation at Wachtell, Lipton, Rosen, & Katz LLP, who served as

Twitter's lead trial counsel in the Delaware Action; Bret Taylor, the former Chairman of Twitter's Board of Directors and current Chairman of OpenAI; and Egon Durban, a former Twitter Director and the CEO of Silver Lake. Mr. Musk's deposition is not the only one impacting the expert discovery schedule either. Plaintiffs have represented that they need to take Mr. Taylor's deposition before serving initial expert reports (and presumably have the same requirement for Messrs. Durban and Savitt), but they have not yet scheduled *any* of these depositions. It is possible that some may need to be pushed later into May 2025 and that the expert discovery schedule may need to be extended accordingly.

Plaintiffs are also seeking to depose Defendant's lead trial counsel Alex Spiro, journalist and author Walter Isaacson, John Coates (an expert witness retained by Twitter in the Delaware Action), and Truist Securities. Dkts. 146, 160, 166, 178. Plaintiffs did not serve subpoenas for these persons until mid-February and early March 2025, with just weeks to go before the (extended) close of fact discovery. Dkt. 162-9. Predictably, all four have filed motions to quash. Dkts. 141, 162, 166, 178. Mr. Spiro's motion is still being briefed. Dkt. 151. Mr. Coates and Truist will, pursuant to agreements with Plaintiffs, be refiling their motions. Dkts. 165, 178. The Southern District of New York granted Mr. Isaacson's motion to quash, but Plaintiffs seek to serve him with a new subpoena (which Mr. Isaacson will likely move to quash a second time) following Mr. Musk's deposition and the resolution of Mr. Spiro's motion. Dkts. 166, 179.

In other words, due to Plaintiffs' own inaction and delay, they have significant discovery and discovery-related litigation ahead of them that is likely to cause further delays in the case schedule.

***Third***, Plaintiffs' proposed trial schedule is unreasonable and unrealistic, particularly given that fact discovery is not yet complete. Per the current schedule—which may still need to be adjusted—summary judgment and *Daubert* briefing will not be complete until August 29, 2025. Dkt. 189. A hearing on these motions has not yet been scheduled. Yet, Plaintiffs propose that trial begin less than two months after briefing is complete. Plaintiffs concede that their proposed schedule does not leave the Court with sufficient time to even hold a hearing—let alone issue an order—on summary judgment and *Daubert* motions before the parties are required to submit witness

and exhibit lists, jury instructions, motions in *limine,* and the Pretrial Order.[1]  *See* Guidelines for Civil Jury Trials Before Judge Charles Breyer at pp. 1-3 (Final Pretrial Conference).  In fact, Plaintiffs propose that the Court conduct its hearing on these case dispositive motions **after the pretrial conference** is held, *i.e.*, after the parties and Court spend significant time and money preparing for a trial that may be mooted in whole or in part by the Court's rulings on summary judgment and *Daubert* motions.  Worse, Plaintiffs' schedule does not allow any time for the Court to issue any pre-trial rulings before trial starts (at best, it assumes the Court will issue an order just days before trial begins).

Plaintiffs appear to assume that summary judgment is a mere formality—a box to check—that the Court can quickly dispense with as they rush to trial.  But summary judgment is no mere formality; it is a threshold procedure, enshrined in the Federal Rules, that requires careful thought and consideration. Indeed, the purpose of summary judgment is to spare the Court and the parties the burden and expense of preparing for unnecessary trials. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994); *see also Anderson v. Viking Pump Div., Houdaille Indus., Inc.*, 545 F.2d 1127, 1129 (8th Cir. 1976) ("Summary judgment is a procedure which advances the salutary objective of avoiding useless, expensive and time-consuming trials where there is actually no genuine, factual issue remaining to be tried.").  That is particularly true here as the evidence produced in discovery establishes that Plaintiffs' sole cause of action fails as a matter of law.  At the very least, the Court's rulings on summary judgment and *Daubert* motions is going to substantially affect—if not narrow or moot entirely—any factual issues to be tried.  Particularly here, where there is no emergency or need to sprint towards trial, Plaintiffs' proposal that the parties begin filing pre-trial submissions weeks or months **before** the Court rules on summary judgment

---

[1]  For context, the Court has typically taken around 19 weeks from the opening brief to issue orders on substantive motions in this case.  Dkts. 34, 36, 38 (Motion to Dismiss briefing) and Dkt. 48 (Order); Dkts. 59, 62, 68 (Motion for Judgment on the Pleadings briefing) and Dkt. 89 (Order); Dkts. 76, 99, 102 (Class Certification briefing) and Dkt. 106 (Order).  Assuming *arguendo,* the Court takes a similar amount of time to resolve the dispositive motions— even though the summary judgment and *Daubert* motions are likely to involve multiple motions, considerably more briefing, and a far more voluminous factual record—it would not issue these rulings until late-November 2025, a *month after* Plaintiffs' proposed trial date.

and *Daubert* motions makes no sense.[2]

Defendant proposes that the Court hold off setting a trial date until after it resolves summary judgment and *Daubert* motions and it is clear that a trial is necessary. If the Court is inclined to set a trial date now, Defendant proposes that trial be set far enough out to allow the Court to resolve summary judgment and *Daubert* motions and for the parties to incorporate those decisions into their pre-trial filings. Defendant proposes March 23, 2026.

DATED: April 17, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Alex Spiro
Alex Spiro
Jesse A. Bernstein
Jonathan E. Feder
Michael T. Lifrak
Joseph C. Sarles
Stephen A. Broome
Alex Bergjans
Nathan Archibald

*Attorneys for Defendant Elon Musk*

---

[2] Plaintiffs' proposed trial date does not work in any event because the Court is unavailable October 27-29, 2025 and November 10-13, 2025 and thus could not hold a continuous two-week trial during that time frame anyway. *See* Judge Breyer, Unavailable Dates, available at https://apps.cand.uscourts.gov/CEO/cfd.aspx?7134#Notes.

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on all counsel of record electronically or by another manner authorized under FED. R. CIV. P. 5(b) on this Thursday, April 17, 2025.

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Alex Bergjans
Alex Spiro
Jesse A. Bernstein
Jonathan E. Feder
Michael T. Lifrak
Joseph C. Sarles
Stephen A. Broome
Alex Bergjans
Nathan Archibald

*Attorneys for Defendant Elon Musk*

## ATTESTATION

Pursuant to Civil L.R. 5-1, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the other signatory herein.

By /s/ *Alex Bergjans*
Alex Bergjans

*Attorneys for Defendant Elon Musk*