QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (*pro hac vice*)
alexspiro@quinnemanuel.com
Jesse A. Bernstein (*pro hac vice*)
Jessebernstein@quinnemanuel.com
Jonathan E. Feder (*pro hac vice*)
jonathanfeder@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
Telephone:   (212) 849-7000
Facsimile:   (212) 849-7100

Michael T. Lifrak (Bar No. 210846)
michaellifrak@quinnemanuel.com
Joseph C. Sarles (Bar No. 254750)
josephsarles@quinnemanuel.com
Stephen A. Broome (Bar No. 314605)
stephenbroome@quinnemanuel.com
Alex Bergjans (Bar No. 302830)
alexbergjans@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Nathan Archibald (*pro hac vice*)
nathanarchibald@quinnemanuel.com
2755 E. Cottonwood Parkway, Suite 430
Salt Lake City, Utah 84121
Telephone:   (801) 515-7300
Facsimile:   (801) 515-7400

*Attorneys for Defendant Elon Musk*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIUSEPPE PAMPENA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ELON R. MUSK,<br><br>Defendant. | CASE NO. 3:22-CV-05937-CRB<br><br>**DECLARATION OF ALEX SPIRO IN SUPPORT OF HIS REPLY IN SUPPORT OF HIS MOTION TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER**<br><br>Judge:  Hon. Charles R. Breyer<br><br>Magistrate Judge:  Hon. Donna M. Ryu |

I, Alex Spiro, declare as follows:

1. I am admitted *pro hac vice* to practice and am a partner at Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Defendant Elon R. Musk in this action. I have personal knowledge of the facts set forth herein and if called as a witness, I could and would competently testify thereto. I make this declaration in support of my own Reply Motion to Quash Subpoena and for a Protective Order.

2. In 2022, when Mr. Musk's deal team was working on acquiring Twitter, I did not serve as Mr. Musk's "direct supervisor for Morgan Stanley, Skadden, and Musk's data scientists," as Plaintiffs assert. No person from Morgan Stanley or Skadden reported to me and I did not supervise their work. I did not personally supervise the work performed by Cyabra, Halo, and CounterAction (the data scientists) either; those firms reported to other lawyers from Quinn Emanuel and Skadden, as is reflected in their communications. True and correct copies of a sample of those communications are attached hereto as Exhibits 9-16[1].

3. I did not give any directive to Morgan Stanley, or any other party, that was not authorized by my clients.

4. Any conversation I may have had with Mr. Musk regarding his tweets on May 13, 2022 was in my capacity as his lawyer providing confidential legal advice to my client. No third party, including Mr. Isaacson, was present for any such communication. I did not disclose the content of any such communication to Mr. Isaacson. I was not a source for any statement Mr. Issacson made in *Elon Musk* concerning Mr. Musk's May 13, 2022 tweets, including the statement identified by Plaintiffs in their Opposition.

5. In their Opposition, Plaintiffs make reference to an email that I sent to Mike Ringler on May 16, 2022, Yuen Exhibit 5. As reflected in the document itself, the full content of my email to Mr. Ringler is privileged. Contrary to Plaintiffs' argument, the contents remained privileged after they were forwarded by Mr. Ringler to Morgan Stanley, Mr. Musk's bank and agent in the

---

[1] Exhibits are number sequentially following my declaration filed in support of my opening Motion. Dkt. 162-01.

transaction with whom he also shared a common interest.  I note that Morgan Stanley produced Yuen Exhibit 5 in the Delaware Action and applied the "Privileged" designation and redaction.

6. Concerns over maintaining privilege prevent me from describing or discussing the contents of my email to Mr. Ringler.  However, I did not author, draft, or prepare any information request that was sent to Twitter prior to Mr. Musk's termination of the merger on July 8, 2022.  Many of the information requests that Mr. Musk's team actually sent to Twitter were sent by Mr. Ringler in several letters that were produced to Plaintiffs and which are also publicly available because they were reproduced in Twitter's July 2022 Proxy Statement, which was filed with the SEC.  I understand that all information requests that were sent to Twitter prior to Mr. Musk's July 8, 2022 termination letter have been produced in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 24th day of April, 2025 in New York, New York.

By     */s/ Alex Spiro*
        Alex Spiro

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record electronically or by another manner authorized under FED. R. CIV. P. 5(b) on April 24, 2025.

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Alex Bergjans
Alex Spiro
Jesse A. Bernstein
Jonathan Feder
Michael T. Lifrak
Joseph C. Sarles
Stephen Broome
Alex Bergjans
Nathan Archibald

*Attorneys for Defendant Elon Musk and Lead Trial Counsel Alex Spiro*

## ATTESTATION

Pursuant to Civil L.R. 5-1, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the other signatory herein.

By /s/ Alex Bergjans
Alex Bergjans

*Attorneys for Defendant Elon Musk and Lead Trial Counsel Alex Spiro*

-4-   Case No. 3:22-CV-05937-CRB
DECLARATION OF ALEX SPIRO IN SUPPORT OF HIS REPLY ISO MOTION TO QUASH SUBPOENA