May 12, 2025                                                                                               <u>Via ECF</u>
Hon. Donna M. Ryu
U.S. District Court, Northern District of California
Ronald V. Dellums Fed. Bldg. & U.S. Courthouse
1301 Clay Street
Oakland, California 94612

RE: *Pampena v. Musk*, No. 3:22-cv-05937-CRB (N.D. Cal.)

Dear Judge Ryu:

Elon Musk ("Defendant") and Brian Belgrave, John Garrett, and Nancy Price ("Plaintiffs") respectfully submit this letter in response to the Court's April 30, 2025 Order directing the parties to submit a two-page joint letter stating whether their positions in Alex Spiro's Motion to Quash have changed following Defendant's May 7, 2025 deposition.

**Plaintiffs' Statement.** Plaintiffs' position has not changed—if anything, Mr. Musk's deposition conduct confirms the compelling need for Mr. Spiro, a central witness, to sit for a deposition.

**History repeats itself; Musk's deposition is abruptly cut short due to** ▮▮▮▮▮▮▮▮ After refusing to provide available dates prior to the discovery cutoff, and then failing to appear at his court-ordered deposition in Washington D.C. due to "health issues," Musk's deposition was finally rescheduled for May 7, 2025 in San Francisco. ECF 184. While Musk appeared in-person, he was defended by Spiro, the subject of this motion, who appeared remotely. Then, less than two hours into deposition, in the midst of exam about his right to due diligence (a key issue in the case), ▮▮▮▮▮▮▮▮ and walked out of the deposition. Musk never returned and Spiro dropped off the Zoom. Another attorney had to inform Plaintiffs that the deposition was over and Musk had left the building. While Plaintiffs asked to resume the following week, Musk's counsel said he was traveling and unavailable. ▮▮▮▮▮▮▮▮ Musk arrived in Saudi Arabia today. Musk's counsel has now proposed a third deposition date, this time on May 19.

**Musk's limited testimony underscores the need for Spiro's deposition.** In moving to quash, Spiro relied on Musk's upcoming deposition as an alternative source of information for Plaintiffs. But Musk did not testify on the core Spiro deposition topics, and the limited testimony he provided reaffirmed the need to depose Spiro: (1) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.
*See* Ex. 1. Musk did not confirm whether he was invoking the advice of counsel defense. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ And only Spiro can testify about his interactions with third-party data analysts (Topic 2) and the incendiary data requests he drafted (Topic 3). *Id*; see also Dkt. 198.

**Musk's gamesmanship unfairly prejudices Plaintiffs**. At the April 18th status conference, Judge Breyer set a trial date and pretrial schedule after confirming that Musk would appear for his deposition on May 7. Musk's delay now jeopardizes Spiro's deposition, Isaacson's deposition, deadlines in the case, and the trial date. Expert reports are currently due on May 14, and Plaintiffs are concerned that Spiro and Musk might try to benefit from expert reports before giving (or completing) their deposition testimony. And, of course, the elephant in the room: Spiro, a percipient witness, not only attended Musk's deposition, but prepared and defended Musk, opening the risk of corroboration of testimony. *See U.S. v. Robertson*, 865 F.3d 1206, 1214 and FRE 615(a). Finally, Musk's implication that Plaintiffs seek Spiro's testimony for tactical reasons rings hollow. If the advocate witness rule was triggered by Musk's decision to retain Spiro as trial counsel, knowing full well his role in the acquisition, that is Musk's (and Spiro's) doing. ABA Rule 3.7.

**Relief**. Musk's delay has caused prejudice. Spiro and Musk should appear for deposition.

**Defendant's Statement.**

This submission should not have been necessary. The Court's April 30, 2025 order ("Order") instructed the parties to complete Musk's deposition *before* the Court resolves whether a deposition of his lead trial counsel—Alex Spiro—is warranted. Musk's deposition is only partially complete due to illness. As Musk proposed, the logical next step was for the parties to submit a short statement advising the Court of this fact and requesting an extension of the deadline for filing their joint letter brief. But Plaintiffs insisted on filing it today, claiming they did not need to complete Musk's deposition to determine that they still need Spiro's testimony. Their position confirms that Plaintiffs subpoenaed Spiro not to discover facts, but to depose Spiro for the sake of deposing Spiro—to make him a witness against his client and, ultimately, to disqualify him.

The Order states that Spiro's Motion to Quash "may be affected by the deposition testimony of Defendant Musk, scheduled to take place on 5/7/25," and instructed the parties to submit "a two-page joint letter (one page for each party) briefly stating whether their positions in Spiro's motion to quash have changed in any way because of Defendant's testimony, including without limitation whether Plaintiffs no longer seek information that they were able to obtain from Defendant, or whether Defendant invoked the advice of counsel defense." Dkt. 201. (Defendant has not asserted an advice of counsel defense and has no intention of doing so.)

Musk's deposition began on May 7, 2025, as scheduled.  *See id.* at 101:9-19.

The next day, Thursday, May 8, Mr. Musk offered to complete the remainder of his deposition the week of May 12 if it could be completed remotely (since Mr. Musk was scheduled to be abroad), or in-person the week of May 19. On Friday, May 9, Plaintiffs said they wanted to complete the deposition in person. On Monday, May 12, Mr. Musk proposed May 19. Plaintiffs accepted.

With respect to today's filing, Mr. Musk proposed the parties jointly advise the Court that his deposition was not yet complete and request an extension to submit the briefing the Court ordered. Plaintiffs rejected Musk's proposal, stating that, "based on Mr. Musk's deposition [as completed so far], we intend to ask [the Court] that Mr. Spiro's deposition go forward."

Notably, during the 1:52 on the record of Musk's deposition, Plaintiffs did not ask him about *even one* of the issues about which they claim they need to depose Spiro. And yet they contend herein that they do not need to complete Musk's deposition—and ask about those issues—before they can tell the Court that they still need Spiro's deposition. It is thus clear that Plaintiffs seek to depose Spiro not to discover facts, but for improper purposes. Indeed, Plaintiffs have taken only a handful of the 20 depositions they requested. There are dozens of witnesses (other than Spiro) who could answer their questions. Today, Musk learned that Plaintiffs had cancelled yet another deposition (Egon Durban) that they had scheduled for tomorrow. That makes about a dozen depositions that Plaintiffs noticed or subpoenaed, but failed to take. Plaintiffs cannot manufacture a purported need for deposing Spiro by failing to take discovery of other, less burdensome sources.

DATED: May 12, 2025

| | |
|---|---|
| */s/ Caroline Yuen* | */s/ Stephen A Broome* |
| COTCHETT, PITRE & MCCARTHY, LLP | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| Joseph W. Cotchett (SBN 36324) | Alex Spiro (pro hac vice) |
| jcotchett@cpmlegal.com | alexspiro@quinnemanuel.com |
| Mark C. Molumphy (SBN 168009) | Jesse A. Bernstein (pro hac vice) |
| mmolumphy@cpmlegal.com | Jessebernstein@quinnemanuel.com |
| Tyson C. Redenbarger (SBN 294424) | Jonathan E. Feder (pro hac vice) |
| tredenbarger@cpmlegal.com | jonathanfeder@quinnemanuel.com |
| Gia Jung (SBN 340160) | Stephanie Kelemen (pro hac vice) |
| gjung@cpmlegal.com | stephaniekelemen@quinnemanuel.com |
| Caroline Yuen (SBN 354388) | 295 5th Avenue, 9th Floor |
| cyuen@cpmlegal.com | New York, NY 10016 |
| San Francisco Airport Office Center | Telephone: (212) 849-7000 |
| 840 Malcolm Road, Suite 200 | Facsimile: (212) 849-7100 |
| Burlingame, California 94010 | |
| Telephone: (650) 697-6000 | Michael T. Lifrak (Bar No. 210846) |
| | michaellifrak@quinnemanuel.com |
| */s/ Aaron Arnzen* | Joseph C. Sarles (Bar No. 254750) |
| BOTTINI & BOTTINI, INC. | josephsarles@quinnemanuel.com |
| Francis A. Bottini, Jr. (SBN: 175783) | Stephen A. Broome (Bar No. 314605) |
| fbottini@bottinilaw.com | stephenbroome@quinnemanuel.com |
| Albert Y. Chang (SBN 296065) | Alex Bergjans (Bar No. 302830) |
| achang@bottinilaw.com | alexbergjans@quinnemanuel.com |
| Aaron Arnzen (SBN 218272) | 865 S. Figueroa Street, 10th Floor |
| aarnzen@bottinilaw.com | Los Angeles, California 90017 |
| 7817 Ivanhoe Avenue, Suite 102 | Telephone: (213) 443-3000 |
| La Jolla, California 92037 | Facsimile: (213) 443-3100 |
| Telephone: (858) 914-2001 | |
| | Nathan Archibald (pro hac vice) |
| *Lead Counsel for Plaintiffs and the Class* | nathanarchibald@quinnemanuel.com |
| | 2755 E. Cottonwood Parkway, Suite 430 |
| | Salt Lake City, Utah 84121 |
| | Telephone: (801) 515-7300 |
| | Facsimile: (801) 515-7400 |
| | |
| | Emily Couture (pro hac vice) |
| | emilycouture@quinnemanuel.com |
| | 300 West 6th St., Suite 2010 |
| | Austin, Texas 78701 |
| | Telephone: (737) 667-6100 |
| | Facsimile: (737) 667-6110 |
| | |
| | *Attorneys for Defendant Elon Musk* |

4

**ATTESTATION**

Pursuant to Civil L.R. 5-1, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the other signatories herein.

By /s/ Emily Couture
Alex Spiro
Michael T. Lifrak
Joseph C. Sarles
Stephen A. Broome
Jesse A. Bernstein
Alex Bergjans
Jonathan E. Feder
Nathan Archibald
Stephanie Keleman
Emily Couture

*Attorneys for Defendant Elon Musk*