# EXHIBIT 1

| | |
|---|---|
| **From:** | Mark Molumphy <MMolumphy@cpmlegal.com> |
| **Sent:** | Tuesday, July 8, 2025 3:52 PM |
| **To:** | Alex Bergjans; Joseph Cotchett; Tyson Redenbarger; Caroline Yuen; Gia Jung; Aaron Arnzen; Frank Bottini |
| **Cc:** | Alex Spiro; Jesse Bernstein; Michael Lifrak; Stephen Broome |
| **Subject:** | RE: Pampena v. Musk - Spiro Motion to Quash |

**[EXTERNAL EMAIL from mmolumphy@cpmlegal.com]**

Alex, thank you for your email. While you correctly state that we did not agree to your limits on Mr. Spiro's deposition, you did not ask for a counter-offer other than the 45-minute time restriction. We previously proposed a 2-3 hour time limit, which you rejected. We also discussed your conditioning Mr. Spiro's appearance at deposition on an agreement to delay any motion until the pretrial conference, which you were unwilling to withdraw. It was at his point that we suggested moving forward with Judge Ryu's proposed questions.

**From:** Alex Bergjans <alexbergjans@quinnemanuel.com>
**Sent:** Tuesday, July 8, 2025 2:44 PM
**To:** Joseph Cotchett <JCotchett@cpmlegal.com>; Mark Molumphy <MMolumphy@cpmlegal.com>; Tyson Redenbarger <TRedenbarger@cpmlegal.com>; Caroline Yuen <CYuen@cpmlegal.com>; Gia Jung <GJung@cpmlegal.com>; Aaron Arnzen <aarnzen@bottinilaw.com>; Frank Bottini <fbottini@bottinilaw.com>
**Cc:** Alex Spiro <alexspiro@quinnemanuel.com>; Jesse Bernstein <jessebernstein@quinnemanuel.com>; Michael Lifrak <michaellifrak@quinnemanuel.com>; Stephen Broome <stephenbroome@quinnemanuel.com>
**Subject:** RE: Pampena v. Musk - Spiro Motion to Quash

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Counsel –

Thank you for the call this afternoon to discuss our proposal to make Mr. Spiro available for deposition. I am writing to memorialize our discussion.

During the call, you represented that you were not amenable to the terms we offered (below) for making Mr. Spiro available for deposition. We asked whether Plaintiffs had a counter-offer. You said you not did have a counter-offer at this time and would prefer to let Judge Ryu decide the issue.

If any of this is incorrect, please let us know.

Best,

**Alex Bergjans**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

1

213-443-3696 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
alexbergjans@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Alex Bergjans
**Sent:** Sunday, July 6, 2025 3:18 PM
**To:** Joseph Cotchett <jcotchett@cpmlegal.com>; Mark Molumphy <mmolumphy@cpmlegal.com>; Tyson Redenbarger <tredenbarger@cpmlegal.com>; Caroline Yuen <cyuen@cpmlegal.com>; Gia Jung <gjung@cpmlegal.com>; Aaron Arnzen <aarnzen@bottinilaw.com>; Frank Bottini <fbottini@bottinilaw.com>
**Cc:** Alex Spiro <alexspiro@quinnemanuel.com>; Jesse Bernstein <jessebernstein@quinnemanuel.com>; Michael Lifrak <michaellifrak@quinnemanuel.com>; Stephen Broome <stephenbroome@quinnemanuel.com>
**Subject:** Pampena v. Musk - Spiro Motion to Quash

Counsel –

I'm writing regarding the Spiro Motion to Quash and your July 3 submission stating your intention to call Mr. Spiro as a witness and seek his disqualification from trial whether or not he is deposed.

We are concerned that it is premature and inappropriate to litigate Mr. Spiro's potential disqualification at this time and in connection with a motion to quash a discovery subpoena—not the least because these questions go directly to the conduct of the trial and ought to be properly considered by Judge Breyer as part of the pretrial order. Although we maintain that your subpoena is barred by *Pamida*, we are willing offer Mr. Spiro for deposition—subject to the following conditions:

- The deposition will be remote;
- As the Court noted in its June 26, 2025 Order, Plaintiffs are only seeking depose Mr. Spiro on four subjects. Dkt. 217 at n. 1. Given the Court's comments indicating that the fourth topic—Mr. Musk's post-Class period termination of Twitter executives—is irrelevant (*id.* at 6-7), Mr. Spiro will agree to be deposed on three of the four subjects Plaintiffs identified: (1) Mr. Spiro's alleged communications with Musk and with Morgan Stanley related to two tweets made by Musk on May 13, 2022; (2) Mr. Spiro's purported selection of third-party data analysts Musk retained to evaluate Twitter's percentage of spam accounts; (3) Mr. Spiro's purported involvement in preparing data requests that were sent to Twitter on May 17, 2022;
- The deposition will be 45 minutes long, which is sufficient time to cover the limited topics Plaintiffs proposed for the deposition;
- Mr. Spiro will not disclose any confidential attorney-client communications or work product protected by the applicable privileges and Mr. Spiro's agreement to be deposed and testimony on the above topics will not be construed as a waiver of any privilege.

In exchange for the above, the parties will agree: to delay any motion practice relating to Mr. Spiro appearing as a trial witness and Plaintiffs' attempt to disqualify him under the advocate-witness rule until the deadline to submit briefing related to the pretrial conference; that Mr. Spiro may be called as a witness by either party in the event he testifies at trial for any reason; that Mr. Spiro's agreement to testify in deposition shall not be construed as a concession that he is a proper trial witness or waiver of his or

Mr. Musk's right to challenge Plaintiff calling him as a witness or his disqualification (or be used affirmatively by Plaintiff in any motion practice); that Defendant reserves any and all rights to seek appellate review of any ruling concerning Mr. Spiro being called as a witness and/or disqualified as counsel.

We are happy to discuss.  Please let us know by tomorrow at noon PT if Plaintiffs agree to this proposal.

**Alex Bergjans**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3696 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
alexbergjans@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.