# EXHIBIT B

**COTCHETT, PITRE & MCCARTHY, LLP**
Joseph W. Cotchett (SBN 36324)
jcotchett@cpmlegal.com
Mark C. Molumphy (SBN 168009)
mmolumphy@cpmlegal.com
Tyson C. Redenbarger (SBN 294424)
tredenbarger@cpmlegal.com
Elle D. Lewis (SBN 238329)
elewis@cpmlegal.com
Gia Jung (SBN 340160)
gjung@cpmlegal.com
Caroline A. Yuen (SBN 354388)
cyuen@cpmlegal.com
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000

**BOTTINI & BOTTINI, INC.**
Francis A. Bottini, Jr. (SBN: 175783)
fbottini@bottinilaw.com
Albert Y. Chang (SBN 296065)
achang@bottinilaw.com
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone: (858) 914-2001

*Lead Counsel for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIUSEPPE PAMPENA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ELON R. MUSK,<br><br>Defendant. | **CASE NO. 3:22-CV-05937-CRB**<br><br>**PLAINTIFFS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES (NOS. 1-12)** |

**PROPOUNDING PARTY:**        **ELON MUSK**

**RESPONDING PARTY:**        **PLAINTIFFS**

**SET NUMBER:**        **ONE**

Case No: 3:22-CV-05937-CRB

sharing obligations under the Merger Agreement by failing to reasonably respond to the Musk Parties' information requests." Plaintiffs incorporate by reference herein all portions of the Subject Statements upon which Defendant purported to rely in taking this position. Plaintiffs further refer Defendant to the allegations in Plaintiffs' FAC, the allegations in the Verified Complaint filed by Twitter in the Delaware Action, Defendants' verified counterclaims, answer, and affirmative defenses in the Delaware Action, Defendants' amended verified amended counterclaims, answer, and affirmative defenses in the Delaware Action, Twitter's Answer to Defendants' Counterclaims in the Delaware Action, Twitter's Answer to Defendants' Amended Counterclaims in the Delaware Action, and Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant Elon Musk's Motion for Judgment on the Pleadings in this Action.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

Plaintiffs object that the term "Bot Data" is not used or defined in the Merger Agreement. Plaintiffs further object that Defendant's definition of "Bot Data" is vague and ambiguous. Subject to and without waiving any prior objections above, following the parties' meet and confers concerning these responses, Plaintiffs further respond that Musk's false and misleading statements to the market mislead investors and made it unclear to outsiders how the merger provisions applied to the facts as they existed during the class period (which facts were only known to Twitter, Musk, and their respective advisors). Plaintiffs further refer Defendant to the allegations in the FAC at paragraphs 21-23, 29, 77, 88, 112-119, 138, 149, 155, 162-165 the allegations in the Verified Complaint filed by Twitter in the Delaware Action at paragraphs 1, 4, 8-11, 32-33, 35-54, 85, 63-102, 105, 110, 112, 115, 126-131, 137-138, 145, and Twitter's Answer to Defendants' Counterclaims in the Delaware Action at pages 2-10, 12-18, 23-25, 30-35, 37-104, 116-117, 119-125.

**INTERROGATORY NO. 4.**

If you contend that any provision in the Merger Agreement is ambiguous, identify each such provision and state all facts and reasons in support of that contention.

PLAINTIFFS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES (NOS. 1-12)

**RESPONSE TO INTERROGATORY NO. 4.**

In addition to the General Objections listed above, Plaintiffs object to this Interrogatory on the grounds that it is overbroad, vague, ambiguous, and unduly burdensome and imposes obligations and burdens beyond those permitted by the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California. Plaintiffs also object to this Interrogatory because it seeks communications, information and/or documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, immunity, or doctrine. Plaintiffs further object to this Interrogatory because it calls for Plaintiffs to make a legal conclusion. Plaintiffs also object to this Interrogatory on the grounds that it contains compound, conjunctive, or disjunctive questions. Plaintiffs object to this Interrogatory because it seeks information in the possession of, is known to, or is otherwise equally available to Defendant. Plaintiffs object to this Interrogatory to the extent that it requires a compilation, summary, or analysis of documents or information. Creating such a compilation or summary would require undue effort and is beyond the scope of standard discovery requests. This Response is based on information currently known and available to Plaintiffs—discovery is ongoing and Plaintiffs reserve the right to amend or supplement this Response as additional discovery and depositions occur in this Action, including the deposition of Defendant.

Subject to and without waiving the foregoing objections, Plaintiffs respond that while they do not believe that any provisions in the Merger Agreement were ambiguous, Defendants' false and misleading statements and fraudulent scheme misled investors and the market regarding the portions of the Merger Agreement referenced in the responses to Interrogatories 1 and 2, for the reasons set forth in response to Interrogatory 3. Plaintiffs further refer Defendant to the allegations in Plaintiffs' FAC, the allegations in the Verified Complaint filed by Twitter in the Delaware Action, Defendants' verified counterclaims, answer, and affirmative defenses in the Delaware Action, Defendants' amended verified amended counterclaims, answer, and affirmative defenses in the Delaware Action, Twitter's Answer to Defendants' Counterclaims in the Delaware Action,

PLAINTIFFS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S
FIRST SET OF INTERROGATORIES (NOS. 1-12)

Twitter's Answer to Defendants' Amended Counterclaims in the Delaware Action, and Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant Elon Musk's Motion for Judgment on the Pleadings in this Action.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

Subject to and without waiving any of the prior objections above, following the parties' meet and confers concerning these responses, Plaintiffs further respond that Musk's false and misleading statements to the market mislead investors and made it unclear how the terms of the Merger Agreement applied to the facts as they existed during the class period (which facts were only known to Twitter, Musk, and their respective advisors). Even sophisticated analysts at the time were confused about the merger terms based on Musk's false statements and tweets. For example, Wedbush Securities issued a report on May 13, 2022 which stated in part: "In a bizarre tweet this morning Elon Musk said the Twitter deal temporarily is on hold pending details supporting calculation that spam/fake accounts do indeed represent less than 5% of users (in a filing by Twitter last week). The implications of this tweet will send this Twitter circus show into a Friday the 13th horror show as now the Street will view this deal as 1) likely falling apart, 2) Musk negotiating for a lower deal price, or 3) Musk simply walking away from the deal with a $1 billion breakup fee."

**INTERROGATORY NO. 5.**

Describe in detail the non-privileged circumstances of your retention of counsel in connection with this action, including any solicitation to represent you by any attorney representing you in this action and the fee structure under which your counsel is being compensated in connection with this action.

**RESPONSE TO INTERROGATORY NO. 5.**

In addition to the General Objections listed above, Plaintiffs object to this Interrogatory on the grounds that it is overbroad, vague, ambiguous, and unduly burdensome and imposes obligations and burdens beyond those permitted by the Federal Rules of Civil Procedure and the

PLAINTIFFS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S
FIRST SET OF INTERROGATORIES (NOS. 1-12)

Musk had, in fact, been using his false statements about Twitter's alleged breaches of the Merger Agreement to try to negotiate a lower price for the Merger. When Twitter rejected Musk's requests to lower the deal price and called his bluff, "Musk caught Twitter off guard by sending its lawyers a two-sentence letter proposing to move forward on the original terms."[1]

As the Court previously held in denying Musk's motion to dismiss, "Plaintiffs have plausibly alleged that when Defendant announced that he would move forward with the deal—after a public battle with Twitter about the Merger Agreement and absent any apparent resolution around his due diligence requests—the market reasonably reacted to the 'truth' that Twitter never had the obligation to provide the bot-account information to Defendant. Dkt. No. 48, at p. 36.

The direct causation between Defendant's false statements and Plaintiffs' losses also constitutes evidence of loss causation.  See Dkt. No. 48, at p. 37. Plaintiffs further refer Defendant to the allegations in the FAC, the allegations in the Verified Complaint filed by Twitter in the Delaware Action, Twitter's Answer to Defendants' Counterclaims in the Delaware Action, and Twitter's Answer to Defendants' Amended Counterclaims in the Delaware Action.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:**

Plaintiffs further object on the basis of the Work Product Doctrine, as the Interrogatory seeks to discover the mental impressions and/or trial strategy of Plaintiffs' experts and/or attorneys, including but not limited to the selection of documents, summaries, and reasoning. Fed. Rule. Civ. Pro. 26(b)(3).  Subject to and without waiver of any of the prior objections above, please see attached chart for Plaintiffs' responses to this Interrogatory.

Dated: March 17, 2025

**COTCHETT, PITRE & McCARTHY, LLP**
By: /s/ *Tyson C. Redenbarger*
TYSON C. REDENBARGER
*Lead Counsel for Plaintiffs and the Class*

---

[1] *See, e.g.*, Cara Lombardo, "Elon Musk and Twitter at Odds Over Terms of Agreement to Close Deal," THE WALL STREET JOURNAL, Oct. 6, 2022.

PLAINTIFFS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES (NOS. 1-12)

## **VERIFICATION**

*PAMPENA V. MUSK.,* CASE NO. 3:22-CV-05937-CRB

I, Brian Belgrave, hereby state and declare as follows:

I have read the foregoing Plaintiffs' Supplemental Responses and Objections to Defendant Elon R. Musk's First Set of Interrogatories (NOS. 1-12).  As to those matters within my personal knowledge, I verify that the contents and representations made as to me are true and accurate; as to other matters, on information and belief, I verify that the contents thereof are true and accurate.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at Portland, Oregon on this 17th day of March, 2025.



DocuSigned by:

5E2DFA7432D84BF...

_____
BRIAN BELGRAVE

**VERIFICATION**

## VERIFICATION

*PAMPENA V. MUSK.,* CASE NO. 3:22-CV-05937-CRB

I, John Garrett, hereby state and declare as follows:

I have read the foregoing Plaintiffs' Supplemental Responses and Objections to Defendant Elon R. Musk's First Set of Interrogatories (NOS. 1-12). As to those matters within my personal knowledge, I verify that the contents and representations made as to me are true and accurate; as to other matters, on information and belief, I verify that the contents thereof are true and accurate.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at Belleville, Ontario Canada on this 16th day of March, 2025.



Signed by:

John Garrett

604971A6FDEC47F

JOHN GARRETT

**VERIFICATION**

## **VERIFICATION**

*PAMPENA V. MUSK.,* CASE NO. 3:22-CV-05937-CRB

I, Nancy Price, hereby state and declare as follows:

I have read the foregoing Plaintiffs' Supplemental Responses and Objections to Defendant Elon R. Musk's First Set of Interrogatories (NOS. 1-12). As to those matters within my personal knowledge, I verify that the contents and representations made as to me are true and accurate; as to other matters, on information and belief, I verify that the contents thereof are true and accurate.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at Belleville, Ontario Candada on this 16th day of March, 2025.



Signed by:

604971A6FDEC47F...

NANCY PRICE

**VERIFICATION**

## PROOF OF SERVICE

I am employed in the County of San Mateo.  I am over the age of 18 years and not a party to this action.  My business address is the Law Offices of Cotchett, Pitre & McCarthy, LLP, San Francisco Airport Office Center, 840 Malcolm Road, Burlingame, California, 94010. On this day, I served the following document(s) in the manner described below:

**PLAINTIFFS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES (NOS. 1-12)**

✓    **VIA E-MAIL:** My e-mail address is zagudelo@cpmlegal.com.  I am readily familiar with this firm's practice for causing documents to be served by e-mail.  Following that practice, I caused the aforementioned document(s) to be emailed to the addressee(s) specified below.

| | |
|---|---|
| Alex Spiro (*pro hac vice forthcoming*)<br>Jesse A. Bernstein (*pro hac vice*)<br>Johnathan E. Feder (*pro hac vice*)<br>**QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP**<br>51 Madison Ave 22nd floor<br>New York, NY 10010<br>Telephone:(212) 849-7000<br>Facsimile:(212) 849-7100<br>Email: alexspiro@quinnemanuel.com<br>jessebernstein@quinnemanuel.com<br>jonathanfeder@quinnemanuel.com | **ATTORNEYS FOR DEFENDANT ELON MUSK** |
| Michael T. Lifrak<br>Joseph C. Sarles<br>Alex Bergjans<br>**QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP**<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, California 90017<br>Telephone:(213) 443-3000<br>Facsimile:(213) 443-3100<br>Email: michaellifrak@quinnemanuel.com<br>josephsarles@quinnemanuel.com<br>alexbergjans@quinnemanuel.com | **ATTORNEYS FOR DEFENDANT ELON MUSK** |

PLAINTIFFS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES (NOS. 1-12)

| Nathan Archibald (*pro hac vice*) **QUINN EMANUEL URQUHART & SULLIVAN, LLP** nathanarchibald@quinnemanuel.com 2755 E. Cottonwood Parkway, Suite 430 Salt Lake City, Utah 84121 Telephone: (801) 515-7300 Facsimile: (801) 515-7400 | **ATTORNEYS FOR DEFENDANT ELON MUSK** |
| --- | --- |

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.  Executed at Burlingame, California, on March 17, 2025.

_____
ZYRES AGUDELO

Case No: 3:22-CV-05937-CRB

PLAINTIFFS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES (NOS. 1-12)