# EXHIBIT C

**COTCHETT, PITRE & MCCARTHY, LLP**
Joseph W. Cotchett (SBN 36324)
jcotchett@cpmlegal.com
Mark C. Molumphy (SBN 168009)
mmolumphy@cpmlegal.com
Tyson C. Redenbarger (SBN 294424)
tredenbarger@cpmlegal.com
Gia Jung (SBN 340160)
gjung@cpmlegal.com
Caroline A. Yuen (SBN 354388)
cyuen@cpmlegal.com
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone:   (650) 697-6000

**BOTTINI & BOTTINI, INC.**
Francis A. Bottini, Jr. (SBN 175783)
fbottini@bottinilaw.com
Albert Y. Chang (SBN 296065)
achang@bottinilaw.com
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone: (858) 914-2001

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| GIUSEPPE PAMPENA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ELON R. MUSK,<br><br>Defendant. | **CASE NO. 3:22-CV-05937-CRB**<br><br>**PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S REQUESTS FOR ADMISSIONS TO PLAINTIFFS NUMBERED 35-38, 45-46, 49-50** |

**PROPOUNDING PARTY:**       **DEFENDANT ELON MUSK**

**RESPONDING PARTY:**       **PLAINTIFFS BRIAN BELGRAVE, JOHN GARRETT, AND NANCY PRICE**

**SET NUMBER:**       **ONE**

PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST
SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFFS (NOS. 35-38, 45-46, 49-50)

Pursuant to Federal Rule of Civil Procedure ("FRCP") 36, the Court's order dated June 30, 2025 (ECF 218), and the Local Rules of the United States District Court for the Northern District of California, Plaintiffs Brian Belgrave, John Garrett, and Nancy Price, hereby respond to Requests for Admissions numbered 35-38, 45-46, and 49-50, propounded by Defendant Elon Musk, as follows:

**PRELIMINARY STATEMENT**

Plaintiffs do not waive and expressly reserve all objections as to the genuineness, foundation, competence, relevance, materiality, privileged status, or admissibility of these Requests and the information provided herein as evidence in connection with any proceeding or at trial of this or any other action, or for any other purpose.

Plaintiffs and their attorneys have not completed their investigation of the facts relating to this Action, have not completed discovery in this Action, and have not completed preparation for trial. These responses are made without prejudice to Plaintiffs' rights to use subsequently discovered evidence at trial or in connection with pretrial proceedings, or to amend these Responses in the event that any information is later acquired or learned by Plaintiffs or inadvertently omitted from these Responses. Legal and factual research concerning the facts known to date and information that may become known in the future remains to be done. The additional work may result in new or different factual Responses, Objections, and defenses. Plaintiffs expressly reserve the right to amend, modify, or supplement their Responses and Objections. Plaintiffs further reserve the right to rely on any facts, documents, or other evidence that may develop or come to Plaintiffs' attention at a later date. Plaintiffs further reserve the right to rely on expert testimony.

As discovery proceeds, facts, information, and evidence may be discovered that are not set forth in these Responses, but which may have been responsive to these Requests. The following Responses are based on Plaintiffs' knowledge, information and belief at this time and are complete as to Plaintiffs' best knowledge at this time. Furthermore, these Responses were

1    Case No: 3:22-CV-05937-CRB

PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFFS (NOS. 35-38, 45-46, 49-50)

prepared based on Plaintiffs' and their attorneys' good faith interpretation and understanding of the individual Requests and are subject to correction for inadvertent errors or omissions, if any. Plaintiffs reserve their right to refer to, conduct discovery with reference to, or offer into evidence at the time of trial, any and all facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents and things in these Responses.

The general and specific Objections set forth below are intended to apply to all information provided pursuant to the Requests.

### PLAINTIFFS' GENERAL OBJECTIONS TO REQUESTS

Plaintiffs interpose the following general objections ("General Objections") to the Requests for Admission as a whole, as well as to each and every individual Request contained therein, which are incorporated by reference into each specific Response set forth below. Each individual Response, therefore, is made subject to, and without waiver of, these General Objections.

1. Plaintiffs object to the Requests for Admission to the extent the Instructions and Definitions used therein purport to impose obligations on Plaintiffs beyond the scope of the Federal Rules of Civil Procedure ("Federal Rules") and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California (the "Local Rules"). Without waiver of their objections, Plaintiffs will respond consistently with the requirements of the Federal Rules and Local Rules.

2. Plaintiffs object to the Requests for Admission to the extent they seek disclosure of information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privilege, immunity, protection or doctrine of similar effect. To the extent that Plaintiffs inadvertently provide any information arguably protected from discovery under any such privilege, protection, or doctrine, such inadvertent disclosure shall not constitute a waiver of any such privilege, protection, or doctrine.

2    Case No: 3:22-CV-05937-CRB

PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST
SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFFS (NOS. 35-38, 45-46, 49-50)

3.    Plaintiffs object to the Requests for Admission to the extent that they seek information not relevant to the claim or defense of any party or are not reasonably calculated to lead to the discovery of admissible evidence.

4.    Plaintiffs object to the Requests for Admission to the extent they are interposed for an improper purpose, such as to harass, cause unnecessary delay, or needless increase, in the cost of litigation, or where the information is of limited use or relevance in comparison to the burden or expense involved in producing any such information.

5.    Plaintiffs object to the Requests for Admission to the extent they are overly broad, unduly burdensome, and not proportional to the needs of the case and to the extent they require Plaintiffs to provide information not available to Plaintiffs through a reasonably diligent and good faith search.

6.    Plaintiffs object to the Requests for Admission to the extent they are vague, ambiguous, uncertain, or fail to describe the requested information with reasonable particularity. Without waiver of their objections, Plaintiffs have made reasonable, good faith assumptions of Defendant's intended meanings and will respond accordingly, as set forth below.

7.    Plaintiffs object to the Requests for Admission to the extent they are harassing, including where the information is of limited use or relevance.

8.    Plaintiffs object to the Requests for Admission to the extent they seek information not in Plaintiffs' possession, custody, or control, or information that is in the possession, custody, or control of Defendant or third parties.

9.    Plaintiffs object to the Requests for Admission to the extent any Request is duplicative or cumulative of any earlier Request.

10.    Plaintiffs' Responses, as set forth below, are based upon a good-faith interpretation of the Requests for Admissions. Should a different interpretation of any Request be asserted by Defendant, Plaintiffs reserve the right to add to, modify, or otherwise change or amend the below Responses.

PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST
SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFFS (NOS. 35-38, 45-46, 49-50)

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

Plaintiffs incorporate the General Objections set forth above into these Objections to Definitions and Instructions.  Plaintiffs object to the Definitions and Instructions as follows:

1.      Plaintiffs object to the Definition of "Bot Data" as overbroad, vague, and ambiguous.

2.      Plaintiffs object to the Definition of "Communications" as overbroad, vague, and ambiguous.

3.      Plaintiffs object to the Definition of "Concerning" as overbroad, vague, and ambiguous.

4.      Plaintiffs object to the Definition of "Documents" as overbroad, vague, and ambiguous.

5.      Plaintiffs object to the Definition of "identify" as overbroad, vague, and ambiguous.

6.      Plaintiffs object to the Definition of "Including" as overbroad, vague, and ambiguous.

7.      Plaintiffs object to the Definition of "Relating to," "related to," "regarding," and "referring to" as overbroad, vague, and ambiguous.

8.      Plaintiffs object to the Definition of "and" and "or" as overbroad, vague, and ambiguous.

9.      Plaintiffs object to the relevant time period listed in the "Instructions" to the extent it is unduly burdensome and not proportional to the needs of the case.

10.     Except for those admissions or denials explicitly stated herein, no admissions or denials should be inferred or implied.  Further, the fact that Plaintiffs have responded to any Request for Admission should not be taken as an admission or acceptance that such answer constitutes admissible evidence.

4                          Case No: 3:22-CV-05937-CRB

PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFFS (NOS. 35-38, 45-46, 49-50)

**RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 35.**

Admit that the Merger Agreement is ambiguous as to whether Twitter was required to provide Bot Data as a condition to closing under the Merger Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35.**

Plaintiffs incorporate each of the General Objections as if set forth fully herein. Plaintiffs further object to this Request to the extent that it seeks information that is publicly available or already in Defendant's possession, custody, or control. Plaintiffs object to this Request to the extent that it calls for a legal conclusion. Plaintiffs object to this Request to the extent that it calls for an expert opinion. Plaintiffs further object to this Request as vague and ambiguous, including in its use of the term "required to provide Bot Data as a condition to closing," which is not a defined term in the Merger Agreement. Plaintiffs refer Defendant to the Merger Agreement for its contents and context. Plaintiffs also object to this Request as premature because it purports to seek an admission regarding disputed facts prior to the completion of ongoing fact discovery, including depositions to which Plaintiffs are entitled. Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Denied. Plaintiffs do not believe that any provisions in the Merger Agreement were ambiguous. However, Defendant's false and misleading statements and fraudulent scheme misled investors and the market regarding the Merger Agreement. Plaintiffs further believe that individuals without access to non-public information relevant to the merger would not have been able to determine how the Merger Agreement applied to the facts known to Defendant, Twitter, and their respective representatives during the pendency of the merger. Plaintiffs further refer Defendant to the allegations in Plaintiffs' FAC, the allegations in the Verified Complaint filed by

PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST
SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFFS (NOS. 35-38, 45-46, 49-50)

Twitter in the Delaware Action, Defendants' verified counterclaims, answer, and affirmative defenses in the Delaware Action, Defendants' amended verified amended counterclaims, answer, and affirmative defenses in the Delaware Action, Twitter's Answer to Defendants' Counterclaims in the Delaware Action, Twitter's Answer to Defendants' Amended Counterclaims in the Delaware Action, and Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant Elon Musk's Motion for Judgment on the Pleadings in this Action.

**REQUEST FOR ADMISSION NO. 36.**

Admit that the Merger Agreement is not ambiguous as to whether Twitter was required to provide Bot Data as a condition to closing under the Merger Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36.**

Plaintiffs incorporate each of the General Objections as if set forth fully herein. Plaintiffs further object to this Request to the extent that it seeks information that is publicly available or already in Defendant's possession, custody, or control. Plaintiffs object to this Request to the extent that it calls for a legal conclusion. Plaintiffs object to this Request to the extent that it calls for an expert opinion. Plaintiffs further object to this Request as vague and ambiguous, including in its use of the term "required to provide Bot Data as a condition to closing," which is not a defined term in the Merger Agreement. Plaintiffs refer Defendant to the Merger Agreement for its contents and context. Plaintiffs further object that they had no control or authority over the Merger Agreement, nor participated in its drafting or issuance. Plaintiffs also object to this Request as premature because it purports to seek an admission regarding disputed facts prior to the completion of ongoing fact discovery, including depositions to which Plaintiffs are entitled. Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Case No: 3:22-CV-05937-CRB

PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST
SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFFS (NOS. 35-38, 45-46, 49-50)

Admitted.  Plaintiffs do not believe that any provisions in the Merger Agreement were ambiguous.  However, Defendant's false and misleading statements and fraudulent scheme misled investors and the market regarding the Merger Agreement.  Plaintiffs further believe that individuals without access to non-public information relevant to the merger would not have been able to determine how the Merger Agreement applied to the facts known to Defendant, Twitter, and their respective representatives during the pendency of the merger.  Plaintiffs further refer Defendant to the allegations in Plaintiffs' FAC, the allegations in the Verified Complaint filed by Twitter in the Delaware Action, Defendants' verified counterclaims, answer, and affirmative defenses in the Delaware Action, Defendants' amended verified amended counterclaims, answer, and affirmative defenses in the Delaware Action, Twitter's Answer to Defendants' Counterclaims in the Delaware Action, Twitter's Answer to Defendants' Amended Counterclaims in the Delaware Action, and Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant Elon Musk's Motion for Judgment on the Pleadings in this Action.

**REQUEST FOR ADMISSION NO. 37.**

Admit that the Merger Agreement is ambiguous regarding whether Defendant had the right to request Bot Data as a condition to closing.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37.**

Plaintiffs incorporate each of the General Objections as if set forth fully herein.  Plaintiffs further object to this Request to the extent that it seeks information that is publicly available or already in Defendant's possession, custody, or control.  Plaintiffs object to this Request to the extent that it calls for a legal conclusion.  Plaintiffs object to this Request to the extent that it calls for an expert opinion.  Plaintiffs further object to this Request as vague and ambiguous, including in its use of the term "right to request Bot Data as a condition to closing," which is not a defined term in

7                          Case No: 3:22-CV-05937-CRB

PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST
SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFFS (NOS. 35-38, 45-46, 49-50)

the Merger Agreement. Plaintiffs refer Defendant to the Merger Agreement for its contents and context. Plaintiffs further object that they had no control or authority over the Merger Agreement, nor participated in its drafting or issuance. Plaintiffs also object to this request as premature because it purports to seek an admission regarding disputed facts prior to the completion of ongoing fact discovery, including depositions to which Plaintiffs are entitled. Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Denied. Plaintiffs do not believe that any provisions in the Merger Agreement were ambiguous. However, Defendant's false and misleading statements and fraudulent scheme misled investors and the market regarding the Merger Agreement. Plaintiffs further believe that individuals without access to non-public information relevant to the merger would not have been able to determine how the Merger Agreement applied to the facts known to Defendant, Twitter, and their respective representatives during the pendency of the merger. Plaintiffs further refer Defendant to the allegations in Plaintiffs' FAC, the allegations in the Verified Complaint filed by Twitter in the Delaware Action, Defendants' verified counterclaims, answer, and affirmative defenses in the Delaware Action, Defendants' amended verified amended counterclaims, answer, and affirmative defenses in the Delaware Action, Twitter's Answer to Defendants' Counterclaims in the Delaware Action, Twitter's Answer to Defendants' Amended Counterclaims in the Delaware Action, and Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant Elon Musk's Motion for Judgment on the Pleadings in this Action.

**REQUEST FOR ADMISSION NO. 38.**

Admit that the Merger Agreement is not ambiguous regarding whether Defendant had the right to request Bot Data as a condition to closing.

/ / /

PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST
SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFFS (NOS. 35-38, 45-46, 49-50)

## RESPONSE TO REQUEST FOR ADMISSION NO. 38.

Plaintiffs incorporate each of the General Objections as if set forth fully herein.  Plaintiffs further object to this Request to the extent that it seeks information that is publicly available or already in Defendant's possession, custody, or control.  Plaintiffs object to this Request to the extent that it calls for a legal conclusion.  Plaintiffs object to this Request to the extent that it calls for an expert opinion.  Plaintiffs further object to this Request as vague and ambiguous, including in its use of the term "Bot Data" which is not a defined term in the Merger Agreement.   Plaintiffs refer Defendant to the Merger Agreement for its contents and context.  Plaintiffs further object that they had no control or authority over the Merger Agreement, nor participated in its drafting or issuance.  Plaintiffs also object to this Request as premature because it purports to seek an admission regarding disputed facts prior to the completion of ongoing fact discovery, including depositions to which Plaintiffs are entitled.  Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Admitted.  Plaintiffs do not believe that any provisions in the Merger Agreement were ambiguous.  However, Defendant's false and misleading statements and fraudulent scheme misled investors and the market regarding the Merger Agreement.  Plaintiffs further believe that individuals without access to non-public information relevant to the merger would not have been able to determine how the Merger Agreement applied to the facts known to Defendant, Twitter, and their respective representatives during the pendency of the merger.  Plaintiffs further refer Defendant to the allegations in Plaintiffs' FAC, the allegations in the Verified Complaint filed by Twitter in the Delaware Action, Defendants' verified counterclaims, answer, and affirmative defenses in the Delaware Action, Defendants' amended verified amended counterclaims, answer, and affirmative defenses in the Delaware Action, Twitter's Answer to Defendants' Counterclaims

PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST
SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFFS (NOS. 35-38, 45-46, 49-50)

in the Delaware Action, Twitter's Answer to Defendants' Amended Counterclaims in the Delaware Action, and Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant Elon Musk's Motion for Judgment on the Pleadings in this Action.

**REQUEST FOR ADMISSION NO. 45.**

Admit that the Merger Agreement is ambiguous regarding whether Defendant had the right to put the Merger on hold pending confirmation of Bot Data.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45.**

Plaintiffs incorporate each of the General Objections as if set forth fully herein. Plaintiffs further object to this Request to the extent that it seeks information that is publicly available or already in Defendant's possession, custody, or control. Plaintiffs object to this Request to the extent that it calls for a legal conclusion. Plaintiffs object to this Request to the extent that it calls for an expert opinion. Plaintiffs further object to this Request as vague and ambiguous, including in its use of the term "Bot Data," which is not a defined term in the Merger Agreement. Plaintiffs refer Defendant to the Merger Agreement for its contents and context. Plaintiffs further object that they had no control or authority over the Merger Agreement, nor participated in its drafting or issuance. Plaintiffs also object to this Request as premature because it purports to seek an admission regarding disputed facts prior to the completion of ongoing fact discovery, including depositions to which Plaintiffs are entitled. Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Denied. Plaintiffs do not believe that any provisions in the Merger Agreement were ambiguous. However, Defendant's false and misleading statements and fraudulent scheme misled investors and the market regarding the Merger Agreement. Plaintiffs further believe that individuals without access to non-public information relevant to the merger would not have been

PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST
SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFFS (NOS. 35-38, 45-46, 49-50)

able to determine how the Merger Agreement applied to the facts known to Defendant, Twitter, and their respective representatives during the pendency of the merger. Plaintiffs further refer Defendant to the allegations in Plaintiffs' FAC, the allegations in the Verified Complaint filed by Twitter in the Delaware Action, Defendants' verified counterclaims, answer, and affirmative defenses in the Delaware Action, Defendants' amended verified amended counterclaims, answer, and affirmative defenses in the Delaware Action, Twitter's Answer to Defendants' Counterclaims in the Delaware Action, Twitter's Answer to Defendants' Amended Counterclaims in the Delaware Action, and Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant Elon Musk's Motion for Judgment on the Pleadings in this Action.

**REQUEST FOR ADMISSION NO. 46.**

Admit that the Merger Agreement is not ambiguous regarding whether Defendant had the right to put the Merger on hold pending confirmation of Bot Data.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46.**

Plaintiffs incorporate each of the General Objections as if set forth fully herein. Plaintiffs further object to this Request to the extent that it seeks information that is publicly available or already in Defendant's possession, custody, or control. Plaintiffs object to this Request to the extent that it calls for a legal conclusion. Plaintiffs object to this Request to the extent that it calls for an expert opinion. Plaintiffs further object to this Request as vague and ambiguous, including in its use of the term "Bot Data," which is not a defined term in the Merger Agreement. Plaintiffs refer Defendant to the Merger Agreement for its contents and context. Plaintiffs further object that they had no control or authority over the Merger Agreement, nor participated in its drafting or issuance. Plaintiffs also object to this Request as premature because it purports to seek an admission regarding disputed facts prior to the completion of ongoing fact discovery, including depositions to which

PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST
SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFFS (NOS. 35-38, 45-46, 49-50)

Plaintiffs are entitled.  Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Admitted.  Plaintiffs do not believe that any provisions in the Merger Agreement were ambiguous.  However, Defendant's false and misleading statements and fraudulent scheme misled investors and the market regarding the Merger Agreement.  Plaintiffs further believe that individuals without access to non-public information relevant to the merger would not have been able to determine how the Merger Agreement applied to the facts known to Defendant, Twitter, and their respective representatives during the pendency of the merger.  Plaintiffs further refer Defendant to the allegations in Plaintiffs' FAC, the allegations in the Verified Complaint filed by Twitter in the Delaware Action, Defendants' verified counterclaims, answer, and affirmative defenses in the Delaware Action, Defendants' amended verified amended counterclaims, answer, and affirmative defenses in the Delaware Action, Twitter's Answer to Defendants' Counterclaims in the Delaware Action, Twitter's Answer to Defendants' Amended Counterclaims in the Delaware Action, and Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant Elon Musk's Motion for Judgment on the Pleadings in this Action.

**REQUEST FOR ADMISSION NO. 49.**

Admit that the Merger Agreement is ambiguous regarding whether Defendant had the right to confirm that Twitter accurately represented Bot Data in its public filings, as represented in the Merger Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49.**

Plaintiffs incorporate each of the General Objections as if set forth fully herein.  Plaintiffs further object to this Request to the extent that it seeks information that is publicly available or already in Defendant's possession, custody, or control.  Plaintiffs object to this Request to the extent

PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST
SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFFS (NOS. 35-38, 45-46, 49-50)

that it calls for a legal conclusion. Plaintiffs object to this Request to the extent that it calls for an expert opinion. Plaintiffs further object to this Request as vague and ambiguous, including in its use of the term "Bot Data," which is not a defined term in the Merger Agreement. Plaintiffs refer Defendant to the Merger Agreement for its contents and context. Plaintiffs further object that they had no control or authority over the Merger Agreement, nor participated in its drafting or issuance. Plaintiffs also object to this Request as premature because it purports to seek an admission regarding disputed facts prior to the completion of ongoing fact discovery, including depositions to which Plaintiffs are entitled. Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Denied. Plaintiffs do not believe that any provisions in the Merger Agreement were ambiguous. However, Defendant's false and misleading statements and fraudulent scheme misled investors and the market regarding the Merger Agreement. Plaintiffs further believe that individuals without access to non-public information relevant to the merger would not have been able to determine how the Merger Agreement applied to the facts known to Defendant, Twitter, and their respective representatives during the pendency of the merger. Plaintiffs further refer Defendant to the allegations in Plaintiffs' FAC, the allegations in the Verified Complaint filed by Twitter in the Delaware Action, Defendants' verified counterclaims, answer, and affirmative defenses in the Delaware Action, Defendants' amended verified amended counterclaims, answer, and affirmative defenses in the Delaware Action, Twitter's Answer to Defendants' Counterclaims in the Delaware Action, Twitter's Answer to Defendants' Amended Counterclaims in the Delaware Action, and Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant Elon Musk's Motion for Judgment on the Pleadings in this Action.

///

PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFFS (NOS. 35-38, 45-46, 49-50)

**REQUEST FOR ADMISSION NO. 50.**

Admit that the Merger Agreement is not ambiguous regarding whether Defendant had the right to confirm that Twitter accurately represented Bot Data in its public filings, as represented in the Merger Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50.**

Plaintiffs incorporate each of the General Objections as if set forth fully herein. Plaintiffs further object to this Request to the extent that it seeks information that is publicly available or already in Defendant's possession, custody, or control. Plaintiffs object to this Request to the extent that it calls for a legal conclusion. Plaintiffs object to this Request to the extent that it calls for an expert opinion. Plaintiffs further object to this Request as vague and ambiguous, including in its use of the term "Bot Data," which is not a defined term in the Merger Agreement. Plaintiffs refer Defendant to the Merger Agreement for its contents and context. Plaintiffs further object that they had no control or authority over the Merger Agreement, nor participated in its drafting or issuance. Plaintiffs also object to this Request as premature because it purports to seek an admission regarding disputed facts prior to the completion of ongoing fact discovery, including depositions to which Plaintiffs are entitled. Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Admitted. Plaintiffs do not believe that any provisions in the Merger Agreement were ambiguous. However, Defendant's false and misleading statements and fraudulent scheme misled investors and the market regarding the Merger Agreement. Plaintiffs further believe that individuals without access to non-public information relevant to the merger would not have been able to determine how the Merger Agreement applied to the facts known to Defendant, Twitter, and their respective representatives during the pendency of the merger. Plaintiffs further refer

PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST
SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFFS (NOS. 35-38, 45-46, 49-50)

Defendant to the allegations in Plaintiffs' FAC, the allegations in the Verified Complaint filed by Twitter in the Delaware Action, Defendants' verified counterclaims, answer, and affirmative defenses in the Delaware Action, Defendants' amended verified amended counterclaims, answer, and affirmative defenses in the Delaware Action, Twitter's Answer to Defendants' Counterclaims in the Delaware Action, Twitter's Answer to Defendants' Amended Counterclaims in the Delaware Action, and Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant Elon Musk's Motion for Judgment on the Pleadings in this Action.

Dated: July 21, 2025                    **COTCHETT, PITRE & McCARTHY, LLP**

By:    /s/ *Tyson C. Redenbarger*
                    TYSON C. REDENBARGER
                    *Counsel for Plaintiff*

**BOTTINI & BOTTINI, INC.**

By:    /s/ *Francis A. Bottini, Jr.*
                    FRANCIS A. BOTTINI, JR.
                    *Counsel for Plaintiff*

15                    Case No: 3:22-CV-05937-CRB
PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST
SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFFS (NOS. 35-38, 45-46, 49-50)

**PROOF OF SERVICE**

I, the undersigned, state:

I am a citizen of the United States and am over the age of 18 and not a party to the within action. My business address is 7817 Ivanhoe Avenue, Suite 102, La Jolla, California 92037.

On July 21, 2025, I served the following document:

**PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFFS NUMBERED 35-38, 45-46, 49-50**

on parties in this action, addressed as stated below:

Alex Spiro
alexspiro@quinnemanuel.com
Jesse Bernstein
jessebernstein@quinnemanuel.com
Jonathan E. Feder
jonathanfeder@quinnemanuel.com
Stephen A. Broome
stephenbroome@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

Michael T. Lifrak
michaellifrak@quinnemanuel.com
Joseph C. Sarles
josephsarles@quinnemanuel.com
Alex Bergjans
alexbergjans@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

Nathan Archibald
nathanarchibald@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
2755 E. Cottonwood Parkway, Suite 430
Salt Lake City, Utah 84121

*Attorneys for Defendant*

PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFFS (NOS. 35-38, 45-46, 49-50)

**By Electronic Mail**: By causing the document to be sent to each party via electronic mail on July 21, 2025.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on July 21, 2025, at La Jolla, California.

Stephanie M. Ammirati

PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST
SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFFS (NOS. 35-38, 45-46, 49-50)