Case 3:22-cv-05937-CRB    Document 245-8    Filed 08/15/25    Page 1 of 5

# EXHIBIT D

**Confidentiality Agreement**

This Confidentiality Agreement (this "**Agreement**"), dated as of May 5, 2022, is entered into by and between Twitter, Inc., a Delaware corporation (the "**Company**"), and Elon R. Musk ("**you**"). Reference is made to the Agreement and Plan of Merger, dated as of April 25, 2022, by and among the Company, you (solely for the purpose of certain provisions) and certain of your Affiliates (the "**Merger Agreement**"). Capitalized terms used but not otherwise defined shall have the meanings given to such terms in the Merger Agreement.

1.      You, your Affiliates and any Specified Personnel (as defined below) may receive or have access to certain information about the Company and its subsidiaries that is confidential, non-public or proprietary, including pursuant to Section 6.4 of the Merger Agreement. You acknowledge, on behalf of yourself, your Affiliates and the Specified Personnel, that the Confidential Information may contain material non-public information under applicable U.S. federal and state securities laws, and that you are aware of your obligations thereunder and will evaluate the Confidential Information that you may receive consistent with such obligations.

2.      You and your Affiliates and any Specified Personnel, in each case who have access to the Confidential Information, will use the Confidential Information solely for the purpose of monitoring and evaluating your investment in the Company, planning for your ownership and operation of the Company's business following the consummation of the transactions contemplated by the Merger Agreement and all in the manner as permitted by Section 6.4 of the Merger Agreement. You, your Affiliates and the Specified Personnel will keep the Confidential Information confidential and not disclose the Confidential Information to any other Person, except that the Confidential Information may be disclosed on a private and confidential basis (a) to your Affiliates and any Specified Personnel who need to know such information for the purpose of assisting you with the purpose specified in the prior sentence, (b) in accordance with paragraph 3 or (c) as the Company may otherwise consent in writing. Your Affiliates and any Specified Personnel that are furnished Confidential Information shall (i) be informed by you of the confidential nature of such Confidential Information; and (ii) agree to be bound by the terms of this Agreement with respect to such Confidential Information. You agree to be responsible for any prohibited or unauthorized disclosure or use of the Confidential Information in violation of this Agreement by any of your Affiliates or any Specified Personnel as if they were party hereto. Subject to Section 3, you, your Affiliates and any Specified Personnel are not permitted to publicly disclose any Confidential Information without the prior written consent of the Company.

3.      You, your Affiliates and any Specified Personnel may disclose Confidential Information without liability under this Agreement to the extent that such disclosure is required by applicable Law, but only if you promptly notify (except to the extent that such notice would be legally prohibited) the Company in writing in advance of such disclosure so that the Company may, at the Company's sole expense, resist or avoid such disclosure, including by seeking a protective order or other appropriate remedy and/or waive compliance with this Agreement (and in which event you shall reasonably cooperate with the Company in connection with, and you shall not oppose, such action by the Company, at the Company's sole expense). Any disclosure pursuant to this paragraph 3 shall be limited to such information that you, your Affiliates and the Specified Personnel are, on the advice of counsel, required to disclose by applicable Law. For the

CONFIDENTIAL

MUSK-XHOLDINGS_00023104

avoidance of doubt, it is understood that there shall be no Law to disclose any Confidential Information by virtue of the fact that, absent such disclosure, you or any of your Affiliates or any Specified Personnel would be prohibited from purchasing, selling or engaging in derivative or other voluntary transactions with respect to the Company or any of its securities.

4.      Following termination of the Merger Agreement, if requested in writing by the Company, you shall promptly either (at your option) (a) destroy or cause to be destroyed all copies of Confidential Information in your possession or in the possession of your Affiliates or Specified Personnel or (b) deliver or cause to be delivered to the Company all copies of Confidential Information in your possession or in the possession of your Affiliates or any Specified Personnel. Regardless of the destruction or delivery of any Confidential Information pursuant to this paragraph 4, all duties and obligations existing under this Agreement with respect thereto will remain in full force and effect.

5.      You agree that no Person (a) shall have any liability to you or any of your Affiliates or any Specified Personnel resulting from the selection or content of the Confidential Information or the use of or reliance upon the Confidential Information by you or your Affiliates or the Specified Personnel; and (b) makes any representation or warranty, express or implied, as to the accuracy or completeness of any Confidential Information. Except as provided in Section 6.4 of the Merger Agreement, this Agreement shall not create any obligation on the part of any Person to provide you, your Affiliates or any Specified Personnel with any Confidential Information, nor shall it entitle you, your Affiliates or any Specified Personnel to participate in any meetings of the Board, any committee thereof, or with management of the Company. All Confidential Information shall remain the property of the Company and its subsidiaries. Neither you nor any of your Affiliates or any Specified Personnel shall, by virtue of any disclosure of and/or your or their use of any Confidential Information, acquire any rights with respect thereto, which rights shall remain exclusively with the Company and its subsidiaries.

6.      This Agreement shall terminate upon the closing of the transactions contemplated by the Merger Agreement or two years from the termination of the Merger Agreement, which ever first occurs. Any liability for breach of this Agreement prior to such termination shall survive such termination.

7.      The provisions of Section 9.2, Section 9.3, Section 9.4, Section 9.5, Section 9.6, Section 9.7, Section 9.8, Section 9.9, Section 9.10, Section 9.11 and Section 9.12 of the Merger Agreement shall apply *mutatis mutandis* to this Agreement.

[*Remainder of the page intentionally left blank*]

CONFIDENTIAL                                                                                 MUSK-XHOLDINGS_00023105

IN WITNESS WHEREOF, this Agreement has been duly executed and delivered as of the date hereof.

**TWITTER, INC.**

By: _____
       Name:
       Title:

**ELON R. MUSK**

_____

*[Signature Page to Confidentiality Agreement]*

CONFIDENTIAL

Exhibit A

## Defined Terms

"**Confidential Information**" means information, whether written or oral, concerning the Company or any of its subsidiaries, including its or their business, operations, industry or prospects, that is furnished to you, any of your Affiliates or any Specified Personnel by or on behalf of the Company or any of its subsidiaries on or following the date hereof. Confidential Information includes, without limitation, any notes, analyses, data or other documents prepared by or on behalf of you, your Affiliates or any Specified Personnel to the extent that such materials contain or are based upon, in whole or in part, any Confidential Information. Confidential Information does not include any information that (a) is or becomes available to you, your Affiliates or any Specified Personnel on a non-confidential basis from a source other than the Company, any of its subsidiaries or any Company Representatives so long as such source is not known by you to be bound by a confidentiality obligation to the Company, any of its subsidiaries or any Company Representative prohibiting such disclosure; (b) is or becomes publicly available other than as a result of a disclosure by you, your Affiliates or any Specified Personnel in violation of this Agreement or pursuant to paragraph 3; (c) was within your rightful possession, or the rightful possession of your Affiliates or any Specified Personnel, on a non-confidential basis prior to it being furnished to such Person by or on behalf of the Company or any of its subsidiaries or any Company Representative; or (d) has been or is independently conceived or developed by you, your Affiliates or any Specified Personnel without the use of the Confidential Information and not otherwise in violation of the terms of this Agreement.

"**Company Representative**" means any director, officer, employee, agent, attorney, accountant, advisor or consultant of the Company or any of its subsidiaries.

"**Specified Personnel**" means your and your Affiliates' (other than portfolio companies') respective managers, directors, officers, employees, agents, attorneys, accountants, advisors and consultants, in each case acting on behalf of you or your Affiliates.

-2-

CONFIDENTIAL

MUSK-XHOLDINGS_00023107