1   Conor C. McNamara (SBN 319238)
    **NIXON PEABODY LLP**
2   One Embarcadero Center, 32nd Floor
    San Francisco, CA  94111
3   Tel:  415-984-8200
    Fax:  415-984-8300
4   cmcnamara@nixonpeabody.com

5   Mark D. Lytle (SBN 194872)*              Christopher E. Queenin*
    **NIXON PEABODY LLP**                    **NIXON PEABODY LLP**
6   799 9th Street NW, Suite 500             Exchange Place
    Washington, DC 20001-5327                53 State Street
7   Tel:  202-585-8000                       Boston, MA 02109
    Fax: 202-585-8080                        Tel: 617-345-1000
8   mlytle@nixonpeabody.com                  Fax: 866-999-4808
    *Pro Hac Vice forthcoming if necessary   cqueenin@nixonpeabody.com
9                                            *Pro Hac Vice forthcoming if necessary

    *Counsel for Non-Party Yoel Roth*
10

11                    UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

13

14   GIUSEPPE PAMPENA, on behalf of himself    CASE NO. 3:22-CV-05937-CRB
     and all others similarly situated,
15                                             **DECLARATION OF CONOR C.
             Plaintiff,                         MCNAMARA IN SUPPORT OF
16                                              DEFENDANT ELON MUSK'S
         vs.                                    ADMINISTRATIVE MOTION TO SEAL
17                                              DOCUMENTS IN SUPPORT OF
     ELON R. MUSK,                              MOTION FOR SUMMARY JUDGMENT**
18
             Defendant.                        Judge: Hon. Charles R. Breyer
19

20

21

22

23

24

25

26

27

28
                                   1
     DECLARATION OF CONOR C. MCNAMARA ISO DEFENDANT ELON MUSK'S ADMINISTRATIVE
     MOTION TO SEAL DOCUMENTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

1    I, Conor C. McNamara, declare as follows:

2    1.    I am an attorney admitted to practice in the State of California and an attorney at

3    the law firm Nixon Peabody LLP, counsel for non-party Yoel Roth.

4    2.    Pursuant to Civil Local Rule 79-5, Mr. Roth hereby submits this Declaration in

5    Support of Defendant Elon Musk's Administrative Motion to Seal Documents in Support of

6    Motion for Summary Judgment [ECF No. 254] (the "Motion to Seal").

7    3.    Mr. Roth is not a party to this action.

8    4.    With the Motion to Seal, Defendant filed Exhibit Q to the Declaration of Stephen

9    A. Broome [ECF No. 254-11], which purports to be a true and correct copy of an excerpt from the

10    transcript of the deposition of Mr. Roth, taken on September 17, 2022 (the "Transcript Excerpt"),

11    in *Twitter, Inc. v. Musk, et al.*, C.A. No. 2022-0613-KSJM (Del. Ch.) (the "Delaware Action").

12    5.    The Transcript Excerpt was designated as CONFIDENTIAL in the Delaware

13    Action and, according to the Motion to Seal, was re-produced in this action pursuant to the

14    Stipulation and Order [ECF No. 116] governing discovery materials in the Delaware Action.

15    6.    In accordance with this designation, the Motion to Seal seeks to file under seal the

16    entirety of the Transcript Excerpt.  This requested relief is necessary and narrowly tailored to

17    protect the confidentiality of the information contained.

18    7.    Mr. Roth agreed to certain confidentiality-related employment covenants when he

19    was employed with Twitter, including a confidentiality agreement that requires Mr. Roth to take

20    all reasonable precautions to prevent any unauthorized use or disclosure of confidential

21    information, which includes any information that, if disclosed, could be detrimental to the

22    interests of Twitter.  The confidentiality agreement provides a non-exhaustive list of examples of

23    such information, which includes, but is not limited to, user and customer data, marketing plans,

24    business strategies, ideas, technology, financial information, forecasts, engineering, and other

25    business information.  The confidentiality agreement provides that any applicable nondisclosure

26    obligations apply both during and after Mr. Roth's employment with Twitter.

27    8.    Neither Mr. Roth nor X Corp. f/k/a Twitter ("X") is the party seeking to file the

28

2

DECLARATION OF CONOR C. MCNAMARA ISO DEFENDANT ELON MUSK'S ADMINISTRATIVE
MOTION TO SEAL DOCUMENTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

1    material designated as CONFIDENTIAL in the public record.

2        9.    Mr. Roth has not authorized, nor does he intend to authorize, the public disclosure

3    of any confidential or proprietary information belonging to his former employer for which he

4    does not already have permission for such disclosure; nor should this declaration be construed as

5    a waiver of any confidentiality rights or protections held by X or any other party.

6        10.    Counsel for X notified Mr. Roth's counsel that it is X's position that non-public

7    information relating to and arising from Mr. Roth's employment at Twitter before the October 27,

8    2022 closing of the merger with X that includes sensitive non-public information regarding the

9    company's operations, business practices, and internal personnel matters during that period is

10    confidential and should not be disclosed publicly.  X further stated that the continued confidential

11    treatment of these materials is necessary to protect the company's proprietary and sensitive

12    business information, and that public disclosure could cause harm to X's legitimate business

13    interests.  The excerpts of Mr. Roth's deposition addressing such pre-merger matters should

14    therefore remain designated as CONFIDENTIAL.

15        11.    The Ninth Circuit applies two tests to determine whether a party is entitled to file

16    certain documents under seal.  The "good cause" test applies to "sealed materials attached to a

17    discovery motion unrelated to the merits of [the] case[.]"  *Ctr. for Auto Safety v. Chrysler Grp.,*

18    *LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).  The "compelling reasons" standard applies to cases

19    involving "dispositive motions" as well as any other motions that are "more than tangentially

20    related to the merits of [the] case."  *Id.* at 1101.

21        12.    Here, compelling reasons support sealing the Transcript Excerpt.  Courts hold that

22    a party has a compelling reason to seal information if sealing is required to prevent information

23    from being used "as sources of business information that might harm a litigant's competitive

24    standing."  *Auto Safety*, 809 F.3d at 1097.  Sealing has been found warranted when a public

25    record might be used to "gratify private spite or promote public scandal" and for "proprietary

26    business, scientific, manufacturing, sales, or licensing information."  *Plexxikon Inc. v. Novartis*

27    *Pharm. Cor.*, 2020 U.S. Dist. LEXIS 44014, at *3-6 (N.D. Cal. 2020).  For these reasons, good

28

DECLARATION OF CONOR C. MCNAMARA ISO DEFENDANT ELON MUSK'S ADMINISTRATIVE
MOTION TO SEAL DOCUMENTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

1    cause exists to seal these portions of the Transcript Excerpt.  *See, e.g.*, *Epicentrx, Inc. v. Carter*,

2    2021 U.S. Dist. LEXIS 191068, at *7 (S.D. Cal. 2021) (emphasis added) ("Plaintiff seeks to file

3    Exhibit J under seal 'to honor this contractual duty of confidentiality.'  Because the public

4    dissemination of Exhibit J could harm Plaintiff's business relationship with its collaborator, the

5    Court concludes that Plaintiff has identified sufficiently compelling reasons to file that document

6    under seal.").

7           13.    Additionally, as publicly reported, Mr. Roth faced significant privacy and safety

8    concerns after he left Twitter.  The Transcript Excerpt contains detailed discussions of internal

9    company policies, as well as Mr. Roth's role in reviewing investigative work, approving

10   enforcement policies, and making determinations about account suspensions and visibility

11   restrictions.  Given the high-profile nature of the litigation and the public interest in Defendant

12   and X's internal operations, public disclosure of such information could expose Mr. Roth to

13   additional unwanted attention, scrutiny, or targeted harassment or retaliation from individuals or

14   groups dissatisfied with the company's policies or enforcement actions.  *See Lees v. Mariscal*,

15   2022 U.S. Dist. LEXIS 66584, at *5 (N.D. Cal. 2022) ("[T]he privacy and safety of a nonparty is

16   a compelling reason for sealing records."); *Houston Mun. Emples. Pension Sys. v. BofI Holding,*

17   *Inc.*, 2017 U.S. Dist. LEXIS 42647, at *3 (S.D. Cal. 2017) (granting motion to seal where

18   "nonparty former employee" provided documents subject to a discovery dispute and "fear[ed]

19   retaliation and potential use of her information for improper purposes").

20          14.    Accordingly, the reasons for sealing the Transcript Excerpt outweigh any benefit

21   of making it public.

22          I declare under penalty of perjury that the foregoing is true and correct.

23          Executed on August 21, 2025, in San Francisco, CA.

24

25                                          By: */s/ Conor C. McNamara*
                                                Conor C. McNamara

26

27

28

DECLARATION OF CONOR C. MCNAMARA ISO DEFENDANT ELON MUSK'S ADMINISTRATIVE
MOTION TO SEAL DOCUMENTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

1

**<u>CERTIFICATE OF SERVICE</u>**

2

I, Conor C. McNamara, am admitted to practice in this Court, and I hereby certify that a

3

true and correct copy of the foregoing document was filed with the Court and electronically

4

served through the CM-ECF system which will send a notification of such filing to all counsel of

5

record.

6

Dated: August 21, 2025                              NIXON PEABODY LLP

7

8

By: */s/ Conor C. McNamara*

9                                                          Conor C. McNamara

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF CONOR C. MCNAMARA ISO DEFENDANT ELON MUSK'S ADMINISTRATIVE
MOTION TO SEAL DOCUMENTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT