QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (*pro hac vice* )
alexspiro@quinnemanuel.com
Jesse A. Bernstein (*pro hac vice*)
Jessebernstein@quinnemanuel.com
Jonathan E. Feder (*pro hac vice*)
jonathanfeder@quinnemanuel.com
Stephanie Kelemen (*pro hac vice*)
stephaniekelemen@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
Telephone:     (212) 849-7000
Facsimile:     (212) 849-7100

Michael T. Lifrak (Bar No. 210846)
michaellifrak@quinnemanuel.com
Stephen A. Broome (Bar No. 314605)
stephenbroome@quinnemanuel.com
Joseph C. Sarles (Bar No. 254750)
josephsarles@quinnemanuel.com
Alex Bergjans (Bar No. 302830)
alexbergjans@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

*Attorneys for Defendant Elon Musk*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIUSEPPE PAMPENA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ELON R. MUSK,<br><br>Defendant. | Case No. 3:22-CV-005937-CRB<br><br>**REPLY IN SUPPORT OF DEFENDANT ELON MUSK'S MOTION TO EXCLUDE THE OPINIONS OF A. CHRISTINE DAVIS**<br><br>Judge:  Hon. Charles R. Breyer<br><br>Magistrate Judge:  Hon. Donna M. Ryu<br><br>Hearing Date:    October 31, 2025<br>Time:            10:00 a.m.<br>Courtroom:       6, 17th Floor |

## SUMMARY OF ARGUMENT

Plaintiffs' Opposition does not salvage Christine Davis's opinions. Instead, it underscores why exclusion is necessary. Plaintiffs and Davis still have four intractable problems.

*First*, Plaintiffs still cannot identify any methodology in Davis's report that amounts to expertise. Her assignment was to divide a known cash number by Tesla's public share price and state the obvious—that when stock prices fall, more shares are required to raise the same cash. That is basic arithmetic and logic, not expert analysis. Plaintiffs' effort to rebrand this as "forensic accounting" cannot disguise the lack of methodology, and courts routinely exclude testimony that adds nothing beyond what lay jurors already know.

*Second*, Plaintiffs all but concede Davis's opinions rest on a critical false assumption: that Musk's only available funding source was Tesla stock. Davis admitted she adopted this instruction from Plaintiffs' counsel and had "no insight" into Musk's other wealth. Plaintiffs do not contest this but speculate that Tesla was "always" Musk's intended source. That is not expert analysis—it is advocacy, and it is not based on anything. Rule 702 exists precisely to prevent one side's narrative from being laundered through an expert report.

*Third*, Plaintiffs attempt to repackage Davis's inferences about Musk's financial "motive" as "forensic facts." But Rule 702 forbids experts from testifying about a party's intent or state of mind. Davis's report is structured to imply Musk had a motive to mislead once Tesla's stock declined, which is nothing more than a dressed-up narrative of intent. That usurps the role of the jury and is inadmissible.

*Fourth*, unable to defend Davis under Rule 702, Plaintiffs retreat to Rule 1006, arguing her charts and tabulations may come in as "summaries." That argument fails at every step. Rule 1006 is a narrow evidentiary shortcut that permits only neutral digests of voluminous records. Davis's schedules are not neutral—they embed Plaintiffs' litigation assumptions about Musk's funding sources and intent. Plaintiffs' conclusory request also fails to demonstrate the Rule's basic prerequisites, is procedurally improper when raised in opposition, and is premature for resolution now. Rule 1006 is a rule of convenience, not a backdoor for improper expert opinions.

Plaintiffs' Opposition confirms the defects in Davis's report rather than cures them. Because her opinions lack methodology, rest on false assumptions, intrude into impermissible motive testimony, and

because Plaintiffs cannot salvage them under Rule 1006, the Court should grant the motion to exclude in full.

## ARGUMENT

### I.     PLAINTIFFS *STILL* DO NOT IDENTIFY ANY DISCERNIBLE EXPERT METHODOLOGY IN DAVIS'S REPORT

Plaintiffs' Opposition rails against the characterization that Davis "merely performed basic arithmetic," insisting instead that she made "detailed calculations" and was not a "human calculator." Opp. (Dkt. No. 271) at 5-6.  Yet Plaintiffs never specify what—if anything—about Davis's work involved more complexity than grade school math.

***Davis's Report is Arithmetic, Not Expertise.***  While Plaintiffs seek to obscure the point, they do not dispute that the gravamen of Davis's assignment was entirely mechanical: (1) identify the cash contribution Musk was required to make to close the merger (*see* Davis Rpt. (Dkt. 251-2) ¶ 1(a)), and (2) translate that cash figure into the number of Tesla shares needed to generate it (*id.* ¶ 1(b)).  Both inputs were already in the public record—the cash contribution plainly disclosed in SEC filings (*see id.* at fn. 14) and the share price of Tesla stock publicly available each trading day.  Davis simply divided one number by the other for different dates.  Her conclusion was equally banal: as she admitted, "the Tesla shares lost value from April 21 to May 13 . . . so the number of share[s] equivalent to what cash is needed was going up."  Davis Dep. (Dkt. 251-3) 91:16–92:2.  That truism—that when a stock price declines, more shares must be sold to raise the same cash—requires no expert.

At the same time, Plaintiffs dismiss as "meritless" the argument that "mere arithmetic should not be presented through an expert" in the first place.  Opp. at 6.  The opposite is true.  Courts "***regularly*** exclude expert testimony where the expert engages in arithmetic, not expert analysis." *Golden Unicorn Enters., Inc. v. Audible, Inc.*, 682 F. Supp. 3d 368, 379 (S.D.N.Y. 2023) (emphasis added) (internal citation omitted); *Think20 Labs LLC v. Perkinelmer Health Scis., Inc.*, 2023 WL 9005633, at *4 (C.D. Cal. Nov. 30, 2023) (excluding "simple arithmetic for which no expertise is required"); *Luck v. McMahon*, 2022 WL 5500934, at *7 (D. Conn. Feb. 11, 2022) (excluding expert whose report was limited to "straightforward mathematical calculations" of lost compensation); *Advantor Sys. Corp. v. DRS Tech. Servs., Inc.*, 678 F.

REPLY IN SUPPORT OF DEFENDANT ELON MUSK'S MOTION TO EXCLUDE THE OPINIONS OF A. CHRISTINE DAVIS

App'x 839, 860 n.13 (11th Cir. 2017) (affirming exclusion of expert testimony that "merely performed simple arithmetic of the numbers" within a jury's understanding).  Plaintiffs cite nothing to the contrary.

Thus, it is not enough to "merely multipl[y]" and sum a few numbers.  *Golden Unicorn Enters., Inc.*, 682 F. Supp. 3d at 379; *see also Edmondson v. RCI Hosp. Holdings, Inc.*,  2020 WL 1503452, at *6 (S.D.N.Y. Mar. 30, 2020) (rejecting the damages expert's testimony because, in part, it was based on "a basic mathematical calculation taught in grade school," namely averaging numbers).  And Plaintiffs attempt to distinguish the court's finding in *Waymo LLC v. Uber Techs., Inc.* (2017 WL 5148390 (N.D. Cal. 2017)) on the basis that the underlying numbers were "unsupported" (Opp. at 7) misses the point entirely.  The problem was, and is here, that admitting an expert for basic arithmetic creates a "misleading facade of expertise" over evidence that "can speak for itself." *Waymo LLC,* 2017 WL 5148390, at *5-*6. So too here.[1]

**The "Forensic Accounting" Label Cannot Save Davis's Report.**  Plaintiffs' attempt to rebrand Davis's work as "forensic accounting," Opp. at 5, also fails.  Plaintiffs never identify what forensic accounting principles or methodology Davis actually employed.  In fact, she employed none.  This case is not about false or concealed accounting or tracing of funds, and the cases Plaintiffs cite underscore the point, as those decisions involved experts who engaged in *actual* forensic analysis (and in two of the three cases, the experts had their opinions excluded anyway): reconciling estates and tax records (*Gallagher v. Holt*, 2012 WL 3205175, at *14 (E.D. Cal. Aug. 3, 2012) (opinion excluded as untimely)); tracing concealed transfers (*United States v. Williams*, 2016 WL 6635032, at *1 (E.D. La. Nov. 9, 2016) (opinion excluded as untimely)); or reviewing extensive financial databases and bank records (*Wing v. Kaye Scholer, LLP*, 2010 WL 5020576, at *2 (D. Utah Dec. 3, 2010)).  Davis did not.  Her "analysis" plugged public numbers (or those provided by counsel) into a calculator.  Plaintiffs misleading attachment of a "forensic accounting" label here is precisely why exclusion is necessary—Rule 702 exists to prevent jurors from being fooled by the aura of expertise where none exists.  *See Perfect 10, Inc. v. Giganews, Inc.*, 2014

---

[1]  Nor does Plaintiffs' reliance on Musk's counsel's involvement in the *Waymo* litigation change anything. The identity of counsel in another case has no bearing on whether Davis's report satisfies Rule 702.

REPLY IN SUPPORT OF DEFENDANT ELON MUSK'S MOTION TO EXCLUDE THE OPINIONS OF A. CHRISTINE DAVIS

WL 10894452, at *6 (C.D. Cal. Oct. 31, 2014) (excluding testimony as "an attempt to add the gloss of expert opinion to what are, at their core, factual questions that the jury must decide on their own").

***"Collecting" Public Filings Is Not Expertise.*** Plaintiffs further argue that Davis's expertise lay in "identif[ying] and collect[ing] a wide variety of voluminous source materials." Opp. at 4. That greatly overstates the matter. The "source materials" Davis relied upon were nothing more than standard SEC filings, publicly available Tesla stock prices and documents provided by counsel—documents already largely in the record and easily understood by a jury. In any event, courts have repeatedly held that reading or summarizing public filings is not expert work. *See In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 643 F. Supp. 2d 482, 503 (S.D.N.Y. 2009) (excluding expert whose testimony was based on the existence of public information); *In re Novatel Wireless Sec. Litig.*, 2011 WL 5827198, at *4 (S.D. Cal. Nov. 17, 2011) (excluding expert who merely summarized record evidence because "no specialized or technical know-how is required"). Plugging numbers from public documents into a calculator is still just arithmetic, not expertise.

## II.   PLAINTIFFS CONCEDE DAVIS IGNORED CRITICAL FACTS AND RELIED ON A FALSE ASSUMPTION

Even if Davis's calculations extended beyond arithmetic, her opinions still fail Rule 702's reliability requirement because they rest entirely on an instruction from Plaintiffs' counsel: assume Musk's only source of cash was Tesla stock. Davis Dep. at 98:9–13. Davis followed that instruction, ignored obvious facts about Musk's other sources of wealth and conceded she had "no insight" into this critical issue. *See* Mot. at 7 (citing Davis Dep. at 46:19–47:11, 49:9–12, 65:17–21, 67:10–13, 66:13–18, 79:2–6). Plaintiffs do not dispute this; they instead try to wave it away by speculating that Tesla was "always" Musk's intended funding source. Opp. at 7–8. That response only underscores the unreliability of Davis's work—her "analysis" simply accepts Plaintiffs' litigation theory as fact rather than testing it against the record. Expert testimony is supposed to assist the jury in resolving factual disputes, not embed one party's narrative as a foundational premise. *Arista Networks, Inc. v. Cisco Sys. Inc.*, 2018 WL 8949299, at *3 (N.D. Cal. June 15, 2018) (excluding expert opinions that "would amount to no more than an unfair vouching of evidence"). Plaintiffs' fallback—that Davis can be cross-examined about this flaw (Opp. at

REPLY IN SUPPORT OF DEFENDANT ELON MUSK'S MOTION TO EXCLUDE THE OPINIONS OF A. CHRISTINE DAVIS

8)—does not cure it.  A report predetermined by counsel's narrative shouldn't be offered as independent expert analysis in the first place.

### III.   PLAINTIFFS DISGUISE MOTIVE TESTIMONY AS "FORENSIC FACTS," BUT RULE 702 FORBIDS STATE-OF-MIND OPINIONS

Plaintiffs insist Davis is not offering a disguised motive opinion.  Opp. at 8.  Yet in the same breath, they argue her testimony is probative precisely because it shows Musk's "motive" to mislead once Tesla's stock declined.  *Id.*  That concession is fatal.  Rule 702 bars experts from testifying about intent, motive, or state of mind.  *Gold v. Lumber Liquidators, Inc.*, 323 F.R.D. 280, 294 (N.D. Cal. 2017) ("Courts routinely exclude expert testimony as to intent, motive, or state of mind as issues better left to a jury.")  Davis's report crosses that line.  Her entire analysis is structured to imply: (1) Tesla's stock decline created a mounting "cash shortfall," and (2) Musk therefore had a financial motive to mislead investors in May 2022.  That is not neutral "accounting"—it is a narrative about Musk's mental state, which invades the jury's role.

### IV.   PLAINTIFFS CANNOT SALVAGE DAVIS'S OPINIONS BY RELABELING HER CHARTS AS RULE 1006 SUMMARIES

Unable to defend Davis under Rule 702, Plaintiffs request an order admitting her calculations, tabulations, and graphs under Rule 1006 instead.  Opp. at 9.  The request suffers from multiple defects.

***Plaintiffs' Rule 1006 Request is Procedurally Improper.***  A party cannot request affirmative relief for the first time in an opposition.  *Bennett v. AT&T Servs., Inc.*, 2021 WL 11701375, at *2 (N.D. Cal. Nov. 12, 2021) ("a request for affirmative relief is not proper when raised for the first time in an opposition"); *Google LLC v. Point Fin., Inc.*, 2025 WL 1903495, at *2 (N.D. Cal. June 10, 2025) (Courts "will not consider or rule upon a purported 'cross motion' included in a brief in opposition to another Party's . . . motion.").

***Plaintiffs have Failed to Establish the Prerequisites for Rule 1006 Treatment***.  Plaintiffs do not explain which specific charts, tabulations or graphs they seek to admit.  They do not explain why the underlying data is so "voluminous" that the summary is necessary, as the Rule requires.  Nor do Plaintiffs demonstrate relevance under Rule 402—or the related authentication requirement under Rule 901(a).  *See Forbo Flooring, Inc. v. Falcone Glob. Sols., LLC*, 2024 WL 466789, at *6 (N.D. Ga. Jan. 3, 2024) (ruling "it is premature to rule on the overall admissibility of . . . exhibits prior to trial given that the Court has

-5-

not yet heard testimony to authenticate and provide a foundation for the admissibility . . . under Rule 1006").

***Davis's Schedules Are Not Neutral Compilations of Data.*** Even more fundamentally, Rule 1006 permits only "a neutral compilation without opinion," *U.S. v. Dish Network LLC*, 75 F. Supp. 3d 916, 927 (C.D. Ill. 2014); *see also United States v. Milkiewicz*, 470 F.3d 390, 397-98 (1st Cir. 2006) (discussing neutrality requirement). Davis's schedules embody her disputed opinions and assumptions—most importantly, the unsupported premise that Tesla stock was Musk's sole potential funding source. That disputed assumption is central to Plaintiffs' theory of liability. Such charts are not Rule 1006 summaries, they are advocacy.

***Finally, the Request is Premature.*** Courts address the admissibility of summaries at trial (or pre-trial) once testimony has been presented to authenticate and lay a proper foundation. Plaintiffs do not explain why that must be done now, and effectively ask the Court to prejudge evidentiary rulings in the context of a Daubert opposition, which is improper.

## CONCLUSION

Davis offers no methodology, omits critical facts, and seeks to opine on Musk's supposed "motive." Plaintiffs' Opposition confirms these defects rather than cures them. Because Davis's opinions will not assist the trier of fact and would only confuse and prejudice the jury, the Court should grant the motion to exclude in full, or at minimum hold a Federal Rule of Evidence 104 hearing on admissibility.

DATED: September 26, 2025          QUINN EMANUEL URQUHART & SULLIVAN, LLP


By _____/s/ Stephen A. Broome_____
    Alex Spiro
    Michael T. Lifrak
    Stephen A. Broome
    Jesse A. Bernstein

    *Attorneys for Defendant Elon Musk*

REPLY IN SUPPORT OF DEFENDANT ELON MUSK'S MOTION TO EXCLUDE THE OPINIONS OF A. CHRISTINE DAVIS

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record electronically or by another manner authorized under FED. R. CIV. P. 5(b) on this the 26th day of September, 2025.

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By /s/ Stephen A. Broome
Alex Spiro
Michael T. Lifrak
Stephen A. Broome
Jesse A. Bernstein

*Attorneys for Defendant Elon Musk*

Case No. 3:22-cv-05937-CRB
REPLY IN SUPPORT OF DEFENDANT ELON MUSK'S MOTION TO EXCLUDE THE OPINIONS OF A. CHRISTINE DAVIS

## **<u>ATTESTATION</u>**

Pursuant to Civil L.R. 5-1, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the other signatories herein.

By */s/ Alex Bergjans*
Alex Spiro
Michael T. Lifrak
Stephen A. Broome
Jesse A. Bernstein

*Attorneys for Defendant Elon Musk*

REPLY IN SUPPORT OF DEFENDANT ELON MUSK'S MOTION TO EXCLUDE THE OPINIONS OF A. CHRISTINE DAVIS