QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (*pro hac vice*)
alexspiro@quinnemanuel.com
Jesse A. Bernstein (*pro hac vice*)
Jessebernstein@quinnemanuel.com
Jonathan E. Feder (*pro hac vice*)
jonathanfeder@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
Telephone:    (212) 849-7000
Facsimile:    (212) 849-7100

Michael T. Lifrak (Bar No. 210846)
michaellifrak@quinnemanuel.com
Joseph C. Sarles (Bar No. 254750)
josephsarles@quinnemanuel.com
Stephen A. Broome (Bar No. 314605)
stephenbroome@quinnemanuel.com
Alex Bergjans (Bar No. 302830)
alexbergjans@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100

*Attorneys for Defendant Elon Musk*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIUSEPPE PAMPENA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ELON R. MUSK,<br><br>Defendant. | CASE NO. 3:22-CV-05937-CRB<br><br>**DECLARATION OF ALEX BERGJANS IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL**<br><br>Judge: Hon. Charles R. Breyer<br><br>Magistrate Judge: Hon. Donna M. Ryu |

I, Alex Bergjans, declare as follows:

1. I am an attorney admitted to practice in the State of California and an associate of the law firm Quinn Emanuel Urquhart & Sullivan LLP, counsel for Defendant Elon Musk ("Defendant").

2. Pursuant to Civil Local Rule 79-5, Defendant hereby submits this Declaration in support of sealing certain materials identified in Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed [ECF No. 280] (the "Administrative Motion").

3. With the Administrative Motion, Plaintiffs filed Exhibit 12 to the Yuen Declaration in Support of the Administrative Motion and for Protective Order [ECF No. 279-13], which purports to be a true and correct copy of excerpts from the transcript of Jared Birchall taken in the 2022 litigation filed in the Delaware Court of Chancery [No. 2022-0613-KSJM]. The transcript was designated Confidential in accordance with the Stipulated Protective Order [ECF No. 114].

4. Plaintiffs also filed Exhibit 13 to the Yuen Declaration [ECF No. 279-14], which purports to be a true and correct copy of excerpts from the transcript of Defendant's deposition testimony given during an SEC investigation in 2022 (the "SEC Transcript"). The transcript—which Plaintiff obtained from a third party—was designated as Highly Confidential in accordance with the Stipulated Protective Order [ECF No. 114].

5. The materials at issue are listed in the table below:

**Material to Preserve Under Seal Pursuant To Local Rule 79-5(c), 79-5(f)**

| Document | Description | Designating Party |
| --- | --- | --- |
| **Ex. 12 – Excerpts from the deposition transcript of Jared Birchall taken in the Delaware Action on September 21, 2022** | Excerpts from the deposition of Jared Birchall taken in the 2022 *Twitter v. Musk* action. | Non-Party Jared Birchall |
| **Ex. 13 – Excerpts from the investigative testimony transcript of Musk's July 12, 2022 [Deposition]** | Excerpts from the deposition transcript of Elon Musk taken by the Securities and Exchange Commission. | Defendant |

6. Defendant's position is that the materials identified herein should remain under seal for the reasons set forth below.

7. Defendant Elon Musk hereby moves the Court to seal portions of the documents listed below and filed herein. Defendant files this motion to comply with the stipulated and so-ordered Protective Order for Standard Litigation (Dkt. No. 114) (the "Protective Order") and Civil Local Rule 79-5.

*Applicable Legal Standard*

8. Here, where the documents at issue are attached to a non-dispositive motion, the Ninth Circuit applies a "good cause" standard. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions."). "The public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Id.* at 1179. "[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action," and therefore only "good cause" is required to preserve documents under seal. *Id.* (internal citation omitted).

9. "Th[e] 'good cause standard presents a lower burden for the party wishing to seal documents than the "compelling reasons" standard." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210–1211 (9th Cir. 2002).

*Reasons for Preserving Documents Under Seal*

10. The excerpts from the Deposition of Jared Birchall in Exhibit 12 contain detailed discussions of Defendant's personal finances and home operations. Defendant's interest in the privacy of this information is high, and there is no benefit of public access. *See U.S. v. Lexin*, 434 F.Supp.2d 836, 852 (S.D. Cal. 2006) (holding, in the context of determining eligibility for appointed counsel, that "public access to a defendant's personal financial information does not play a significant positive role in [the] determin[ation]," but rather that "public access to this information could, in fact, play a negative role"); 22 C.F.R. § 503.8 (exempting "personal finances" as privileged under FOIA); *Heitkoetter v. Domm* 2023 WL 122041, at *4 (E.D. Cal., Jan. 6, 2023) (holding that

1  "information includ[ing] personal identifying information, financial or commercially sensitive
2  information . . . should be filed under seal").

3      11.    Furthermore, the deposition excerpts contain discussions of Defendant and the non-
4  party deponent seeking legal advice from counsel. Although the excerpts at issue may not
5  themselves be privileged, they concern sensitive attorney-client communications about matters not
6  at issue in this case—the timing in which Defendant filed certain disclosures. There is no apparent
7  public interest in having these materials widely available, and at the same time, Defendant and non-
8  party Birchall may suffer harm and prejudice from the public disclosure of these communications,
9  which are of the type that are frequently sealed. *C.f. Phillips*, 307 F.3d at 1212 ("[C]ourts have
10 consistently granted protective orders that prevent disclosure of many types of information,
11 [including] letters protected under attorney-client privilege.").

12      12.    The deposition of Defendant by the Securities and Exchange Commission, the
13 transcript of which is excerpted in Exhibit 13, was taken during a confidential SEC investigation
14 focused primarily on a topic—whether Defendant timely filed a Schedule 13—unrelated to this
15 litigation. To the best of my knowledge, neither the transcript nor its contents have been released
16 to the public by the SEC. Materials related to law enforcement investigations are some of the
17 archetypal examples of documents regarding which there is a public interest in maintaining secrecy.
18 *See, e.g.*, *Times Mirror Co. v. U.S.*, 873 F.2d 1210, 1221 (9th Cir. 1989).

19      13.    Additionally, most of the transcript excerpts Plaintiffs filed appear to be unrelated to
20 their action—which alleges that Defendant violated Section 10 and Rule 10b-5 of the Securities by
21 posting certain tweets and making certain statements on and after May 13, 2022. Pages 30-31, 42-
22 48, 69-71 relate to Defendant filing certain forms relating to Section 13 of the Securities Act—
23 events that are the subject of other litigation against Defendant and, as this Court recognized,
24 Plaintiffs do not allege caused them any damages. Dkt. 48 at fn. 1. Because these excerpts are
25 unrelated to this case and their content relates to other actions alleging violations of the Securities
26 Act, there is a risk that they have been filed for an improper purpose. Accordingly, they should
27 remain under seal.

28

14. For the reasons set forth herein, Defendant requests that the Birchall Deposition Transcript and the SEC Deposition Transcript be maintained under seal.

DATED: October 3, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Alex Bergjans*
Alex Spiro
Michael T. Lifrak
Joseph C. Sarles
Stephen A. Broome
Jesse A. Bernstein
Alex Bergjans
Jonathan E. Feder
Nathan Archibald

*Attorneys for Defendant Elon Musk*

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on all counsel of record electronically or by another manner authorized under FED. R. CIV. P. 5(b) on this the 3rd day of October, 2025.

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  */s/ Alex Bergjans*
Alex Spiro
Michael T. Lifrak
Joseph C. Sarles
Stephen A. Broome
Jesse A. Bernstein

*Attorneys for Defendant Elon Musk*