United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GIUSEPPE PAMPENA, et al.,

Plaintiffs,

v.

ELON MUSK,

Defendant.

Case No.  22-cv-05937-CRB   (DMR)

**ORDER ON PLAINTIFFS' ROG 22**

Re: Dkt. No. 263

On September 11, 2025, the parties filed a joint discovery letter in which Plaintiffs seek to compel a response to Interrogatory (ROG) 22: "Explain why You terminated Parag Agrawal, Ned Segal, Vijaya Gadde, and Sean Edgett, and Identify all factual bases for the termination, who advised You on their termination, when the communications took place, and explain the contents of the communication."  [Docket No. 263 (JDL Update).]  Defendant objects to the ROG as irrelevant.

Agrawal, Segal, Gadde, and Edgett are former Twitter executives who were terminated by Defendant on October 27, 2022, after Defendant's acquisition of Twitter and after the close of the Class Period in this case.[1]  Plaintiffs sought information about the termination of the Twitter executives in an earlier-filed joint discovery letter regarding a number of ROGs, as well as through their deposition subpoena of defense counsel Alex Spiro.  [Docket Nos. 168 (JDL Filed April 7, 2025); 192 (Opp'n to Spiro's Motion to Quash).]  The court ordered the parties to succinctly lay out their positions on the relevance of the terminations in a supplemental joint letter.  [Docket No. 217 at 7.]  The parties filed a supplemental JDL on July 8, 2025 in response to that order.  [Docket No. 220 (JDL Supp.).]  On July 15, 2025, Spiro agreed to give deposition testimony about his

---

[1] The Class Period runs from May 13, 2022 through October 4, 2022.  [Docket No. 106.]

purported involvement in the termination of the Twitter executives. In light of this development, the court held the relevance issue in abeyance and ordered the parties to file a one-page JDL by September 11, 2025 if a dispute remained. [Docket No. 238 (Order on ROGs).] The parties have now done so.

After careful consideration of the parties' arguments, the court finds that the information sought by ROG 22 is relevant and proportional to the needs of the case pursuant to Federal Rule of Civil Procedure 26(b)(1).[2] Plaintiffs allege that, after Defendant agreed to acquire Twitter in April 2022, he made false public statements in May 2022 to "artificially depress the price of Twitter stock and to pressure Twitter to lower the price Defendant would have to pay to acquire it." [Docket No. 48 (Order on MTD) at 1.] Scienter is an essential element of Plaintiffs' claim, and it requires Plaintiffs to prove that Defendant made the alleged false statements with the requisite intent "to deceive, manipulate, or defraud." *Id.* at 28.

Plaintiffs argue that the termination of the Twitter executives is relevant to Defendant's scienter. They propose two concurrent motivations Defendant had to make false statements to depress the price of Twitter stock.[3] One is "greed"—to decrease the price of the acquisition. JDL Supp. The other is "vengeance against Twitter executives who crossed him." *Id.* Plaintiffs assert that the Twitter executives had slighted Defendant before Defendant made the allegedly false statements. *Id.* According to Plaintiffs, Defendant was then motivated to "lie" about the Twitter executives' "non-cooperation," and once he had acquired Twitter, he was motivated to "deny[] his newly-created enemies their severance." *Id.*

Defendant asserts that his termination of the Twitter executives, which occurred after the close of the Class Period and several months after his May 2022 statements, is not probative of his state of mind when he made the allegedly false statements. JDL Update. Defendant also asserts

---

[2] This matter is suitable for determination without oral argument. Civ. L.R. 7-1(b).

[3] The Honorable Charles R. Breyer held that Defendant's May 2022 statements were sufficiently pleaded as false because 1) they suggested that Twitter was obligated to provide Defendant with bot information, when Twitter in fact did not have that obligation; and 2) they suggested that Defendant had received information from Twitter indicating that 20% of Twitter's users were bots, when in fact he had not. Order on MTD 19-20, 23-25.

United States District Court
Northern District of California

2

that the reason he terminated the executives was not vengeance, but was because of "fraud, corporate waste, and mismanagement." *Id.* Finally, he argues that ROG 22 has already been answered through Plaintiffs' depositions of himself and Spiro, so further discovery would be cumulative and would serve no purpose. *Id.*

The court finds that under the broad scope of Rule 26(b), the information sought through ROG 22 is discoverable. "[R]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1). Defendant does not dispute that he could testify at trial about his motivations to purchase Twitter. The court already has held that Defendant's motives for purchasing Twitter may be probative of his state of mind during his alleged later attempts to back out of the purchase or renegotiate it. [Docket No. 218 (Order on RFAs) at 8-9.] Plaintiffs have identified evidence to support a theory that Defendant was motivated to make false statements in order to lower the price of the deal, at least in part so he could purchase Twitter and then carry out a personal vendetta to punish the Twitter executives who had crossed him. JDL Supp. Information about the termination of the Twitter executives is therefore relevant to Plaintiffs' potential theory that one of the reasons Defendant finally purchased Twitter was to be able to have power over the executives' employment and severance pay. Scienter is viewed "holistically," including evidence of motive. Order on MTD 30-32. The discovery sought through ROG 22 is relevant to scienter.

In addition, the discovery is proportional to the needs of the case. "While the party seeking to compel discovery has the burden of establishing that its request satisfies relevancy requirements, the party opposing discovery bears the burden of showing that discovery should not be allowed, and of clarifying, explaining, and supporting its objections with competent evidence." *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015) (citing *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012)). Defendant does not argue that answering ROG 22 would be unduly burdensome. He asserts that ROG 22 was already answered through depositions; however, the fact that an interrogatory overlaps somewhat with deposition testimony is not a reason to refuse to answer the interrogatory, especially given Defendant and Spiro's inability to answer key questions about the terminations.

3

JDL Update.  Plaintiffs are entitled to a full, detailed and complete response to ROG 22, in writing and under oath.  Fed. R. Civ. P. 33(b)(3).  Fact discovery is closed.  Plaintiffs cannot seek additional discovery to follow up on Defendant's response.

In summary, the court grants Plaintiffs' motion to compel a response to ROG 22. Defendant shall answer ROG 22 by **October 23, 2025**.  Defendant's answer shall comply with the Federal Rules of Civil Procedure and shall be complete in itself.  *See Lawman v. City & Cnty. of San Francisco*, 159 F. Supp. 3d 1130, 1140 (N.D. Cal. 2016).

**IT IS SO ORDERED.**

Dated: October 9, 2025

_____
Donna M. Ryu
Chief Magistrate Judge

United States District Court
Northern District of California

4