COTCHETT, PITRE & MCCARTHY, LLP
Joseph W. Cotchett (SBN 36324)
jcotchett@cpmlegal.com
Mark C. Molumphy (SBN 168009)
mmolumphy@cpmlegal.com
Tyson C. Redenbarger (SBN 294424)
tredenbarger@cpmlegal.com
Elle D. Lewis (SBN 238329)
elewis@cpmlegal.com
Gia Jung (SBN 340160)
gjung@cpmlegal.com
Caroline A. Yuen (SBN 354388)
cyuen@cpmlegal.com
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr. (SBN 175783)
fbottini@bottinilaw.com
Aaron P. Arnzen (SBN 218272)
aarnzen@bottinilaw.com
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone: (858) 914-2001

*Lead Counsel for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| GIUSEPPE PAMPENA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ELON R. MUSK,<br><br>Defendant. | Case No. 3:22-CV-05937-CRB<br><br>**PLAINTIFFS' MOTION *IN LIMINE* NO. 2 TO PRECLUDE DEFENSES BASED ON THE PERFORMANCE OF COUNSEL**<br><br>**(PUBLIC – REDACTED VERSION)**<br>Date:        February 17, 2026<br>Time:        2:00 p.m.<br>Courtroom: 6, 17th Floor<br>Judge:       Hon. Charles R. Breyer |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on February 17, 2026, at 2:00 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Charles R. Breyer, United States District Judge, located at 450 Golden Gate Avenue, Courtroom 6, 17th Floor, San Francisco, California 94102, Lead Plaintiffs Nancy Price, John Garrett, and Brian Belgrave ("Plaintiffs") will and hereby do move the Court to preclude Musk from: (1) arguing to the jury that he lacked the requisite *mens rea* based on the performance of his attorneys; (2) offering evidence suggesting that his lawyers' views support Musk's positions; and (3) emphasizing the presence or role of counsel in connection with the merger or arguing inferences based thereon. This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, Declaration of Aaron P. Arnzen, and all other papers and proceedings in this action.

For the reasons stated in the Memorandum of Points and Authorities, Plaintiffs respectfully request that the Court grant the present motion.

# INTRODUCTION

Because Musk has vigorously asserted privilege and represented that he will not raise an advice of counsel defense, he should be precluded from arguing or suggesting to the jury that he lacked *mens rea* based on the advice, actions, or presence of his attorneys. "[P]arties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials." *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003) (citation omitted).

Despite his insistence on maintaining privilege, Musk opposed summary judgment by arguing, *inter alia*, that "***Musk's counsel and advisors shared his understanding***" of the merger agreement between Musk and Twitter. Equally alarming is testimony by Musk's attorney-witnesses providing summary descriptions of their views to suggest that Musk acted in good faith, while cloaking the details under the claim of privilege. Permitting such arguments and evidence at trial—whether under the guise of an advice of counsel defense or a good faith defense based on the performance of counsel—would allow Musk to simultaneously use privilege as a sword and a shield. This would severely prejudice Plaintiffs and directly contradict settled law.

Based on the arguments set forth herein, the Court should preclude Musk from: (1) arguing to the jury that he lacked the requisite *mens rea* based on the performance of his attorneys; (2) offering evidence suggesting that his lawyers' views support Musk's positions; and (3) emphasizing the presence or role of counsel in connection with the merger or arguing inferences based thereon. If Musk is permitted to make such arguments or introduce such evidence, he should be compelled to produce any privileged materials and information he has withheld to date.

# FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs allege that Defendant Elon Musk committed securities fraud by making false statements and engaging in a fraudulent scheme in connection with his acquisition of Twitter in 2022. To prevail on their claim, Plaintiffs must prove scienter. *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.,* 552 U.S. 148, 157 (2008). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Declaration of Aaron P. Arnzen ("Arnzen Decl."),

1   ¶ 2, Ex. 1 at 4 (███████████████████████████████████████

2   ████████████████████████████████████████████████████████

3   ████████"). He also consistently asserted privilege and withheld purportedly privileged

4   material and information during discovery.[1]

5         Nevertheless, it is all but certain that Musk will attempt to convince the jury that he acted in

6   good faith based on the performance of his counsel. A large team of attorneys represented Musk

7   during the Twitter transaction. Alex Spiro, along with deal counsel from Skadden, Arps, Slate,

8   Meagher & Flom LLP, were intimately involved in the acquisition, and Skadden espoused Musk's

9   position in several aggressive letters sent to Twitter on Musk's behalf. Arnzen Decl., Ex. 2 (████

10  ████████████████████████████████████████████████████████"); Ex. 3

11  (collecting letters). Further, Musk's initial disclosures state that Skadden and Quinn Emanuel

12  (Spiro's law firm) are "likely to have discoverable information that Defendant may use to support

13  his defenses." Arnzen Decl., Ex. 4, at 66.

14        Further, since the close of discovery, Musk has attempted to exculpate himself by arguing

15  that his own views surrounding the merger were shared by his attorneys. For example, in their

16  summary judgment motion, Plaintiffs argued that Musk was deliberately reckless in posting his false

17  and misleading tweets without first checking with his attorneys or advisors to make sure his

18  statements were accurate. ECF 252-1, Ex. 66, at 17:21–24. Musk countered that "the undisputed

19  evidence shows that ***Musk's counsel and advisors shared his understanding***" of the merger

20  agreement. ECF 267, at 18:24–28 (citing A. Spiro, M. Ringler depositions).[2]

21        Worse still, Musk's attorney-witnesses have offered high-level descriptions of their views to

22  suggest that Musk acted in good faith, but cloaked the details under the claim of privilege. Two

23  examples follow from Plaintiffs' deposition of attorney Alex Spiro:

24  ████████████████████████████████████████████████████████

25

---

26  [1] Musk even had X Corp., Twitter's successor entity, engage separate counsel to attend depositions in this case for the sole purpose of asserting privilege in the event Musk's present defense counsel missed an opportunity to object.

28  [2] Emphasis is added herein unless otherwise noted.

1
2
            █████████████████████████████████████████████████████
            ███████████████████████████████████████████

Arnzen Decl., Ex. 5 (Spiro depo.), at 42:12-43:7.

3
4              ███████████████████████████████████████████████████████
5              ██████████████████████

6  *Id.* at 10:2-21.

## LEGAL STANDARD

"The attorney client privilege 'may not be used both as a sword and shield.'" *Rock River Commc'ns, Inc. v. Universal Music Grp., Inc.*, 745 F.3d 343, 353 (9th Cir. 2014) (quoting *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992)). Thus, a party seeking to assert a defense based on the performance of counsel is required to waive privilege. "[A] litigant waives the attorney-client privilege by putting the lawyer's performance at issue during the course of litigation." *Bittaker*, 331 F.3d at 719 (citation omitted); *see also United States v. Ibarra-Alcarez*, 830 F.2d 968, 973 (9th Cir. 1987) ("To qualify for an advice of counsel instruction, the defendant must show that there was full disclosure to his attorney of all material facts, and that he relied in good faith on the specific course of conduct recommended by the attorney.").

The converse is equally true—if a party has not waived privilege, he may not assert defenses based on his attorney's performance. "[P]arties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials." *Bittaker*, 331 F.3d at 719 (citation omitted); *see also Columbia Pictures Indus. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001) (because defendant claimed privilege until the "eleventh hour, … the district court was within its discretion in precluding [defendant] from invoking the advice of counsel defense").

The foregoing holds true for both advice of counsel and good faith defenses. *E.g., Columbia Pictures*, 259 F.3d at 1196 (addressing waiver and advice of counsel defense); *U.S. v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) (privilege waived where defendant asserts a good faith defense).[3]

---

[3] Courts within the Ninth Circuit regularly rely on *Bilzerian*. *E.g., Chevron*, 974 F.2d at 1162 (citing *Bilzerian* for proposition that "where a party raises a claim which in fairness requires

# ARGUMENT

Musk should be precluded from arguing or suggesting to the jury that he lacked the requisite *mens rea* based on the performance of his attorneys. Trial witnesses should also be instructed to refrain from summarizing, or suggesting the nature or tone of, communications with attorneys but then asserting privilege over the details of such communications. Musk's attorneys who are called as witnesses, should likewise refrain from characterizing but then shielding from inquiry their own advice. Precluding such arguments and evidence is appropriate for at least four dispositive reasons.

First, Musk has not waived privilege[4] and has instead consistently and vigorously asserted it. This case is therefore similar to *U.S. v. Kaneshiro*, 2024 WL 1183124, at *5 (D. Haw. Mar. 19, 2024). There, the Government moved *in limine* to preclude defenses based on the performance of counsel because, *inter alia*, defendants had refused to waive privilege. The District Court granted the motion:

> Defendants can briefly and factually state that lawyers were involved in the process—including [defendant/attorney] Tanaka—but may not indicate or argue that lawyers communicated to any defendant that certain conduct was appropriate, nor that any defendant relied upon anything the lawyers said or did, including in their preparation of any declarations. Nor may Defendants attribute fault to their lawyers for advice or failure to provide advice.

*Id.; see also Oklahoma Firefighters Pension & Ret. Sys. v. Musk,* 2025 WL 2982003, at *6 (S.D.N.Y. Oct. 23, 2025) (in another action arising from Musk's Twitter acquisition, precluding Musk and other defendants "from offering evidence or argument that they relied on the advice of counsel or had a good faith belief in the lawfulness of their conduct" because they did not waive privilege). The facts here dictate the same result.

Second, Musk has failed to meet several of the foundational prerequisites for an advice of counsel instruction. He has not waived privilege, identified all attorneys with whom he had an attorney-client relationship, demonstrated full disclosure to the subject attorney(s), or established

---

disclosure of the protected communication, the privilege may be implicitly waived"); *Kaiser Found. Health Plan, Inc. v. Abbott Labs., Inc.*, 552 F.3d 1033, 1042 (9th Cir. 2009) (same).

[4] The only exception involves Musk's multiple refusals to comply with Judge Ryu's orders to supply sufficient information to the Court for purposes of assessing privilege. After repeatedly failing to disclose such information, Judge Ryu found that Musk waived privilege regarding advice he received about not making public statements surrounding the merger. *See* ECF 238, at 10:1-13.

that he relied on counsel's advice. *See United States v. Balwani*, 2022 WL 597040, at *20 (N.D. Cal. Feb. 28, 2022) ("Prior to invoking an advice-of-counsel defense, Balwani must establish the foundational prerequisites…"). Musk should therefore be precluded from raising defenses based on the performance of his counsel.

Third, because Musk has foresworn an advice of counsel defense, he should be precluded from raising such a defense—or its sibling good faith defense based on the performance of counsel—at trial. *Bisno v. United States*, 299 F.2d 711, 719 (9th Cir. 1961) ("Advice of counsel is not regarded as a separate and distinct defense but rather as a circumstance indicating good faith which the trier of fact is entitled to consider on the issue of fraudulent intent.").

Fourth, Musk has argued at length to this Court that opinions interpreting the merger agreement should not be admitted. *E.g.*, ECF 245 at 5-8. To the extent the Court decides that witnesses (including expert witnesses) should not testify before the jury about the proper interpretation of the merger agreement, then Musk and his attorney/fact witness should be precluded from doing so, too.

Musk should also be precluded from emphasizing the presence or role of counsel in connection with the merger and arguing inferences based thereon. Allowing Musk to do so would unfairly suggest to the jury that counsel blessed his conduct. As several courts have held, such a "back door" defense should not be permitted because it would allow a defendant to make arguments based on the presence and involvement of counsel while—at the same time—shielding the information from discovery and professing not to rely on legal advice as a defense to the claims against him. *See Sec. & Exch. Comm'n v. Frost*, 2022 WL 17327322, at *1 (C.D. Cal. Feb. 23, 2022); *see also SEC v. Tourre*, 950 F. Supp. 2d 666, 683-84 (S.D.N.Y. 2013) ("it would be irrelevant, misleading, or both to emphasize the presence of counsel in a case that is about the appropriateness of disclosure" or for defendant to "suggest that counsel blessed the relevant disclosures because [defendant] is not pursuing a defense based on such a fact"); *Sec. & Exch. Comm'n v. Lek Sec. Corp.*, 2019 WL 5703944, at *4 (S.D.N.Y. Nov. 5, 2019) ("The intimation that counsel has blessed a transaction or practice without waiver of the attorney-client privilege 'would give the defendant all

the essential benefit of an advice of counsel defense without having to bear the burden of proving any of the elements of the defense.'") (quoting *Tourre*, 950 F. Supp. 2d at 684); *Sec. & Exch. Comm'n v. Mapp*, 2017 WL 8780604 at *3 (E.D. Tex. Dec. 4, 2017) (defendant precluded from placing undue focus that defendant conferred with counsel or that counsel drafted or reviewed offering materials).

If Musk is permitted to defend himself through evidence or argument surrounding the performance of his counsel, the Court should deem Musk to have waived privilege and order him to produce all discovery materials that he and his counsel have withheld on the basis of privilege. "As was made clear in *United States v. Bilzerian* [], forfeiture of attorney-client privilege may result where a party asserts a good faith belief in the lawfulness of its actions even where that party does not intend to assert that it relied on counsel's advice." *Oklahoma Firefighters Pension & Ret. Sys. v. Musk*, 2025 WL 2846589 at *1 (S.D.N.Y. Oct. 7, 2025).

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court grant Plaintiffs' motion and preclude Musk from (1) arguing or suggesting to the jury that he lacked the requisite *mens rea* based on the performance of his attorneys, (2) offering evidence suggesting that his lawyers' views support Musk's positions, and (3) emphasizing the presence or role of counsel in connection with the merger or arguing inferences based thereon.

Dated: January 13, 2026

Respectfully submitted,

**COTCHETT, PITRE & MCCARTHY, LLP**
Joseph W. Cotchett (SBN 36324)
Mark C. Molumphy (SBN 168009)
Tyson C. Redenbarger (SBN 294424)
Elle D. Lewis (SBN 238329)
Gia Jung (SBN 340160)
Caroline A. Yuen (SBN 354388)

*/s/ Tyson C. Redenbarger*
Tyson C. Redenbarger

San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BOTTINI & BOTTINI, INC.**
Francis A. Bottini, Jr. (SBN 175783)
Aaron P. Arnzen (SBN 218272)

*/s/ Aaron P. Arnzen*
Aaron P. Arnzen

7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone: (858) 914-2001

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Tyson C. Redenbarger, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of January, 2026, at Burlingame, California.

*/s/ Tyson C. Redenbarger*
Tyson C. Redenbarger