COTCHETT, PITRE & MCCARTHY, LLP
Joseph W. Cotchett (SBN 36324)
*jcotchett@cpmlegal.com*
Mark C. Molumphy (SBN 168009)
*mmolumphy@cpmlegal.com*
Tyson C. Redenbarger (SBN 294424)
*tredenbarger@cpmlegal.com*
Elle D. Lewis (SBN 238329)
*elewis@cpmlegal.com*
Gia Jung (SBN 340160)
*gjung@cpmlegal.com*
Caroline A. Yuen (SBN 354388)
*cyuen@cpmlegal.com*
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr. (SBN 175783)
*fbottini@bottinilaw.com*
Aaron P. Arnzen (SBN 218272)
*aarnzen@bottinilaw.com*
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone: (858) 914-2001

*Lead Counsel for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| GIUSEPPE PAMPENA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ELON R. MUSK,<br><br>Defendant. | Case No. 3:22-CV-05937-CRB<br><br>**PLAINTIFFS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE AGGREGATE DAMAGES**<br><br>Date:   February 17, 2026<br>Time:   2:00 p.m.<br>Courtroom:   6, 17th Floor<br>Judge:   Hon. Charles R. Breyer |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on February 17, 2026, at 2:00 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Charles R. Breyer, United States District Judge, located at 450 Golden Gate Avenue, Courtroom 6, 17th Floor, San Francisco, California 94102, Lead Plaintiffs Nancy Price, John Garrett, and Brian Belgrave ("Plaintiffs") will and hereby do move the Court to preclude evidence or argument at trial regarding the aggregate damages suffered by the Class or the potential impact that entering a judgment in Plaintiffs' favor would have on Defendant Musk. This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, and all other papers and proceedings in this action.

For the reasons stated in the Memorandum of Points and Authorities, Plaintiffs respectfully request that the Court grant the present motion.

**INTRODUCTION**

Pursuant to Federal Rules of Evidence 401, 402, and 403, Plaintiffs respectfully move the Court for an order excluding evidence or argument at trial regarding the aggregate damages suffered by the Class or the potential impact that entering a judgment in Plaintiffs' favor would have on Defendant Musk.

Damages in this case, as is typical in securities fraud class actions, will be calculated on a per-share basis by determining the amount of artificial deflation that Musk created in Twitter's stock price. *See* ECF No. 272-2 (Supplemental Expert Report of Dr. David Tabak identifying per-share damages); *see also In re Broadcom Corp. Sec. Litig.*, 2005 WL 1403756 at *3 (C.D. Cal. June 3, 2005) (holding that the jury would "determine per share damage per day"); *In re Homestore.com, Inc. Sec. Litig.*, 2011 WL 291176, at *8 (C.D. Cal. Jan. 25, 2011) (ordering parties to "use a per-share presentation of damages"). Musk does not dispute that the jury will determine damages on a per-share basis. Nor has either party's damages expert offered an opinion on total aggregate damages. Indeed, an accurate calculation of aggregate damages cannot be performed until the post-trial claims process is complete and the number of damaged shares has been identified.

Counsel or Musk's anticipated references to a large dollar amount lack an evidentiary basis and would be irrelevant. References to "more than a billion dollars in damages" or "a ten figure claim" could serve no purpose other than to evoke an improper emotional response from the jury, a tactic clearly prohibited by Rules 401 and 403. Musk's Administrative Motion, ECF No. 232 at 1; *see Shenwick v. Twitter, Inc.*, 2021 WL 1232451 (N.D. Cal. Mar. 31, 2021) (granting plaintiffs' motion *in limine* to exclude evidence or argument regarding aggregate damages). The jury has no need to know an aggregate damages figure in order to determine whether and to what extent the share price of Twitter's stock was impacted by the fraud, which is the damages question the jury will be asked to resolve. Further, it would be absolute speculation to suggest to the jury an aggregate amount when that number is unknown, and entirely prejudicial to suggest to the jury that they should take conjectural aggregate damages into account in assessing the evidence. Any argument or testimony about the effects of a judgment on Musk as an individual defendant would be equally

irrelevant and serve only to inflame or evoke an improper emotional response from the jury, a tactic clearly prohibited by Rule 403.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs proffered Dr. David Tabak as an expert on loss causation and damages. Dr. Tabak prepared and will present at trial a comprehensive market model and event study and, using standard methodologies, demonstrate per-share damages. ECF No. 272-2 ¶¶14–19 & Ex. 4a. For example, he will demonstrate that defendant Elon Musk's false statements on May 13, 2022 and May 16, 2022, resulted in an abnormal stock decline for Twitter shares of $8.52 per share. *Id*.

## LEGAL STANDARD

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FRE 401. "Irrelevant evidence is not admissible." FRE 402. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403.

## ARGUMENT

### A. Aggregate Damages Are Not Relevant to Any Triable Issue of Fact

The jury in this case will be asked to identify damages on a per-share basis. *See* ECF No. 272-2. This is consistent with how damages are typically calculated in securities class action cases. *See In re Apple Inc. Sec. Litig.,* 2022 WL 354785 at *11-12 (N.D. Cal. Feb. 4, 2022) (describing per-share out of pocket damages as standard, widely accepted, and regularly reaffirmed in 10(b) class actions). Aggregate damages are not part of the damages assessment, and courts have repeatedly excluded evidence regarding the aggregate amount of damages because it does not make the per-share damage amount "more or less probable." Fed. R. Evid. 401; *see, e.g.*, *Shenwick*, 2021 WL 1232451 at *3 ("better-reasoned cases exclude evidence of aggregate damages models when challenged…[t]hat a per-share damages figure multiplied by the number of shares yield a much larger number does not make any particular damages figure more or less likely to be true") (citations

1  omitted); *In re Broadcom Corp. Sec. Litig.*, 2005 WL 1403756, at *3 (excluding testimony regarding
2  aggregate damages and noting that the later claims administration process would "supply the
3  remaining information to calculate an accurate, reliable total damage figure and pay out"); *Bell v.*
4  *Fore Sys., Inc.*, 2002 WL 32097540, at *4 (W.D. Pa. Aug. 2, 2002) (holding "aggregated class
5  damages approach…would violate the PSLRA" and granting motion *in limine* to exclude such
6  testimony); *Kaufman v. Motorola, Inc.*, 2000 WL 1506892 at *2 (N.D. Ill. Sept. 21, 2000) (excluding
7  testimony on aggregate damages and recognizing propriety of "having the jury determine a per share
8  damage loss").

9      There is no issue to be decided at trial to which the aggregate recovery of the class is relevant.
10 On that basis alone, evidence of and references to aggregate damages should be excluded. FRE 402.

11     **B.**    **Reference to Aggregate Damages Would Improperly Influence the Jury**

12     Even relevant evidence should be excluded where its probative value is "substantially
13 outweighed by a danger of…unfair prejudice, confusing the issues, misleading the jury, undue delay,
14 wasting time, or needlessly presenting cumulative evidence." FRE 403. Evidence is unfairly
15 prejudicial if it has "an undue tendency to suggest decision on an improper basis, commonly, though
16 not necessarily, an emotional one." *Monster Energy Co. v. Vital Pharms., Inc.*, 2025 WL 1111495,
17 at *4 (9th Cir. Apr. 15, 2025) (where information sought to be admitted is "at best" of limited
18 probative value to the merits of the case but risked unfair prejudice, evidence properly excluded)
19 (citations omitted).

20     The amount of aggregate damages will not be known in this case until the completion of a
21 claims administration following trial, which involves the calculation of each claimant's damages on
22 a per-share basis. The amount of aggregate damage is purely speculative until then. Neither
23 Plaintiffs' damages expert nor Musk's damages expert has offered any opinion concerning the amount
24 of aggregate damages or an appropriate methodology by which to calculate such a number. Here, the
25 probative value of any such speculative evidence or argument regarding aggregate damages is
26 substantially outweighed by the risk of unfair prejudice to Plaintiffs. FRE 403. Discussion at trial of
27 an aggregate damages number that Musk claims is "more than a billion dollars in damages" or "a ten
28

figure claim" is likely to confuse the jury and unfairly prejudice Plaintiffs. ECF No. 232 at 1. As another court held regarding evidence of aggregate damages that defendant sought to put forth, "the purpose of this evidence seems to be to dissuade a jury from awarding an otherwise correct amount of damages out of a concern that the figure is, for reasons unrelated to the harm suffered by shareholders, too large. That is a not a proper purpose." *Shenwick,* 2021 WL 1232451, at *3; *see also* FRE 103(d) ("To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means."). So too here—evidence of aggregate damages should be excluded where Musk is trying to sway the jury with the purported size of the aggregate damages.

### C. Argument or Evidence Regarding the Speculative Effect of a Judgment for Plaintiffs Should Be Excluded

Musk may also seek to argue or introduce evidence regarding the effect of any judgment on Musk as an individual. First, "[e]vidence of the source of payment is inadmissible during the liability and compensatory damages phase of trial." *Reynolds v. Gerstel*, 2013 WL 4815788, at *3 (E.D. Cal. Sept. 9, 2013); *see also Engman v. City of Ontario*, 2011 WL 2463178, at *5 (C.D. Cal. June 20, 2011) (granting motion *in limine* and finding "evidence regarding the source of payment for an award of compensatory damages is inadmissible"). Any argument that Musk would have to sell stock to satisfy any burden, or that it would be coming out of his pocket personally, is distracting and inadmissible. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("[T]he ability of a defendant to pay the necessary damages [may] inject[] into the damage determination a foreign, diverting, and distracting issue which may effectuate a prejudicial result."). It is a "well-established principle that a jury is to base its verdict on the evidence before it, without regard to the possible consequences of the verdict." *Shannon v. United States*, 512 U.S. 573, 576 (1994).

### CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court grant Plaintiffs' motion and exclude evidence or argument at trial regarding the aggregate damages suffered by the Class or the potential impact that entering a judgment in Plaintiffs' favor would have on Defendant Musk.

| | |
|---|---|
| Dated: January 13, 2025 | Respectfully submitted, |
| | **COTCHETT, PITRE & MCCARTHY, LLP**<br>Joseph W. Cotchett (SBN 36324)<br>Mark C. Molumphy (SBN 168009)<br>Tyson C. Redenbarger (SBN 294424)<br>Elle D. Lewis (SBN 238329)<br>Gia Jung (SBN 340160)<br>Caroline A. Yuen (SBN 354388) |
| | */s/ Tyson C. Redenbarger*<br>    Tyson C. Redenbarger |
| | San Francisco Airport Office Center<br>840 Malcolm Road, Suite 200<br>Burlingame, California 94010<br>Telephone: (650) 697-6000 |
| | **BOTTINI & BOTTINI, INC.**<br>Francis A. Bottini, Jr. (SBN 175783)<br>Aaron P. Arnzen (SBN 218272) |
| | */s/ Aaron P. Arnzen*<br>    Aaron P. Arnzen |
| | 7817 Ivanhoe Avenue, Suite 102<br>La Jolla, California 92037<br>Telephone: (858) 914-2001 |

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Tyson C. Redenbarger, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of January, 2026, at Burlingame, California.

                                                 */s/ Tyson C. Redenbarger*
                                                 Tyson C. Redenbarger