COTCHETT, PITRE & MCCARTHY, LLP
Joseph W. Cotchett (SBN 36324)
jcotchett@cpmlegal.com
Mark C. Molumphy (SBN 168009)
mmolumphy@cpmlegal.com
Tyson C. Redenbarger (SBN 294424)
tredenbarger@cpmlegal.com
Elle D. Lewis (SBN 238329)
elewis@cpmlegal.com
Gia Jung (SBN 340160)
gjung@cpmlegal.com
Caroline A. Yuen (SBN 354388)
cyuen@cpmlegal.com
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr. (SBN 175783)
fbottini@bottinilaw.com
Aaron P. Arnzen (SBN 218272)
aarnzen@bottinilaw.com
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone: (858) 914-2001

*Lead Counsel for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| GIUSEPPE PAMPENA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ELON R. MUSK,<br><br>Defendant. | Case No. 3:22-CV-05937-CRB<br><br>**PLAINTIFFS' MOTION *IN LIMINE* NO. 5 TO ADMIT STATEMENTS BY MUSK'S AGENTS UNDER FEDERAL RULE OF EVIDENCE 801(d)(2)(D)**<br><br>**(PUBLIC – REDACTED VERSION)**<br>Date:          February 17, 2026<br>Time:         2:00 p.m.<br>Courtroom: 6, 17th Floor<br>Judge:        Hon. Charles R. Breyer |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on February 17, 2026, at 2:00 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Charles R. Breyer, United States District Judge, located at 450 Golden Gate Avenue, Courtroom 6, 17th Floor, San Francisco, California 94102, Lead Plaintiffs Nancy Price, John Garrett, and Brian Belgrave ("Plaintiffs") will and hereby do move the Court to introduce statements made by Musk's agents under Federal Rule of Evidence 801(d)(2)(d).  This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, Declaration of Aaron P. Arnzen, and all other papers and proceedings in this action.

For the reasons stated in the Memorandum of Points and Authorities, Plaintiffs respectfully request that the Court grant the present motion.

# INTRODUCTION

At trial, Plaintiffs should be permitted to introduce statements made by Musk's agents under FRE 801(d)(2)(D). This substantive evidence—consisting of statements made by members of Musk's merger team in, *inter alia*, emails, text messages, meetings, and depositions—is admissible for the truth, and is not hearsay. Importantly, the Federal Rules of Evidence prohibit Musk from offering other portions of these statements (*e.g.*, passages in emails sent by Musk's agents that Plaintiffs do not offer into evidence) because they are excludable as hearsay when offered by the party whose agent made the statements.

# STATEMENT OF FACTS

Musk secretly acquired billions of dollars' worth of Twitter shares, made his offer to take Twitter private, negotiated a seller-friendly merger agreement with Twitter, and staked out his (ultimately baseless) positions surrounding his information rights under the merger agreement—all with the assistance of a large team of bankers, attorneys, and other facilitators.

Those agents included (1) Jared Birchall, who runs Musk's family office and was Musk's point person on the Twitter deal, and (2) Alex Spiro, Musk's close adviser, consigliere, and central actor in the most important aspects of the acquisition. *See, e.g.*, ECF 242 at ¶ 17 (Spiro declaration: "Mr. Birchall is Mr. Musk's employee, the head of his family office, and served as his representative in connection with the Merger negotiations. For all intents and purposes, Mr. Birchall served as Mr. Musk's agent in the Merger when Mr. Musk was not handling the matter personally."); ECF 242 at ¶ 8 (Spiro: "As of May 13, 2022, I was in an attorney-client relationship with Mr. Musk and I was actively representing him in connection with the Twitter Merger (as well as other matters)."); ECF 192-1 ¶¶ 19-26, 29, 30, 33 (collecting descriptions by other witnesses referring to Spiro's role on Twitter as "a close confidant of Mr. Musk," "not corporate counsel," "someone who's done a lot of work with Elon in a lot of different capacities," and a "Musk representative" dealing with advisors, scientists, and Twitter representatives).

Other members of Musk's deal team, largely consisting of his bankers and deal attorneys from Morgan Stanley, Barclays, Skadden, and Quinn Emanuel, were also Musk's agents for purposes of

1   the merger. *See* Declaration of Aaron P. Arnzen ("Arnzen Decl."), ¶ 2, Ex. 1, at 199:4-18 (Birchall
2   deposition excerpt describing Morgan Stanley's and Barclays' roles: ███████████
3   ████████████████████████████████████████████████████████████████
4   ████████████████████████████████████████████████████████████████
5   ██████████████████████████); ECF 253-55 (Skadden's July 8, 2022
6   letter purporting to terminate the merger on behalf of Musk). Musk, Birchall, and Spiro supervised
7   and gave these bankers and deal attorneys detailed instructions throughout the merger. *E.g.*, ECF
8   192-1 ¶¶ 19-26, 29, 30, 33. Birchall, Spiro, and Musk's bankers and deal attorneys all made
9   statements in merger-related emails, text messages, and meetings that took place in connection with
10  the merger, and during depositions taken in this case and the Delaware Litigation. Examples of these
11  statements are set forth in Exhibits 2 and 6-11 attached to the declaration submitted herewith.[1]

## LEGAL STANDARD

Statements made by certain out-of-court declarants are generally inadmissible for their truth under the rule against hearsay. *See* FRE 802. However, statements "offered against an opposing party," including those made by a party opponent's agent or employee, are not hearsay. *See* FRE 801(d)(2). For purposes of applying the hearsay rules, agents are identified by reference to "common law principles of agency." *United States v. Bonds,* 608 F.3d 495, 504 (9th Cir. 2010) (quoting *NLRB v. Friendly Cab Co., Inc.,* 512 F.3d 1090, 1096 (9th Cir. 2008)).

## ARGUMENT

### A.  Musk Had Multiple Agents for Purposes of the Acquisition

Birchall, Spiro, Musk's investment bankers at Morgan Stanley and Barclays, and his deal attorneys at Skadden, were all Musk's agents in connection with the Twitter acquisition.

Spiro declared under penalty of perjury that **Birchall** was Musk's "employee" and "agent in the merger." ECF 242 at ¶ 17. ████████████████████████████████████. Arnzen Decl., Ex. 1 at 35:4-8 (Birchall deposition excerpt). **Spiro**, for his part, was both Musk's attorney-in-fact on the Twitter acquisition and put himself at the epicenter of virtually every important merger-

---

[1] Many of these statements are admissible for reasons unrelated to Rule 801(d)(2)(D). This motion is limited to seeking admission under the agency theory of admissibility.

related event. *See supra*. **Skadden** likewise represented Musk's legal interests throughout the merger. *E.g.,* ECF 253:56 (Skadden's July 8, 2022 letter purporting to terminate the merger on behalf of Musk). These facts firmly establish that Spiro, Quinn Emanuel, and Skadden were Musk's agents for purposes of the acquisition. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 633-34 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent"); RESTATEMENT (SECOND) OF AGENCY § 14 cmt. b (1958) (characterizing lawyers as "recognized agents"); Stephen Gillers, REGULATION OF LAWYERS 60 (5th ed. 1998) ("Lawyers are their clients' agents. The law of agency therefore applies to the client-lawyer relationship.").

**Morgan Stanley** and **Barclays**, Musk's investment bankers on the Twitter acquisition, also served as his agents. In fact, Musk went so far as to assert privilege over his attorneys' communications with Morgan Stanley. *E.g.*, Arnzen Decl., ¶ 3, Ex. 2 (███████ ███████); ¶ 4, Ex. 3 at 29:10-30:12 (███████ ███████); ¶ 5, Ex. 4 at 203:23-204:5 (███████ ███████ ███████ ███████ ███████"); Ex. 12 (excerpt of Quinn Emanuel privilege log in Delaware litigation ███████ ███████). Thus, Musk has affirmatively taken the position that Morgan Stanley was his agent, because Spiro's communications with Morgan Stanley are only privileged if Morgan Stanley served in the role of agent.[2]

And, *a fortiori*, if Morgan Stanley was an agent by virtue of being Musk's investment banker and financial advisor for purposes of the Twitter acquisition, then Barclays—Musk's other main investment banker and financial advisor representing him on the deal—also served in the role of

---

[2] *See Selten v. Hyon*, 60 Cal. Rptr. 3d 896, 901 (Cal. Ct. App. 2007) (finding privilege under California Evidence Code where attorney communicated with a client's agent: "the statute extends the privilege to cover not only communications directly between the client and the attorney but also communications between the client's agents and the attorney") (internal quotation, citation omitted).

Musk's agent. *See also* Arnzen Decl., ¶ 6, Ex. 5, at 35 (identifying Musk's brokers for purposes of the merger as Morgan Stanley and Barclays at Section 5.6 of the merger agreement); Ex. 13 (excerpt of Twitter privilege log in Delaware litigation in which ███████████████████████████████████████████████████████).

### B. Statements by Musk's Agents Are Admissible for the Truth Because the Evidence Is Offered <u>Against</u> Musk

FRE 801(d)(2)(D) expressly provides that statements made by a party's agents, when offered by an opposing party, fall outside the definition of hearsay. *Id*. (statements "offered against an opposing party," including through a "party's agent or employee on a matter within the scope of that relationship," are not hearsay). The application of this rule here is exceptionally straightforward—statements made about the Twitter acquisition by Birchall, Spiro, Skadden, Morgan Stanley, and Barclays should be admitted over hearsay objections (to the extent they meet other admissibility requirements). *Id*.

Evidence of such statements takes several forms in this case—text messages, emails, verbal statements, deposition testimony—all of which are equally admissible if offered by Plaintiffs. *E.g.*, *Sec. & Exch. Comm'n v. Live Ventures Inc.*, 2025 WL 2695230 at *4 (D. Nev. Sept. 22, 2025) (applying Rule 801(d)(2)(D) to emails); *United States v. Ortiz*, 2024 WL 2741114 at *3-4 (11th Cir. May 28, 2024) (applying Rule 801(d)(2)(E) to text messages); *Joseph v. Robrahn*, 2015 U.S. Dist. LEXIS 100633, at *5 (D. Idaho July 31, 2015) (applying Rule 801(d)(2) to deposition testimony).

### C. Musk Should Not Be Permitted to Introduce Hearsay Statements of His Agents

While 801(d)(2) excludes from the definition of hearsay statements by an agent when offered against an opposing party, ***the rule does not allow a party to admit his own statements***, either made personally or by his agents. Thus, a party "may not offer his own statements as party admissions, as ***only statements offered <u>against</u> a party-opponent are admissible under Federal Rule of Evidence 801(*d*)(*2*)***." *Cnty. of Stanislaus v. Travelers Indem. Co.*, 142 F. Supp. 3d 1065, 1076 (E.D. Cal. 2015) (quoting *United States v. Castro-Cabrera*, 534 F. Supp. 2d 1156, 1162 (C.D. Cal. 2008) (emphasis added). Under this routine application of the Federal Rules of Evidence, Musk should not be

permitted to introduce statements made by his agents because such statements constitute hearsay when offered by Musk.

There is a limited exception to this rule, *i.e.*, deposition testimony taken of Musk's agents who are "unavailable" under Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804. But if Musk fails to establish that an agent is unavailable, he may not introduce the witness's deposition testimony at trial, even where Plaintiffs have admitted other portions of the same deposition. A District Court in this Circuit clearly articulated the proper application of this rule in *Joseph*, 2015 U.S. Dist. LEXIS 100633, at **4-5:

> Defendant argues incorrectly that Fed. R. Evid. 801(d)(2) allows for introduction of his deposition. But application of Rule 801(d)(2) requires that the out of court statement be "offered against an opposing party." Here, Defendant is the party attempting to offer his own statements into evidence; he is not offering recorded statements of the party opponent (*i.e.*, plaintiff). Only Plaintiff may offer, if he chooses to do so, recorded statements made by Defendant during Defendant's deposition. This is true whether Defendant is present at trial or not. Defense counsel will therefore be prohibited from referring to the statements of his client at any time (unless offered by Plaintiff and admitted), including in his opening statements, as they constitute inadmissible hearsay.

*Id.*; *see also Barnes v. District of Columbia*, 2013 U.S. Dist. LEXIS 207911, at **16-17 (D.D.C. Feb. 28, 2013) (collecting authority: "The courts in other Circuits have largely held that Rule 801(d)(2) does provide a ground, independent from Rule 32, for admitting deposition testimony").

Accordingly, Musk should not be permitted to introduce hearsay statements of his agents.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion to admit statements of Musk's agents under FRE 801(d)(2)(D) should be granted.

Dated: January 13, 2026                    Respectfully submitted,

**COTCHETT, PITRE & MCCARTHY, LLP**
Joseph W. Cotchett (SBN 36324)
Mark C. Molumphy (SBN 168009)
Tyson C. Redenbarger (SBN 294424)
Elle D. Lewis (SBN 238329)
Gia Jung (SBN 340160)
Caroline A. Yuen (SBN 354388)

*/s/ Tyson C. Redenbarger*
Tyson C. Redenbarger

|   |   |
|---|---|
| 1 | San Francisco Airport Office Center |
| 2 | 840 Malcolm Road, Suite 200 |
|   | Burlingame, California 94010 |
| 3 | Telephone: (650) 697-6000 |
| 4 | **BOTTINI & BOTTINI, INC.** |
|   | Francis A. Bottini, Jr. (SBN 175783) |
| 5 | Aaron P. Arnzen (SBN 218272) |
| 6 | */s/ Aaron P. Arnzen* |
|   | Aaron P. Arnzen |
| 7 |   |
| 8 | 7817 Ivanhoe Avenue, Suite 102 |
|   | La Jolla, California 92037 |
|   | Telephone: (858) 914-2001 |

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Tyson C. Redenbarger, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of January 2026, at Burlingame, California.

                                                              */s/ Tyson C. Redenbarger*
                                                                   Tyson C. Redenbarger