| | |
|---|---|
| COTCHETT, PITRE & MCCARTHY, LLP<br>Joseph W. Cotchett (SBN 36324)<br>jcotchett@cpmlegal.com<br>Mark C. Molumphy (SBN 168009)<br>mmolumphy@cpmlegal.com<br>Tyson C. Redenbarger (SBN 294424)<br>tredenbarger@cpmlegal.com<br>Elle D. Lewis (SBN 238329)<br>elewis@cpmlegal.com<br>Gia Jung (SBN 340160)<br>gjung@cpmlegal.com<br>Caroline A. Yuen (SBN 354388)<br>cyuen@cpmlegal.com<br>San Francisco Airport Office Center<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010<br>Telephone: (650) 697-6000<br><br>BOTTINI & BOTTINI, INC.<br>Francis A. Bottini, Jr. (SBN 175783)<br>fbottini@bottinilaw.com<br>Aaron P. Arnzen (SBN 218272)<br>aarnzen@bottinilaw.com<br>7817 Ivanhoe Avenue, Suite 102<br>La Jolla, CA 92037<br>Telephone: (858) 914-2001<br><br>*Lead Counsel for Plaintiffs and the Class* | QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>Alex Spiro (*pro hac vice*)<br>alexspiro@quinnemanuel.com<br>Ellyde R. Thompson (*pro hac vice*)<br>ellydethompson@quinnemanuel.com<br>Jesse A. Bernstein (*pro hac vice*)<br>jessebernstein@quinnemanuel.com<br>295 Fifth Avenue<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br><br>Michael T. Lifrak (Bar No. 210846)<br>michaellifrak@quinnemanuel.com<br>Stephen A. Broome (Bar No. 314605)<br>stephenbroome@quinnemanuel.com<br>Alex Bergjans (Bar No. 302830)<br>alexbergjans@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>*Attorneys for Defendant Elon Musk* |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIUSEPPE PAMPENA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ELON R. MUSK,<br><br>Defendant. | CASE NO. 3:22-CV-05937-CRB<br><br>**PARTIES' [PROPOSED] SPECIAL VERDICT FORMS**<br><br>Date:         February 17, 2026<br>Time:        2:00 p.m.<br>Courtroom:  6, 17th Floor<br>Judge:       Honorable Charles R. Breyer |

# PLAINTIFFS' PROPOSED VERDICT FORM

**Part I – GENERAL VERDICT**

**Question 1**: Based on the evidence presented at trial, we find:

☐ For Plaintiffs    ☐ For Defendant

**PART II – DAMAGES**

If you found in favor of Plaintiffs, then answer BOTH questions 2 and 3 below.

**Damages for the Twitter Stock Sold by Plaintiffs (Check only one box)**

**Question 2**: What amount of damages do you award Plaintiffs as compensation for the losses to their Twitter stock?

☐ The amount per share set forth in Exhibit 6b to the damages report of Plaintiffs' expert (Dr. Tabak) – use this amount if you find there was a scheme to defraud.

☐ The amount per share set forth in Exhibit 5b-SUPP to the damages report of Plaintiffs' expert (Dr. Tabak) – use this amount if you find Defendant made one or more false statements or material omissions but did not engage in a scheme.

☐ The amount per share we have filled out in Exhibit 1 attached hereto (use Ex. 1 only if you want to award an amount of damages different than those calculated by Plaintiffs' expert).

**Damages for the Twitter Options Traded by Plaintiffs (Check only one box)**

**Question 3**: What amount of damages do you award Plaintiffs as compensation for the losses to their Twitter options?

☐ The amount of damages Plaintiffs' expert calculated for the options based on the existence of a scheme to defraud (choose this box if you chose the first box in Question 2 above).

☐ The amount of damages Plaintiffs' expert calculated for the options based on the false statements made by Musk (choose this box if you chose the second box in Question 2 above).

☐ An amount of damages consistent with the amount of stock deflation we selected in Ex. 1 (check this box if you checked the third box in Question 2 above).

☐ We do not award any damages for the options.

Foreperson: _____

Date: _____

**Exhibit 1**
**Twitter, Inc.**
**Daily Deflation/Damages During the Class Period**
**Class Period: May 13, 2022 to October 3, 2022**

| Date | Amount of Deflation Per Share |
|---|---|
| 5/13/2022 | $ |
| 5/16/2022 | $ |
| 5/17/2022 | $ |
| 5/18/2022 | $ |
| 5/19/2022 | $ |
| 5/20/2022 | $ |
| 5/23/2022 | $ |
| 5/24/2022 | $ |
| 5/25/2022 | $ |
| 5/26/2022 | $ |
| 5/27/2022 | $ |
| 5/31/2022 | $ |
| 6/1/2022 | $ |
| 6/2/2022 | $ |
| 6/3/2022 | $ |
| 6/6/2022 | $ |
| 6/7/2022 | $ |
| 6/8/2022 | $ |
| 6/9/2022 | $ |
| 6/10/2022 | $ |
| 6/13/2022 | $ |
| 6/14/2022 | $ |
| 6/15/2022 | $ |
| 6/16/2022 | $ |
| 6/17/2022 | $ |
| 6/21/2022 | $ |
| 6/22/2022 | $ |
| 6/23/2022 | $ |
| 6/24/2022 | $ |
| 6/27/2022 | $ |
| 6/28/2022 | $ |
| 6/29/2022 | $ |
| 6/30/2022 | $ |
| 7/1/2022 | $ |
| 7/5/2022 | $ |
| 7/6/2022 | $ |
| 7/7/2022 | $ |
| 7/8/2022 | $ |
| 7/11/2022 | $ |
| 7/12/2022 | $ |

| Date | Amount of Deflation Per Share |
|---|---|
| 7/13/2022 | $ |
| 7/14/2022 | $ |
| 7/15/2022 | $ |
| 7/18/2022 | $ |
| 7/19/2022 | $ |
| 7/20/2022 | $ |
| 7/21/2022 | $ |
| 7/22/2022 | $ |
| 7/25/2022 | $ |
| 7/26/2022 | $ |
| 7/27/2022 | $ |
| 7/28/2022 | $ |
| 7/29/2022 | $ |
| 8/1/2022 | $ |
| 8/2/2022 | $ |
| 8/3/2022 | $ |
| 8/4/2022 | $ |
| 8/5/2022 | $ |
| 8/8/2022 | $ |
| 8/9/2022 | $ |
| 8/10/2022 | $ |
| 8/11/2022 | $ |
| 8/12/2022 | $ |
| 8/15/2022 | $ |
| 8/16/2022 | $ |
| 8/17/2022 | $ |
| 8/18/2022 | $ |
| 8/19/2022 | $ |
| 8/22/2022 | $ |
| 8/23/2022 | $ |
| 8/24/2022 | $ |
| 8/25/2022 | $ |
| 8/26/2022 | $ |
| 8/29/2022 | $ |
| 8/30/2022 | $ |
| 8/31/2022 | $ |
| 9/1/2022 | $ |
| 9/2/2022 | $ |
| 9/6/2022 | $ |
| 9/7/2022 | $ |
| 9/8/2022 | $ |
| 9/9/2022 | $ |
| 9/12/2022 | $ |
| 9/13/2022 | $ |
| 9/14/2022 | $ |

| Date | Amount of Deflation Per Share |
|---|---|
| 9/15/2022 | $ |
| 9/16/2022 | $ |
| 9/19/2022 | $ |
| 9/20/2022 | $ |
| 9/21/2022 | $ |
| 9/22/2022 | $ |
| 9/23/2022 | $ |
| 9/26/2022 | $ |
| 9/27/2022 | $ |
| 9/28/2022 | $ |
| 9/29/2022 | $ |
| 9/30/2022 | $ |
| 10/3/2022 | $ |

# DEFENDANT'S PROPOSED VERDICT FORM

**A.   LIABILITY**

**Statement 1:  "Twitter deal temporarily on hold pending details supporting calculation that spam/fake accounts do indeed represent less than 5% of users."**

    1. Did the Plaintiffs prove that Statement 1 was an untrue statement of fact?

      Yes: _____          No: _____

*If you answered yes, then answer question 2.  If you answered no, stop here and move on to Statement 2 on the next page.*

    2. Did the Plaintiffs prove that Statement 1 was materially false?

      Yes: _____          No: _____

*If you answered yes, then answer question 3.  If you answered no, stop here and move on to Statement 2 on the next page.*

    3. Did the Plaintiffs prove that the Elon Musk made Statement 1 with the intent to defraud and actual knowledge that it was materially false?

      Yes: _____          No: _____

*If you answered yes, then answer question 4.  If you answered no, stop here and move on to Statement 2 on the next page.*

    4. Did the Plaintiffs establish the presumption of reliance as to Statement 1?

      a. Was there an active, open market for Twitter securities?

        Yes: _____          No: _____

      b. Did investors reasonably rely on the market as an accurate reflection of the current market for the value of securities?

        Yes: _____          No: _____

      c. Did Plaintiffs prove that Statement 1 was publicly known and material?

        Yes: _____          No: _____

    d. Did Plaintiffs prove that stock was traded between when the alleged material misrepresentations were made and when the truth was revealed?

       Yes: _____          No: _____

    e. When did the market learn sufficient information to correct the alleged material misrepresentation contained in Statement 1?

       Date: _____

*If you answered yes to all sub-questions a-d, then answer question 11.  If you answered no to any of sub-questions a-d, stop here and move on to Statement 2 on the next page.*

    5. Did Defendant rebut the presumption of reliance?

      Yes: _____          No: _____

*If you answered yes, then answer question 6.  If you answered no, stop here and move on to Statement 2 on the next page.*

    6. Did the Plaintiffs prove that alleged material misrepresentations contained in Statement 1 caused the Plaintiffs to suffer losses?

      Yes: _____          No: _____

          PLEASE PROCEED TO STATEMENT 2 ON THE NEXT PAGE

**Statement 2: "I think it's some number that is probably at least four or five times that number. I'd say at – if you did sort of the – the lowest estimate would be probably 20 percent. And this – and this is – a bunch of quite smart outside firms have done analysis of Twitter and looked at the – the sort of daily – daily users, and their conclusion is also about – it's about 20 percent."**

7. Did the Plaintiffs prove that Statement 2 was an untrue statement of fact?

   Yes: _____          No: _____

*If you answered yes, then answer question 8. If you answered no, stop here and move on to Statement 3 on the next page.*

8. Did the Plaintiffs prove that Statement 2 was materially false?

   Yes: _____          No: _____

*If you answered yes, then answer question 9. If you answered no, stop here and move on to Statement 3 on the next page.*

9. Did the Plaintiffs prove that the Elon Musk made Statement 2 with the intent to defraud and actual knowledge that it was materially false?

   Yes: _____          No: _____

*If you answered yes, then answer question 10. If you answered no, stop here and move on to Statement 3 on the next page.*

10. Did the Plaintiffs establish the presumption of reliance as to Statement 2?

    a. Was there an active, open market for Twitter securities?

       Yes: _____          No: _____

    b. Did investors reasonably rely on the market as an accurate reflection of the current market for the value of securities?

       Yes: _____          No: _____

    c. Did Plaintiffs prove that Statement 2 was publicly known and material?

       Yes: _____          No: _____

    d. Did Plaintiffs prove that stock was traded between when the alleged material misrepresentations were made and when the truth was revealed?

       Yes: _____          No: _____

e. When did the market learn sufficient information to correct the alleged material misrepresentation contained in Statement 2?

   Date: _____

*If you answered yes to all sub-questions a-d, then answer question 11. If you answered no to any of sub-questions a-d, stop here and move on to Statement 3 on the next page.*

11. Did Defendant rebut the presumption of reliance?

   Yes: _____    No: _____

*If you answered yes, then answer question 12. If you answered no, stop here and move on to Statement 3 on the next page.*

12. Did the Plaintiffs prove that alleged material misrepresentations contained in Statement 2 caused the Plaintiffs to suffer losses?

   Yes: _____    No: _____

   PLEASE PROCEED TO STATEMENT 3 ON THE NEXT PAGE

**Statement 3: "20% fake/spam accounts, while 4 times what Twitter claims, could be *much* higher.  My offer was based on Twitter's SEC filings being accurate.  Yesterday, Twitter's CEO publicly refused to show proof of <5%.  This deal cannot move forward until he does."**

13. Did the Plaintiffs prove that Statement 3 was an untrue statement of fact?

   Yes: _____          No: _____

*If you answered yes, then answer question 14.  If you answered no, stop here and move to Part B of the Verdict Form.*

14. Did the Plaintiffs prove that Statement 3 was materially false?

   Yes: _____          No: _____

*If you answered yes, then answer question 15.  If you answered no, stop here and move to Part B of the Verdict Form.*

15. Did the Plaintiffs prove that the Elon Musk made Statement 3 with the intent to defraud and actual knowledge that it was materially false?

   Yes: _____          No: _____

*If you answered yes, then answer question 16.  If you answered no, stop here and move to Part B of the Verdict Form.*

16. Did the Plaintiffs establish the presumption of reliance as to Statement 3?

   a. Was there an active, open market for Twitter securities?

      Yes: _____          No: _____

   b. Did investors reasonably rely on the market as an accurate reflection of the current market for the value of securities?

      Yes: _____          No: _____

   c. Did Plaintiffs prove that Statement 3 was publicly known and material?

      Yes: _____          No: _____

   d. Did Plaintiffs prove that stock was traded between when the alleged material misrepresentations were made and when the truth was revealed?

      Yes: _____          No: _____

   e. When did the market learn sufficient information to correct the alleged material misrepresentation contained in Statement 3?

  Date: _____

*If you answered yes to all sub-questions a-d, then answer question 17.  If you answered no to any of sub-questions a-d, stop here and move on to Part B of the Verdict Form.*

 17.  Did Defendant rebut the presumption of reliance?

 Yes: _____   No: _____

*If you answered yes, then answer question 18.  If you answered no, stop here and move on to Part B of the Verdict Form.*

 18.  Did the Plaintiffs prove that alleged material misrepresentations contained in Statement 3 caused the Plaintiffs to suffer losses?

 Yes: _____   No: _____

*If you answered yes to question 6, 12, or 18, please proceed to **Part B** on the next page.  If you did not, you are finished with the Verdict Form.  Please turn to the last page, sign and date the Verdict Form and inform the Court you have finished.*

*Only fill out **Part B**, below, if you answered yes to question 6, 12, or 18.  If you did not answer yes to any of those questions, you are finished with the Verdict Form.  Please turn to the last page, sign and date the Verdict Form and inform the Court you have finished.*

## B. <u>DAMAGES</u>

19. Determine the amount of artificial deflation per share of Twitter stock proved by Plaintiffs on each date during the Class Period and write it in the table below.  If you find that Plaintiffs did not prove artificial deflation on any particular day or days, please leave that date blank.

| Date | Amount of Artificial Deflation Per Share |
|---|---|
| May 13, 2022 | $___.___ |
| May 16, 2022 | $___.___ |
| May 17, 2022 | $___.___ |
| May 18, 2022 | $___.___ |
| May 19, 2022 | $___.___ |
| May 20, 2022 | $___.___ |
| May 23, 2022 | $___.___ |
| May 24, 2022 | $___.___ |
| May 25, 2022 | $___.___ |
| May 26, 2022 | $___.___ |
| May 27, 2022 | $___.___ |
| May 31, 2022 | $___.___ |
| June 1, 2022 | $___.___ |
| June 2, 2022 | $___.___ |
| June 3, 2022 | $___.___ |
| June 6, 2022 | $___.___ |
| June 7, 2022 | $___.___ |
| June 8, 2022 | $___.___ |
| June 9, 2022 | $___.___ |
| June 10, 2022 | $___.___ |
| June 13, 2022 | $___.___ |
| June 14, 2022 | $___.___ |
| June 15, 2022 | $___.___ |
| June 16, 2022 | $___.___ |
| June 17, 2022 | $___.___ |

| Date | Amount |
|---|---|
| June 21, 2022 | $__.__ |
| June 22, 2022 | $__.__ |
| June 23, 2022 | $__.__ |
| June 24, 2022 | $__.__ |
| June 27, 2022 | $__.__ |
| June 28, 2022 | $__.__ |
| June 29, 2022 | $__.__ |
| June 30, 2022 | $__.__ |
| July 1, 2022 | $__.__ |
| July 5, 2022 | $__.__ |
| July 6, 2022 | $__.__ |
| July 7, 2022 | $__.__ |
| July 8, 2022 | $__.__ |
| July 11, 2022 | $__.__ |
| July 12, 2022 | $__.__ |
| July 13, 2022 | $__.__ |
| July 14, 2022 | $__.__ |
| July 15, 2022 | $__.__ |
| July 18, 2022 | $__.__ |
| July 19, 2022 | $__.__ |
| July 20, 2022 | $__.__ |
| July 21, 2022 | $__.__ |
| July 22, 2022 | $__.__ |
| July 25, 2022 | $__.__ |
| July 26, 2022 | $__.__ |
| July 27, 2022 | $__.__ |
| July 28, 2022 | $__.__ |
| July 29, 2022 | $__.__ |
| August 1, 2022 | $__.__ |
| August 2, 2022 | $__.__ |
| August 3, 2022 | $__.__ |
| August 4, 2022 | $__.__ |
| August 5, 2022 | $__.__ |
| August 8, 2022 | $__.__ |
| August 9, 2022 | $__.__ |
| August 10, 2022 | $__.__ |

| Date | Amount |
|---|---|
| August 11, 2022 | $__.__ |
| August 12, 2022 | $__.__ |
| August 15, 2022 | $__.__ |
| August 16, 2022 | $__.__ |
| August 17, 2022 | $__.__ |
| August 18, 2022 | $__.__ |
| August 19, 2022 | $__.__ |
| August 22, 2022 | $__.__ |
| August 23, 2022 | $__.__ |
| August 24, 2022 | $__.__ |
| August 25, 2022 | $__.__ |
| August 26, 2022 | $__.__ |
| August 29, 2022 | $__.__ |
| August 30, 2022 | $__.__ |
| August 31, 2022 | $__.__ |
| September 1, 2022 | $__.__ |
| September 2, 2022 | $__.__ |
| September 6, 2022 | $__.__ |
| September 7, 2022 | $__.__ |
| September 8, 2022 | $__.__ |
| September 9, 2022 | $__.__ |
| September 12, 2022 | $__.__ |
| September 13, 2022 | $__.__ |
| September 14, 2022 | $__.__ |
| September 15, 2022 | $__.__ |
| September 16, 2022 | $__.__ |
| September 19, 2022 | $__.__ |
| September 20, 2022 | $__.__ |
| September 21, 2022 | $__.__ |
| September 22, 2022 | $__.__ |
| September 23, 2022 | $__.__ |
| September 26, 2022 | $__.__ |
| September 27, 2022 | $__.__ |
| September 28, 2022 | $__.__ |
| September 29, 2022 | $__.__ |
| September 30, 2022 | $__.__ |

| Date | Amount |
|---|---|
| October 3, 2022 | $__.__ |

20. Determine the "but for" implied volatility percentages proved by Plaintiffs for each option contract maturity date during the Class Period and write it in the table below. If you find that Plaintiffs did not prove "but-for" implied volatility for any particular option contract or for any particular date, please leave that date and/or option contract maturity date blank.

| Date | Amount of Artificial Deflation Per Option |
|---|---|
| May 13, 2022 | $__.__ |
| May 16, 2022 | $__.__ |
| May 17, 2022 | $__.__ |
| May 18, 2022 | $__.__ |
| May 19, 2022 | $__.__ |
| May 20, 2022 | $__.__ |
| May 23, 2022 | $__.__ |
| May 24, 2022 | $__.__ |
| May 25, 2022 | $__.__ |
| May 26, 2022 | $__.__ |
| May 27, 2022 | $__.__ |
| May 31, 2022 | $__.__ |
| June 1, 2022 | $__.__ |
| June 2, 2022 | $__.__ |
| June 3, 2022 | $__.__ |
| June 6, 2022 | $__.__ |
| June 7, 2022 | $__.__ |
| June 8, 2022 | $__.__ |
| June 9, 2022 | $__.__ |
| June 10, 2022 | $__.__ |
| June 13, 2022 | $__.__ |
| June 14, 2022 | $__.__ |
| June 15, 2022 | $__.__ |
| June 16, 2022 | $__.__ |
| June 17, 2022 | $__.__ |
| June 21, 2022 | $__.__ |
| June 22, 2022 | $__.__ |

| Date | Amount |
|---|---|
| June 23, 2022 | $__.__ |
| June 24, 2022 | $__.__ |
| June 27, 2022 | $__.__ |
| June 28, 2022 | $__.__ |
| June 29, 2022 | $__.__ |
| June 30, 2022 | $__.__ |
| July 1, 2022 | $__.__ |
| July 5, 2022 | $__.__ |
| July 6, 2022 | $__.__ |
| July 7, 2022 | $__.__ |
| July 8, 2022 | $__.__ |
| July 11, 2022 | $__.__ |
| July 12, 2022 | $__.__ |
| July 13, 2022 | $__.__ |
| July 14, 2022 | $__.__ |
| July 15, 2022 | $__.__ |
| July 18, 2022 | $__.__ |
| July 19, 2022 | $__.__ |
| July 20, 2022 | $__.__ |
| July 21, 2022 | $__.__ |
| July 22, 2022 | $__.__ |
| July 25, 2022 | $__.__ |
| July 26, 2022 | $__.__ |
| July 27, 2022 | $__.__ |
| July 28, 2022 | $__.__ |
| July 29, 2022 | $__.__ |
| August 1, 2022 | $__.__ |
| August 2, 2022 | $__.__ |
| August 3, 2022 | $__.__ |
| August 4, 2022 | $__.__ |
| August 5, 2022 | $__.__ |
| August 8, 2022 | $__.__ |
| August 9, 2022 | $__.__ |
| August 10, 2022 | $__.__ |
| August 11, 2022 | $__.__ |
| August 12, 2022 | $__.__ |

| Date | Amount |
|---|---|
| August 15, 2022 | $__.__ |
| August 16, 2022 | $__.__ |
| August 17, 2022 | $__.__ |
| August 18, 2022 | $__.__ |
| August 19, 2022 | $__.__ |
| August 22, 2022 | $__.__ |
| August 23, 2022 | $__.__ |
| August 24, 2022 | $__.__ |
| August 25, 2022 | $__.__ |
| August 26, 2022 | $__.__ |
| August 29, 2022 | $__.__ |
| August 30, 2022 | $__.__ |
| August 31, 2022 | $__.__ |
| September 1, 2022 | $__.__ |
| September 2, 2022 | $__.__ |
| September 6, 2022 | $__.__ |
| September 7, 2022 | $__.__ |
| September 8, 2022 | $__.__ |
| September 9, 2022 | $__.__ |
| September 12, 2022 | $__.__ |
| September 13, 2022 | $__.__ |
| September 14, 2022 | $__.__ |
| September 15, 2022 | $__.__ |
| September 16, 2022 | $__.__ |
| September 19, 2022 | $__.__ |
| September 20, 2022 | $__.__ |
| September 21, 2022 | $__.__ |
| September 22, 2022 | $__.__ |
| September 23, 2022 | $__.__ |
| September 26, 2022 | $__.__ |
| September 27, 2022 | $__.__ |
| September 28, 2022 | $__.__ |
| September 29, 2022 | $__.__ |
| September 30, 2022 | $__.__ |
| October 3, 2022 | $__.__ |

PLEASE PROCEED TO THE NEXT PAGE

**C.    RETURN OF VERDICT**

Once the form is completed, the foreperson for the jury must sign and date it below:

Dated: _____       Signed: _____
                                                                              Jury Foreperson

DATED: January 27, 2026

| | |
|---|---|
| /s/ Tyson C. Redenbarger | /s/ Alex Bergjans |
| COTCHETT, PITRE & MCCARTHY, LLP | Alex Spiro (*pro hac vice*) |
| Joseph W. Cotchett (SBN 36324) | alexspiro@quinnemanuel.com |
| jcotchett@cpmlegal.com | Ellyde R. Thompson (*pro hac vice*) |
| Mark C. Molumphy (SBN 168009) | ellydethompson@quinnemanuel.com |
| mmolumphy@cpmlegal.com | Jesse A. Bernstein (*pro hac vice*) |
| Tyson C. Redenbarger (SBN 294424) | jessebernstein@quinnemanuel.com |
| tredenbarger@cpmlegal.com | 295 Fifth Avenue |
| Elle D. Lewis (SBN 238329) | New York, NY 10010 |
| elewis@cpmlegal.com | Telephone: (212) 849-7000 |
| Gia Jung (SBN 340160) | Facsimile: (212) 849-7100 |
| gjung@cpmlegal.com | |
| Caroline A. Yuen (SBN 354388) | Michael T. Lifrak (Bar No. 210846) |
| cyuen@cpmlegal.com | michaellifrak@quinnemanuel.com |
| 840 Malcolm Road, Suite 200 | Stephen A. Broome (Bar No. 314605) |
| Burlingame, California 94010 | stephenbroome@quinnemanuel.com |
| Telephone: (650) 697-6000 | Alex Bergjans (Bar No. 302830) |
| | alexbergjans@quinnemanuel.com |
| /s/ Aaron Arnzen | 865 South Figueroa Street, 10th Floor |
| BOTTINI & BOTTINI, INC. | Los Angeles, CA 90017 |
| Francis A. Bottini, Jr. (SBN: 175783) | Telephone: (213) 443-3000 |
| fbottini@bottinilaw.com | Facsimile: (213) 443-3100 |
| Aaron Arnzen (SBN 218272) | |
| aarnzen@bottinilaw.com | *Attorneys for Defendant Elon Musk* |
| 7817 Ivanhoe Avenue, Suite 102 | |
| La Jolla, California 92037 | |
| Telephone: (858) 914-2001 | |

*Lead Counsel for Plaintiffs and the Class*

### ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Tyson C. Redenbarger, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of January 2026, at Burlingame, California.

By /s/ Tyson C. Redenbarger
Tyson C. Redenbarger