# EXHIBIT 2

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE JDS UNIPHASE CORPORATION
SECURITIES LITIGATION

No. C 02-1486 CW

FINAL JURY
INSTRUCTIONS

_____/

**DUTY OF THE JURY**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case. A copy of these instructions will be sent with you to the jury room when you deliberate. You should discard the preliminary instructions; these instructions control and you need not concern yourselves with differences between them and the preliminary instructions. You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

A misstatement is a statement that was false or misleading when it was made. An omission is a failure to disclose a fact that needed to be disclosed to keep the statements that were actually made from being misleading.

**Predictions About the Future and Forward-Looking Statements**

Under Section 10(b), a prediction about the future constitutes a material misstatement or omission if:

1. the person who made the prediction did not genuinely believe it;
2. the person who made the prediction had no reasonable basis for the belief; or
3. the person who made the prediction was aware of undisclosed facts tending to seriously undermine the accuracy of the statement.

Evidence that the prediction turned out to be incorrect does not prove that it was a material misstatement when it was made.

**Opinions**

Under Section 10(b), a statement of opinion or belief is false if the opinion or belief is not honestly held when the statement is made. A person who states an opinion or belief that he honestly holds is not liable under Section 10(b) merely because the opinion turns out to be incorrect.

**Materiality**

10

the challenged statement.  If the forward-looking statement is oral, such as during a conference call, the identification of these factors can be made by reference to readily available documents that contain them.  If the forward-looking statement is made in writing, the document itself must identify these factors.

With respect to the forward-looking statements only, the Verdict Questions Form and Verdict Table will ask you to find whether Plaintiffs have proved that such cautionary statements were not made.

**Substantial Involvement**

Individual Defendants can be held liable for making a statement, not only for uttering or writing words, but also by being substantially involved in the preparation of the statement.  Substantial involvement can include speaking, writing, editing, drafting, preparing, approving or signing a statement.  The Verdict Table will identify, in most cases, which Individual Defendant or Defendants actually made the statements and ask you to find whether additional Defendants were substantially involved in the preparation of the statement.

**Scienter**

To satisfy the third element of their Section 10(b) claim, Plaintiffs bear the burden of proving by a preponderance of the evidence that Defendants acted with a particular state of mind, which is called scienter.

12

You will be asked if Plaintiffs have proved that Defendants acted with actual knowledge that each challenged statement was materially false when made. If you find that actual knowledge was not proven, you will also be asked, for the statements that are not forward-looking statements, if Plaintiffs proved that Defendants acted with deliberate recklessness. The Verdict Table will indicate which statements are in this category. A defendant acts with deliberate recklessness when his actions (i) are an extreme departure from the standards of ordinary care and (ii) present a danger of misleading investors that is either known to the author or speaker or is so obvious that he must be aware of it.

An honest or good faith belief on the part of an Individual Defendant that a statement is true is inconsistent with a finding that he acted with scienter in making that statement.

### Stock Sales as Evidence of Scienter

Stock sales may be used as evidence of scienter if the sales are dramatically out of line with prior trading practices and made at times calculated to maximize personal benefit from undisclosed inside information. In making this determination, you should consider whether the Individual Defendant's trading patterns are consistent with prior periods and whether the Individual Defendant retained possession of a large portion of his shares.

### Loss Causation

To satisfy the fourth element of their Section 10(b) claim, Plaintiffs bear the burden of proving by a preponderance of the

13