COTCHETT, PITRE & MCCARTHY, LLP
Joseph W. Cotchett (SBN 36324)
jcotchett@cpmlegal.com
Mark C. Molumphy (SBN 168009)
mmolumphy@cpmlegal.com
Tyson C. Redenbarger (SBN 294424)
tredenbarger@cpmlegal.com
Elle D. Lewis (SBN 238329)
elewis@cpmlegal.co
Gia Jung (SBN 340160)
gjung@cpmlegal.com
Caroline A. Yuen (SBN 354388)
cyuen@cpmlegal.com
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr. (SBN 175783)
fbottini@bottinilaw.com
Aaron P. Arnzen (SBN 218272)
aarnzen@bottinilaw.com
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone: (858) 914-2001

*Lead Counsel for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| GIUSEPPE PAMPENA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ELON R. MUSK,<br><br>Defendant. | Case No. 3:22-CV-05937-CRB<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**<br><br>Date:        February 17, 2026<br>Time:       2:00 p.m.<br>Courtroom: 6, 17th Floor<br>Judge:      Hon. Charles R. Breyer |

**TABLE OF CONTENTS**

**Page**

DISPUTED INSTRUCTIONS ............................................................................................................. 1

    A.    All Disputed Instructions re Plaintiffs' Scheme and Omissions Theories .................... 1

    B.    Disputed Instruction No. 1 re Closing Instruction re Duty of the Jury Offered by Defendant ....................................................................................................... 2

    C.    Disputed Jury Instruction No. 2 Re What Is Not Evidence Offered by Defendant ..................................................................................................................... 2

    D.    Disputed Jury Instruction No. 3 Re Burden of Proof Offered by Defendant ............... 2

    E.    Disputed Instruction No. 4 re Securities—Purpose and Selected Definitions Offered by Defendant ................................................................................................... 2

    F.    Disputed Instruction No. 5 re Rule 10b-5 Claim Offered by Defendant ..................... 3

    G.    Disputed Instruction No. 6 re Materiality Offered by Defendant ................................ 6

    H.    Disputed Instruction No. 7 re Opinions Inactionable Offered by Defendant .............. 8

    I.    Disputed Instruction No. 8 re Scienter or State of Mind Offered by Defendant ....... 10

    J.    Disputed Instruction No. 9 re Reliance Offered by Defendant .................................. 10

    K.    Disputed Instruction No. 10 re Loss Causation Offered by Defendant ..................... 12

    L.    Disputed Instruction No. 11 re Protected Litigation Conduct Offered by Defendant ................................................................................................................... 13

    M.    Disputed Instruction No. 12 re Damages Offered by Defendant ............................... 15

    N.    Disputed Instruction No. 13 re Willful Suppression Offered by Plaintiffs ................ 16

Pursuant to paragraph 1(c) of the Court's "Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases" (Dkt. 195), Plaintiffs submit the following Memorandum of Law in Support of Plaintiffs' Disputed Jury Instructions.

**DISPUTED INSTRUCTIONS**

**A.    All Disputed Instructions re Plaintiffs' Scheme and Omissions Theories**

Throughout his proposed jury instructions, Musk deletes or omits references to Plaintiffs' scheme and omissions theories of liability, arguing that they are unpled or otherwise disallowed. Plaintiffs' case, as alleged, is not limited to Rule 10b-5(b) nor three misstatements. *See, e.g.,* Plaintiffs' First Amended Complaint ("FAC") Dkt. 31 at ¶¶10, 26, 174, 188; Plaintiff's Opposition to Musk's MSJ, Dkt 268 at 33-35 (addressing Musk's MSJ challenge to Plaintiffs' scheme claim); Exhibits 17 and 18 to Bergjans Decl. in support of Defendant's Motions *in Limine*, Dkt. 344-17, 344-18 (Plaintiffs' discovery responses to Musk's interrogatories describing omissions and scheme theories). Moreover, Musk already raised these arguments in his Motion for Summary Judgment. Dkt. 255 at 34-36. This Court ruled on these arguments in its October 15, 2025 Order Denying Motions for Summary Judgment, finding that "there are genuine issues of material fact" and are thus properly presented at trial. Dkt. 302. Musk's characterization violates the law of the case. Order Denying Motion for Judgment on the Pleading, Dkt. 89 at 1, (Musk is "bound by this Court's decision").

Plaintiffs respectfully request that, as provided in each of their proposed instructions, the jury is properly instructed as to scheme and omissions liability under the securities laws.[1] *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009) (A party is "entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence").

---

[1] Musk has also put forth Motions *in Limine* to preclude evidence or argument based on unpled misstatements, conduct, and theories. Dkt. 342, 343. Plaintiffs' January 29, 2026, Oppositions thereto further details the impropriety of Musk's attempt to relitigate these issues and demonstrate that Plaintiffs' claims are properly pled.

**B.    Disputed Instruction No. 1 re Closing Instruction re Duty of the Jury Offered by Defendant**

Plaintiffs do not offer a counter version to Defendant's Instruction re Closing Instruction re Duty of the Jury. Model Instruction 1.2 is a preliminary instruction and Plaintiffs have no objection to it being given once and at the inception of the case, as contemplated by the Model Instructions. The model closing instructions that the Parties have stipulated to sufficiently guide the jury as to their duty to deliberate and consider the evidence. *See* Ninth Circuit Model Civil Jury Instructions 3.1, 3.2; *United States v. Hipes,* 2025 WL 1009281, at *2 (9th Cir. Apr. 4, 2025) ("no need" for proposed addition to model instruction when the elements were "in the model instruction already").

**C.    Disputed Jury Instruction No. 2 Re What Is Not Evidence Offered by Defendant**

Plaintiffs do not offer a counter version to Defendant's Closing Instruction re What Is Not Evidence. Model Instruction 1.10 is a preliminary instruction and Plaintiffs have no objection to it being given once and at the inception of the case, as stipulated and as contemplated by the Model Instructions. The model closing instructions that the Parties have stipulated to sufficiently guide the jury as to their duty to deliberate and consider the evidence. *See* Ninth Circuit Model Civil Jury Instructions 3.1, 3.2. *United States v. Hipes,* 2025 WL 1009281, at *2 (9th Cir. Apr. 4, 2025) ("no need" for proposed addition to model instruction when the elements were "in the model instruction already").

**D.    Disputed Jury Instruction No. 3 Re Burden of Proof Offered by Defendant**

Plaintiffs do not offer a counter version to Defendant's Closing Instruction re Burden of Proof. Model Instruction 1.6 is a preliminary instruction and Plaintiffs have no objection to it being given once and at the inception of the case, as stipulated and as contemplated by the Model Instructions. The model closing instructions that the Parties have stipulated to sufficiently guide the jury as to their duty to deliberate and consider the evidence. *See* Ninth Circuit Model Civil Jury Instructions 3.1, 3.2.

**E.    Disputed Instruction No. 4 re Securities—Purpose and Selected Definitions Offered by Defendant**

Plaintiffs agree that the jury should be presented with the Ninth Circuit Model Civil Jury Instruction ("Model Instruction") 18.1 on the purpose and definition of the securities laws.

Plaintiffs' version makes minor additions to account for their scheme claim, which is not incorporated by these Model Instructions. *See* Model Instruction 18 Securities Exchange Act Introductory Comment ("Most private lawsuits under Rule 10b-5, however, involve 'disclosure' claims, which Rule 10b-5(b) defines," so these instructions "therefore focus on Rule 10b-5 disclosure claims"). A party is "entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence." *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009). Plaintiffs' definition of a scheme is taken directly from the statutory language and case law defining the meaning of conduct that falls under Rule 10b-5(a) or (c). *See Desai v. Deutsche Bank Sec. Ltd.*, 573 F.3d 931, 939–41 (9th Cir. 2009) (manipulative conduct in violation of Rule 10b-5(a) or (c) includes "practices…that are intended to mislead investors by artificially affecting market activity") (*quoting Santa Fe Indus., Inc. v. Green*, 430 U.S. 462, 476 (1977); *Lorenzo v. Sec. & Exch. Comm'n*, 587 U.S. 71, 78-79, (2019) (Provisions of Rule 10b-5(a)-(c) "capture a wide range of conduct" including "disseminating false or misleading information to prospective investors with the intent to defraud.")

Plaintiffs make a further addition, which is to add language from *Berson v. Applied Signal Tech., Inc*., 527 F.3d 982, 987 (9th Cir. 2008) and *In re Vaxart, Inc. Sec. Litig.*, 576 F. Supp. 3d 663, 670 (N.D. Cal. 2021), which the Court cited in its December 11, 2023 Order on Defendant's Motion to Dismiss. Dkt. 48 at 23. Plaintiffs add this neutral language to provide the jury with definitional context of the term "misleading" as applies to securities laws.

Plaintiffs respectfully request that the Court provide the jury with Plaintiffs' proposed instruction.

### F. Disputed Instruction No. 5 re Rule 10b-5 Claim Offered by Defendant

Both parties' proffer of the instruction on Rule 10b-5 largely track the Model Instruction, and Plaintiffs do not contest the use of the Model Instruction 18.2. However, Musk's proposed instruction ignores the realities and rulings of the present case. *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009) (A party is "entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence").

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' PROPOSED JURY INSTRUCTIONS   3

1    Plaintiffs' case, as alleged, is not limited to Rule 10b-5(b) nor three misstatements. *See, e.g.,* Plaintiffs' First Amended Complaint ("FAC") Dkt. 31 at ¶¶10, 26, 174, 188; Plaintiff's Opposition to Musk's MSJ, Dkt 268 at 33-35 (addressing Musk's MSJ challenge to Plaintiffs' scheme claim); Exhibits 17 and 18 to Bergjans Decl. in support of Defendant's Motions *in Limine*, Dkt. 344-17, 344-18 (Plaintiffs' discovery responses to Musk's interrogatories describing omissions and scheme theories). The Court denied Musk's Motion for Summary Judgment, which tried to attack Plaintiffs' scheme claim, and allowed that claim to proceed. Dkt. 302. As to omissions, the Court held in its Motion to Dismiss Order that "Plaintiffs have adequately pleaded materiality and falsity" as to the May 13, May 16, and May 17 2022 statements not on a specific misrepresentation theory, but on the understanding that for each challenged statement, "[a] statement is false or misleading if it "directly contradict[s] what the defendant knew at that time" or "omits material information." Dkt. 48 at 17 (quoting *Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.*, 63 F.4th 747, 764 (9th Cir. 2023) (quoting *Khoja*, 899 F.3d at 1008–09)). Musk's characterization violates the law of the case. Order Denying Motion for Judgment on the Pleading, Dkt. 89 at 1, (Musk is "bound by this Court's decision").

Plaintiffs' Rule 10b-5 Claims instruction therefore includes reference to scheme liability and omissions. The omissions language is already contemplated in and taken verbatim from Model Instruction 18.2. The scheme language, which is not included in the Model Instruction, is derived directly from the statutory language. *See* 17 C.F.R. § 240.10b-5; 15 U.S. Code § 78j. Musk has indicated that he objects specifically to the language "manipulative act," but 15 U.S. Code § 78j(b) refers to "any manipulative or deceptive device," and case law affirms that "to state a claim for securities fraud based on scheme liability, a plaintiff must allege: (1) the defendant committed a ***deceptive or manipulative act*** in furtherance of the alleged scheme; (2) scienter; (3) a connection between the alleged ***deceptive or manipulative act*** and the purchase or sale of a security; (4) reliance upon the alleged ***deceptive or manipulative act;*** (5) economic loss; and (6) loss causation." *Rabkin v. Lion Biotechnologies, Inc.*, 2018 WL 905862, at *16 (N.D. Cal. Feb. 15, 2018). A statement of the law as written is not prejudicial to Musk. *Floyd v. Laws*, 929 F.2d 1390, 1394 (9th Cir. 1991) (pertinent fact-specific inquiry properly presented in a "a clear, concise, and accurate statement of the law in question").

1    Musk's proposed instruction further misstates the applicable standard of reliance. For the third element of Plaintiff's 10b-5 claim, Musk proposes the Model Instruction language for ***direct*** reliance, which is not what Plaintiffs seek to prove here. Per the direction of Model Instruction 18.7, Plaintiffs' Instruction correctly replaces the direct reliance language with that for fraud-on-the-market cases. *See* Comment to Model Instruction 18.7 ("Use this instruction [regarding reliance on the integrity of the market] when a theory of fraud on the market is involved."); Dkt 106 at 8, September 27, 2024 Order Granting Class Certification, ("class-wide reliance is presumed"); *see also In re Apple Comput. Sec. Litig.*, 886 F.2d 1109, 1113-14 (9th Cir. 1989) (noting that in a direct reliance claim "the plaintiff must show individual reliance on a material misstatement," whereas under a "fraud on the market theory, the plaintiff has the benefit of a presumption that he has indirectly relied on the alleged misstatement, by relying on the integrity of the stock price established by the market"); *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 276 (2014). at 276 ("The burden of proving th[e] prerequisites [to invoke the fraud-on-the-market presumption] still rests with plaintiffs and (with the exception of materiality) must be satisfied before class certification."); *In re Diamond Foods, Inc., Sec. Litig.*, 295 F.R.D. 240, 250 (N.D. Cal. 2013) (holding that "a showing of market efficiency is clearly required at the class certification stage in an action relying on the fraud-on-the-market theory"). The presumption of fraud on the market means that Plaintiffs only need show that they relied on the marketplace to ensure the integrity of the price—their individual reliance in this instruction would confuse the jury.

Musk also suggests the fraud-on-the-market presumption does not replace Plaintiffs' burden to prove direct reliance. But that is exactly what it does. *See* Comment to Model Instruction 18.7 ("When the plaintiff demonstrates market efficiency, the law presumes that the market itself has factored in relevant information and ***the plaintiff need not prove that he or she individually or the class of purchasers whom the plaintiff seeks to represent relied on the statements or omissions on which the action is based***.") (emphasis added); *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 268 (2014) (confirming that securities fraud plaintiffs can "satisfy the reliance element of a Rule 10b-5 action by invoking a rebuttable presumption of reliance, rather than proving direct reliance on a misrepresentation"); *In re Convergent Techs. Sec. Litig.*, 948 F.2d 507, 512 n.2 (9th Cir. 1991)

(holding that in a fraud-in-the-market case the plaintiffs "need only show that they relied on the integrity of the price of the stock as established by the market, which in turn is influenced by information or the lack of it"); *Miller v. Thane Int'l, Inc.*, 615 F.3d 1095, 1102 (9th Cir. 2010) ("the whole market is deceived by a misrepresentation such that '[m]isleading statements…defraud purchasers of stock even if the purchasers do not directly rely on the misstatements'") (quoting *Basic Inc. v. Levison*, 485 U.S. 224, 241-42 (1988)). Because Plaintiffs are proceeding under the fraud-on-the-market presumption of reliance, Musk's proposed language regarding direct reliance is inapplicable and would create confusion.

Plaintiffs further object to Musk's addition of "material" to the fifth element. Materiality is considered and explained in its own jury instruction and duplication here is confusing and unnecessary. *United States v. Hipes,* 2025 WL 1009281, at *2 (9th Cir. Apr. 4, 2025) ("no need" for proposed addition to model instruction when the elements were "in the model instruction already").

Plaintiffs respectfully request that the Court provide the jury with Plaintiffs' proposed instruction.

G. **Disputed Instruction No. 6 re Materiality Offered by Defendant**

Plaintiffs propose the verbatim use of Model Instruction 18.3. *United States v. Johnson,* 297 F.3d 845, 867 (9th Cir. 2002) (instruction on materiality, taken verbatim from the Ninth Circuit Model, was sufficient and defendants' "attack on the district court's materiality instruction is without merit").

Musk offers no good reason for such extreme additions to what is a fair and straightforward statement of the law on materiality. *United States v. Hipes,* 2025 WL 1009281, at *2 (9th Cir. Apr. 4, 2025) ("no need" for proposed addition to model instruction when the elements were "in the model instruction already"); *Head v. Costco Wholesale Corp.*, 2025 WL 3238211, at *18 (N.D. Cal. Nov. 20, 2025) ("proposed instruction as phrased is inappropriate – it is too lengthy, it is too skewed in [Defendant's] favor"); *Jones v. Nat'l R.R. Passenger Corp.*, 2025 WL 1410707, at *16 (N.D. Cal. May 15, 2025) (Ninth Circuit model jury instructions fairly state the law and are "instructions federal courts use all the time"); *United States v. McHatton*, 2024 WL 4972039, at *1 (9th Cir. Dec. 4, 2024) ("the district court committed no error by issuing the model instruction on securities fraud"); *Prado*

1  *v. Fed. Express Corp.*, 2015 WL 374965, at *2 (N.D. Cal. Jan. 28, 2015) (No error where the court
2  declined to use an instruction that "reached far beyond what is recommended by the model
3  instructions and belabored the points in an otherwise straightforward jury instruction crafted to avoid
4  juror confusion.").

5  The proposed additions of what is *not* material or misleading and inclusion of an inapplicable
6  "example" are unnecessary and improperly lends weight to Musk's argument-disguised-as-
7  instruction that his statements were not material. *United States v. Keyser*, 704 F.3d 631, 642 (9th Cir.
8  2012) ("A trial judge may refuse an instruction if its language gives undue emphasis to defendant's
9  version of the facts rather than being a statement of appropriate principles of [the] law"); *Weekley v.
10 City of Los Angeles*, 2014 WL 13133556, at *2 (C.D. Cal. Sept. 16, 2014), *aff'd,* 656 F. App'x 824
11 (9th Cir. 2016) ("A requested instruction obviously will be rejected by the court if it is argumentative
12 or one-sided") (quoting 9C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure
13 § 2552 (3d ed. 2008)).

14 Musk improperly expands this instruction to confuse the jury and obfuscate the clear language
15 of materiality provided by the Model Instruction, adding burdens that do not apply to materiality,
16 including falsity and causation. *See Floyd v. Laws*, 929 F.2d 1390, 1394 (9th Cir. 1991) (pertinent
17 fact-specific inquiry properly presented in a "a clear, concise, and accurate statement of the law in
18 question"); *Bearchild v. Cobban*, 947 F.3d 1130, 1155 (9th Cir. 2020) (Callahan, Concurring in Part)
19 ("when a district court uses the relevant model jury instructions based on the offense or claim alleged,
20 we generally will find reversible plain error only when that instruction (1) fails to include a necessary
21 element, or (2) adds an obviously non-existent one") (citations omitted).  For example, Musk provides
22 two clauses that conflict with each other, stating that a statement is "material if there is a substantial
23 likelihood a reasonable investor would consider the fact important", while also stating that "[a]
24 statement is not material just because it contains information that relates to a matter of general
25 importance."

26 Similarly, Musk's instruction that "[a] statement regarding a material fact may not be held
27 false or misleading merely because subsequent events prove it to have been erroneous" is misleading
28 to a jury at best, and simply wrong as written. It is prototypical that a subsequent corrective disclosure

is used to show that the prior statement was false. As multiple courts in the Ninth Circuit have held, the law assesses the materiality of a misrepresentation at the time it is made. *See Brody v. Transitional Hospitals Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002); *S.E.C. v. Reyes*, 491 F. Supp. 2d 906, 910 (N.D. Cal. 2007) ("The law assesses the materiality of a misrepresentation at the time it is made, not after intervening events or remedial action have rendered it harmless.").

As discussed above, Musk's proposed instruction also eliminates the Model Instruction's references to omissions, which Plaintiffs object to.

Model Instruction 18.3 uses simple, understandable terminology that comports with the law. *See Provenz v. Miller*, 102 F.3d 1478, 1489 (9th Cir. 1996) ("Materiality is established by 'showing that a reasonable shareholder would consider the misrepresentation or omission important, because it altered the total mix of available information.'") (citation omitted); *Basic Inc. v. Levinson*, 485 U.S. 224, 246 (1988) ("'the hiding and secreting of important information obstructs the operations of the markets as indices of real value'") (quoting H.R. Rep. No. 1383, at 11).

Musk's proposed instruction is confusing, unnecessary, and incorrect, and there is no "split of authority here nor any additional concept that would be addressed" by his additions. *Weekley v. City of Los Angeles*, 2014 WL 13133556, at *5 (C.D. Cal. Sept. 16, 2014), *aff'd*, 656 F. App'x 824 (9th Cir. 2016); *see United States v. Anderson*, 741 F.3d 938, 947 (9th Cir. 2013) ("A district court may properly reject a misleading or confusing instruction.").

Plaintiffs respectfully request that the Court provide the jury with Plaintiffs' proposed instruction.

**H.     Disputed Instruction No. 7 re Opinions Inactionable Offered by Defendant**

Plaintiffs dispute, in the first instance, that a separate Opinions instruction is required or necessary here. While both Parties pull from the comment to Model Instruction 18.1, the commentary does not suggest that a separate opinion statement instruction is required, appropriate, or useful. *Head v. Costco Wholesale Corp.*, 2025 WL 3238211, at *18 (N.D. Cal. Nov. 20, 2025) (rejecting proposed instruction on pretext because "[t]he Court does not see the need for such an instruction. There is no model instruction on pretext in CACI or in the Ninth Circuit Model Instructions" and "[t]here is no factual or legal basis" for such an instruction). Rather, its reference in the comment to 18.1 indicates

that such statements were considered in the drafting of the Model Instructions, and the Committee reasonably declined to break such opinion statements out into a separate instruction. This tracks Model Instruction 18.5 re Knowingly or Recklessly, as the jury will already be instructed that they need to determine if Musk made statements "with the knowledge that the statement was false or with reckless disregard for whether the statement was true" or that Musk "omit[ted] necessary information with the knowledge that the omission would make the statement false or misleading." *See United States v. Hipes,* 2025 WL 1009281, at *2 (9th Cir. Apr. 4, 2025) ("no need" for proposed addition to model instruction when the elements were "in the model instruction already").

Plaintiffs further object to Musk's proposed language, which is prejudicial and provides the jury with a skewed view of what is required to find liability. *United States v. Keyser*, 704 F.3d 631, 642 (9th Cir. 2012) ("A trial judge may refuse an instruction if its language gives undue emphasis to defendant's version of the facts rather than being a statement of appropriate principles of [the] law"); *Weekley v. City of Los Angeles*, 2014 WL 13133556, at *2 (C.D. Cal. Sept. 16, 2014), *aff'd,* 656 F. App'x 824 (9th Cir. 2016) ("A requested instruction obviously will be rejected by the court if it is argumentative or one-sided") (quoting 9C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2552 (3d ed. 2008)).

The Court should decline to read this instruction, but if necessary, Plaintiffs' proposed alternative language is neutral and taken directly from the Ninth Circuit Manual of Model Civil Jury Instructions 18.1, Comment ¶3, quoting *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 176-91 (2015) and *Retail Wholesale & Dep't Store Union Local 338 Retirement Fund v. Hewlett-Packard Co.*, 845 F.3d 1268, 1275-76 (9th Cir. 2017). Musk, in support of his proposed instruction, cites the Final Jury Instructions for *In re JDS Uniphase Securities Litig.*, 4:02-1486-CW (N.D. Cal. Nov. 9, 2007), Dkt. 1874. These instructions provide more support for Plaintiffs' proposed language. *Id.*, ("Under Section 10(b), a statement of opinion or belief is false if the opinion or belief is not honestly held when the statement is made. A person who states an opinion or belief that he honestly holds is not liable under Section 10(b) merely because the opinion turns out to be incorrect.")

**I.      Disputed Instruction No. 8 re Scienter or State of Mind Offered by Defendant**

"The Ninth Circuit model instructions for civil securities litigation address what is required for scienter." *Sec. & Exch. Comm'n v. Panuwat,* 2024 WL 4602708, at *8 (N.D. Cal. Sept. 9, 2024) (Denying arguments that the court lowered the burden by including "recklessly" and omitting the addition of "intent to defraud").

Plaintiffs propose the verbatim use of Model Instruction 18.5, which properly lays out the Ninth Circuit's standard for scienter. Musk disputes whether "reckless" is the proper standard and requests that the Court include "intent to defraud" language—he is wrong, and his proposed instruction impermissibly raises the burden of proof.

> "The Ninth Circuit is clear about what is required to prove scienter for these cases: Section 10(b)'s scienter requirement mandates that the plaintiff show that the defendant had a 'mental state embracing intent to deceive, manipulate, or defraud.' *See SEC v. Todd*, 642 F.3d 1207, 1215 (9th Cir. 2011) (internal quotations omitted). It is also clear that the SEC may establish this intent 'by proving either actual knowledge or recklessness.' *See Gebhart*, 595 F.3d at 1041. In short, [] recklessness and knowledge are both sufficient to prove scienter."

*Sec. & Exch. Comm'n v. Panuwat*, 2024 WL 4602708, at *9 (N.D. Cal. Sept. 9, 2024) (using a scienter instruction that conformed with the model instruction, rejecting defendant's proposal "to include an 'intent to defraud' element, no case he points to requires that, and the necessary effect was achieved by the instruction as written"); *see also United States v. McHatton*, 2024 WL 4972039, at *1 (9th Cir. Dec. 4, 2024) ("the district court committed no error by issuing the model instruction on securities fraud"). Moreover, Musk attempts to confuse the jury by injecting Musk's subjective belief as an issue, but courts apply an objective standard to determine the falsity of a statement, not a subjective standard as Musk proposes here. *See In re Alphabet, Inc. Sec. Litig.*, 1 F.4th 687, 699 (9th Cir. 2021).

Plaintiffs respectfully request that the Court provide the jury with Plaintiffs' proposed instruction.

**J.      Disputed Instruction No. 9 re Reliance Offered by Defendant**

Plaintiffs propose the near-verbatim use of Model Instruction 18.7, only adding the language "manipulative acts, misrepresentations, or omissions" to reflect their scheme and omissions claims. *Floyd v. Laws*, 929 F.2d 1390, 1394 (9th Cir. 1991) (pertinent fact-specific inquiry properly presented

in a "a clear, concise, and accurate statement of the law in question"). As noted above, this language is derived directly from statutory language. 17 C.F.R. § 240.10b-5; 15 U.S. Code § 78j. Musk has indicated that he objects specifically to the language "manipulative act," but 15 U.S. Code § 78j(b) refers to "any manipulative or deceptive device," and case law affirms that "to state a claim for securities fraud based on scheme liability, a plaintiff must allege: (1) the defendant committed a *deceptive or manipulative act* in furtherance of the alleged scheme; (2) scienter; (3) a connection between the alleged *deceptive or manipulative act* and the purchase or sale of a security; (4) reliance upon the alleged *deceptive or manipulative act;* (5) economic loss; and (6) loss causation." *Rabkin v. Lion Biotechnologies, Inc.*, No. 17-CV-02086-SI, 2018 WL 905862, at *16 (N.D. Cal. Feb. 15, 2018).

Musk provides no good reason for the cumulative and unnecessary departures from the model. *Head v. Costco Wholesale Corp.,* 2025 WL 3238211, at *20 (N.D. Cal. Nov. 20, 2025) ("The Court uses the Ninth Circuit model as it is more direct and concise") *Prado v. Fed. Express Corp.*, 2015 WL 374965, at *2 (N.D. Cal. Jan. 28, 2015) (No error where the court declined to use an instruction that "reached far beyond what is recommended by the model instructions and belabored the points in an otherwise straightforward jury instruction crafted to avoid juror confusion.").

As stated above, Plaintiffs are properly invoking the fraud on the market presumption. September 27, 2024 Order Granting Class Certification, Dkt 106 at 8, ("class-wide reliance is presumed"); *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 276 (2014) ("The burden of proving th[e] prerequisites [to invoke the fraud-on-the-market presumption] still rests with plaintiffs and (with the exception of materiality) must be satisfied before class certification.").

Even if the Court were to require Plaintiffs to re-establish the fraud-on-the-market presumption at trial, the only *Halliburton* factor that requires an independent finding by the jury is that of market efficiency. The first two *Halliburton* factors—i.e., "(1) that the alleged misrepresentations were publicly known," and "(2) that they were material"—are directly subsumed within Plaintiffs' affirmative element of falsity, and there is no reason to pose this question to the jury multiple times and risk juror confusion or an inconsistent verdict. The fourth *Halliburton* factor—i.e., "(4) that the plaintiff traded the stock between the time the misrepresentations were made and

when the truth was revealed"—is not disputed. *Head v. Costco Wholesale Corp.*, 2025 WL 3238211, at *20 (N.D. Cal. Nov. 20, 2025) ("The Court uses the Ninth Circuit model as it is more direct and concise")

Plaintiffs respectfully request that the Court provide the jury with Plaintiffs' proposed instruction.

### K. Disputed Instruction No. 10 re Loss Causation Offered by Defendant

Plaintiffs' Proposed Instruction re Causation adopts the Model Instruction 18.8 verbatim, only adding the language "manipulative acts" and "deflated" to accurately reflect the case at hand. *Floyd v. Laws*, 929 F.2d 1390, 1394 (9th Cir. 1991) (pertinent fact-specific inquiry properly presented in a "a clear, concise, and accurate statement of the law in question"); s*ee also Hsingching Hsu v. Puma Biotechnology, Inc., et al.*, 15-cv-00865-DOC-SHK (Dkt. No. 700 Final Instructions*,* No. 32) (adopting model causation instruction with language reflecting facts of the case). As reflected in Plaintiffs' proposed instruction and reaffirmed by the Ninth Circuit, proof of loss causation "requires no more than the familiar test for proximate cause." *Mineworkers' Pension Scheme v. First Solar Inc.*, 881 F.3d 750, 754 (9th Cir. 2018); *see also In re BofI Holding, Inc. Sec. Litig.*, 977 F.3d 781, 789 (9th Cir. 2020) (likening loss causation requirement "to the showing of proximate causation required in ordinary tort actions").

Musk's proposed instruction deviates from the Model Instruction without purpose, conflating the causation and damages elements. *See United States v. Hipes,* 2025 WL 1009281, at *2 (9th Cir. Apr. 4, 2025) ("no need" for proposed addition to model instruction when the elements were "in the model instruction already"). Musk has recast the correct statement of law in the Model Instruction to place an undue emphasis on the notion that there are "other factors or intervening events" or "other information." *United States v. Keyser*, 704 F.3d 631, 642 (9th Cir. 2012) ("A trial judge may refuse an instruction if its language gives undue emphasis to defendant's version of the facts rather than being a statement of appropriate principles of [the] law"). It is already clear in the Model Instruction 18.8 that Plaintiffs have the burden of proving that it was the alleged fraud that was a substantial cause of their losses. *Prado v. Fed. Express Corp.*, 2015 WL 374965, at *2 (N.D. Cal. Jan. 28, 2015) (No error where the court declined to use an instruction that "reached far beyond what is

recommended by the model instructions and belabored the points in an otherwise straightforward jury instruction crafted to avoid juror confusion.").

Moreover, Musk's proposed instruction that "plaintiff must provide evidence sufficient for you to attribute some rough proportion of his losses to the allegedly misrepresented information, as opposed to other factors for which a plaintiff cannot recover losses" is not an accurate statement of the law regarding causation—that is damages. *See In re Daou Sys., Inc.*, 411 F.3d 1006, 1025 (9th Cir. 2005) ("'[A]s long as the misrepresentation is one substantial cause of the investment's decline in value, other contributing forces will not bar recovery under the loss causation requirement' but will play a role 'in determining recoverable damages.'") (citation omitted). Causation is simply a question of whether the alleged misrepresentations and omissions were a substantial cause of the company-specific stock price declines.

Plaintiffs respectfully request that the Court provide the jury with Plaintiffs' proposed instruction.

### L. Disputed Instruction No. 11 re Protected Litigation Conduct Offered by Defendant

The Court has already heard and dismissed Musk's argument that he cannot be liable for fraud based on the *Noerr-Pennington* doctrine. Musk's MSJ at 36; Reply at 23; MSJ Order, Dkt. 302. *Noerr-Pennington* does not apply.[2] *Golden Eye Media USA, Inc. v. Trolley Bags UK Ltd.*, 2021 WL 1080688, at *7 (S.D. Cal. Mar. 18, 2021) (where court "already ruled that the *Noerr-Pennington* doctrine does not apply to this case," plaintiffs could describe or characterize the disputed conduct "however Plaintiff sees fit. To the extent Defendants disagree with that characterization, they can explain their opinions regarding the complaints to Amazon during opening statements and closing arguments"); *Roberts v. Spalding*, 783 F.2d 867, 873 (9th Cir. 1986) ("the district court was under no duty to submit to the jury proposed instructions that contain…a theory not supported by the evidence, or that are otherwise incomplete or improper").

---

[2] Musk has also put forth a Motion *in Limine* to preclude evidence or argument of liability based on "non-fraudulent statements," repeating the *Noerr-Pennington* argument he raised in his MSJ. Dkt. 342. Plaintiffs' January 29, 2026, Opposition thereto further details the impropriety of Musk's attempt to relitigate *Noerr-Pennington*.

In the first instance, the *Noerr-Pennington* doctrine does not apply to securities cases. *In re Am. Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.*, 794 F. Supp. 1424, 1448 (D. Ariz. 1992) ("*Noerr–Pennington* simply has no application" and would "undermine the fabric" of federal securities laws as a "rule of law which excuse[s] misrepresentations when it is the truth of the information which is fundamentally at issue" because "it is not a shield for fraud"). At no point in this action or in these papers has Musk cited a case in which *Noerr-Pennington* was applied to a securities fraud case.

Moreover, given the law and other instructions in this case, there is no need for a *Noerr-Pennington* instruction, which will only confuse the jury. *United States v. Lopez-Alvarez*, 970 F.2d 583, 597 (9th Cir. 1992) ("A defendant is not entitled to any particular form of instruction, nor is he entitled to an instruction that merely duplicates what the jury has already been told"). If the jury finds liability under Rule 10b-5 for any of the conduct that Musk claims is protected, they have found fraud and therefore *Noerr-Pennington* does not apply. *United States v. Koziol*, 993 F.3d 1160, 1181 (9th Cir. 2021) (Court's refusal to give stand-alone *Noerr-Pennington* instruction where finding liability under Hobbs Act would moot defense "was not misleading and it adequately guided the jury's deliberation").

The model instructions that Musk cites only serve to highlight that this proposed jury instruction is nothing more than an attempt to mislead the jury. The cited Modern Federal Jury Instructions both make clear the *Noerr-Pennington* doctrine's locus is within antitrust laws, and that the analysis of good or bad faith tracks lawfulness. Instruction 76-62 ("Because of the importance of the constitutional right to petition, it is the law that good faith attempts to influence public officials, or vindicate rights in court, do not violate the antitrust laws regardless of their anticompetitive aspects"); Instruction 79-63 ("You must make the determination whether the defendants conducted their petitioning activity in good faith or bad faith—and thus whether the activity was lawful or unlawful—on all the evidence presented"). Accordingly, if the jury finds that Musk's conduct is unlawful or not, the *Noerr-Pennington* doctrine instruction would be unnecessary and would only cause confusion. *United States v. Koziol*, 993 F.3d 1160, 1181 (9th Cir. 2021).

Plaintiffs respectfully request that the Court decline to read this instruction. If such an instruction is given, Plaintiffs request that, rather than Musk's proposed general and inflammatory

description of Constitutional rights, any instruction on *Noerr-Pennington* accurately lay out the elements of the doctrine, the sham exception, and that in this case, this doctrine would apply only to Musk's actions in the Delaware lawsuit. *See, e.g.,* Judicial Council of California Civil Jury Instructions No. 3430.

### M. Disputed Instruction No. 12 re Damages Offered by Defendant

Plaintiffs' proposed instruction adopts verbatim the language of Model Instruction 18.9, only adding "and the Class" to clarify that the jury is awarding damages for more than just the named Plaintiffs present in the courtroom. *Jones v. Nat'l R.R. Passenger Corp.*, 2025 WL 1410707, at *16 (N.D. Cal. May 15, 2025) (Ninth Circuit model jury instructions fairly state the law and are "instructions federal courts use all the time"); *United States v. McHatton*, 2024 WL 4972039, at *1 (9th Cir. Dec. 4, 2024) ("the district court committed no error by issuing the model instruction on securities fraud").

Musk's proposed instruction is a long and prejudicial departure from the Model Instruction. *United States v. Hipes,* 2025 WL 1009281, at *2 (9th Cir. Apr. 4, 2025) ("no need" for proposed addition to model instruction when the elements were "in the model instruction already"); *United States v. Keyser*, 704 F.3d 631, 642 (9th[th] Cir. 2012) ("A trial judge may refuse an instruction if its language gives undue emphasis to defendant's version of the facts rather than being a statement of appropriate principles of [the] law"); *Prado v. Fed. Express Corp.*, 2015 WL 374965, at *2 (N.D. Cal. Jan. 28, 2015) (No error where the court declined to use an instruction that "reached far beyond what is recommended by the model instructions and belabored the points in an otherwise straightforward jury instruction crafted to avoid juror confusion.").

The parties agree that under Rule 10b-5, Plaintiffs can only recover for the "actual" economic loss they sustained. Because the jury will already be instructed that they may only award "actual" damages, Musk's proposed language regarding disaggregation is redundant and confusing. *United States v. Lopez-Alvarez*, 970 F.2d 583, 597 (9th Cir. 1992) ("A defendant is not entitled to any particular form of instruction, nor is he entitled to an instruction that merely duplicates what the jury has already been told").

Musk's attempt to inject the concept of disaggregation into the Model Instruction is additionally prejudicial to Plaintiffs because it improperly presumes and repeats multiple times that there are "factors other than the alleged fraud" that caused Plaintiffs' losses. Consequential damages that "with reasonable certainty ... have resulted from the fraud" may be recovered under Rule 10b-5. *Ambassador Hotel Co. v. Wei-Chuan Inv.*, 189 F.3d 1017, 1030 (9th Cir. 1999); *Lloyd v. CVB Fin. Corp.*, 811 F.3d 1200, 1203 (9th Cir. 2016) ("the announcement of an SEC investigation related to an alleged misrepresentation, coupled with a subsequent revelation of the inaccuracy of that misrepresentation, can serve as a corrective disclosure for the purpose of loss causation."). Musk may argue to the jury that Plaintiff has failed to prove consequential damages but as a proposed instruction, such language is highly prejudicial and should not be adopted. *Weekley v. City of Los Angeles*, 2014 WL 13133556, at *2 (C.D. Cal. Sept. 16, 2014), *aff'd,* 656 F. App'x 824 (9th Cir. 2016) ("A requested instruction obviously will be rejected by the court if it is argumentative or one-sided") (quoting 9C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2552 (3d ed. 2008)).

Plaintiffs respectfully request that the Court provide the jury with Plaintiffs' proposed instruction.

### N. Disputed Instruction No. 13 re Willful Suppression Offered by Plaintiffs

Plaintiffs will seek to show a multi-week gap in Musk's produced text messages at trial in satisfaction of the Ninth Circuit's three-part test "requiring the party seeking an adverse inference from spoliation to show that: (1) the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the records were destroyed with a 'culpable state of mind'; and (3) the evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Al Otro Lado, Inc. v. Wolf*, 2021 WL 631789, at *4 (S.D. Cal. Feb. 18, 2021) (quoting *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 989 (N.D. Cal. 2012)). Should Plaintiffs establish spoliation, they respectfully request that the Court order an adverse inference instruction in the exercise of its inherent power to levy sanctions. *Leon v. IDX Sys. Corp.,* 464 F.3d 951, 958 (9th Cir. 2006).

Dated: January 27, 2026

Respectfully submitted,

**COTCHETT, PITRE & MCCARTHY, LLP**
Joseph W. Cotchett (SBN 36324)
Mark C. Molumphy (SBN 168009)
Tyson C. Redenbarger (SBN 294424)
Elle D. Lewis (SBN 238329)
Gia Jung (SBN 340160)
Caroline A. Yuen (SBN 354388)

*/s/ Tyson C. Redenbarger*
Tyson C. Redenbarger

San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000

**BOTTINI & BOTTINI, INC.**
Francis A. Bottini, Jr. (SBN 175783)
Aaron P. Arnzen (SBN 218272)

*/s/ Aaron P. Arnzen*
Aaron P. Arnzen

7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone: (858) 914-2001

### ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Tyson C. Redenbarger, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of January 2026, at Burlingame, California.

*/s/ Tyson C. Redenbarger*
Tyson C. Redenbarger