QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (*pro hac vice*)
alexspiro@quinnemanuel.com
Ellyde R. Thompson (*pro hac vice*)
ellydethompson@quinnemanuel.com
Jesse A. Bernstein (*pro hac vice*)
Jessebernstein@quinnemanuel.com
295 Fifth Ave., New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Michael T. Lifrak (Bar No. 210846)
michaellifrak@quinnemanuel.com
Stephen A. Broome (Bar No. 314605)
stephenbroome@quinnemanuel.com
Alex Bergjans (Bar No. 302830)
alexbergjans@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendant Elon Musk*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIUSEPPE PAMPENA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ELON R. MUSK,<br><br>Defendant. | CASE NO. 3:22-CV-05937-CRB<br><br>**DEFENDANT ELON MUSK'S MEMORANDUM OF LAW IN SUPPORT OF HIS PROPOSED VERDICT FORM**<br><br>Judge: Hon. Charles R. Breyer |

## PRELIMINARY STATEMENT

The Court's pretrial order in this case directs the parties to submit a "joint special verdict form with the questions arranged in a logical sequence." Dkt. No. 195 at 2. Despite this order, Plaintiffs have proposed a general verdict form that simply asks whether the jury finds for the Plaintiffs or for the Defendant, devoid of any reference to securities fraud, to the specific alleged misstatements at issue, or to the elements Plaintiffs must prove. Because Defendant believes such a verdict form neither complies with the Court's directions nor is proper here, Defendant submits this brief memorandum of law in support of his proposal.

## ARGUMENT

### I. A Special Verdict Form Is Required Here

First and foremost, Plaintiffs propose a general verdict form that is so vague that it is designed to bypass their burden to prove each individual element of their claim and instead invites the jury to render a verdict against Defendant after an incomplete and insufficient analysis of the issues at trial. "The district court has broad discretion in deciding whether to send the case to the jury for a special or general verdict. This discretion extends to determining the content and layout of the verdict form, and any interrogatories submitted to the jury, ***provided the questions asked are reasonably capable of an interpretation that would allow the jury to address all factual issues essential to judgment***." *United States v. Real Prop. Located at 20832 Big Rock Drive, Malibu, Cal. 902655*, 51 F.3d 1402, 1408 (9th Cir. 1995) (emphasis added); *In re Hawaii Fed. Asbestos Cases*, 871 F.2d 891, 894 (9th Cir. 1989) (same). Plaintiffs' verdict form not only fails to "allow the jury to address all factual issues essential to judgment," it actively prevents the jury from doing so. It should be rejected for that reason alone. The jury is required to determine whether the statements were materially false, Defendant's scienter as to their material falsity, justifiable reliance or whether Plaintiffs have proven the fraud-on-the-market presumption, and loss causation. The verdict form does not ask if Plaintiffs proved any of these elements and therefore does not allow the jury to address each of the factual issues essential to judgment.

Because the verdict form does not list each element, there exists an obvious risk that the jury could find Defendant liable without considering whether Plaintiffs relied on the alleged

misstatements or whether the misstatements caused damage. In contrast, a special verdict form—like the one Defendant proposes—ensures that the jury answers all questions necessary for liability by actually posing them. Moreover, because Plaintiffs' proposed verdict form fails to identify each element as an indispensable requirement of the 10b-5 claim, the jury may treat the requirements as factors to be weighed in a totality of the circumstances test and not specific elements to be proven. As a result, the jury may reach of a verdict of liable even after determining that Plaintiffs did not prove a specific element because the remainder weighed so heavily in favor of liability. The law requires the jury find for the Plaintiffs on each element; the verdict form should, too.

A general verdict form is inappropriate for a case of this magnitude and complexity. "[T]he propriety of using a special verdict should be determined according to 'the particular circumstances of [each] case.'" *United States v. Reed*, 147 F.3d 1178, 1180 (9th Cir. 1998) (citation omitted). Here, the Plaintiffs are seeking billions of dollars in damages through claims that require the jury to conduct a number of complicated analyses (and reach a unanimous verdict on each), including whether the facts Defendant purportedly misrepresented differed from the true state of affairs in a manner sufficient to alter the reasonable investor's decision to buy or sell securities; whether Defendant had knowledge of the alleged material falsity of the tweets; whether the fraud-on-the-market presumption applies and relatedly, whether the statements actually affected the stock price; and whether Plaintiffs' alleged losses were actually caused by the statements. Given the number of specific issues the jury must address and the serious consequences of a finding of liability, a general verdict form on liability poses too high a risk of an unjust and incorrect result and prejudice to be adopted under the circumstances.

A verdict form containing one question about liability is also likely to confuse the jury, who will have just been instructed about the multiple elements and will be expecting a form consistent with those instructions. Indeed, this Court has previously ruled that where a proposed verdict form "d[id] not include a special interrogatory regarding loss causation even though a loss causation instruction is given," that omission "is problematic because the jury is instructed that an essential element of the 10(b) claim is that the plaintiff suffered damages as a result of the defendant's misrepresentation." Ex. 1, Order Re: Phase I Verdict Form, *In re Clarent Corp. Sec. Litig.*, 1-cv-

3361 (N.D. Cal. Feb. 11, 2005) (Breyer, J), Dkt. No. 468. Plaintiffs' verdict form here is problematic for precisely the same reasons.

A special verdict form would provide the jury with a clear and concise roadmap that guides them through their deliberations, ensures all essential factual issues are resolved, and ensures the jury has determined every essential element of the claim. A general verdict form would invite error and prejudice Defendant. Plaintiffs' general verdict form should be rejected.

## II. At Minimum, The Verdict Form Must Identify The Claim And The Alleged Misrepresentations

Even if a general verdict form were appropriate in this case—and it is not—Plaintiffs' proposed verdict form would still be insufficient. Plaintiffs' proposal is not even a proper general verdict form because it does not merely omit specific questions about the elements of Plaintiffs' securities fraud claim, it also omits any reference to Plaintiffs' claim at all, including failing to identify the alleged misrepresentations the jury must consider as the basis for liability.

Other district courts faced with securities fraud class actions have correctly rejected just such proposals. In *In re Vivendi Universal, S.A. Sec. Litig.*, the plaintiffs proposed a verdict form that "did not identify any specific statements by the company." *In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 577 (S.D.N.Y. 2011). The court reviewed the parties' proposals "and also reviewed the verdict forms used in several recent securities class actions tried before a jury"—including one used by this Court—and asked the plaintiffs "to propose an alternate verdict form that identified specific misstatements, consistent with the approach used in several of the recent securities cases cited above." *Id.* at 578.

The *Vivendi* court was correct. Verdict forms in securities fraud class action jury trials consistently identify the specific alleged misstatements at issue at trial. In *In re Apollo Grp., Inc.*, cited in *Vivendi*, the verdict form identified six specific statements at issue and asked the jury about various elements as to each of the specific misstatements. *See* Ex. 2, Verdict Form, *In re Apollo Grp., Inc.*, 4-cv-2147 (D. Ariz. Jan. 16, 2008), Dkt. No. 490. In *Jaffe v. Household Int'l, Inc.*, again relied upon in *Vivendi*, the verdict form identified forty specific alleged misstatements. Ex. 3, Verdict Form, *Jaffe v. Houshold Int'l, Inc.*, 2-cv-5893 (N.D. Ill. May 7, 2009), Dkt. No. 1611. In

*In re Clarent Corp. Sec. Litig.*, relied upon in *Vivendi*, the verdict forms identified specific statements at issue as to each of the defendants. Ex. 4, Verdict Form as to Ernst & Young LLP's Liability, *In re Clarent Corp. Sec. Litig.*, 1-cv-3361 (N.D. Cal. Feb. 16, 2005) (Breyer, J), Dkt. No. 476; Ex. 5, Verdict Form as to Jerry Chang's Liability, *In re Clarent Corp. Sec. Litig.*, 1-cv-3361 (N.D. Cal. Feb. 16, 2005) (Breyer, J), Dkt. No. 475. In *In re JDS Uniphase Corp.*, the last case relied upon in *Vivendi*, the verdict form identified twenty-four statements at issue. Ex. 6, Verdict Questions Form, *In re JDS Uniphase Corp. Sec. Litig.*, 2-cv-1486 (N.D. Cal. Nov. 27, 2007), Dkt. No. 1883. In *Vivendi* itself, the seventy-two page verdict form identified fifty-seven statements at issue. *Vivendi*, 765 F. Supp. 2d at 524.

This pattern has continued in the few securities fraud class action jury trials that have occurred since *Vivendi*. In *In re Longtop Fi. Techs. Ltd. Sec. Litig.*, the verdict form identified eight specific statements at issue. Ex. 7, Special Verdict Form, *In re Longtop Fi. Techs. Ltd. Sec. Litig.*, 11-cv-3658 (S.D.N.Y. Jan. 28, 2015), Dkt. No. 272. In *HsingChing Hsu v. Puma Biotech. Inc.*, the verdict form identified four specific statements at issue. Ex. 8, Verdict Form, *HsingChing Hsu v. Puma Biotech. Inc.*, 15-cv-865 (C.D. Cal. Feb. 4, 2019), Dkt. No. 718. In *In re Tesla Sec. Litig.*, the verdict form identified two specific statements at issue. Ex. 9, Verdict Form, *In re Tesla Sec. Litig.*, 18-cv-4865 (N.D. Cal. Feb. 2, 2023), Dkt. No. 659.

This approach has been consistently adopted for good reason. Not only does it ensure that the jury consider only the specific alleged misrepresentations that can properly be a basis for liability, it also provides an opportunity for the Court and the parties to reach a consensus on what those statements are. In *Vivendi*, for example, this approach allowed for "back and forth between counsel and the Court regarding whether certain statements therein should be put to the jury." *Vivendi*, 765 F. Supp. 2d at 578. And "the Court also directed plaintiffs to provide defendants with an explanation of why they believed each statement on their appendix was materially misleading in

order to enable defendants to prepare for closing arguments."[1] *Id.* This is particularly important here, where Plaintiffs have insisted that their case is broader than the May 13, May 16, and May 17 alleged misstatements but have failed to identify any other basis for liability. Plaintiffs' jury instructions and verdict form are in line with this tactic; neither identifies with any specificity Plaintiffs' claims. The Court should reject these games. It should require Plaintiffs to set out a precise list of the statements at issue in this trial and their basis for asserting that each statement is materially false or misleading, and adopt a proposed verdict form that specifies only the statements the jury may properly consider in determining liability.

## III. Plaintiffs' Unduly Prejudicial Damages Framing Should Be Rejected

The Court also should reject Plaintiffs' proposal as to the damages section of the verdict form, which both seeks to allow the jury to simply check a box to adopt wholesale Plaintiffs' expert's damages calculations and also permit the jury to fill in a blank form if it rejects Plaintiffs' proffered damages theory. Because Plaintiffs' damages models are not being offered as a binary choice, but instead one of many options the jury may choose to determine damages, the verdict form is unfairly suggestive. Courts in this district in securities class actions have previously rejected similar verdict forms that invite the jury to simply check a box adopting an expert's report as improperly suggestive. Ex. 10, Oct. 25, 2022 Pretrial Conference Tr., *In re Tesla Sec. Litig.*, 18-cv-4865 at 140:2-8 ("Similarly I would like you to discuss the verdict form. I will tell you right now my inclination is not to have a filled in blanks and say yeah or no. I think that's -- I don't want to suggest anything to the jury. And so to the extent that the proposed verdict from the plaintiff has an already table to be prepared and you just have to check a box to say yes, I don't look too favorably on that."). Any verdict form should—like all recent other verdict forms issued in securities class actions in this Circuit, *see* Ex. 8, Verdict Form, *HsingChing Hsu v. Puma Biotech. Inc.*, 15-cv-865 (C.D. Cal. Feb. 4, 2019), Dkt. No. 718; Ex. 9, Verdict Form, *In re Tesla Sec. Litig.*, 18-cv-4865 (N.D. Cal. Feb. 2,

---

[1] This only occurred before closing arguments because the defendants in *Vivendi* failed to demand such a list earlier. *Id.* at 579 n. 56. In contrast, Defendant here has repeatedly requested clarification on the precise contours of the case Plaintiffs may present to the jury. Plaintiffs' general verdict form is just the next iteration of their refusal to do so.

2023), Dkt. No. 659—include only blank charts for the jury to populate with the respective deflation and but-for implied volatility it determines Plaintiffs have proven.

Defendant separately objects to Plaintiffs' verdict form including as an option for damages "Exhibit 6b to the damages report of Plaintiffs' expert (Dr. Tabak)," which the jury is instructed to check off "if you find there was a scheme to defraud." Exhibit 6b is identical to Dr. Tabak's Exhibit 5b-SUPP—Dr. Tabak's calculation of damages "if you find Defendant made one or more false statements or material omissions but did not engage in a scheme"—but calculates as damages alleged deflation caused by Defendant's July 8 Termination Letter (and no other alleged misconduct). The Court held that the July 8 Letter was not actionable and dismissed "Plaintiffs' claims to the extent they are predicated on" it. Dkt. No. 48 at 26–28, 39. Plaintiffs are precluded from seeking any alleged damages arising from it and should not be permitted to give the jury the option to adopt any model that includes such damages on its verdict form.

Moreover, exhibits to an expert report cannot be admitted and cannot be sent back to the jury. As the text of Rule 1006 indicates, a summary, chart, or calculation is admissible "to prove the content" of the underlying records, but not when the calculation includes "assumptions, inferences, and projections about future events, which represent [an] opinion, rather than the underlying information." *Eichorn v. AT&T Corp.*, 484 F.3d 644, 650 (3d Cir. 2007); *see also FTC v. Am. Precious Metals, LLC*, 726 F. App'x 729, 733 (11th Cir. 2018) (declaration offered not to "prove the content" of underlying records but to present "expert conclusions" about those records was not admissible under Rule 1006). And summary evidence admitted under Rule 1006 "cannot contain opinions or conclusions." *United States v. Honeywell Int'l Inc.*, 337 F.R.D. 456, 459 (D.D.C. 2020) (citing *Colón-Fontánez v. Municipality of San Juan*, 660 F.3d 17, 31 (1st Cir. 2011) and *S.E.C. v. Franklin*, 265 F. App'x 644, 646 (9th Cir. 2008)).

Dr. Tabak's charts are nothing but opinions and conclusions. They are not mere calculations or summaries of admissible evidence but rather Dr. Tabak's opinions and conclusions as to what the but-for price of Twitter's stock would be, the amount of artificial inflation he opined the statements caused, and the amount of implied volatility he concluded occurred in this case. These charts are in essence a Cliffs Notes version of his entire expert report and a summary of his conclusions. As a

result, they are not permitted under Rule 1006. Indeed, such an interpretation of Rule 1006 would subsume the well-established rule that an expert's report is not admissible as a party could simply summarize the contents of the report into a chart and offer it under Rule 1006. Because the exhibits cannot go back to the jury, the jury should not be permitted to check a box referring to a chart not in front of them and thereby discharge their obligation to find specific damages proven by Plaintiffs.

In fact, for the reasons stated in Defendant's pending motion *in limine*, Defendant objects to any reference to Dr. Tabak's damages opinions on the verdict form because the opinions themselves are unreliable and inadmissible. *See* Dkt. No. 249 (Defendant's Motion to Exclude The Opinions of David I. Tabak). Among other defects, Dr. Tabak's opinion fails to adequately isolate the price impact of the alleged misstatements from other market and industry factors during the Class Period, did not do any analysis to disaggregate loss caused by the allegedly false statement from loss caused by purportedly true information conveyed by the May 13 Tweet, seeks damages after the July 8 Termination Letter, and otherwise does not comply with *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005). *See generally* Dkt. No. 249. Defendant incorporates by reference all objections to Dr. Tabak's opinion raised in his Motion to Exclude briefing. Dkt. Nos. 249, 281.

Finally, Defendant objects to the "Damages for the Twitter Options Traded by Plaintiffs" section of Plaintiffs' verdict form. As an initial and fundamental matter, the Options portion of the verdict form is improper because it does not ask the jury to decide the amount of Options deflation proven at all. The jury is allowed only to agree with Plaintiffs' expert's calculation, choose some unquantified number based on stock deflation, or award no damage. The form does not contemplate the jury independently determining the amount of deflation based on the evidence presented, which is its charge and what courts consistently require of juries in securities class actions. *See* Ex. 8, Verdict Form, *HsingChing Hsu v. Puma Biotech. Inc.*, 15-cv-865 (C.D. Cal. Feb. 4, 2019), Dkt. No. 718; Ex. 9, Verdict Form *In re Tesla Sec. Litig.*, 18-cv-4865 (N.D. Cal. Feb. 2, 2023), Dkt. No. 659.

The form also incorrectly asks the jury to determine "the amount of damages Plaintiffs' expert calculated for the options . . . ." But Plaintiffs' expert did not calculate "damages," he calculated deflation via implied volatility—which is what the jury will be asked to determine. *See* Tabak Supp. Report at ¶ 28 ("I use the 'implied volatility' and calculate the effect of the deflation

in Twitter's stock price on each option."). In addition, Plaintiffs again improperly give the jury the option to simply check a box to adopt the "amount of damages Plaintiffs' expert calculated for the options"—this time without even identifying any chart. Beyond that, Plaintiffs give the jury the option to adopt a damages model that assumes that the dismissed July 8 Termination Letter impacted options volatility, in violation of the Court's motion to dismiss order. And finally, as a third option, Plaintiffs ask the jury to award "[a]n amount of damages consistent with the amount of stock deflation we selected in Ex. 1." The quantum of that amount? Unknown, as Dr. Tabak did not separately calculate option volatility "consistent with the amount of stock deflation" he identified, let alone some yet-to-be determined amount the jury may decide.

The Court should reject Plaintiff's improper damages verdict form and adopt Defendant's damages form instead.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court adopt Defendant's proposed special verdict form.

DATED: January 27, 2026

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By *\/s/ Ellyde R. Thompson*

Alex Spiro
Michael T. Lifrak
Stephen A. Broome
Ellyde R. Thompson
Jesse A. Bernstein
Alex Bergjans

*Attorneys for Defendant Elon Musk*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on all counsel of record electronically or by another manner authorized under FED. R. CIV. P. 5(b) on Tuesday, January 27, 2026.

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Alex Bergjans*
Alex Spiro
Michael T. Lifrak
Stephen A. Broome
Ellyde R. Thompson
Jesse A. Bernstein
Alex Bergjans

*Attorneys for Defendant Elon Musk*

**ATTESTATION**

Pursuant to Civil L.R. 5-1, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the other signatories herein.

By */s/ Alex Bergjans*
Alex Spiro
Michael T. Lifrak
Stephen A. Broome
Ellyde R. Thompson
Jesse A. Bernstein
Alex Bergjans

*Attorneys for Defendant Elon Musk*