COTCHETT, PITRE & MCCARTHY, LLP
Joseph W. Cotchett (SBN 36324)
*jcotchett@cpmlegal.com*
Mark C. Molumphy (SBN 168009)
*mmolumphy@cpmlegal.com*
Tyson C. Redenbarger (SBN 294424)
*tredenbarger@cpmlegal.com*
Elle D. Lewis (SBN 238329)
*elewis@cpmlegal.com*
Gia Jung (SBN 340160)
*gjung@cpmlegal.com*
Caroline A. Yuen (SBN 354388)
*cyuen@cpmlegal.com*
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr. (SBN 175783)
*fbottini@bottinilaw.com*
Aaron P. Arnzen (SBN 218272)
*aarnzen@bottinilaw.com*
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone: (858) 914-2001

*Lead Counsel for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| GIUSEPPE PAMPENA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ELON R. MUSK,<br><br>Defendant. | Case No. 3:22-CV-05937-CRB<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 2 TO PRECLUDE EVIDENCE RELATED TO WALTER ISAACSON'S BIOGRAPHY ELON MUSK**<br><br>**(PUBLIC – REDACTED VERSION)**<br>Date:      February 17, 2026<br>Time:      2:00 p.m.<br>Courtroom: 6, 17th Floor<br>Judge:     Honorable Charles R. Breyer |

## INTRODUCTION

Walter Isaacson was recently deposed in this case. *See* Declaration of Tyson Redenbarger in Support of this Opposition to Defendant's Motion *in Limine* No. 2 ("Redenbarger Decl.") ¶7. Isaacson testified to the accuracy of a passage in his biography titled, *Elon Musk*, and its surrounding circumstances. *See* Redenbarger Decl. ¶ 7; Ex. 6.[1] Musk does not object to admission of this testimony here. Defendant's Motion *in Limine* No. 2 to Preclude Evidence Related to Walter Isaacson's Biography *Elon Musk*, ECF 340 ("Musk's MIL 2") at 3:4-5 ("Musk does not object to the admissibility of that passage at trial."). Despite that concession, Musk's expansive motion seeks to exclude not just the book as evidence, but any reference to the book whatsoever. Musk's MIL 2 at 1:2-4; 7:22-24 (seeking to exclude even mentioning the book's existence). Indeed, to justify the sweeping motion, Musk imagines a variety of ways that Plaintiffs might seek to introduce the biography at trial, none of which are grounded in reality. To be clear, Plaintiffs intend to play Isaacson's limited deposition at trial pursuant to Rule 32(4)(B) to introduce the passage that both parties agree is admissible. However, on its face, Musk's sweeping motion would prohibit Plaintiffs from doing even that. Moreover, setting aside the admissibility of the book as substantive evidence, Plaintiffs should be permitted to use the biography to refresh a witness's recollection as permitted under the Federal Rules of Evidence ("FRE"), an occurrence that seems likely given that the events at issue occurred more than three years ago, and Isaacson's book covers the Twitter acquisition from conception to completion. Plaintiffs respectfully request that the Court deny Defendant's motion.

## FACTUAL BACKGROUND

Walter Isaacson is an author living in New York. Between 2020 and 2023, Isaacson authored the eponymous biography about Elon Musk, which was published in November 2023 ("Biography"). The Biography contains several chapters detailing conversations and events that Isaacson personally observed or participated in relating to the Twitter acquisition. To write the Biography, Isaacson "shadowed" Musk for two years (covering the Class Period), was invited to sit in on Musk's meetings,

---

[1] "Ex." refers to exhibits to the Declaration of Tyson Redenbarger in support of this Opposition to Defendant's Motion in Limine No. 2.

and was provided emails and texts. Ex. 1 (book sleeve); Ex. 2 at 81:15-23 (███████). The Biography covers key events in Musk's 2022 takeover of Twitter. Ex. 1 at Chapter 72, "Active Investor: Twitter, January-April 2022"; Chapter 73, "'I made an offer': Twitter, April 2022"; Chapter 74, "Hot and Cold: Twitter, April-June 2022"; Chapter 78, "Uncertainty: Twitter, July-September 2022"; Chapter 81, "'Let that sink in: Twitter, October 26-27, 2022"; Chapter 82, "The Takeover: Twitter, Thursday, October 27, 2022"; and Chapter 88, "Hardcore: Twitter, November 18-30, 2022." Clearly, the Biography covers events highly relevant to this case. The Biography also lists Isaacson's sources—which includes key witnesses in this case such as Musk himself, Spiro, and Birchall—and details which of his sources supplied information for each specific chapter of the book. *See id.* at 619-22 (Sources) and 623-636 (Notes).

After a detailed telephonic conference in the Southern District Court of New York—a hearing at which Musk's attorney made extensive arguments—the Honorable Judge Ricardo ordered Isaacson to sit for a limited deposition regarding the following passage appearing on page 463 of the Biography:

> "There's no way to move forward after what they said," he [Musk] told me [Isaacson] right after his meeting at Twitter headquarters. "The forty-four-billion dollar price requires taking on a lot of debt, both the company and me personally. I think Twitter may be headed off the rails. It might work out, at a much lower price, I mean literally half or something."

Ex. 3 ("Undisputed Passage"); *see also* Ex. 4. Judge Ricardo also permitted "limited follow-up…establishing [] the surrounding circumstances, you know, when and where was it said[.]" Ex.5 at 53 (cleaned up). Isaacson subsequently sat for that deposition on January 27, 2026, which Musk's counsel also attended. Redenbarger Decl. ¶ 7; Ex. 6. Isaacson verified the accuracy of the passage as a statement that Musk made to him "right after the meeting at Twitter headquarters as the passage says." Ex. 6 at 9:6-7. Plaintiffs intend to play Isaacson's deposition testimony at trial to support their case. Plaintiffs also intend to use the Biography to refresh the recollection of key witnesses if needed.

## ARGUMENT

**A. Musk Accepted Admissibility of Undisputed Passage and Isaacson Was Deposed Thereto**

For evidence to be excluded under a motion *in limine*, the evidence must be inadmissible on **all** potential grounds. *See e.g., United States v. Wolfenbarger*, 2021 WL 3212833, at *1 (N.D. Cal.

July 29, 2021) ("[T]o exclude evidence on a motion in limine the evidence must be inadmissible on all potential grounds. Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context."); *Mendoza v. Intuitive Surgical, Inc.*, 2021 WL 1893083, at *1 (N.D. Cal. May 11, 2021) (same). Musk accepts that the Biography is admissible as to the Undisputed Passage. Therefore, Musk cannot show that the Biography is inadmissible on *all* potential grounds because Musk has expressly accepted that the Biography is admissible on *some* ground.

Moreover, Musk's motion is overbroad. Plaintiffs intend to introduce the Undisputed Passage by showing Isaacson's limited deposition testimony—totaling 14 minutes—at trial. Introducing the passage via Isaacson's deposition will place the passage in its necessary context such that the jury can understand that Isaacson is an author; that he wrote the Undisputed Passage as part of a biography about Elon Musk; that the passage was based on Isaacson's personal reporting; and that the passage accurately reflects what Musk told Isaacson after the May 6 meeting. Ex. 6 at 5:17, 6:17-9:20, 10:10-11, 10:22-11:4, 11:9-12. There is no reason to believe that this limited contextual information would in any way prejudice Musk. Courts routinely deny such overbroad requests that attempt to exclude sweeping categories of information. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2016 WL 7803893, at *2 (N.D. Cal. Nov. 15, 2016) ("Defendants' motion as to this broad category of information is denied…the Court cannot rule in a vacuum."); *Vincent v. Reyes, et al.*, 2021 WL 4262289, at *1 (N.D. Cal. Sept. 20, 2021) ("Motions in limine that seek exclusion of broad and unspecific categories of evidence…are generally disfavored" because courts are "better situated during the actual trial to assess the value and utility of evidence," instead of "tackling the matter in a vacuum.") (citing to *Espinoza v. Sniff*, 2015 WL 12660410 at *1 (C.D. Cal. May 11, 2015)); *Corcoran v. CVS Pharmacy, Inc.*, No. 15-CV-03504-YGR, 2021 WL 633809, at *1 (N.D. Cal. Feb. 18, 2021) (warning parties not to "misuse motions in limine in an attempt to exclude broad categories of possible evidence[.]"); *Colton Crane Co.. v. Terex Cranes Wilmington, Inc.*, 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010) ("[M]otions in limine should rarely seek to exclude broad categories of evidence,

as the court is almost always better situated to rule on evidentiary issues in their factual context during trial.").

### B. Plaintiffs Should Be Permitted to Use the Biography to Refresh a Witness's Recollection

Regardless of its admissibility as substantive testimony, FRE 612 permits any writing to be used to refresh a witness's memory. FRE 612. This elementary principle is as old as time. *See e.g. Putnam v. United* States, 162 U.S. 687, 694 (1896) ("It is elementary that the memory of a witness may be refreshed by calling his attention to a proper writing or memorandum.") (citing to Greenleaf on Evidence I § 436); *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 233 (1940) (finding the decision to use testimony to refresh a witness's recollection as resting within "sound discretion of the trial judge" because "[h]e sees the witness, can appraise his hostility, recalcitrance, and evasiveness or his need for some refreshing material[.]"); *Goodfriend v. United States,* 294 F. 148, 153 (9th Cir. 1923) ("It is not even necessary that the memorandum shall have been made by the witness himself, so long as he can speak to the facts from his own recollection.").

The Biography recounts the entire Twitter acquisition from Musk's initial decision to join Twitter's Board in March 2022, which became an offer to buy Twitter outright instead (Ex. 1 at 442), to the Twitter deal closing (*id.* at 512-14) and Musk's firing of Twitter executives (*id*. at 511-14). Indeed, the Biography details the back and forth between the Twitter Board and Musk, when Musk changed his mind from joining the Board to making an offer to acquire Twitter in April 2022 (*id.* at 450-55); Birchall's instruction to Morgan Stanley to start working out a price for the Twitter acquisition (*id.* at 453); Musk's call to his bankers in April about his decision to buy Twitter (*id.* at 456); the Twitter Board and Musk's team working out details of the acquisition on April 24 (*id.* at 459); the May 6 meeting between Twitter executives and Musk (*id.* at 462-63); Musk's reservations about the deal and intent to renegotiate it (*id.* at 463); Musk's May 13, 2022 tweet and attempts by Spiro to get Musk to backtrack on his tweet and refrain from making further statements (*id*. at 464); the "Hot and Cold" period in the summer of 2022 when Musk was having "[s]econd thoughts" about the deal (*id*. at 459-65); Musk's purported termination of the merger agreement and Twitter's legal response (*id*. at 490); negotiations with Twitter before Musk agreed to go through with the acquisitions

1  (*id.* at 493-94); the days leading up to completion of the acquisition (*id.* at 507-10); and the actual
2  completion of the acquisition (*id.* 512-14).

3  These sections of the Biography are clearly relevant to this case, and should a witness struggle
4  to recall certain events and state that their memory could be refreshed, the parties should be permitted
5  to use the Biography to do just that. Indeed, many witnesses in this case have already demonstrated
6  spotty memories of events that are covered by the Biography, which happened more than three years
7  ago. In fact, in response to Plaintiffs' interrogatory asking Musk to identify all communications he
8  had with Walter Isaacson regarding the acquisition, Defendant responded in part that ███████
9  ████████████████████████████████████████████████████
10 ████████████████████████████████████████████████████
11 ███████████████████████████ Ex. 7 at 49. Musk's sweeping motion would prohibit
12 even this limited use at trial. Musk has not demonstrated why such a limited use should be precluded
13 to justify the extraordinary breadth of his motion. Musk's motion should be denied.

### CONCLUSION

15 For the reasons set forth above, Plaintiffs respectfully request that the Court denies Musk's
16 Motion *in Limine* No. 2.

18  Dated: January 29, 2026                    Respectfully submitted,

19                                             **COTCHETT, PITRE & MCCARTHY, LLP**
                                               Joseph W. Cotchett (SBN 36324)
20                                             Mark C. Molumphy (SBN 168009)
                                               Tyson C. Redenbarger (SBN 294424)
21                                             Elle D. Lewis (SBN 238329)
                                               Gia Jung (SBN 340160)
22                                             Caroline A. Yuen (SBN 354388)

23                                             */s/ Tyson C. Redenbarger*
                                                    Tyson C. Redenbarger

24
25                                             San Francisco Airport Office Center
                                               840 Malcolm Road, Suite 200
                                               Burlingame, California 94010
26                                             Telephone: (650) 697-6000

27                                             **BOTTINI & BOTTINI, INC.**
                                               Francis A. Bottini, Jr. (SBN 175783)
28                                             Aaron P. Arnzen (SBN 218272)

                          */s/ Aaron P. Arnzen*
                              Aaron P. Arnzen

                          7817 Ivanhoe Avenue, Suite 102
                          La Jolla, California 92037
                          Telephone: (858) 914-2001

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Tyson C. Redenbarger, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 29th day of January, 2026, at Burlingame, California.

                          */s/ Tyson C. Redenbarger*
                            Tyson C. Redenbarger