MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
One Market
Spear Street Tower
San Francisco, CA  94105-1596
Tel:    +1.415.442.1000
Fax:   +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Christopher Boran, *pro hac vice forthcoming*
christopher.boran@morganlewis.com
110 North Wacker Drive
Chicago, IL  60606-1511
Tel:    +1.312.324.1000
Fax:   +1.312.324.1001

Attorneys for Proposed Intervenor
X CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIUSEPPE PAMPENA, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>ELON R. MUSK,<br><br>                    Defendant. | Case No. 3:22-CV-05937-CRB<br><br>**X CORP.'S NOTICE OF MOTION AND MOTION TO INTERVENE UNDER RULE 24; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  March 6, 2026<br>Time: 10:00 a.m.<br>Judge: Hon. Charles R. Breyer<br><br>Trial Date: February 23, 2026 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

X CORP.'S RULE 24 MOTION
TO INTERVENE
CASE NO. 3:22-CV-05937-CRB

# NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on March 6, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 6 of the above-entitled court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, California 94102, Proposed Intervenor X Corp. will, and hereby does, move this Court for an Order granting X Corp. leave to intervene in the above-entitled matter under Federal Rule of Civil Procedure 24.

X Corp. seeks to intervene as of right under Rule 24(a)(2) for the limited purpose of protecting its privileged information in connection with the upcoming trial. Intervention is appropriate because (1) X Corp.'s privileged information is a "significantly protectable interest," and it relates to Plaintiffs' claims as Plaintiffs will seek to present privileged or potentially privileged testimony at trial; (2) without intervention, X Corp.'s ability to protect its privilege will be "impeded or impaired," as it will be unable to object or otherwise apprise the Court when privileged information is implicated—creating a significant risk of disclosure; (3) the existing parties cannot adequately protect X Corp.'s privilege; and (4) intervention is timely.

Alternatively, X Corp. seeks permissive intervention under Rule 24(b)(1)(B). Permissive intervention is warranted because X Corp. seeks to intervene for a limited and defined purpose, its claim of privilege presents common questions of law and fact that relate closely to Plaintiffs' claims, and because intervention will neither prejudice the parties nor unduly delay the proceedings.

Pursuant to Civil Local Rule 6-2, X Corp. is concurrently filing a Joint Stipulation and [Proposed] Order to Shorten Time on X Corp.'s Motion to Intervene Under Rule 24, under which the hearing on noticed above would be moved up to February 17, 2026, during the Final Pre-Trial Conference in this matter.

This Motion to Intervene is based upon the accompanying Memorandum of Points and Authorities, the Declaration of Christopher J. Boran ("Boran Decl.") and the attached exhibits, the pleadings and the Court's record, and on such other and further argument and evidence as may be presented at or prior to the time of the hearing, and all matters of which this Court may properly take notice.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

X CORP.'S RULE 24 MOTION
TO INTERVENE
CASE NO. 3:22-CV-05937-CRB

| | |
|---|---|
| Dated: January 30, 2026 | MORGAN, LEWIS & BOCKIUS LLP |
| | By   /s/ *Eric Meckley* |
| | Eric Meckley |
| | Christopher J. Boran |
| | Attorneys for Proposed Intervenor |
| | X CORP. |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

X CORP.'S RULE 24 MOTION
TO INTERVENE
CASE NO. 3:22-CV-05937-CRB

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ............................................................................................................. 1

II.  BACKGROUND .............................................................................................................. 2

III. ARGUMENT .................................................................................................................... 5

    A.   X Corp. Has A Right To Intervene Under Rule 24(a)(2) ...................................... 5

        1.   X Corp.'s privilege is a significantly protectable interest ........................... 5

        2.   Absent intervention, X Corp.'s ability to protect its interest will be impaired or impeded ................................................................................... 6

        3.   The parties cannot adequately represent X Corp.'s interest ....................... 6

        4.   Intervention is timely and will not cause any undue delay or prejudice ...................................................................................................... 7

    B.   Alternatively, The Court Should Permit X Corp. to Intervene Under Rule 24(b) ...................................................................................................................... 10

IV.  CONCLUSION ............................................................................................................... 10

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

X CORP.'S RULE 24 MOTION
TO INTERVENE
CASE NO. 3:22-CV-05937-CRB

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
  966 F.2d 470 (9th Cir. 1992) ............................................................................................... 10

*California v. Taho Reg'l Planning Agency*,
  792 F.2d 775 (9th Cir. 1986) ................................................................................................. 7

*Commodity Futures Trading Comm'n v. Weintraub*,
  471 U.S. 343 (1985) ............................................................................................................... 7

*Donnelly v. Glickman*,
  159 F.3d 405 (9th Cir. 1998) ................................................................................................. 5

*Federated Indians of Graton Rancheria v. U.S. Dept. of the Interior*,
  2025 WL 2096171 (N.D. Cal. July 18, 2025) ..................................................................... 10

*Freedom from Religion Found., Inc. v. Geithner*,
  644 F.3d 836 (9th Cir. 2011) ............................................................................................... 10

*In re Grand Jury Subpoena*,
  274 F.3d 563 (1st Cir. 2001) ................................................................................................. 6

*Great Hill Equity Partners IV, LP v. SIG Growth Equity Fund I, LLLP*,
  80 A.3d 155 (Del. Ch. 2013) ................................................................................................. 4

*John Doe No. 1 v. Glickman*,
  256 F.3d 371 (5th Cir. 2001) ................................................................................................. 8

*Jurj v. Andersen*,
  2022 WL 19349528 (D. Ore. Sept. 16, 2022) ....................................................................... 5

*Kalbers v. U.S. Dept. of Justice*,
  22 F.4th 816 (9th Cir. 2021) ........................................................................................ passim

*Nw. Forest Res. Council v. Glickman*,
  82 F.3d 825 (9th Cir. 1996) ................................................................................................. 10

*Relman Colfax PLLC v. Fair Housing Council of San Fernando Valley*,
  2020 WL 9460652 (C.D. Cal. Apr. 20, 2020) ................................................................... 5, 6

*Sierra Club v. U.S. E.P.A.*,
  995 F.2d 1478 (9th Cir. 1993) ............................................................................................... 5

*Smith v. L.A. Unified Sch. Dist.*,
  830 F.3d 843 (9th Cir. 2016) ................................................................................................. 8

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

X CORP.'S RULE 24 MOTION
TO INTERVENE
CASE NO. 3:22-CV-05937-CRB

*Stevens v. Brigham Young Univ.-Idaho*,
     2018 WL 2974388 (D. Idaho June 11, 2018) .................................................................. 2, 6, 10

*United States v. City of Los Angeles*,
     288 F.3d 391 (9th Cir. 2002) .............................................................................................. 2, 5

*In re Wells Fargo & Co. Hiring Practices Derivative Litig.*,
     2023 WL 4536883 (N.D. Cal. July 13, 2023) ......................................................................... 5

**Statutes**

8 Del. C. § 259(a) ................................................................................................................................ 4

28 U.S.C.A. §§ 2072-2074 ................................................................................................................. 6

**Rules**

Fed. R. Civ. P. 10b-5(b) ..................................................................................................................... 2

Fed. R. Civ. P. 24 ...................................................................................................................... *passim*

Federal Rules of Evidence 501 ....................................................................................................... 6, 9

Federal Rules of Evidence 502 ....................................................................................................... 6, 9

Local Rule 6-2 .................................................................................................................................... 9

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

At trial, Plaintiffs plan to present testimony from numerous former employees, executives, and directors of Twitter, Inc., plus outside counsel who represented Twitter in 2022. Plaintiffs' questioning will implicate privileged information concerning a variety of subjects, including confidential attorney-client communications and work product regarding Twitter's consideration of Defendant Musk's offer to purchase Twitter in April 2022, negotiation of the April 25, 2022 merger agreement ("Merger Agreement"), Twitter's obligations and Musk's rights under the Merger Agreement, and litigation that ensued between Twitter and Musk before the merger closed on October 27, 2022. As a result of that transaction, X Corp., the successor in interest to Twitter, owns and holds an indisputable legal interest in protecting this privileged information. And because it is now clear that its privilege cannot be protected adequately by the parties, X Corp. respectfully moves to intervene under Rule 24(a)-(b) for the limited purpose of protecting its privileged information in connection with the upcoming trial.

All requirements to intervene as of right under Rule 24(a)(2) are satisfied. First, X Corp.'s privileged information is a "significantly protectable interest," and it relates to Plaintiffs' claims as they seek to present privileged or potentially privileged testimony at trial. *See Kalbers v. U.S. Dept. of Justice*, 22 F.4th 816, 822 (9th Cir. 2021). Second, without intervention, X Corp.'s ability to protect its privilege will be "impeded or impaired," Fed. R. Civ. P. 24(a)(2), as it will be unable to object or otherwise move to prevent disclosure of privileged information—creating a significant risk of disclosure at trial. Third, the existing parties cannot adequately protect X Corp.'s privilege: Plaintiffs are antagonistic to it; meanwhile, Musk does not own the privilege, his trial counsel has not had access to X Corp.'s privileged information—or communications with Twitter's former executives and lawyers—in defending this case and thus lacks the requisite factual foundation to identify privilege issues and carry X Corp.'s burden to establish the privilege applies to various interactions and communications. Musk is not a lawyer and cannot be expected to anticipate whether a question may call for the revelation of privileged information or articulate a basis for any privilege assertion. Lawyers are hired to protect a client's interest; and here X Corp. has its own,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

X CORP.'S RULE 24 MOTION
TO INTERVENE
CASE NO. 3:22-CV-05937-CRB

separate counsel to do just that. Finally, intervention is timely because it is sought shortly after X Corp. learned of Plaintiffs' witness list and that the company's privilege will be inadequately protected at trial.

Alternatively, the Court should permit X Corp. to intervene under Rule 24(b). Permissive intervention is left to the Court's broad discretion and is appropriate where, as here, a party seeks to intervene for a limited and defined purpose concerning a practical interest that shares common questions of law or fact to the claims at issue, and where intervention will neither prejudice the parties nor unduly delay proceedings. *See Stevens v. Brigham Young Univ.-Idaho*, 2018 WL 2974388, at *12-13 (D. Idaho June 11, 2018) (granting permissive intervention for the limited purpose of protecting intervenor's privileged information). Not only have the parties previously consented to X Corp.'s appearance at three depositions for purposes of asserting its privilege, but intervention will assist the parties and the Court in establishing guardrails to avoid the disclosure of privileged information at trial and thereby reduce (if not eliminate) the need for potential objections or other interruptions concerning privilege at trial. In short, intervention will facilitate resolution of common questions of law or fact concerning inadmissibility of privileged information, without prejudicing the parties or delaying the trial proceedings.

For these reasons, and consistent with the "liberal policy in favor of intervention," *United States v. City of Los Angeles*, 288 F.3d 391, 397-98 (9th Cir. 2002) (citation omitted), the Court should grant X Corp.'s request to intervene for the limited purpose of protecting its privileged information.

**II.     BACKGROUND**

The trial will test Plaintiffs' claims that Musk violated Rule 10b-5(b) and caused Twitter investors trading losses based on tweets or statements he made on May 13, 16 and 17, 2022. Jt. [Proposed] Final PTO [Dkt. 358] at 2. As Plaintiffs disclosed in their January 27, 2026 witness list—a draft of which X Corp. received on January 20, 2026—they will attempt to support their claims at trial through testimony from up to a dozen former Twitter employees, executives, directors, and legal counsel, including: (1) former CEO Parag Agrawal, (2) former CFO Ned Segal; (3) former Chief Legal Officer Vijaya Gadde; (4) former General Counsel Sean Edgett; (5) former

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

X CORP.'S RULE 24 MOTION
TO INTERVENE
CASE NO. 3:22-CV-05937-CRB

Head of Trust & Safety Yoel Roth; (6) former M&A Integration lead Stacey Fix Conti; former Board members (7) Egon Durban, (8) Brett Taylor, and (9) Jack Dorsey; and former outside legal counsel (10) Martin Korman, (11) William Savitt, and (12) Katie Martin. *See id.*, Appx. 2, Pl.'s Wit. List ("Pl.'s Wit. List") at 1-3; Boran Decl. ¶¶ 7-8. Plaintiffs deposed just four of these witnesses (Roth, Dorsey, Taylor, Savitt), and only two (Roth and Taylor) of those four are within the Court's subpoena power. Boran Decl., ¶ 9.

Plaintiffs plan to present testimony from the above witnesses on broad topics surrounding Twitter's consideration of Musk's offer to purchase the company, communications regarding the Merger Agreement, Twitter's obligations and Musk's rights under the Merger Agreement, and the related litigation that ensued between Twitter and Musk. *See* Pl.'s Wit. List at 1-3. More importantly, five of these witnesses served as in-house or outside counsel to Twitter and were closely involved in obtaining or providing legal advice and work product on the above topics, and the remaining non-lawyer witnesses were informed and guided by that advice and work product. Not only have Plaintiffs recently confirmed that they intend to question these witnesses on the broad topics referenced above,[1] but the few depositions Plaintiffs took of Twitter's former Board members and counsel confirm that such questioning will implicate privileged information.

For example, during the deposition of Savitt—Twitter's lead trial counsel in the 2022 merger litigation—Plaintiffs asked numerous questions that, if answered, would have revealed privileged information or work product.[2] *E.g.*, Boran Decl., ¶ 5, Ex. 2, Savitt Dep. Tr. at 15:10-18:1, 44:9-47:22, 54:6-55:1, 56:14-57:13, 80:13-82:3. Similarly, Plaintiffs repeatedly asked former Board member Taylor questions that drew privilege objections and that Taylor agreed he could not

---

[1] *E.g.*, Pl.'s Wit. List at 1-3 (disclosing anticipated topics of testimony, including "Musk's attempt to terminate the merger, the Delaware litigation, Musk's attempt to renegotiate the merger price"; "Pre- and post-merger communications with Musk"; "Communications regarding merger"; "Pre-merger conduct and communications related to Twitter, the merger negotiation and agreement, [counsel's] interactions with Twitter and its employees, statements made between May and October 2022 related to the merger or Twitter, [counsel's] correspondence with Musk's advisors, data and information requests, . . ."; "Twitter's [internal] communications and conduct re information requests"; "information requests by Musk").

[2] Because Mr. Savitt resides more than 100 miles outside this District, Plaintiffs presumably will seek to admit some of his deposition testimony at trial. That transcript does not reveal privileged information, owing in part to the parties' agreement to permit counsel for X Corp. to appear at the deposition for purposes of asserting privilege when necessary.

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

3

X CORP.'S RULE 24 MOTION
TO INTERVENE
CASE NO. 3:22-CV-05937-CRB

answer without revealing privileged information. *E.g.*, Boran Decl., ¶ 5 at Ex. 1, Taylor Dep. Tr. at 41:2-41:20, 69:21-70:13, 139:17-140:5. That the questioning of these witnesses repeatedly invaded privileged territory is unsurprising, considering that virtually any relevant information Savitt may know was learned through his role as Twitter's lead trial counsel, and that Taylor's understanding of Twitter's obligations and Musk's rights under the Merger Agreement—and the arguments on both sides of that issue and other issues in the related merger litigation—was informed by the advice and counsel he received from in-house or outside counsel.

While Plaintiffs never deposed *nine* of the twelve former Twitter employees, executives, directors, and counsel they intend to question at trial, there is no doubt that such questioning will likewise implicate privileged information. Four of these un-deposed witnesses (Martin, Korman, Edgett, Gadde) were Twitter's in-house or outside counsel in 2022, and Plaintiffs plan to question them on topics for which these lawyers were responsible for obtaining or providing legal advice. *See* Pl.'s Wit. List at 2-3 (topics for Martin, Korman, Edgett, Gadde). The remaining witnesses include Twitter's former CEO, former CFO, and two other former employees, whose relevant knowledge was informed by privileged information they received from Twitter's in-house and outside counsel. *See id.* (topics for Agrawal, Segal, Conti, and Roth).

In sum, Plaintiffs' questioning of the above witnesses is likely to implicate Twitter's privileged information. And by virtue of the merger that closed on October 27, 2022, this privileged information now belongs to X Corp.[3] That is why Plaintiffs and Musk consented to the appearance of counsel for X Corp. at three depositions, where questioning was expected to implicate X Corp.'s privileged information. Now that it is clear that (1) Plaintiffs intend to present testimony at trial from many other former Twitter employees, executives, directors, and counsel on topics that will similarly implicate privilege, and (2) the parties will be unable to adequately protect X Corp.'s

---

[3] Under the Merger Agreement, "[t]he Merger shall have the effects set forth in this Agreement and in the applicable provisions of the DGCL," including that "all the property, rights, **privileges**, immunities, franchises and liabilities of the Company . . . are vested in the Surviving Corporation[.]" *See* Dkt. 255-3 at 147 (Merger Agreement § 2.3(b)) (emphasis added); 8 Del. C. § 259(a); *see also Great Hill Equity Partners IV, LP v. SIG Growth Equity Fund I, LLLP*, 80 A.3d 155, 162 (Del. Ch. 2013) ("Absent . . . an express carve out [in the merger agreement], the privilege over all pre-merger communications—including those relating to the negotiation of the merger itself—pass[] to the surviving corporation in the merger, by plain operation of clear Delaware statutory law under § 259 of the DGCL.").

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

X CORP.'S RULE 24 MOTION
TO INTERVENE
CASE NO. 3:22-CV-05937-CRB

privilege at trial, X Corp. has a right to intervene, or at least should be permitted to intervene, for the limited purpose of protecting its privileged information.

## III. ARGUMENT

### A. X Corp. Has A Right To Intervene Under Rule 24(a)(2)

Under Rule 24(a)(2), a non-party has the right to intervene when it "[1] claims an interest relating to the property or transaction that is the subject of the action, and [2] is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, [3] unless existing parties adequately represent that interest." In addition, the request to intervene must be timely. *Id.* "The Ninth Circuit has repeatedly instructed that the requirements for intervention are to be broadly interpreted in favor of intervention." *In re Wells Fargo & Co. Hiring Practices Derivative Litig.*, 2023 WL 4536883, at *1 (N.D. Cal. July 13, 2023) (quoting *Kalbers*, 22 F.4th at 822) (cleaned up); *see also, e.g.*, *City of Los Angeles*, 288 F.3d at 397-98 (noting the Ninth Circuit's "liberal policy in favor of intervention").

Because all of the Rule 24(a)(2) requirements are readily satisfied, the Court should grant X Corp.'s request to intervene as of right and for the limited purpose of protecting its privileged information in connection with the upcoming trial.

#### 1. X Corp.'s privilege is a significantly protectable interest

The first requirement under Rule 24(a)(2) is satisfied where "the would-be intervenor has a significantly protectable interest relating to . . . the subject of the action[.]" *Kalbers*, 22 F.4th at 827 (quoting *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)). A "significantly protectable interest" exists where an intervenor seeks to prevent disclosure of information that is privileged, confidential, or otherwise legally protected. *See, e.g.*, *id.* at 827 (non-party had significantly protectable interest in preventing FOIA disclosure of its confidential documents); *Relman Colfax PLLC v. Fair Housing Council of San Fernando Valley*, 2020 WL 9460652, at *1-2 (C.D. Cal. Apr. 20, 2020) (granting motion to intervene as of right because "the Ninth Circuit has held that privileges like the common interest privilege are 'significantly protectable' within the meaning of Rule 24(a)") (citing *Sierra Club v. U.S. E.P.A.*, 995 F.2d 1478, 1482 (9th Cir. 1993), *abrogated on other grounds by Wilderness Soc. V. U.S. Forest Serv.*, 630 F.3d 1173, 1179) (9th Cir. 2022)); *Jurj*

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

X CORP.'S RULE 24 MOTION
TO INTERVENE
CASE NO. 3:22-CV-05937-CRB

*v. Andersen*, 2022 WL 19349528, at *3-4 (D. Ore. Sept. 16, 2022) (granting intervention to protect information covered by state "mediation privilege"); *Stevens*, 2018 WL 2974388, at *12-13 ("[T]he common interest privilege is" a "significantly protectable interest"). Simply put, "[c]olorable claims of attorney-client and work product privilege" are "a textbook example of an entitlement to intervention as of right." *In re Grand Jury Subpoena*, 274 F.3d 563, 570 (1st Cir. 2001).

Given this authority, X Corp.'s privileged information is a significantly protectable interest. Indeed, this protection is expressly codified in the Federal Rules of Evidence (Rules 501 and 502). 28 U.S.C.A. §§ 2072-2074. Nor is there any question that Twitter's pre-merger privilege belongs to X Corp. Accordingly, the first Rule 24(a)(2) element is satisfied.

### 2. Absent intervention, X Corp.'s ability to protect its interest will be impaired or impeded

The second element—whether "the action may, as a practical matter, impair or impede [X Corp.'s] ability to protect its interest"—is also satisfied. Absent intervention, X Corp. will be unable to object or otherwise move to prevent disclosure of its privileged information at trial. Moreover, as owner of the privilege, X Corp. is best situated to anticipate when questioning will implicate privileged information, assert privilege when necessary, and inform the Court and provide the necessary facts to substantiate its claim accordingly. To be sure, Twitter's former executives, directors, and counsel have their own obligations to avoid divulging privileged information. But they neither have authority to assert privilege on X Corp.'s behalf nor share the same interests in non-disclosure as X Corp. So, without intervention, there is a substantial risk that privileged information will be disclosed, permanently impairing X Corp.'s ability to protect its privilege. *See, e.g.*, *Kalbers*, 22 F.4th at 827-28 (movant's "interest in keeping its documents confidential would obviously be impaired" if disclosed as a result of the existing party's legal dispute); *Relman Colfax PLLC*, 2020 WL 9460652, at *2 ("[I]f the [movant] is barred from intervening for this limited purpose, its ability to protect the privilege will be impaired."); *Stevens*, 2018 WL 2974388, at *13 (same).

### 3. The parties cannot adequately represent X Corp.'s interest

The third element—whether the existing parties adequately represent the intervenor's

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

X CORP.'S RULE 24 MOTION
TO INTERVENE
CASE NO. 3:22-CV-05937-CRB

interest—imposes a "minimal" burden that "is satisfied if the applicant shows that representation of [its] interest *may* be inadequate." *Kalbers*, 22 F.4th at 828; *California v. Taho Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986) (same and considering "whether . . . a present party will undoubtedly make all the intervenor's arguments . . . and whether the intervenor would offer any necessary elements to the proceedings"). That minimal burden is satisfied here.

For their part, Plaintiffs have no interest in protecting X Corp.'s privileged information; if anything, the opposite is true. *See supra* at 5-6. Nor is Musk an adequate representative within the meaning of Rule 24(a)(2). Musk has been sued in his personal capacity, is appearing in his personal capacity, and his lawyers represent him in his personal capacity and have not accessed X Corp.'s privileged information in defending this case. Musk's role in this case is not to serve as X Corp.'s representative, but rather to defend himself personally. And while he represents the company in other contexts, he has no personal ownership of its privilege. *See Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348-49 (1985). Further, any suggestion that Musk should be tasked with asserting privilege—*especially Twitter's pre-merger privilege*—on behalf of X Corp. should be rejected. Musk himself is not a lawyer and cannot be reasonably expected to anticipate that a line of questioning may call for privileged information. Clients hire lawyers to protect their interests and X Corp. has retained its own counsel to serve this purpose here. And Musk's defense team does not have access to X Corp.'s relevant privileged information and is thus unable to adequately identify or substantiate X Corp.'s privilege claims. Moreover, requiring Musk to raise privilege objections during the testimony of adverse witnesses risks prejudicing Musk in the eyes of the jury (who may not appreciate that any privilege objections are asserted to protect a non-party's interests, not Musk's) and creates a potential conflict between Musk's interest in defending himself and any purported obligation to protect X Corp.'s privilege. These same realities confirm X Corp.'s determination that Musk may be unable to adequately protect its privilege.

In sum, the "minimal" burden of showing that the existing parties "*may* be inadequate representatives" of X Corp.'s interest in preserving its privilege is easily satisfied.

    **4. Intervention is timely and will not cause any undue delay or prejudice**

Finally, X Corp.'s request to intervene is timely. The timeliness requirement under Rule 24

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

X CORP.'S RULE 24 MOTION
TO INTERVENE
CASE NO. 3:22-CV-05937-CRB

balances competing policy interests: "On the one hand, we discourage premature intervention that unnecessarily squanders scarce judicial resources and increases litigation costs. . . . On the other hand, we favor intervention because it serves both efficient resolution of issues and broadened access to the courts." *Kalbers*, 22 F.4th at 823 (cleaned up). Timeliness "is not a tool of retribution to punish the tardy would-be intervener, but rather a guard against prejudicing the original parties by failure to apply sooner." *Id.* (quoting *John Doe No. 1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001)). The timeliness inquiry "hinges on three primary factors: (1) the stage of the proceedings at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Kalbers*, 22 F.4th at 822 (quotations and citations omitted). These factors confirm that intervention is timely and appropriate.

*First*, that X Corp. seeks to intervene at the trial stage does not undermine its timeliness. "Neither the formal 'stage' of the litigation (e.g., the 'pretrial stage[]') . . . nor the 'length of time that has passed since a suit was filed' is dispositive[.]" *Id.* at 826 (citation omitted). Instead, what matters is whether the "court has substantively—and substantially—engaged the issues" giving rise to the intervention request. *Id.* (quotations/citation omitted). Here, the Court has not addressed privilege issues; it will address them for the first time in connection with trial. And while the parties contemplated privilege issues arising during three depositions, it was unnecessary for X Corp. to intervene then because the parties consented to X Corp. appearing at the depositions for purposes of asserting privilege. *See id.* at 823 ("[W]e do not require hasty intervention[.]") Now that it is clear that X Corp.'s privilege will be implicated by the anticipated trial testimony of many *other* witnesses who were *not* deposed, limited intervention is appropriate. *Cf., e.g.*, *id.* at 826-27 ("[W]e have allowed intervention . . . all the way into the remedial phase of the litigation."); *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 848-53 (9th Cir. 2016) (intervention permitted in 2013, twenty years after litigation commenced, and ten years after a modified consent decree).

*Second*, intervention will not prejudice Plaintiffs. As discussed, Plaintiffs consented to X Corp. appearing at three depositions where the parties anticipated that questioning could implicate X Corp.'s privileged information. This included the depositions of Twitter's former Board members Dorsey and Taylor, and Twitter's former trial counsel Savitt (of these three, only Taylor is within

the Court's subpoena power). *See supra* at 5-6. While counsel objected on privilege grounds during each of those depositions, none of the objections resulted in motion practice or arguments that Plaintiffs were somehow prejudiced. *See* Boran Decl. ¶ 6. Given this history, there is no reason to think that X Corp.'s intervention for the limited purpose of protecting privilege at trial in connection with testimony from select witnesses will prejudice Plaintiffs, either.

If anything, X Corp.'s intervention will be helpful. As an intervenor, X Corp. can confer with counsel for Plaintiffs and the relevant witnesses to discuss how best to avoid privileged information and, failing that, present any disagreements to the Court for resolution. Likewise, intervention will allow X Corp. to help set guardrails the Court may wish to adopt to prevent privilege issues from arising at trial. And intervention would also allow X Corp. to appear at trial as necessary, and as permitted by the Court, for purposes of asserting privilege if needed during certain witness testimony. Finally, because Plaintiffs have no right to introduce or elicit privileged information at trial, they cannot claim prejudice insofar as X Corp.'s intervention may prevent them from doing so. *See* Fed. R. Evid. 501-502; *Kalbers*, 22 F.4th at 825 ("[T]hat including another party in the case might make resolution more difficult does not constitute prejudice.") (cleaned up).

*Third*, X Corp. has not delayed this motion. "Delay is measured from the date the proposed intervenor should have been aware that its interests would no longer be protected adequately by the parties, *not the date it learned of the litigation*." *Kalbers*, 22 F.4th at 823 (quotation/citation omitted). Here, X Corp. did not learn that its privilege may be inadequately protected until January 20, 2026. That is when X Corp. learned that Plaintiffs intended to call at trial numerous former Twitter executives, directors, and outside counsel who Plaintiffs had not deposed. *See supra* at 4; Boran Decl. ¶¶ 7-9. Indeed, X Corp. did not know the full extent of potential privilege issues until Plaintiffs filed their Witness List on January 27, 2022. In light of this information and discussions with Musk's counsel, it became apparent to X Corp. that its privilege would be inadequately protected, absent intervention.[4] This Motion and the related request under Civil Local Rule 6-2 for

---

[4] As discussed, X Corp. appeared through counsel at three depositions (in March and May 2025) of Twitter's former Board members (Taylor and Dorsey) and outside counsel (Savitt) for purposes of asserting privilege. However, this was done based on the consent of the parties and not because X Corp. had determined that Musk's counsel could not adequately protect the privilege, such that intervention was necessary. That determination came much later, in late-January 2026.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

X CORP.'S RULE 24 MOTION
TO INTERVENE
CASE NO. 3:22-CV-05937-CRB

expedited briefing was filed promptly thereafter. *See, e.g.*, *Kalbers*, 22 F.4th at 820, 825 (motion timely because it was filed several weeks after learning an existing party would not adequately protect interests); *Federated Indians of Graton Rancheria v. U.S. Dept. of the Interior*, 2025 WL 2096171, at *3 (N.D. Cal. July 18, 2025) (same following delay of months).

### B.     Alternatively, The Court Should Permit X Corp. to Intervene Under Rule 24(b)

Permissive intervention is also appropriate. In this Circuit, "a court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) a motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996) (citation omitted); Fed. R. Civ. P. 24(b)(1)(B). The Court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. 24(b)(3). As discussed, X Corp.'s motion is timely, and intervention will not prejudice the existing parties. Nor will intervention unduly delay any trial proceedings, as X Corp. is not seeking to delay any existing deadline.

That leaves only the first and third elements above. The first is satisfied because X Corp. is not asserting a legal claim against a party. *See Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011) ("Where the proposed intervenor in a federal-question case brings no new claims, the jurisdictional concern drops away."). And the third element is satisfied because X Corp.'s privilege "implicates a common question of law or fact" regarding the admissibility of anticipated trial testimony. *See Stevens*, 2018 WL 2974388, at *14 ("[A] party need not assert a literal 'claim or defense' that requires a pleading in order to permissively intervene[.]") (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992)).

### IV.    CONCLUSION

For all of the above reasons, the Court should grant X Corp.'s motion to intervene under Rule 24(a) or Rule 24(b) for the limited purpose of protecting its privileged information in connection with the upcoming trial in this case.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

X CORP.'S RULE 24 MOTION
TO INTERVENE
CASE NO. 3:22-CV-05937-CRB

Dated: January 30, 2026

MORGAN, LEWIS & BOCKIUS LLP

By  */s/ Eric Meckley*
    Eric Meckley
    Christopher Boran
    Attorneys for Proposed Intervenor
    X CORP.

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

11

X CORP.'S RULE 24 MOTION
TO INTERVENE
CASE NO. 3:22-CV-05937-CRB