QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (*pro hac vice*)
alexspiro@quinnemanuel.com
Ellyde R. Thompson *(pro hac vice)*
ellydethompson@quinnemanuel.com
Jesse A. Bernstein (*pro hac vice*)
Jessebernstein@quinnemanuel.com
295 5th Ave., New York, NY 10016
Telephone:    (212) 849-7000
Facsimile:    (212) 849-7100

Michael T. Lifrak (Bar No. 210846)
michaellifrak@quinnemanuel.com
Stephen A. Broome (Bar No. 314605)
stephenbroome@quinnemanuel.com
Alex Bergjans (Bar No. 302830)
alexbergjans@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100

*Attorneys for Defendant Elon Musk*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIUSEPPE PAMPENA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ELON R. MUSK,<br><br>Defendant. | CASE NO. 3:22-CV-05937-CRB<br><br>**MOTION *IN LIMINE* NO. 1**<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE IMPROPER CHARACTER EVIDENCE**<br><br>Action Filed: 10/10/2022<br>Pretrial Conference: 2/17/2026<br>Time: 2 pm<br>Location: Courtroom 6, 17th Floor<br>Trial Date: 2/23/2026 |

Plaintiffs' Opposition confirms that they seek to try their fraud claim with evidence of a completely different instance of unproven misconduct. FRE 404(b) exists for this very purpose, and Plaintiffs should not be permitted to engage in a character attack entirely divorced from the misstatements actually alleged. Musk does not object to evidence that he purchased Twitter stock in early 2022, that the stock price increased after the purchases were disclosed, or that Musk was aware his actions could affect the price. What Musk objects to is testimony or argument that his conduct in buying shares was unlawful, that Musk's filings were "late" or "violated" SEC regulations, or that his conduct amounted to "market manipulation." Musk also objects to any effort to backdoor the same evidence by referring to any SEC "investigation" or identifying any prior testimony as "investigative" or "SEC" testimony. Any such evidence clearly is intended to improperly suggest that Musk has a propensity for violating securities laws.

Plaintiffs agree not to introduce evidence regarding the 2018 Tesla litigation or allegations in the SEC's complaint. Opp. 7-8. And Musk does not dispute the authenticity of his text messages. At a minimum, the Court should grant those aspects of Musk's motion *in limine* no. 1, which are undisputed.

## ARGUMENT

### I. PLAINTIFFS FAIL TO ESTABLISH A PERMISSIBLE USE FOR EVIDENCE ON WHETHER MUSK VIOLATED SECTION 13(D)

Despite claiming that Musk's supposed Section 13(d) violation "supports several of the elements that Plaintiffs must prove" (Opp. 1), Plaintiffs identify only one: scienter.[1] But the case Plaintiffs pled is premised on the notion that Musk's "motive" for the alleged fraud did not arise until *after* Musk signed the Merger Agreement, obtained financing secured by Tesla stock, and became caught in a "bind" due to the falling price of Tesla stock. None of those motivations existed in March 2022, when plaintiffs claim Musk violated Section 13. *See* Mot. at 4-5. Plaintiffs offer no response to that.

Instead they scramble to manufacture some connection to Musk's May 2022 statements. Their argument is that Musk's supposed failure to timely disclose his Twitter stock purchases in March demonstrates "that Musk was acutely aware that his conduct [in May] would move Twitter's stock price."

---

[1] Plaintiffs try to create the appearance that their arguments for admissibility are more numerous by referencing "scienter, motive, and lack of mistake." Opp. 6. But "motive" is simply a means to prove scienter and "lack of mistake" is just another way to describe a knowing state of mind, *i.e.*, scienter.

Opp. 3, 5, 6, 7. That makes no sense. Musk's knowledge that his stock purchases could move the market says nothing about any knowledge that tweets or statements at a podcast conference would move the market—especially when those statements did not relate to or even mention his stock purchases. Moreover, Musk's defense is not that he did not know his tweets could move the market. Plaintiffs' proffered use for Section 13(d) evidence is therefore not relevant to any disputed issue. Even if it were, Plaintiffs could establish Musk's knowledge of market impact without suggesting or arguing that he violated securities laws. Twitter stock indisputably rose when Musk's stake was disclosed. Musk also acknowledged in deposition that his stock purchases could impact price.

Plaintiffs' "greed" argument (Opp. 3–4) suffers from a similar flaw. Assuming Musk failed to disclose purchases to save money on further purchases, that still is not probative of Plaintiffs' pleaded theory that the May 2022 statements were a tactic to get out of the Merger Agreement because of **new** economic conditions. To the extent Plaintiffs suggest Musk was motivated by "greed" in March 2022 and therefore must have had the same motive in May, that is an impermissible propensity argument. Plaintiffs' inability to connect the dots means they have failed to satisfy the requirement that other-acts evidence must prove "a material issue." *Duran v. City of Maywood*, 221 F.3d 1127, 1132-33 (9th Cir. 2000).

There also is not sufficient evidence to infer that Musk violated Section 13(d). *Id.* Musk has not been found liable in any forum, so Plaintiffs are asking this jury to fully adjudicate an issue that is disputed in other litigations. Plaintiffs have offered no applicable jury instruction nor identified it as a factual issue to be tried. *See* Dkt. 358 at 2-3. And Plaintiffs' claim that Section 13(d) is a strict liability statute misses the point because, under Plaintiffs' theory of its relevance, Musk must have **intended** to hide his share purchases.[2] Such an intentional violation certainly has never been proven (and is belied by the evidence).

That Plaintiffs included Section 13 allegations in their FAC (Opp. 5) does not make them admissible. Plaintiffs included those allegations for the same reason they seek to use the evidence at trial: to sully Musk's character. Plaintiffs never pointed to such evidence as probative of scienter or any other issue in their FAC, at the motion to dismiss stage, or at summary judgment. Again, Plaintiffs have no response, other than to posit that some things that are not important at the outset of a litigation become

---

[2]  Musk disputes that Section 13(d) imposes strict liability. That issue is being litigated in the *SEC* case.

important later. Opp. 5.[3]  Here, nothing has changed that would render Section 13 evidence relevant.

Ultimately, Plaintiffs unintentionally admit their improper strategy. They argue (Opp. 6):

> Musk's secret purchases and late disclosure proves that Musk was aware that his conduct could and did impact Twitter's stock price. This issue is identical to the elements of the sole claim here—Musk was aware that his conduct (false statements and scheme) could and did impact Twitter's stock price.

That is a propensity argument. Because he made false statements that allegedly impacted the stock once, he must have made false statements and impacted the stock in this case. Rule 404(b) requires more factual similarity before an "other act" is probative of a permissible use like knowledge, modus operandi, etc. *See U.S. v. Tydingco*, 2022 WL 445527, at *1 (9th Cir. Feb. 14, 2022).

## II.  FRE 403 ALSO PRECLUDES ADMISSION OF SECTION 13(D) EVIDENCE

Even if Section 13(d) evidence were probative, the risk of unfair prejudice still would require exclusion. Plaintiffs make an unserious claim (Opp. 6) that the SEC lawsuit is the only thing that would cause prejudice, but testimony from witnesses—including Plaintiffs' expert—that Musk broke the law with his share purchases would be highly prejudicial, as that issue is not before the jury. Plaintiffs try to distinguish *Grace v. Apple, Inc.*, but it dictates the result. Where evidence that comprises "background facts" would "have a significant improper influence on the jury's determination of the issues," Rule 403 requires exclusion. 2020 WL 227404, at *1-2 (N.D. Cal., Jan. 15, 2020). Musk's supposedly belated filing is a "background fact"—not to mention an unproven legal conclusion—because it does not speak to the motives for any at-issue statements. According to the case Plaintiffs pled, those motives had not yet arisen. And if there was some shred of probative value to Musk's knowledge about the impact of his stock purchases, Plaintiffs can easily establish that without accusing Musk of a fraud. That means the FRE 403 balance tips decidedly towards exclusion. Finally, were this evidence introduced, Musk would have to rebut the notion that he knowingly violated any securities laws, thus requiring a distracting mini-trial.

## CONCLUSION

The Court should grant Musk's Motion *in Limine* No. 1 in its entirety.

---

[3] Nor does Plaintiffs' vague allusion in a discovery response to Musk knowing that "his statements and actions relating to his acquisition of Twitter shares would influence the stock market" turn an improper category of evidence into an admissible one. This is not an issue of notice; it is an issue of whether Plaintiffs may introduce improper character evidence at trial. They may not.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: February 5, 2026 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 3 | | |
| 4 | | By  /s/ Stephen Broome |
| 5 | | Alex Spiro |
| | | Michael T. Lifrak |
| 6 | | Stephen A. Broome |
| 7 | | Ellyde R. Thompson |
| | | Jesse A. Bernstein |
| 8 | | Alex Bergjans |
| 9 | | *Attorneys for Defendant Elon Musk* |

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record electronically or by another manner authorized under FED. R. CIV. P. 5(b) on Thursday, February 5, 2026.

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Alex Bergjans
Alex Spiro
Michael T. Lifrak
Stephen A. Broome
Ellyde R. Thompson
Jesse A. Bernstein
Alex Bergjans

*Attorneys for Defendant Elon Musk*

**ATTESTATION**

Pursuant to Civil L.R. 5-1, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the other signatories herein.

By  /s/ *Alex Bergjans*
Alex Spiro
Michael T. Lifrak
Stephen A. Broome
Ellyde R. Thompson
Jesse A. Bernstein
Alex Bergjans

*Attorneys for Defendant Elon Musk*