COTCHETT, PITRE & MCCARTHY, LLP
Joseph W. Cotchett (SBN 36324)
*jcotchett@cpmlegal.com*
Mark C. Molumphy (SBN 168009)
*mmolumphy@cpmlegal.com*
Tyson C. Redenbarger (SBN 294424)
*tredenbarger@cpmlegal.com*
Elle D. Lewis (SBN 238329)
*elewis@cpmlegal.com*
Gia Jung (SBN 340160)
*gjung@cpmlegal.com*
Caroline A. Yuen (SBN 354388)
*cyuen@cpmlegal.com*
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr. (SBN 175783)
*fbottini@bottinilaw.com*
Aaron P. Arnzen (SBN 218272)
*aarnzen@bottinilaw.com*
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone: (858) 914-2001

*Lead Counsel for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| GIUSEPPE PAMPENA, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> ELON R. MUSK, <br><br> Defendant. | Case No. 3:22-CV-05937-CRB <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 3 TO EXCLUDE AGGREGATE DAMAGES** <br><br> Date:    February 17, 2025 <br> Time:    2:00 p.m. <br> Courtroom:  6, 17th Floor <br> Judge:    Hon. Charles R. Breyer |

Case No. 3:22-CV-05937-CRB

PLAINTIFFS' REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 3 TO EXCLUDE AGGREGATE DAMAGES

**INTRODUCTION**

Musk concedes that neither his expert nor Plaintiffs' expert has calculated or opined on the aggregate amount of damages.  Yet he makes clear that he wishes to argue that Plaintiffs are pursuing "sweeping monetary relief," and will then speculate about aggregate damages to distract jurors from the fact that Plaintiffs are properly seeking *compensatory* damages with an unknown total figure. *See* ECF 377 ("Opp. to MIL 3") at 2.  This should not be permitted.  Plaintiffs do not dispute that the jury is entitled to understand the per-share damages model that they will be assessing.  Musk wants to go beyond the facts of the model to argue that multiplying that per-share damages number across "enormous trading volumes" creates a result "in the multi-billion-dollar range" that the jury should understand to be implausible and unrealistic.  Opp. to MIL 3 at 3.  The jury is not going to think they are awarding a nominal sum of $6.17 in total.  But they should not be subject to absolute speculation by Musk as to how many potential billions would be too much.  Such evidence does not have any probative value and should be precluded. *See Shenwick v. Twitter, Inc.,* 2021 WL 1232451, at *3 (N.D. Cal. Mar. 31, 2021) ("fact that any total damages figure will necessarily be tens of millions times higher" than per-share amount not probative and accordingly precluded); FRE 401.

Musk agrees that he will not make arguments about his personal ability to satisfy a judgment. As a result, that portion of Plaintiffs' motion should be granted.

### A. Aggregate Damages Should Be Excluded

Though conceding that his expert offers no opinion on the amount of aggregate damages, Musk says he should be able to offer rank speculation to the jury on such issue, in the process conflating it with loss of market capitalization or trading volume.  Contrary to Musk's assertions, the effect of Musk's statements on Twitter's valuation is not the same as the aggregate damages in this case.  Opp. to MIL 3 at 2.  The Plaintiffs' personal losses are also not the same as the aggregate damages in this case. *Id*.  Any eventual calculation of the Class Members' recoverable damages would not be performed solely in the context of the trading-volume data referenced in Dr. Tabak's report, but only after a claims administration process for the class—who do not represent all "46.7 million and 606.6 million shares traded," but those who sold *and* suffered damages. *Id*. at 2; *see*

Order Granting Class Certification, ECF 106. Plaintiffs at no point have sought "to portray this case as involving a modest and easily affordable recovery," but absolutely object to Musk's characterization of properly sought *compensatory* damages as "sweeping monetary relief." *Id*. at 2. There is no issue to be decided at trial to which the ultimate aggregate recovery of the class is relevant. FRE 402. Plaintiffs' per-share damages model can be fairly and reasonably evaluated by the jury without improper speculation—unsupported by any expert opinion or evidence—about what the ultimate amount of total claims paid after a verdict could be.

Musk's exact arguments were considered and rejected by the court in *Shenwick v. Twitter*. 2021 WL 1232451, at *3. There, defendants also argued that they "seek only to contextualize the per-share recovery Plaintiffs will emphasize by eliciting testimony concerning how total damages are awarded in the class action context…Plaintiffs should not be permitted to tout their expert's per share damages calculation, while also preventing Defendants from referencing the fact that any total damages figure will necessarily be tens of millions times higher." *Id.*, *compare, e.g.* Opp. to MIL 3 at 1 ("Defendant should be entitled to explain…what Plaintiffs' damages model necessarily yields") and at 3 ("a conservative application…yields aggregate damages in the multi-billion-dollar range"). As that court held, such arguments do not "explain why this evidence has any probative value." *Shenwick*, 2021 WL 1232451, at *3. So too here—Musk should not be permitted to "dissuade a jury from awarding an otherwise correct amount of damages out of a concern that the figure is, for reasons unrelated to the harm suffered by shareholders, too large." *Id*.

Musk misstates *Baker v. SeaWorld Ent., Inc.*, 2020 WL 241441 (S.D. Cal. Jan. 16, 2020), aff'd (Jan. 21, 2020). Opp. to MIL 3 at 3-4. The court there **did not rule** on plaintiffs' motion to exclude reference of aggregate damages—the narrow finding that "Defendants should not be precluded from explaining that the total recovery of the class will be larger than the single-digit per-share figure" was *tentative*. *Id*. at *4 ("As these rulings are tentative, the Court looks forward to the oral arguments of counsel"). Plaintiff there submitted to the tentative at oral argument. No.14-cv-2129-MMA, ECF 512 at 106. That case ultimately settled before trial. Plaintiffs here are not

submitting to Musk's argument that he should be able to sway the jury with utter speculation of untold billions of dollars in damages.

Musk's further cited cases do not negate Plaintiffs' motion. *See* Opp. to MIL 3 at 4, citing *Hsu v. Puma Biotechnology, Inc.,* 2018 WL 11669124 (C.D. Cal. Oct. 24, 2018) (denying motion to exclude aggregate damages without prejudice and with no explanation); *Pearlstein v. Blackberry Ltd.*, 2022 WL 741941 at *1 (S.D.N.Y. Mar. 11, 2022) (out-of-circuit case limiting any reference to aggregate damages where, "assuming the number of outstanding shares is in evidence, defendants may point out to the jury the total amount of damages sought by plaintiffs in this lawsuit. That is all they may do"); *Nuwer v. FCA US, LLC*, 2024 WL 6967240, at *2 (S.D. Fla. Jan. 10, 2024) (out-of-circuit case where the court denied motion to exclude without prejudice to renew at trial where evidence of size of safety defect class was determinable).

Speculation about a large aggregate damages amount, combined with suggestions by Musk that any misconduct here is not commensurate with the prospective award against him would only target the jury's emotions and distract it from the facts in issue. This is impermissible. FRE 403.

**B.      Evidence or Argument Re the Effect of a Judgment Should Be Precluded**

Musk states that he "does not intend to argue inability to satisfy a judgment, personal hardship, or that liability should turn on wealth." However, this does not moot Plaintiffs' motion or concerns; courts grant motions *in limine* when they are not contested. *See Shenwick v. Twitter, Inc.*, 2021 WL 1232451, at *3 (N.D. Cal. Mar. 31, 2021) ("Defendants do not oppose the portion of the motion that seeks to preclude evidence or argument concerning the effect of a judgment…that portion of the motion is therefore granted").[1]

**CONCLUSION**

Plaintiffs respectfully request that the Court grant Plaintiffs' motion.

---

[1] Several cases cited by both parties address both "ability to pay" and "aggregate damages" in the same motion; this is not improper conflation, it is logical briefing. *See e.g. Shenwick,* 2021 WL 1232451 at *3; *Pearlstein*, 2022 WL 741941 at *1; *Baker*, 2020 WL 241441, at *2.

Dated: February 5, 2026

Respectfully submitted,

**COTCHETT, PITRE & MCCARTHY, LLP**
Joseph W. Cotchett (SBN 36324)
Mark C. Molumphy (SBN 168009)
Tyson C. Redenbarger (SBN 294424)
Elle D. Lewis (SBN 238329)
Gia Jung (SBN 340160)
Caroline A. Yuen (SBN 354388)

*/s/ Tyson C. Redenbarger*
    Tyson C. Redenbarger

San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000

**BOTTINI & BOTTINI, INC.**
Francis A. Bottini, Jr. (SBN 175783)
Aaron P. Arnzen (SBN 218272)

*/s/ Aaron P. Arnzen*
    Aaron P. Arnzen

7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone: (858) 914-2001

*Lead Counsel for Plaintiffs and the Class*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Tyson C. Redenbarger, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of February, 2026, at Burlingame, California.

    */s/ Tyson C. Redenbarger*
    Tyson C. Redenbarger