COTCHETT, PITRE & MCCARTHY, LLP
Joseph W. Cotchett (SBN 36324)
jcotchett@cpmlegal.com
Mark C. Molumphy (SBN 168009)
mmolumphy@cpmlegal.com
Tyson C. Redenbarger (SBN 294424)
tredenbarger@cpmlegal.com
Elle D. Lewis (SBN 238329)
elewis@cpmlegal.com
Gia Jung (SBN 340160)
gjung@cpmlegal.com
Caroline A. Yuen (SBN 354388)
cyuen@cpmlegal.com
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr. (SBN: 175783)
fbottini@bottinilaw.com
Aaron P. Arnzen (SBN 218272)
aarnzen@bottinilaw.com
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone: (858) 914-2001

*Lead Counsel for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| GIUSEPPE PAMPENA, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> ELON R. MUSK, <br><br> Defendant. | Case No. 3:22-CV-05937-CRB <br><br> **PLAINTIFFS' OPPOSITION TO NON-PARTY X CORP.'S MOTION TO INTERVENE** <br><br> Date:          February 17, 2026 <br> Time:          2:00 p.m. <br> Courtroom:  6, 17th Floor <br> Judge:         Honorable Charles R. Breyer |

Case No: 3:22-CV-05937-CRB

## I.    INTRODUCTION

X Corp., which is owned by Musk and is the successor to Twitter, Inc., waited until the eve of trial and now seeks to intervene in this securities fraud class action for the purported purpose of protecting its attorney-client privilege and work product information.  Ironically, X Corp. claims intervention is necessary to protect the revelation of privileged information during the testimony of former Twitter executives, directors, and counsel at trial, even though all the parties, including Musk, previously examined the same individuals without any issue of privilege.  X Corp.'s motion is a thinly veiled attempt to permit Musk's corporate attorney to strategically object during examinations of Twitter witnesses, confusing the jury without regard to need, delay and prejudice.  The motion should be denied for multiple reasons.

First, X Corp.'s motion is untimely.  The motion comes just weeks before trial, after X Corp. has been aware of this litigation for nearly a year, and Musk has known about the purported privilege issues since the case's inception.  If either was truly concerned about the protection of privileged communications that took place years ago, they should have sought relief before now.  X Corp.'s explanation that it only realized the need to intervene when trial witnesses were identified is unconvincing; X. Corp. has already appeared at prior depositions claiming that its presence was necessary, so obviously it knew about this case and had the opportunity to intervene.  X Corp. also fails to demonstrate that its interests will not be adequately represented by existing parties, let alone that the Parties intend to examine witnesses or introduce evidence about Twitter's privileged communications.  To the contrary, Plaintiffs have no intention of raising Twitter's privileged matters at trial and have not done so to date.  Finally, permitting intervention at this late stage would unnecessarily complicate the trial, confuse the jury, and potentially delay the trial proceedings.

## II.    FACTUAL BACKGROUND

This securities fraud class action against Defendant Musk is scheduled for trial beginning March 2, 2026.  ECF 411. The case concerns alleged violations of Rule 10b-5 based on false statements, material omissions, and a fraudulent scheme engaged in by Musk in 2022 related to his acquisition of Twitter, Inc.  ECF 31.

X Corp. is Twitter's successor following Musk's acquisition of the company in October 2022. Musk serves as the Chairman of X Corp. and is listed as its "founder" online. X Corp. has been aware of this litigation since at least early 2025, when its counsel appeared at the deposition of Jack Dorsey in March 2025, and Musk has obviously known of this litigation since its inception. Declaration of Mark C. Molumphy filed herewith ("Molumphy Decl.") ¶1. X Corp.'s counsel also appeared at the depositions of Bret Taylor and William Savitt in May 2025, with the parties' consent. *Id*.

Despite this long-standing knowledge of the litigation, X Corp. waited until January 30, 2026—less than four weeks before trial—to file its Motion to Intervene. ECF 383. X Corp. claims it only recently discovered that its privileged information might be inadequately protected when it learned of Plaintiffs' witness list on January 20, 2026. *Id.* at 9.

### III.    LEGAL STANDARDS

A third party seeking intervention as a matter of right under F.R.C.P. 24(a) must establish: (1) the motion must be timely; (2) the applicant must claim a significantly protectable interest; (3) the applicant must be so situated that the disposition of the action may impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by existing parties. *Kalbers v. U.S. Dept. of Justice*, 22 F.4th 816, 822 (9th Cir. 2021).

A third party seeking permissive intervention under F.R.C.P. 24(b) must show: "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or question of fact in common." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997).

### IV.    ARGUMENT

**A.    X Corp.'s Motion to Intervene Is Untimely and Fails to Satisfy the Requirements of F.R.C.P. 24(a)**

X Corp.'s motion fails to satisfy the requirements for mandatory intervention under F.R.C.P. 24(a). First, X Corp. does not contend it is entitled to intervene under any federal statute. F.R.C.P. 24(a)(1). Second, X Corp.'s motion fails to satisfy the timeliness requirement of F.R.C.P. 24(a)(2). The motion comes just weeks before trial is set to begin, yet X Corp. has been aware of this litigation

for nearly a year.  X Corp.'s claim that it only recently learned its interests might be inadequately protected is not credible.

Timeliness hinges on "three primary factors: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.'" *Smith v. L.A. Unified School Dist.*, 830 F.3d 843, 854 (9th Cir. 2016) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004)).  "A party seeking to intervene must act as soon as he 'knows or has reason to know that his interests might be adversely affected by the outcome of the litigation.'" *United States v. Oregon*, 913 F.2d 576, 589 (9th Cir. 1990) (quoting *United States v. City of Chicago*, 870 F.2d 1256, 1263 (7th Cir. 1989).

This case has been pending since 2022.  ECF 1.  While the date of the filing of an action may not be determinative in the timeliness analysis, the length of time during which a third party has been aware that its interests are affected is highly relevant to whether a motion to intervene is timely.  Here, X Corp. has had ample notice of this litigation, its subject matter, and the risk that privilege issues may arise.  X Corp. is run by Defendant Musk, who has known about this case since its inception.  X Corp. has also been actively involved in this litigation since at least March 2025, when its counsel appeared at Jack Dorsey's deposition.  Molumphy Decl. ¶1.  X Corp.'s counsel also appeared at two additional depositions in May 2025.  *Id.*  During these depositions, X Corp.'s counsel made privilege objections and instructed witnesses not to answer questions that might implicate privileged information.  *See, e.g. Id.*, Exhibit 1 (Dorsey Deposition Excerpts).  X Corp. was therefore fully aware of the potential privilege issues in this case nearly a year ago.

X Corp.'s assertion that it only became aware of potential privilege concerns when it received Plaintiffs' witness list on January 20, 2026 is disingenuous.  This case was filed in October 2022.  Moreover, the identity of potential witnesses and the scope of their anticipated testimony should not have come as a surprise to X Corp., particularly given that many of these witnesses are former Twitter executives, directors, and counsel who were previously deposed by Musk in the Delaware litigation, and whom X Corp. knew were likely trial witnesses.  ECF 115 (November 8, 2024 Stipulation re Delaware Discovery Materials whereby "Defendant represents that Twitter will not object to the

production of documents it produced or transcripts of and exhibits used during the depositions of its employees and/or board members in the Delaware Action").

The untimeliness of X Corp.'s motion is particularly problematic given the imminent trial date. "The 'stage of proceeding' factor uses a 'nuanced, pragmatic approach' to examine whether 'the district court has substantively—and substantially—engaged the *issues in [the] case*." *Kalbers*, 22 F.4th at 826 (emphasis added). As noted earlier, this action commenced in 2022. Unlike *Kalbers*, this action, at this point, has involved numerous substantive proceedings, including a motion for class certification, a motion to dismiss, two motions for summary judgment, and months of extensive discovery. ECF 34, 76, 253, 255; *see League of United Latin Am. Citizens*, 131 F.3d at 1303 (finding that the stage of the proceeding factor "weighed heavily against allowing intervention" because the case, at that point, had involved a temporary restraining order, an appeal, provisional class certification, four prior interventions, a motion to dismiss, a motion for summary judgment, and nine months of discovery); c*ompare with Kalbers*, 22 F.4th at 826 (finding that a two-page minute order and an unsuccessful settlement conference had not "meaningfully advance[d] the case" and therefore the stage of proceedings factor weighed in favor of finding timeliness on the motion to intervene). Here, as evidenced by the lengthy substantive proceeding history, the Court has both substantively— and substantially—engaged in the issues of this case. Moreover, allowing intervention at this late stage could disrupt final trial preparations and lead to delays in the trial itself. In sum, this factor weighs heavily against a finding of timeliness.

**B.  X Corp. Fails to Demonstrate That Its Interests Will Not Be Adequately Represented**

X Corp. has not met its burden of showing that its interests will not be adequately represented by existing parties, as required for intervention under F.R.C.P. 24(a)(2). While X Corp. claims that neither Plaintiffs nor Defendant Musk can adequately protect its privilege interests, this assertion is undermined by the facts.

To highlight the obvious, Musk's interests are identical to X Corp.'s interests because Musk is the majority and controlling owner of X Corp., currently serving as its Chairman. Where, as here, a proposed intervenor's interest is identical to that of one of the present parties, a "compelling showing

should be required to demonstrate inadequate representation." *Callahan v. Brookdale Senior Living Cmtys., Inc.*, 42 F.4th 1013, 1020-1021 (9th Cir. 2022) (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)).  X Corp. does not seriously dispute the identity of interests shared by Musk and X Corp., or that Defendant Musk is the controlling owner of X Corp.  ECF 383.  As such, Musk has every incentive to protect X Corp.'s interests, including its privileged information.  If anything, Plaintiffs will need protection in the event Musk, through X Corp., improperly asserts privilege to attempt to preclude the admission of highly relevant evidence at trial from Twitter's witnesses.  X Corp.'s suggestion that Musk cannot adequately protect its interests because he "is not a lawyer" (ECF 383 at 7) ignores the fact that Musk is represented by competent counsel who are fully capable of raising appropriate privilege objections and have done so throughout this case.

Second, X Corp.'s claim that Musk's counsel lacks "the requisite factual foundation to identify privilege issues" is speculative and unsupported.  ECF 383 at 1.  As the controlling owner of X Corp., Musk presumably has access to information about privileged communications and can direct his counsel accordingly.  While X Corp. argues that Musk's counsel lacks "access" to certain privileged information to make specific objections, X Corp. acknowledges that Musk "represents the company in other contexts."  ECF 383 at 7.  In the Ninth Circuit, if an applicant's interest is identical to that of an existing party, a presumption of adequacy arises.  *Arakaki v. Cayetano*, 324 F.3d 1078 (9th Cir. 2003).  X Corp. has not provided sufficient evidence to overcome the presumption that its own owner (Musk) will protect the company's privilege during a trial in which he is a defendant.  Because Musk and X Corp. have the same ultimate objective, a presumption of adequacy of representation arises. *Arakaki v. Cayetano*, 324 F.3d at 1086.

### C.   X Corp.'s Privileged Information Is Already Protected by the Federal Rules of Evidence

X Corp.'s motion overlooks the fact that its privileged information is already protected by the Federal Rules of Evidence, regardless of whether it is permitted to intervene.  Under Rule 501, claims of privilege in federal proceedings are governed by federal common law.  F.R.E. 501.  This protection exists independently of X Corp.'s status as a party to the litigation.

Similarly, Rule 502 provides specific protections against waiver of attorney-client privilege and work product protection. F.R.E. 502. Again, these protections apply regardless of whether X Corp. is permitted to intervene. Indeed, X Corp.'s motion itself acknowledges that "Twitter's former executives, directors, and counsel have their own obligations to avoid divulging privileged information." ECF 383 at 6.

The Court has ample authority to protect privileged information during trial without the need for X Corp.'s intervention. The Court can issue appropriate orders limiting the scope of witness testimony, conduct *in camera* reviews of potentially privileged information, and sustain privilege objections raised by the existing parties.

### D. Permissive Intervention Is Not Warranted and Would Prejudice Plaintiffs by Slowing Down Witness Testimony and Interrupting the Flow of the Trial

X Corp. alternatively seeks permissive intervention under Rule 24(b). However, permissive intervention is discretionary and should be denied where, as here, the moving party's motion was untimely and intervention would unduly delay or prejudice the adjudication of the original parties' rights. F.R.C.P. 24.

In the context of permissive intervention, courts "analyze the timeliness element more strictly than [they] do with intervention as a matter of right." *League of United Latin Am. Citizens,* 131 F. 3d at 1307 (citing *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984). As discussed above, X Corp.'s delay in seeking intervention—literally waiting until the eve of trial, while the Parties are in their final trial preparations—is inexplicable and weighs against the exercise of discretion in X Corp's favor.

Further, allowing X Corp. to intervene on the eve of trial would complicate the proceedings, cause delays, and prejudice Plaintiffs. Since X Corp.'s counsel would almost certainly direct its objection to Plaintiffs' examination, discretionary intervention would target and prejudice Plaintiffs and unnecessarily slow down witness testimony during Plaintiffs' case-in-chief, eroding their allotted time. In addition, intervention risks jury confusion, as there would be two potential series of objections from different firms representing essentially the same client (Musk and his own company, X Corp.). After the multiple objections are ruled on, the jury would likely be distracted or forget what the

question was and need it repeated.  Moreover, the fact that Musk owns X Corp. undercuts his argument that X Corp. is truly a third party in need of separate representation.  Instead, it strongly suggests this is a trial tactic aimed at disrupting and slowing down the proceedings.

## V.   CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court deny non-party X Corp.'s Motion to Intervene.

Dated: February 10, 2026

Respectfully submitted,

**COTCHETT, PITRE & MCCARTHY, LLP**
Joseph W. Cotchett (SBN 36324)
Mark C. Molumphy (SBN 168009)
Tyson C. Redenbarger (SBN 294424)
Elle D. Lewis (SBN 238329)
Gia Jung (SBN 340160)
Caroline A. Yuen (SBN 354388)

*/s/ Mark C. Molumphy*
    Mark C. Molumphy

San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000

**BOTTINI & BOTTINI, INC.**
Francis A. Bottini, Jr. (SBN 175783)
Aaron P. Arnzen (SBN 218272)

*/s/ Francis A. Bottini, Jr.*
    Francis A. Bottini, Jr.

7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone: (858) 914-2001

*Lead Counsel for Plaintiffs and the Class*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Mark C. Molumphy, attest that concurrence in the filing of this document has been obtained from the other signatory.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10 day of February, 2026, at Burlingame, California.


_/s/ Mark C. Molumphy_
Mark C. Molumphy