'

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIUSEPPE PAMPENA, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ELON MUSK,<br><br>　　　　Defendant. | Case No. 22-cv-05937-CRB<br><br>**ORDER DENYING X CORP.'S MOTION TO INTERVENE** |

　　The motion to intervene is **DENIED** because the Rule 24 requirements are not met. This ruling assumes familiarity with the facts, the applicable legal standard, and the arguments made by the parties.

　　First, the Court can still protect X Corp.'s privilege. "District courts have broad discretion in controlling the conduct of a trial," including "the presentation of evidence and interrogation of witnesses." Penk v. Oregon State Bd. of Higher Educ., 816 F.2d 458, 465 (9th Cir. 1987); see also Fed. R. Evid. 611(a). The Court can and will intervene if testimony implicates privileged territory.

　　Second, Musk can adequately protect the privilege as the controlling owner and Chairman of X Corp. Cf. Callahan v. Brookdale Senior Living Communities, Inc., 42 F.4th 1013, 1020–21 (9th Cir. 2022) ("If the proposed intervenor's interest is 'identical to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation.'" (quoting Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir. 2003))). That Musk is not himself a lawyer is of no consequence given that he will have a capable team of lawyers present during trial.

　　Third, X Corp.'s motion is untimely. Timely filing is a "threshold requirement" to

intervene.  League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir.1997).  "[A]ny substantial lapse of time weighs heavily against intervention."  United States v. State of Wash., 86 F.3d 1499, 1503 (9th Cir. 1996).  This action was filed in 2022 against Musk, the controlling owner of X Corp., and the same general allegations have continued to be at issue.  Dkt. 1.  X Corp.'s counsel was present at witness depositions as early as March 18, 2025.  Molumphy Decl. (dkt. 413-1) ¶ 2.  Yet X Corp. only moved to intervene on January 30, 2026—a month before trial.  Mot. (dkt. 384).  While X Corp. states that it only filed after learning of Plaintiffs' witness list, it offers no explanation for why it did not move sooner, given that some of its former employees were deposed almost a year earlier.[1]  See id. at 2.

Fourth, intervention would prejudice Plaintiffs.  See Fed. R. Civ. P. 24(b)(3) (courts must consider whether intervention will "prejudice the adjudication of the original parties' rights").  Plaintiffs' counsel has been preparing for trial and having an additional party present to object would be disruptive.

Accordingly, the Court **DENIES** the motion to intervene.

**IT IS SO ORDERED.**

Dated: February 18, 2026

CHARLES R. BREYER
United States District Judge

---

[1] Permissive intervention also has a timeliness element, so the same concerns would doubly apply there.  Wilson, 131 F.3d at 1308 ("In the context of permissive intervention, however, we analyze the timeliness element more strictly than we do with intervention as of right.").