QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (*pro hac vice*)
alexspiro@quinnemanuel.com
Ellyde R. Thompson (*pro hac vice*)
ellydethompson@quinnemanuel.com
Jesse A. Bernstein (*pro hac vice*)
jessebernstein@quinnemanuel.com
295 Fifth Ave., New York, NY 10010
Telephone:    (212) 849-7000
Facsimile:    (212) 849-7100

Michael T. Lifrak (Bar No. 210846)
michaellifrak@quinnemanuel.com
Stephen A. Broome (Bar No. 314605)
stephenbroome@quinnemanuel.com
Alex Bergjans (Bar No. 302830)
alexbergjans@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100

*Attorneys for Defendant Elon Musk*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIUSEPPE PAMPENA,<br>on behalf of himself and<br>all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ELON R. MUSK,<br><br>Defendant. | CASE NO. 3:22-CV-05937-CRB<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Judge: Hon. Charles R. Breyer |

## NOTICE OF MOTION AND MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b)

Defendant Elon R. Musk respectfully moves for an order amending the Court's February 17, 2026 Order on Defendant's Motion *in Limine* No. 4 for the purpose of certifying the Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  The Court has jurisdiction to issue the requested relief, and 28 U.S.C. § 1292(b) certification is appropriate because the Order involves controlling questions of law as to which there is substantial ground for difference of opinion, and an immediate appeal from the Order may materially advance the ultimate termination of the litigation. *See also* Fed. R. App. P. 5 ("If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement.").  The bases for Defendant's motion are set forth in greater detail in the accompanying Memorandum of Points and Authorities.

PLEASE TAKE FURTHER NOTICE that this motion is based on the Memorandum of Points and Authorities below, the arguments of counsel, and any other matters properly before this Court.  Pursuant to Local Rule 7-2(c) and Paragraph I.C of the Court's Civil Standing Order – General, Defendants also submit herewith a proposed order.

## ISSUES TO BE DECIDED

1.      Should the Court grant certification on the controlling legal question whether Plaintiffs may pursue a scheme liability claim under Rules 10b-5(a) and (c) based on litigation conduct protected by the First Amendment?

2.      Should the Court grant certification on the controlling legal question whether Plaintiffs may pursue a scheme liability claim under Rules 10b-5(a) and (c) based on statements that are not actionable under Rule 10b-5(b)?

DATED:  February 23, 2026          Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Ellyde R. Thompson*
    Alex Spiro
    Michael T. Lifrak
    Stephen A. Broome
    Ellyde R. Thompson
    Jesse A. Bernstein
    Alex Bergjans

    *Attorneys for Defendant Elon Musk*

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................................1

BACKGROUND ....................................................................................................................2

LEGAL STANDARD.............................................................................................................3

ARGUMENT ..........................................................................................................................5

I.     THE COURT SHOULD GRANT CERTIFICATION ON WHETHER
       PLAINTIFFS MAY PURSUE A SCHEME LIABILITY CLAIM UNDER RULES
       10B-5(A) AND (C) BASED ON FIRST AMENDMENT-PROTECTED
       LITIGATION CONDUCT ..........................................................................................5

       A.     Whether Plaintiffs May Pursue A Scheme Liability Claim Under Rules
              10b-5(a) And (c) Based On Litigation Conduct Protected By The First
              Amendment Presents A Controlling Question Of Law.................................5

       B.     To The Extent This Question Is One Of First Impression, The Requirement
              To Demonstrate A Substantial Ground For Difference Of Opinion Is Met..7

       C.     Certification Of This Question Will Materially Advance The Termination
              Of This Litigation........................................................................................7

II.    THE COURT SHOULD GRANT CERTIFICATION AS TO WHETHER
       PLAINTIFFS MAY PURSUE A SCHEME LIABILITY CLAIM UNDER RULES
       10B-5(A) AND (C) BASED ON STATEMENTS NOT ACTIONABLE UNDER
       RULE 10B-5(B) ........................................................................................................8

       A.     Whether Scheme Liability May Rest On Statements Not Actionable Under
              Rule 10b-5(b) Presents A Controlling Question Of Law..............................9

       B.     A Substantial Ground For Difference Of Opinion Exists On This Legal
              Question ...................................................................................................10

       C.     Certification Of This Question Will Materially Advance The Termination
              Of The Case ..............................................................................................11

CONCLUSION....................................................................................................................12

DEFENDANT'S MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b)

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*BE & K Const. Co. v. N.L.R.B.*,
536 U.S. 516 (2002) ........................................................................................ 6

*Boone v. Redevelopment Agency of City of San Jose*,
841 F.2d 886 (9th Cir. 1988) .......................................................................... 6

*Casas v. Victoria's Secret Stores, LLC*,
2015 WL 13446989 (C.D. Cal. Apr. 9, 2015) ...................................... 7, 10, 11

*FERC v. Vitol Inc.*,
2022 WL 583998 (E.D. Cal. Feb. 25, 2022) ......................................... 4, 8, 11

*Gamble v. Kaiser Foundation Health Plan, Inc.*,
348 F. Supp. 3d 1003 (N.D. Cal. 2018) ........................................................... 6

*Garcia v. Alcocer*,
2022 WL 17538751 (9th Cir. Dec. 8, 2022) .................................................... 6

*Hawaii ex rel. Louie v. JP Morgan Chase & Co.*,
921 F. Supp. 2d 1059 (D. Haw. 2013) ............................................................ 3

*Hesse v. Air France*,
902 F.2d 39 (9th Cir. 1990) ......................................................................... 7, 8

*In re Cement*,
673 F.2d 1020 (9th Cir. 1981) ........................................................................ 4

*In re Harmonic Inc.*,
2002 WL 31974384 (N.D. Cal. Nov. 13, 2002) ............................................... 9

*In re Illumina, Inc. Sec. Litig.*,
2025 WL 2739655 (S.D. Cal. Sept. 26, 2025) ............................................... 10

*In re Palo Alto Networks, Inc. Sec. Litig.*,
2025 WL 2410348 (N.D. Cal. Aug. 19, 2025) ........................................... 9, 10

*In re Stem, Inc. Sec. Litig.*,
2025 WL 3675114 (N.D. Cal. Dec. 17, 2025) ........................................... 9, 10

*Jang v. Bos. Sci. Corp.*,
2014 WL 12787228 (C.D. Cal. Apr. 18, 2014) ............................................... 4

*Kang v. PayPal Holdings, Inc.*,
620 F. Supp. 3d 884 (N.D. Cal. 2022) ...................................................... 9, 10

*Knollenberg v. Harmonic, Inc.*,
152 F. App'x 674 (9th Cir. 2005) .................................................................... 9

*Lorenzo v. Securities and Exchange Commission,*
    587 U.S. 71 (2019) ........................................................................................................ 9

*Mine Workers v. Illinois Bar Assn.,*
    389 U.S. 217 (1967) ...................................................................................................... 6

*Nat'l Ass'n of Afr.-Am. Owned Media v. Charter Commc'ns, Inc.,*
    2016 WL 10647193 (C.D. Cal. Dec. 12, 2016) ....................................................... 3, 4

*Reese v. BP Exploration (Alaska) Inc.,*
    643 F.3d 681 (9th Cir. 2011) ................................................................................. 4, 5, 7

*Sosa v. DIRECTV, Inc.,*
    437 F.3d 923 (9th Cir. 2006) ..................................................................................... 6, 7

*Steering Comm. v. United States,*
    6 F.3d 572 (9th Cir. 1993) ............................................................................................ 3

*T.P. by & through S.P. v. Walt Disney Parks & Resorts U.S., Inc.,*
    445 F. Supp. 3d 665 (C.D. Cal. 2020) .................................................... 3, 4, 5, 6, 8, 11

*Theme Promotions, Inc. v. News Am. Marketing FSI,*
    546 F.3d 991 (9th Cir. 2008) ....................................................................................... 6

*United States v. Naghani,*
    361 F.3d 1255 (9th Cir. 2004) .................................................................................. 7, 8

*Yamaha Motor Corp., U.S.A. v. Calhoun,*
    516 U.S. 199 (1996) ...................................................................................................... 3

**Statutes**

28 U.S.C. § 1292(b) .............................................................................................. 1, 3, 5, 12

**Other Authorities**

C. Wright, A. Miller, & E. Cooper, 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed. 2021) .............. 4, 5

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

If the Court does not reconsider its tentative decision as to Defendant's Motion *in Limine* No. 4, the Court should certify its order on Motion *in Limine* No. 4 for interlocutory review under 28 U.S.C. § 1292(b).  The Court's novel conclusions that Plaintiffs may pursue a scheme liability claims based on First Amendment-protected conduct and dismissed statements present controlling questions of law as to which substantial grounds for difference of opinion exists, and the resolution of those questions would materially advance the ultimate termination of the litigation.  Indeed, because the Court will have to grant a continuance if it permits Plaintiffs to pursue a scheme liability claim, any interlocutory appeal could proceed during that time.

As an initial matter, permitting Plaintiffs to pursue a scheme liability claims based on core litigation conduct runs afoul of the First Amendment.  Plaintiffs did not even oppose Defendant Elon Musk's motion for summary judgment that the *Noerr-Pennington* doctrine prohibits liability based on this protected petitioning activity.   Only because the Court denied summary judgment in a two-sentence order, apparently without considering this unopposed aspect of Defendant's summary judgment motion, did Plaintiffs then oppose Defendant's Motion *in Limine* No. 4 on this issue.  To the extent the Court fails to apply the *Noerr-Pennington* doctrine, its decision will represent an unprecedented interpretation of Ninth Circuit law.  This controlling legal issue warrants certification.  And certifying this order for interlocutory appeal may save years of wasted time and an unnecessary retrial because any liability based on such conduct will require reversal.

Separately, the question of whether scheme liability may be based on statements already dismissed presents a controlling question of law that warrants immediate appellate review.  This question presents substantial ground for a difference of opinion, as made evident by the fact this Court previously has held that dismissed statements may not be repackaged as a scheme liability claim.  Once again, allowing the jury to find Mr. Musk liable for statements that did not even meet the pleading standard risks an unsupported verdict and need for a retrial, delaying the ultimate resolution of this lawsuit.

As stated in Defendant's supplemental brief regarding Defendant's Motion *in Limine* No. 4, the Court should preclude Plaintiffs from pursuing scheme liability at trial. Doing so will avoid the need to litigate novel legal issues arising from a departure from well-established standards. If the Court denies that motion, however, the above controlling legal issues should be resolved on interlocutory appeal before trial to avoid unnecessary expense, waste of the time of the Court, the jury, and the parties, and the potential need for a new trial on remand.

<u>**BACKGROUND**</u>

Plaintiffs' First Amended Complaint asserts a single count for violation of Section 10(b) of the Exchange Act and Rule 10b-5 against Defendant Elon Musk. After introducing the claim and describing "events leading up to the beginning of the Class Period," the First Amended Complaint identifies a series of alleged "false statements during the Class Period." FAC, Dkt. No. 31, at ¶¶ 107–151. Those are the only actions set out as a basis for liability; the remainder of the FAC sets out scienter, loss causation, and class action allegations. Defendant moved to dismiss the entire First Amended Complaint, arguing that Plaintiffs failed to state a claim, including because the alleged misstatements were not materially false or misleading and because the alleged misstatements constitute litigation conduct immunized from liability by the First Amendment. Dkt. No. 34 at 11–16, 21–25. After a careful analysis of every alleged false statement, the Court "DENIE[D] Defendant's motion to dismiss Plaintiffs' claims to the extent they are predicated" on "the May 13 tweet that the deal was 'temporarily on hold,' the May 16 statement that fake and spam accounts make up at least 20% of Twitter's users, and the May 17 tweet." Dkt. No. 48 at 39. The Court "GRANT[ED] Defendant's motion with respect to Plaintiffs' claims to the extent they are predicated on all other challenged statements." *Id.* As to *Noerr-Pennington*, the Court determined that the three surviving statements were not intimately related to the actual litigation process. *Id.* The Court reasoned that it "need not decide" whether the other challenged statements, including termination letters, were entitled to immunity under the *Noerr-Pennington* doctrine because the Court already had determined that the letters were not adequately alleged to be false. *Id.*

Now, on the eve of trial, the Court is considering whether to permit Plaintiffs to re-insert protected litigation conduct and dismissed statements into this litigation as part of a purported

"scheme" claim under Rule 10b-5(a). As set forth in Defendant's supplemental brief in support of Motion *in Limine* No. 4, Dkt. No. 429, allowing such a claim to proceed to trial would be improper under *Noerr-Pennington*, the securities laws, and Federal Rule of Civil Procedure 9(b).[1] But, if this Court does not reconsider its tentative ruling, it should grant a continuance (Dkt. No. 446) and certify the controlling legal issues that implicate the First Amendment for interlocutory appeal during that time.

<u>**LEGAL STANDARD**</u>

A district court may certify an order for interlocutory appeal where the order involves "a controlling question of law as to which there is substantial ground for difference of opinion," such "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). When a party requests certification on several bases, the Court "need not" decide whether each ground meets the Section 1292(b) standard; rather "if there is one question supporting certification, then the entire order is certified for appeal." *Nat'l Ass'n of Afr.-Am. Owned Media v. Charter Commc'ns, Inc.*, 2016 WL 10647193, at *4 (C.D. Cal. Dec. 12, 2016) (citing *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996)).

"A controlling question of law" exists where there is a legal question that the appellate court can decide. *Steering Comm. v. United States*, 6 F.3d 572, 575–76 (9th Cir. 1993); *see also Hawaii ex rel. Louie v. JP Morgan Chase & Co.*, 921 F. Supp. 2d 1059, 1065 (D. Haw. 2013) (collecting cases) (granting certification where "legal issues are at the heart of Plaintiff's proposed interlocutory appeal"). Even where the district court "received evidence" related to factual issues or the order concerns mixed questions of law and fact, a controlling issue of law exists where the order "implicate[s] fundamental legal questions." *T.P. by & through S.P. v. Walt Disney Parks & Resorts U.S., Inc.*, 445 F. Supp. 3d 665, 670 (C.D. Cal. 2020) (certifying question "whether it is 'necessary' under the ADA for an amusement park to accommodate customers with cognitive disabilities by

---

[1] Defendant does not move to certify the Rule 9(b) question for interlocutory appeal because the Ninth Circuit made clear thirty years ago that it "is well established that claims brought under Rule 10b-5 and Section 10(b) must meet the particularity requirements of Fed. R. Civ. P. 9(b)." *In re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1404 (9th Cir. 1996).

substantially reducing wait times that cause stress and anxiety," and rejecting argument that the question was one of fact).

"A question of law is 'controlling' if the resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *FERC v. Vitol Inc.*, 2022 WL 583998, at \*2 (E.D. Cal. Feb. 25, 2022) (quoting *In re Cement*, 673 F.2d 1020, 1026 (9th Cir. 1981)). "There is no doubt that a question is 'controlling' if its incorrect disposition would require reversal of a final judgment, either for further proceedings or for a dismissal that might have been ordered without the ensuing district-court proceedings." C. Wright, A. Miller, & E. Cooper, 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed. 2021). And a question can be "controlling" even if dismissal would not automatically result from reversal of the order; certification is warranted "if interlocutory reversal might save time for the district court, and time and expense for the litigants." *Id*.; *see also Nat'l Ass'n*, 2016 WL 10647193, at \*4 ("[R]eversal of the underlying order need not terminate the litigation in order to satisfy this requirement.").

There exists "substantial ground for difference of opinion" as to an identified controlling question of law where "reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed," and such "uncertainty provides a credible basis for a difference of opinion" on the issue. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (quotation omitted) (holding Section 1292(b) certification in securities class action proper). Thus, "[c]ourts traditionally will find that a substantial ground for difference of opinion exists where . . . novel and difficult questions of first impression are presented." *Id*. (quotation omitted). "[W]hen novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Id*.; *see also Jang v. Bos. Sci. Corp.*, 2014 WL 12787228, at \*6 (C.D. Cal. Apr. 18, 2014) (granting certification, holding there can be a substantial ground for difference of opinion where there is "paucity of law surrounding the issue" (citation omitted)).

A party may show "that an immediate appeal from the order may materially advance the ultimate termination of the litigation" where failing to certify the order "would result in wasted litigation and expense." *T.P. by & through S.P.*, 445 F. Supp. 3d at 668. "[N]either § 1292(b)'s

literal text nor controlling precedent requires that the interlocutory appeal have a final, dispositive effect on the litigation, only that it 'may materially advance' the litigation." *Reese*, 643 F.3d at 688. When, "[r]egardless of the outcome, an interlocutory appeal will expedite future proceedings," certification is appropriate. *T.P. by & through S.P.*, 445 F. Supp. 3d at 671 ("It would be a significant and needless waste of the Court and the parties' resources to proceed through additional bellwether phases only to face reversal on a common issue of law.  The Court would be forced to re-adjudicate every phase of this action, which could easily take another five years.  The Court hopes to avoid this risk of unnecessary litigation."); *see also* 16 C. Wright & A. Miller, Fed. Prac. & Proc. § 3930 (3d ed. 2018) ("The requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law.").

## **ARGUMENT**

### I.     THE COURT SHOULD GRANT CERTIFICATION ON WHETHER PLAINTIFFS MAY PURSUE A SCHEME LIABILITY CLAIM UNDER RULES 10B-5(A) AND (C) BASED ON FIRST AMENDMENT-PROTECTED LITIGATION CONDUCT

Under the First Amendment, petitioning conduct—including litigation conduct—is immunized from statutory liability.  The issue whether Plaintiffs may pursue a claim at trial based on protected litigation conduct constitutes a controlling question of law that would result in a novel rejection of the *Noerr-Pennington* doctrine outside the recognized sham litigation exception, such that "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).

####      A.     Whether Plaintiffs May Pursue A Scheme Liability Claim Under Rules 10b-5(a) And (c) Based On Litigation Conduct Protected By The First Amendment Presents A Controlling Question Of Law

At the threshold, whether Plaintiffs may pursue a Rule 10b-5 claim based litigation conduct protected by the First Amendment presents a pure issue of law appropriate for interlocutory review. The legal issue is straightforward.  The scheme theory that Plaintiffs seek to present encompasses litigation conduct, including letters sent by Mr. Musk's counsel terminating the Merger Agreement and the positions and defenses taken by Mr. Musk's counsel in the ensuing litigation. *See* Pls.' Opp. to Def.'s Mot. *in Limine* No. 4, Dkt. No. 372, at 2; Pls.' Pretrial Brief, Dkt. No. 409, at 8.  The Court

has indicated that it intends to allow Plaintiffs to present these issues to the jury as part of their scheme liability theory.  *See* Tr. of Feb. 17, 2026 Proceedings at 89:9–17.

"The *Noerr-Pennington* doctrine derives from the First Amendment's guarantee of 'the right of the people . . . to petition the Government for a redress of grievances.'"  *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006) (quotation omitted).  The right to petition is "one of 'the most precious of the liberties safeguarded by the Bill of Rights.'"  *BE & K Const. Co. v. N.L.R.B.*, 536 U.S. 516, 524 (2002) (quoting *Mine Workers v. Illinois Bar Assn.*, 389 U.S. 217, 222 (1967)).  "The essence of the *Noerr-Pennington* doctrine is that those who petition any department of the government for redress are immune from statutory liability for their petitioning conduct."  *Theme Promotions, Inc. v. News Am. Marketing FSI*, 546 F.3d 991, 1006 (9th Cir. 2008).  Thus, "[l]itigants are immune from liability that arises out of their petitioning activity, *i.e.*, the filing of a lawsuit, as well as conduct 'incidental to the prosecution of the suit.'"  *Gamble v. Kaiser Foundation Health Plan, Inc.*, 348 F. Supp. 3d 1003, 1027 (N.D. Cal. 2018).[2]  Whether the *Noerr-Pennington* doctrine applies to a particular legal context is "a pure question of law."  *Garcia v. Alcocer*, 2022 WL 17538751, at *2 (9th Cir. Dec. 8, 2022) ("Although Garcia did not raise the *Noerr-Pennington* issue below, we consider it within our discretion because it is a pure question of law.").  Because this "implicate[s] [a] fundamental legal question[]," *T.P. by & through S.P.*, 445 F. Supp. 3d at 670, it therefore qualifies as a controlling issue of law.

In addition, "[t]he general rule in this circuit is that a general jury verdict will be upheld only if each and every theory of liability submitted to the jury is not legally defective."  *Hesse v. Air*

---

[2]    While an exception exists for "sham litigation," "a plaintiff seeking to establish the sham exception to *Noerr-Pennington*" must plead it "with specificity."  *Gamble*, 348 F. Supp. 3d at 1028.  To avoid a chilling effect, "it is important that a plaintiff's complaint contain specific allegations demonstrating that the *Noerr-Pennington* protections do not apply."  *Boone v. Redevelopment Agency of City of San Jose*, 841 F.2d 886, 894 (9th Cir. 1988).  "Conclusory allegations are insufficient to strip them of their *Noerr-Pennington* protection" because "our responsibilities under the first amendment in a case like this one require us to demand that a plaintiff's allegations be made with specificity."  *Id.*  Plaintiffs have not pleaded the sham exception here and, even if they had, Plaintiffs did not include in the Joint Pre-Trial Order the sham litigation exception as an issue to be tried—a prerequisite for any claim premised on litigation conduct.  *United States v. Joyce*, 511 F.2d 1127, 1130 n.1 (9th Cir. 1974) (parties bound by pretrial order).

*France*, 902 F.2d 39 (9th Cir. 1990); *see also United States v. Naghani*, 361 F.3d 1255, 1261 (9th Cir. 2004) ("Where a jury returns a general verdict that is potentially based on a theory that was legally impermissible or unconstitutional, the conviction cannot be sustained because jurors, as non-lawyers, cannot be expected to eliminate the legally impermissible option."). The ability of Plaintiffs to rest their securities fraud claim on *Noerr-Pennington* protected conduct presents a controlling question of law for this additional reason. *Casas v. Victoria's Secret Stores, LLC*, 2015 WL 13446989, at *2 (C.D. Cal. Apr. 9, 2015) (controlling question of law exists where issue, "if wrongly decided by this Court, will require at least partial reversal").

**B.     To The Extent This Question Is One Of First Impression, The Requirement To Demonstrate A Substantial Ground For Difference Of Opinion Is Met**

Allowing a scheme claim to proceed based on core litigation conduct would present an issue of first impression, warranting immediate appellate review.

While the principles underlying the *Noerr-Pennington* doctrine are clear, its application to discrete acts within a Rule 10b-5(a) scheme liability claim has not been addressed. Plaintiffs have repeatedly suggested that the doctrine should not be applied in the securities fraud context, despite the Ninth Circuit's guidance in *Sosa* that the *Noerr-Pennington* doctrine "stands for a generic rule of statutory construction, applicable to any statutory interpretation that could implicate rights protected by the Petition Clause." *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006). To the extent the Court permits the inclusion of such protected conduct within the scheme, the Court's ruling presents an issue of first impression, thereby satisfying the requirement to demonstrate a substantial ground for difference of opinion warranting the Ninth Circuit's review. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) ("Courts traditionally will find that a substantial ground for difference of opinion exists where . . . novel and difficult questions of first impression are presented.").

**C.     Certification Of This Question Will Materially Advance The Termination Of This Litigation**

Finally, even though the parties are ready to proceed with a jury trial absent a scheme theory of liability, allowing Plaintiffs to pursue a scheme liability claim based on First Amendment-protected conduct would only delay the ultimate resolution of this case. That is because allowing

the jury to reach a verdict based on improper grounds for liability will mean that the jury's verdict cannot be upheld on appeal. *See Hesse v. Air France*, 902 F.2d 39 (9th Cir. 1990) ("The general rule in this circuit is that a general jury verdict will be upheld only if each and every theory of liability submitted to the jury is not legally defective."); *United States v. Naghani*, 361 F.3d 1255, 1261 (9th Cir. 2004) ("Where a jury returns a general verdict that is potentially based on a theory that was legally impermissible or unconstitutional, the conviction cannot be sustained because jurors, as non-lawyers, cannot be expected to eliminate the legally impermissible option."). There can be no doubt that avoiding the need for a new trial will materially advance the ultimate termination of this litigation. Thus, certification will avoid the "wasted litigation and expense" that would occur if a final judgment were to issue in Plaintiffs' favor, only to be vacated for retrial due to the improper basis for liability. *T.P. by & through S.P.*, 445 F. Supp. 3d at 668 (quotation omitted); *see also FERC*, 2022 WL 583998, at *4 ("An interlocutory appeal materially advances the ultimate resolution of litigation if it avoids protracted and expensive litigation.").[3]

In fact, because Mr. Musk did not have notice that the Court would permit Plaintiffs to premise liability on protected litigation conduct—given that the Court held at the motion to dismiss state that it did not need to reach the question and given that Plaintiffs did not oppose Defendant's motion for summary judgment on this ground—permitting such a scheme liability theory will require a continuance. *See* Dkt. No. 446. During that time period, this Court should certify this issue to the Ninth Circuit, which then could decide whether to accept certification. Such an approach would ensure efficiency and thus materially advance the termination of the litigation.

## II. THE COURT SHOULD GRANT CERTIFICATION AS TO WHETHER PLAINTIFFS MAY PURSUE A SCHEME LIABILITY CLAIM UNDER RULES 10B-5(A) AND (C) BASED ON STATEMENTS NOT ACTIONABLE UNDER RULE 10B-5(B)

Independently, a controlling question of law exists as to whether a scheme liability claim under Rules 10b-5(a) and (c) can be based on statements that are not actionable under Rule 10b-5(b).

---

[3]  That the litigation would proceed to trial even if the Ninth Circuit reverses this Court's order on scheme liability does not preclude certification. Neither "§ 1292(b)'s literal text nor controlling precedent requires that the interlocutory appeal have a final, dispositive effect on the litigation." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

While the Supreme Court has said that there can be overlap between the two—at least to the extent that those beyond the maker of the false and misleading statements may be liable under Rules 10b-5(a) and (c)—the Supreme Court has also made clear that those statements must be false and misleading.

### A.    Whether Scheme Liability May Rest On Statements Not Actionable Under Rule 10b-5(b) Presents A Controlling Question Of Law

Whether statements that are not actionable under Rule 10b-5(b) can nevertheless be a basis for "scheme" liability presents a controlling question of law.  A scheme liability claim can include "dissemination of ***false or misleading*** statements with intent to defraud."  *Lorenzo v. Securities and Exchange Commission*, 587 U.S. 71, 78 (2019).  But a scheme liability claim ***cannot*** include statements that are true and not misleading, even in an attempt to impact the market.  *See, e.g.*, *In re Harmonic Inc.*, 2002 WL 31974384, at *14 n.13 (N.D. Cal. Nov. 13, 2002), *aff'd in part and rev'd in part on other grounds*, *Knollenberg v. Harmonic, Inc.*, 152 F. App'x 674 (9th Cir. 2005) ("Needless to say, pleading a 'scheme to defraud' with the particularity required under the PSLRA necessitates more than allegations that a company made true statements about its business in an attempt to 'distract the market.'").

Whether statements that are not actionable under Rule 10b-5(b) can be a basis of liability under Rules 10b-5(a) and (c) is a question of law.  That is why, in other cases, this Court was able to dismiss purported scheme claims as a matter of law at the motion to dismiss stage simply because they were based on statements not actionable under Rule 10b-5(b).  For example, in *In re Palo Alto Networks, Inc. Sec. Litig.*, the Court specifically held at the motion to dismiss stage that "Plaintiffs cannot remedy their failure to plead falsity or scienter by repackaging their claims as 'scheme liability' claims under SEC Rules 10b-5(a) and (c)."  2025 WL 2410348, at *2 (N.D. Cal. Aug. 19, 2025) (Breyer, J.).  Likewise, in *Kang v. PayPal Holdings, Inc.*, again at the motion to dismiss stage, this Court concluded that "PayPal correctly argues that this alleged scheme consists entirely of (and fails for the same reasons as) the misstatements analyzed above."  620 F. Supp. 3d 884, 902 (N.D. Cal. 2022) (Breyer, J.); *see also In re Stem, Inc. Sec. Litig.*, 2025 WL 3675114, at *11 (N.D. Cal. Dec. 17, 2025) (holding that "where the alleged scheme consists entirely of' failed section 10(b)

statements, a plaintiff likewise fails to adequately plead a scheme"); *In re Illumina, Inc. Sec. Litig.*, 2025 WL 2739655, at *4 (S.D. Cal. Sept. 26, 2025) ("Here, Plaintiffs' scheme liability claim under Rule 10b-5(a) and (c) is basically a duplicate of their first fraud claim under Rule 10b-5(b). This scheme consists entirely of the allegations underlying Plaintiffs' first claim under Rule 10b-5(b), so it fails for the same reasons." (quotation omitted)).

Yet here, the Court has indicated that it will allow Plaintiffs to present a scheme liability claim at trial based on statements this Court has already dismissed given that Plaintiffs did not plead that they were false or misleading. *Compare* Tr. of Feb. 17, 2026 Proceedings at 89:9–17 (confirming that the "scheme" claim the Court intends to permit includes the July 8 termination letter); *with* Order on Motion to Dismiss, Dkt. No. 48 at 27 ("Plaintiffs do not adequately specify which statements within the various letters are misleading or state the reason or reasons why they are."); *id.* at 28 ("But again, Plaintiffs do not point to an objectively verifiable affirmative statement or misleading omission."). If the Court allows the dismissed statements to proceed to trial as a basis for scheme liability, such a holding would require vacatur and the expense and burden of a new trial if the jury finds for Plaintiffs. This is sufficient to satisfy the "controlling question of law" prong of Section 1292(b)'s requirements. *See Casas*, 2015 WL 13446989, at *2 (controlling question of law exists where issue, "if wrongly decided by this Court, will require at least partial reversal").

### B.     A Substantial Ground For Difference Of Opinion Exists On This Legal Question

To the extent the Court maintains its departure from settled law precluding scheme liability based on non-actionable statements, a substantial ground for difference of opinion exists. The Court's decision would conflict with multiple other decisions dismissing scheme liability claims based on alleged misstatements deemed non-actionable at the pleading stage—including decisions of this Court. In those cases, courts effectively hold that scheme liability claims cannot proceed if based on statements that are not actionable. *See Palo Alto*, 2025 WL 2410348, at *2; *Kang*, 620 F. Supp. 3d at 902; *Stem*, 2025 WL 3675114, at *11; *Illumina*, 2025 WL 2739655, at *4. In each of those cases, the legal question was identical to the one presented here—whether a scheme liability claim can proceed as a matter of law based on statements held to be not false or misleading under

Rule 10b-5(b). But here, the Court proposes resolving the legal question in the opposite manner—dismissing statements under Rule 10b-5(b) because they were not plausibly alleged to be false or misleading, yet holding that those same statements may proceed to trial under the guise of Rules 10b-5(a) and (c). This about-face by the same court confronting the same legal question demonstrates a substantial ground for a difference of opinion.

### C.   Certification Of This Question Will Materially Advance The Termination Of The Case

Resolution of this issue will materially advance the termination of this litigation for the same reasons cited above. If the Ninth Circuit determines that the Plaintiffs may not seek to hold Defendant liable under Rules 10b-5(a) and (c) for alleged misstatements not actionable under Rule 10b-5(b), that would require reversal and a new trial. Resolving this issue now will properly delineate the scope of the case and will allow the parties to try the case properly the first time. *Casas*, 2015 WL 13446989, at \*5 (certification appropriate where resolution will "alter the direction of the current proceedings" because the arguments that the parties will present at trial turn on the scope of the summary judgment order). Forcing the parties to try the case with this open question, only to retry the case in several years' time would be a waste of resources and a waste of this Court's time. *T.P. by & through S.P.*, 445 F. Supp. 3d at 668; *see also FERC*, 2022 WL 583998, at \*4 ("An interlocutory appeal materially advances the ultimate resolution of litigation if it avoids protracted and expensive litigation.").

Likewise, because Mr. Musk did not have notice that the Court would permit Plaintiffs to premise liability on non-actionable statements—given that the Court "GRANT[ED] Defendant's motion with respect to Plaintiffs' claims to the extent they are predicated on all other challenged statements," Dkt. No. 48 at 39—permitting such a scheme liability theory will require a continuance. *See* Dkt. No. 446. Certification of this issue in the meantime would ensure efficiency and thus materially advance the termination of the litigation.

## **CONCLUSION**

For the reasons set forth above, Defendant respectfully requests that the Court grant the motion to certify the Order for interlocutory appeal under 28 U.S.C. § 1292(b), unless the Court grants reconsideration and modifies its Order pursuant to Defendant's brief at Dkt. No. 429.

DATED:  February 23, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By      /s/ Ellyde R. Thompson
Alex Spiro
Michael T. Lifrak
Stephen A. Broome
Ellyde R. Thompson
Jesse A. Bernstein
Alex Bergjans

*Attorneys for Defendant Elon Musk*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on all counsel of record electronically or by another manner authorized under FED. R. CIV. P. 5(b) on Monday, February 23, 2026.

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By */s/ Alex Bergjans*
    Alex Spiro
    Michael T. Lifrak
    Stephen A. Broome
    Ellyde R. Thompson
    Jesse A. Bernstein
    Alex Bergjans

    *Attorneys for Defendant Elon Musk*

## ATTESTATION

Pursuant to Civil L.R. 5-1, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the other signatories herein.

By  /s/ Alex Bergjans
　　Alex Spiro
　　Michael T. Lifrak
　　Stephen A. Broome
　　Ellyde R. Thompson
　　Jesse A. Bernstein
　　Alex Bergjans

*Attorneys for Defendant Elon Musk*