IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIUSEPPE PAMPENA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ELON MUSK,<br><br>    Defendant. | Case No. 22-cv-05937-CRB<br><br>**ORDER FOR FURTHER REPONSE** |

Musk has filed a series of motions challenging Plaintiffs' "scheme" liability claim. One argument central to Musk's position is that the Noerr-Pennington doctrine bars Plaintiffs' claim since it encompasses what he believes to be protected activity. The Court invites Musk to address why the Ninth Circuit's decision in Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc., 690 F.2d 1240 (9th Cir. 1982), does not foreclose his argument.

There, the court squarely held that when "petitioning activity is but a part of a larger overall scheme to restrain trade, there is no overall immunity." Clipper Exxpress, 690 F.2d at 1263. Indeed, the court explained that an antitrust violation "does not enjoy immunity simply because an element of that violation involves an action which itself is not illegal." Id. (noting that the rationale was consistent with "the theoretical underpinnings of the Noerr doctrine"). Despite being decided in 1982, the case appears to be good law in the Noerr-Pennington context. See, e.g., Alvarado v. W. Range Ass'n, No. 3:22-CV-00249-MMD-CLB, 2023 WL 4534624, at *4 (D. Nev. Mar. 21, 2023) (finding that Noerr-Pennington immunity did not apply based on Clipper Exxpress); Databricks, Inc. v. Weisfield, No. C24-1417JLR, 2025 WL 3785324, at *8 (W.D. Wash. Mar. 14, 2025)

1  (recognizing the "Clipper exception").

2  The Court orders Musk to respond by Wednesday (February 25, 2026) at noon.

3  **IT IS SO ORDERED.**

4  Dated: February 23, 2026



CHARLES R. BREYER
United States District Judge