1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

GIUSEPPE PAMPENA, et al.,

9

Plaintiffs,

10

v.

11

ELON MUSK,

12

Defendant.

Case No. 22-cv-05937-CRB

**ORDER RE PRETRIAL MOTIONS**

13     The Court held a pretrial conference on February 17, 2026.  This Order summarizes

14 the Court's rulings on the motions for the convenience of the parties.

15     **A.     Musk's Motion <u>in Limine</u> 1**

16     The Court **GRANTS** the motion as to the Tesla tweets and Bankman-Fried/Combs

17 messages.  The Court **DENIES** the motion as to the issues related to the SEC

18 investigation, but not the investigation itself or the subsequent litigation due to unfair

19 prejudice.

20     **B.     Musk's Motion <u>in Limine</u> 2**

21     The Court **GRANTS** the motion as to the book, with the exception of the excerpt

22 agreed upon by the parties.  The parties may still use the book to refresh a witness's

23 recollection in accordance with the procedures outlined by the Court during the pretrial

24 conference.

25     **C.     Musk's Motion <u>in Limine</u> 3**

26     The Court **GRANTS** the motion as to Musk's politics.  The Court will evaluate

27 evidence of Musk's management of Twitter on a case-by-case basis.

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### D.    Musk's Motion in Limine 4

The Court **DENIES** the motion.  See Dkt. 454 (explaining the Court's reasoning in detail).

### E.    Musk's Motion in Limine 5

The Court **DENIES** the motion.

### F.    Plaintiffs' Motion in Limine 1

The Court **DEFERS** ruling on this motion because the evidence may be relevant and must be evaluated on a case-by-case basis.  The parties are not permitted to refer to the extraneous legal proceedings in their opening statements.

### G.    Plaintiffs' Motion in Limine 2

The Court **GRANTS** the motion because any evidence related to what lawyers thought or said regarding the transaction implicates the attorney-client privilege and advice of counsel, which Musk has declined to raise as a defense.  Evidence of public statements by lawyers is still admissible.

### H.    Plaintiffs' Motion in Limine 3

The Court **DENIES** this motion as Musk may, within reason, discuss damage calculation.

### I.    Plaintiffs' Motion in Limine 4

The Court **DENIES** the motion because what Musk saw or was told during the time period at issue is relevant.  The Court **DEFERS** ruling on the privilege redactions for communications to third-party data scientists.  If Musk wishes to pursue that evidence, he must provide the Court with unredacted copies to determine admissibility.

### J.    Plaintiffs' Motion in Limine 5

The Court **DEFERS** ruling on agent statements and will evaluate the evidence on a case-by-case basis.

### K.    Musk's Motion to Exclude (Adam Badawi)

The Court **GRANTS** the motion to the extent that the expert opines on party intent. Testimony regarding industry terms and practices is admissible.

2

**L.    Musk's Motion to Exclude (Emily Strauss)**

The Court **GRANTS** the motion as the expert does not opine on the facts at issue and her testimony would not aid the jury.

**M.    Musk's Motion to Exclude (Christine Davis)**

The Court **GRANTS** the motion as the expert is not necessary for motive evidence.

**N.    Musk's Motion to Exclude (David Tabak)**

The Court **DENIES** the motion as Musk's arguments are more suited for cross-examination.

**O.    Plaintiffs' Motion to Exclude (Kenneth Lehn)**

The Court **DENIES** the motion as Plaintiffs' arguments are more suited for cross-examination.

P.    **Plaintiffs' Motion to Exclude (Edward Rock)**

The Court **DENIES** the motion as Musk's expert is an appropriate rebuttal expert to Professor Badawi, Plaintiffs' own expert.  Musk's expert is subject to the same limitations as Professor Badawi in his testimony.

**IT IS SO ORDERED.**

Dated: February 27, 2026

CHARLES R. BREYER
United States District Judge