# DEFENDANT'S SUPPLEMENTAL TRIAL WITNESS LIST[1]

| Name | Substance of Testimony |
|---|---|
| **Elon Musk** | Mr. Musk is the Defendant in this action. Mr. Musk will testify about, among other things, the statements at issue in the case and the background related thereto; facts related to the truth of the statements at issue, including the basis for the challenged statements and the intended meaning of the challenged statements and whether the statements were materially misleading (i.e., whether in light of all publicly available information, including disclosures concerning the terms and status of the Twitter merger, the statements altered the total mix of information available to the market); his state of mind, intentions, and knowledge when making the challenged statements; facts related to his motives and good faith concerning the Merger and challenged statements. |
| **Jared Birchall** | Mr. Birchall is the head of Mr. Musk's family office, Excession LLC, and assisted Mr. Musk in connection with the Twitter Merger. Defendant expects that Mr. Birchall will testify about the background to the Twitter Merger (including communications with Mr. Musk's advisors about the Merger and its terms), communications with Twitter concerning the Merger and Twitter's spam audit, Mr. Musk's efforts to exercise his information rights to obtain data from Twitter concerning the spam calculation, facts related to the truth of statements at issue in this case and Mr. Musk's knowledge and state of mind at the time he made them; facts related to Mr. Musk's post-signing Merger activities, including communications about the same. |
| **Mike Ringler** | Mike Ringler is an attorney, partner at Sullivan & Cromwell LLP (former of Skadden), and was Mr. Musk's lead deal lawyer on the Twitter Merger. Defendant expects that Mr. Ringler will testify about, among other things, the background to the Twitter Merger, the Merger Agreement (including its terms, negotiation, and execution), facts relating to the truth of the statements at issue and Mr. Musk's knowledge and state of mind when he made them, Mr. Musk's efforts to exercise his information rights to obtain spam and bot information from Twitter and Twitter's responses therein, communications with Twitter pre- and post-signing the |

---

[1] Defendant reserves all rights to amend or supplement this witness list, including but not limited to in response to witnesses disclosed by Plaintiffs or in response to Plaintiffs' presentation of evidence at trial. Defendant also reserves all rights to call any witness identified on Plaintiffs' witness list or custodians of records as necessary to authenticate documents and evidence.

| | |
|---|---|
| | Merger Agreement, Mr. Musk's post-signing Merger-related activities, the termination of the Merger and subsequent events. |
| **Alex Spiro** | Alex Spiro is an attorney, partner at Quinn Emanuel Urquhart & Sullivan LLP, and counsel for Mr. Musk. Defendant expects that Mr. Spiro will testify, among other things, about the background to the Twitter Merger; the Merger Agreement; facts relating to the truth of the statements at issue and Mr. Musk's knowledge and state of mind when he made them, including Mr. Musk's communications with Twitter and efforts to exercise his information rights post-signing; Mr. Musk's efforts to obtain spam and bot information from Twitter; Mr. Musk's post-signing Merger-related activities, the termination of the Merger, subsequent litigation and resolution. |
| **Michael Grimes (via deposition designation)** | Michael Grimes was formerly a Managing Director and Head of Global Technology Investment Banking at Morgan Stanley; he served as one of Mr. Musk's lead bankers in the Twitter Merger. Defendant expects that Mr. Grimes will testify about the background to the Twitter Merger, including acquisition strategy; Merger-related financing; Morgan Stanley's need and attempt to obtain from Twitter certain information post-signing and related communications; facts related to the truth of the statements at issue, including his communications with Mr. Musk and the discovery of third-party spam analyses. |
| **Kate Claassen** | Kate Claassen is a Managing Director, Technology Investment Banking at Morgan Stanley and served as one of Mr. Musk's lead bankers in the Twitter Merger. Defendant expects Ms. Claassen to testify about the background to the Twitter Merger; Merger-related financing, including Morgan Stanley's need post-signing to certain information from Twitter necessary for financing; communications with Twitter concerning spam and bots; Morgan Stanley's efforts to obtain certain information from Twitter; facts related to the truth of the statements at issue, including the discovery of third-party spam analyses. |
| **Anthony Armstrong** | Anthony Armstrong was formerly the Global Chairman of Technology M&A at Morgan Stanley and served as one of Mr. Musk's lead bankers in the Twitter Merger. Defendant expects Mr. Armstrong to testify about the background to the Twitter Merger; Merger-related financing, including Morgan Stanley's need post-signing to certain information from Twitter necessary for financing; communications with Twitter concerning spam and bots; Morgan Stanley's efforts to obtain certain information from Twitter; facts related to the truth of the statements at issue and Mr. |

| | |
|---|---|
| | Musk's knowledge and state of mind concerning the same, including the discovery of third-party spam analyses. |
| **Kristina Salen (via deposition designation)** | Kristina Salen is the Chief Financial Officer at Booksy and interviewed for the position of transition CFO during the Twitter Merger.  Defendant expects Ms. Salen to testify about facts related to the truth of the statements at issue, including Twitter's post-signing diligence communications with Mr. Musk concerning its mDAU/spam audit process |
| **Dan Brahmy (via designation)** | Dan Brahmy is the President of Cyabra, a data science firm that Mr. Musk retained to test the accuracy of Twitter's disclosures in its 10-K and 10-Qs concerning the prevalence of false or spam accounts on its platform.  Defendant expects Mr. Brahmy to testify about facts related to the truth of the statements at issue, including Mr. Musk's exercise of his information rights and Twitter's responses. |
| **David Sielaff** | David Sielaff is a data scientist associated with the firm CounterAction retained in 2022 to test the accuracy of Twitter's disclosures its 10-K and 10-Qs concerning the prevalence of false or spam accounts on its platform.  Defendant expects Mr. Sielaff to testify about Mr. Musk's efforts to obtain and analyze information from Twitter related to the prevalence of false or spam accounts. |
| **Emilio Ferrera** | Emilio Ferrera is a computer scientist who was retained in 2022 to test the accuracy of Twitter's disclosures its 10-K and 10-Qs concerning the prevalence of false or spam accounts on its platform.  Defendant expects Dr. Ferrara to testify about matters relevant to scienter, including evidence produced by Twitter in the Delaware Action concerning the prevalence of false or spam accounts on its platform. |
| **Robert Kaiden** | Robert Kaiden was the Chief Accounting Officer of Twitter.  Mr. Musk expects Mr. Kaiden to testify about matters relating to the truth of the statements at issue, including Twitter's calculation and disclosure of certain "key metrics" relating to users. |
| **Stacey Conti** | Stacey Conti was formerly the head of M&A Integration at Twitter and coordinated Twitter's post-signing diligence efforts. Defendant expects Ms. Conti to testify about facts related to the truth of the statements at issue, including Twitter's response to and positions regarding Mr. Musk's exercise of his information rights under the Merger Agreement. |

| | |
|---|---|
| **Martin Korman** | Martin Korman is an attorney and partner at Wilson Sonsini Goodrich & Rosati and served as Twitter's lead deal lawyer during the Merger. Defendant expects Mr. Korman to testify about the Merger Agreement's terms and negotiation; facts relating to the truth of the challenged statements; Twitter's post-signing communications with Mr. Musk's team; Mr. Musk's efforts to exercise his information rights post-signing and Twitter's response to and positions regarding the same. |
| **Emmy Anargyros (via deposition designation)** | Emmy Anargyros was a technical program manager for Twitter's Human Computation Team ("HCOMP") and was responsible for managing Twitter's spam audit process. Defendant expects Ms. Anargyros will testify about Twitter's spam/mDAU audit process and issues concerning its design, rigor, and accuracy. |
| **Parag Agrawal** | Parag Agrawal was formerly the Chief Executive Officer of Twitter. Defendant expects that Mr. Agrawal will testify about facts related to the truth of the statements at issue, including the terms of the Merger Agreement, communications with Mr. Musk and his team, Mr. Musk's efforts to exercise his information rights under the Merger Agreement and Twitter's response and position regarding the same; and Twitter's spam/mDAU audit process and representations. |
| **Ned Segal** | Ned Segal was formerly the Chief Financial Officer of Twitter. Defendant expects that Mr. Segal will testify about facts related to the truth of the statements at issue, including the terms of the Merger Agreement, communications with Mr. Musk and his team, Mr. Musk's efforts to exercise his information rights under the Merger Agreement and Twitter's response and position regarding the same; and Twitter's spam/mDAU audit process and representations. |
| **Jack Dorsey (via deposition designation)** | Jack Dorsey is the Founder, former Chief Executive Officer, and former Director of Twitter. Defendant expects Mr. Dorsey will testify about facts related to the truth of the statements at issue, including the background to the Merger, his communications with Mr. Musk about the Merger, and Twitter's spam audit process and representations. |
| **Egon Durban** | Egon Durban is a former Director of Twitter. Defendant expects Mr. Durban will testify about facts related to the truth of the statements at issue, including the background to the Twitter Merger and Twitter's spam/mDAU audit process and representations. |
| **William Savitt (via deposition designation)** | William Savitt is an attorney and partner at Wachtell, Lipton, Rosen & Katz and served as Twitter's lead litigation counsel in its lawsuit against Mr. Musk. Defendant expects Mr. Savitt will |

| | |
|---|---|
| | testify about Mr. Musk's information rights, and Mr. Musk's termination of the Merger and subsequent litigation. |
| **Stefani Silverstein (via deposition designation)** | Stefani Silverstein is a former Managing Director at Goldman Sachs and served as one of Twitter's lead bankers during the Merger.  Defendant expects Ms. Silverstein to testify about facts related to the truth of Mr. Musk's statements including Mr. Musk's exercise of his information rights and Twitter and Goldman Sach's positions and responses regarding the same. |
| **Leslie Lippai (via deposition designation)** | Leslie Lippai is an employee of Wedbush Securities and was designated as Wedbush's 30(b)(6) witness.  Defendant expects Ms. Lippai to testify about certain analyst reports Wedbush issued during the Class Period. |
| **John Garret** | John Garrett is a Class Representative and Plaintiff in this action.  Defendant intends to cross-examine Mr. Garrett. |
| **Nancy Price** | Nancy Price is a Class Representative and Plaintiff in this action.  Defendant intends to cross-examine Ms. Price. |
| **Brian Belgrave** | Brian Belgrave is a Class Representative and Plaintiff in this action.  Defendant intends to cross-examine Mr. Mr. Belgrave. |
| **Steve Garret (via deposition designation)** | Steve Garret is a former Class Representative.  Defendant expects Mr. Garret to testify about his decisions to trade Twitter securities during the Class Period. |
| **Professor Edward Rock** | Professor Edward Rock is a Professor at NYU School of Law and a rebuttal expert retained by Defendant.  Professor Rock will respond to and offer rebuttal to the testimony of Professor Adam Badawi and Professor Emily Strauss, assuming they are permitted to testify. |
| **Dr. Kenneth Lehn** | Dr. Kenneth Lehn is a Professor of Finance at the University of Pittsburg and a rebuttal expert retained by Defendant.  Dr. Lehn will respond to and offer rebuttal to the testimony of Plaintiffs' expert Dr. David Tabak, assuming Dr. Tabak is permitted to testify. |
| **Sean Lynch** | Mr. Lynch will testify about the Merger, financing, and related communications. |
| **Vijaya Gadde**[2] | Ms. Gadde is on Plaintiffs' witness list.  Defendant plans to cross-examine Ms. Gadde. |

---

[2] Plaintiffs have identified on their witness list attorneys—both in-house and outside counsel—for Twitter, including Ms. Gadde (Twitter's Chief Legal Officer), Sean Edgett (Twitter's General Counsel), Martin Korman (Twitter's outside deal counsel), and Katherine Martin (Twitter's outside counsel).  Plaintiffs have also identified Twitter officers and directors who received legal advice in connection with the Merger.  Given these witnesses' roles at Twitter, Defendant anticipates that Plaintiffs may seek testimony into matters protected by the attorney client privilege and/or work product doctrine.  To avoid the disclosure of privileged information and limit disruption at trial, Defendant proposes that before these witnesses testify the parties identify any anticipated areas of testimony that may implicate privilege so that the Court can resolve any privilege issues in advance.

| **Bret Taylor** | Mr. Taylor is on Plaintiffs' witness list.  Defendant plans to cross-examine Mr. Taylor. |
|---|---|
| **Daniel Zwarn (PwC)** | Mr. Zwarn is on Plaintiffs' witness list.  Defendant plans to cross-examine Mr. Zwarn. |
| **Katherine Martin** | Ms. Martin is on Plaintiffs' witness list.  Defendant plans to cross-examine Ms. Martin. |
| **Jeffrey Utz (Truist) (Via deposition designation)** | Mr. Utz is on Plaintiffs' witness list.  Defendant reserves the right to cross-designate Mr. Utz's testimony. |
| **Sean Edgett** | Mr. Edgett is on Plaintiffs' witness list.  Defendant plans to cross-examine Mr. Edgett. |
| **Walter Isaacson (via deposition designation)** | Mr. Isaacson is on Plaintiffs' witness list.  Defendant reserves the right to cross-designate Mr. Isaacson's testimony. |
| **Yoel Roth** | Mr. Roth is on Plaintiffs' witness list.  Defendant plans to cross-examine Mr. Roth. |
| **Adam Badawi** | Mr. Badawi is Plaintiffs' "M&A expert" and appears on their witness list.  Defendant plans to cross-examine Mr. Badawi. |
| **Christine Davis** | Ms. Davis is Plaintiffs' "accounting expert" and appears on their witness list.  Defendant plans to cross-examine Ms. Davis. |
| **Emily Strauss** | Ms. Strauss is Plaintiffs' "securities markets expert" and appears on their witness list.  Defendant plans to cross-examine Ms. Strauss. |
| **David Tabak** | Dr. Tabak is Plaintiffs' "damages expert" and appears on their witness list.  Defendant plans to cross-examine Dr. Tabak. |
| **Yvette Austin** | Ms. Austin is the Senior Managing Director and Chair of Global Finance Practice at Compass Lexecon and was retained in the 2022 Delaware Action to discuss Twitter's internal engagement metrics.  She will offer percipient testimony concerning the evidence produced by Twitter in the Delaware Action related to user engagement. |