QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Alex Spiro (*pro hac vice*)
alexspiro@quinnemanuel.com
Ellyde R. Thompson (*pro hac vice*)
ellydethompson@quinnemanuel.com
Jesse A. Bernstein (*pro hac vice*)
jessebernstein@quinnemanuel.com
296 Fifth Avenue
New York, NY 10010
Telephone:  (212) 849-7000
Facsimile:   (212) 849-7100

Michael T. Lifrak (Bar No. 210846)
michaellifrak@quinnemanuel.com
Stephen A. Broome (Bar No. 314605)
stephenbroome@quinnemanuel.com
Alex Bergjans (Bar No. 302830)
alexbergjans@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

*Attorneys for Defendant Elon Musk*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIUSEPPE PAMPENA, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ELON R. MUSK,<br><br>　　　　　Defendant. | Case No. 3:22-cv-05937-CRB<br><br>**DEFENDANT'S REQUEST FOR LIMITING JURY INSTRUCTIONS**<br><br>Judge:　　Honorable Charles R. Breyer |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INTRODUCTION

This Court should issue limiting instructions promptly to ensure that the jury is not misled regarding the statements and conduct on which it may base liability.   As the Court is aware, Defendant objects to liability based anything other than the three statements that survived the Court's motion to dismiss ruling.  But, even under the Court's broad view of the case before the jury, Plaintiffs have introduced evidence that will confuse the jury on the issues being tried.

Plaintiffs are only asserting that three statements—Defendant's May 13 tweet, May 16 estimate that 20% of Twitter's users may be fake or spam accounts, and his May 17 Tweet— were false or misleading.  Yet at trial, they have elicited testimony and evidence suggesting that other statements, not pleaded or otherwise dismissed, were false.  Plaintiffs also not only suggested in opening statements that Defendant engaged in misconduct related to his acquisition of Twitter shares in early 2022 and that conduct caused shareholders harm, but then elicited evidence beyond the scope of what the Court permitted following the rulings on the motions *in limine*.  Indeed, the 2022 open-market purchases of Twitter stock occurred more than a month before the Class Period (and any purported scheme) even began and—as the Court recognized—is not alleged to have caused a single cent of damage to the Class.   It is abundantly clear that this presentation is causing prejudicial confusion.  It should be immediately corrected and the jury informed of the limitation of its consideration of this evidence.  Defendant therefore respectfully requests the following limiting instructions.

## DEFENDANT'S PROPOSED LIMITING JURY INSTRUCTIONS

Defendant respectfully requests that the Court give the following limiting instructions to ensure the jury does not consider evidence for an improper purpose.

Federal Rule of Evidence 105 mandates that "[i]f the court admits evidence that is admissible against a party or for a purpose—but not . . . for another purpose—the court, on timely request, must restrict the evidence to its proper scope ***and instruct the jury accordingly***."  Fed. R. Evid. 105.

1   Defendant requested limiting instructions in advance of opening statements related to both

2   litigation conduct and statements not alleged to be materially false or misleading. The Court did

3   not give the requested instructions.

4       In opening statements, Plaintiffs referred to certain Tweets as "deceptive and dishonest,"

5   Tr. Day 1 at 219:1–2, even though they were either dismissed by the Court as unactionable, Dkt.

6   No. 48. at 21-22, or were not pleaded as false or misleading statements at all, *see generally* Dkt.

7   No. 31. Then, Plaintiffs discussed the July 8 Termination Letter and Defendant's actions in

8   resulting litigation. Yet the Court had dismissed the July 8 Termination Letter as unactionable

9   under Rule 10b-5(b), Dkt. No. 48. at 26-28, and subsequently acknowledged that the July 8

10  Termination Letter and Defendant's participation in the subsequent litigation is protected

11  petitioning conduct. Dkt. No. 454 at 3 n. 3. These statements and conduct, as the Court has held,

12  cannot support any claim for liability under Rule 10b-5(b). Defendant objected to these statements

13  in Plaintiffs' opening, and the Court overruled that objection. The Court explained that "[y]ou

14  might be correct," but that was "an opening statement, and I'm going to limit their evidence to that

15  which is admissible under the rules of the game." Tr. Day 1 at 232:21–233:2.

16      The case is now past opening statements and the Court still has not instructed the jury of

17  the limited purpose for which such evidence may be offered. Thus, Defendant reiterates his request

18  for the Court to instruct the jury on the limited purpose for which evidence on this topic may be

19  offered. The Court may not wait until it instructs the jury at the close of the case to offer such

20  instruction because doing so will leave the jury with the misimpression during the evidentiary

21  phase of the case that liability may be based on protected litigation conduct, dismissed statements,

22  and unpled statements.

23      Indeed, precisely because the Court has determined—over Defendant's objection—that the

24  dismissed and unpled Tweets, Termination Letter, and litigation conduct are evidence supporting

25  Plaintiffs' purported "scheme" theory, the Rules of Evidence require it to "provide the jury with

26  clear direction regarding the proper and improper uses of" this purported scheme evidence in a

27  limiting instruction. *Merrick v. Paul Revere Life Ins. Co.*, 500 F.3d 1007, 1017 (9th Cir. 2007)

28  (vacating judgment and remanding for new trial for failure to give limiting instruction). "When

- 2 -

evidence is admissible for a limited purpose, the opponent is entitled to a limiting instruction admonishing the jury not to use the evidence for a forbidden purpose." *Id.* Such instructions must be given here.

Defendant respectfully requests the Court give the following limiting instructions:

**Limiting Instruction No. 1: Unpled Statements Offered by Defendant**

You have heard evidence about many statements by Mr. Musk. You are instructed that statements not alleged to be materially false or misleading may not be a basis for liability.

The plaintiffs have alleged three statements to be materially false or misleading:

(1) A May 13, 2022 Tweet, "Twitter deal temporarily on hold pending details supporting calculation that spam/fake accounts do indeed represent less than 5% of users."

(2) A May 16, 2022 statement, "I think it's some number that is probably at least four or five times that number. I'd say at – if you did sort of the – the lowest estimate would be probably 20 percent. And this – and this is – a bunch of quite smart outside firms have done analysis of Twitter and looked at the – the sort of daily – daily users, and their conclusion is also about – it's about 20 percent."

(3) A May 17, 2022 Tweet, "20% fake/spam accounts, while 4 times what Twitter claims, could be *much* higher. My offer was based on Twitter's SEC filings being accurate. Yesterday, Twitter's CEO publicly refused to show proof of <5%. The deal cannot move forward until it does."

Plaintiffs have not alleged any statements give rise to liability beyond these three statements.[1]

Plaintiffs have made clear that they intend to argue that liability should be based on evidence of statements by Mr. Musk during the time period at issue that either were never pleaded at all or were not pleaded as materially false or misleading. Indeed, during opening statements, Plaintiffs argued that a series of tweets—three of which were not mentioned in the First Amended Complaint at all—were "deceptive and dishonest." During Mr. Musk's testimony, Plaintiffs admitted into evidence and questioned Mr. Musk about May 15, 2022 tweets, Tr. Ex. 118, that are

---

[1] *In re Stac Electronics Sec. Litig.*, 89 F.3d 1399, 1404 (9th Cir. 1996) ("It is well established that claims brought under Rule 10b–5 and Section 10(b) must meet the particularity requirements of Fed. R. Civ. P. 9(b)."); *Menaldi v. Och-Ziff Cap. Mgmt. Grp. LLC*, 164 F. Supp. 3d 568, 577 (S.D.N.Y. 2016) ("[P]laintiffs must also state with particularity what deceptive or manipulative acts were performed, which defendants performed them, when the acts were performed, and the effect the scheme had on investors in the securities at issue.") (cited Pls.' Opp. to Def's Mot. *in Limine* No. 4, Dkt. No. 372, at 4).

not so much as mentioned in the First Amended Complaint, let alone pleaded as a false and misleading statement or deceptive act.  Under Federal Rule of Civil Procedure 9(b), Plaintiffs were required to articulate exactly what they were alleging was "manipulative or deceptive."  Plaintiffs cannot now present a case to the jury relying on allegations that statements never referenced at all were false, misleading, or deceptive.  Accordingly, the Court should give a limiting instructing clarifying to the jury that these statements were not pleaded and cannot be a basis for liability.

### Limiting Instruction No. 2: Unpled Conduct Offered by Defendant

You may hear evidence about other conduct by Mr. Musk during the class period.  You are instructed that conduct not alleged to be fraudulent may not be a basis for liability.  Plaintiffs have not alleged any conduct to be fraudulent beyond the three statements at issue.[2]

Plaintiffs have made clear that they intend to present evidence of statements by Mr. Musk during the time period at issue that either were never pleaded at all or were not pleaded as materially false or misleading.  Indeed, during opening statements, Plaintiffs argued that a series of tweets—three of which were not mentioned in the First Amended Complaint at all—were "deceptive and dishonest."  Under Federal Rule of Civil Procedure 9(b), Plaintiffs were required to articulate exactly what they were alleging was "manipulative or deceptive."  Plaintiffs cannot now present a case to the jury relying on allegations that statements never referenced at all were false, misleading, or deceptive.  Accordingly, any time evidence of such statements is introduced, and any time Plaintiffs argue or suggest that those statements were false, misleading, or deceptive, the Court should give a limiting instruction clarifying for the jury that these statements cannot be a basis for liability.

---

[2]  *In re Stac Electronics Sec. Litig.*, 89 F.3d 1399, 1404 (9th Cir. 1996) ("It is well established that claims brought under Rule 10b–5 and Section 10(b) must meet the particularity requirements of Fed. R. Civ. P. 9(b)."); *Menaldi v. Och-Ziff Cap. Mgmt. Grp. LLC*, 164 F. Supp. 3d 568, 577 (S.D.N.Y. 2016) ("[P]laintiffs must also state with particularity what deceptive or manipulative acts were performed, which defendants performed them, when the acts were performed, and the effect the scheme had on investors in the securities at issue.") (cited Pls.' Opp. to Def's Mot. *in Limine* No. 4, Dkt. No. 372, at 4).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Limiting Instruction No. 3:  No Liability For Pre-Class Period Purchases Of Twitter Stock**

You have heard testimony about Mr. Musk's purchases of Twitter stock on the open market between January and April 2022.  Mr. Musk is not alleged to have committed securities fraud based on his transactions on the open market and Plaintiffs' claim in this case is limited to the time period from May 13 to October 4, 2022.

The Court has already acknowledged in its motion to dismiss order (ECF No. 48 at fn. 1) that Mr. Musk's alleged "secret" purchases of Twitter stock are not part of Plaintiffs' claim.  At the pre-trial conference, the Court addressed Defendant's Motion *in Limine* No. 1 regarding this issue.  At the hearing, defense counsel expressed concern about "a line of questioning that suggests that he's doing something wrong," to which the Court ruled clearly:  "They can't do that. They can't do that. Lawyers aren't going to do that."  PTC Hrg. Tr. 54-55.  By questioning Mr. Musk about whether he made SEC disclosures about his purchases and about whether his failure to do so was "an act of transparency," and then asking Mr. Musk about whether he saved himself money and kept more money in his pocket by not disclosing the purchases, Plaintiffs' counsel sought to conveyed the impression that Mr. Musk did something wrong.  A limiting instruction is appropriate.

**Limiting Instruction No. 4:  Petitioning Activity**

You may hear evidence about litigation conduct by Mr. Musk, including letters sent by Mr. Musk's counsel, Mr. Musk's July 8 termination of the Merger Agreement, and ensuing litigation. You are instructed that litigation conduct is protected by the First Amendment and you may not find liability based on Mr. Musk's litigation conduct.[3]

Plaintiffs have made clear that they intend to seek to hold Mr. Musk liable based on Mr. Musk's petitioning activity, including letters sent by Mr. Musk's counsel, Mr. Musk's letters terminating the Merger Agreement, and Musk's defense of the ensuing litigation.  In fact, Plaintiffs specifically represented to Defendant's counsel that Plaintiffs intend to argue that Mr. Musk's July 8 termination letter—protected petitioning activity—was itself a misleading statement even apart from Plaintiffs' scheme claim.  That is certainly not proper, nor is it proper for scheme liability to

---

[3]    *United Mine Workers v. Pennington*, 381 U.S. 657, 670 (1965); *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1265 (9th Cir. 1982); *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929, 935 (9th Cir. 2006).

- 5 -

be based even in part on protected litigation conduct. Accordingly, the Court should provide limiting instructions to the jury.

### Limiting Instruction No. 5: Statements Not Alleged to Be Materially False or Misleading

You may see tweets or other statements made by Mr. Musk. You are instructed that true and not misleading statements cannot give rise to liability for securities fraud. The plaintiffs have alleged three statements to be materially false or misleading:

> (1) A May 13, 2022 Tweet, "Twitter deal temporarily on hold pending details supporting calculation that spam/fake accounts do indeed represent less than 5% of users."

> (2) A May 16, 2022 statement, "I think it's some number that is probably at least four or five times that number. I'd say at – if you did sort of the – the lowest estimate would be probably 20 percent. And this – and this is – a bunch of quite smart outside firms have done analysis of Twitter and looked at the – the sort of daily – daily users, and their conclusion is also about – it's about 20 percent."

> (3) A May 17, 2022 Tweet, "20% fake/spam accounts, while 4 times what Twitter claims, could be *much* higher. My offer was based on Twitter's SEC filings being accurate. Yesterday, Twitter's CEO publicly refused to show proof of <5%. The deal cannot move forward until it does."

Mr. Musk denies these allegations.[4]

Plaintiffs have represented to Defendant that they seek to premise liability on dismissed statements—specifically, the July 8 termination letter—not only as part of a misleading scheme but as independently misleading. No such evidence should be considered for this purpose. First, it is beyond question that the statements the Court rejected in the Motion to Dismiss Order were dismissed as independently false or misleading statements. *See* Tr. of Feb. 17, 2026 Proceedings at 66:1–2 ("I said the other statements are out and in terms of false statements, these three are in."). Accordingly, Defendant requests a limiting instruction anytime Plaintiffs argue that dismissed

---

[4]  *Lorenzo v. Sec. & Exch. Comm'n*, 587 U.S. 71, 78 (2019) ("[D]issemination of *false or misleading statements* with intent to defraud can fall within the scope of subsections (a) and (c) of Rule 10b–5[.]" (emphasis added)); *Kang v. PayPal Holdings, Inc.*, 620 F. Supp. 3d 884, 902 (N.D. Cal. 2022) (Breyer, J.) ("PayPal correctly argues that this alleged scheme consists entirely of (and fails for the same reasons as) the misstatements analyzed above."); *In re Palo Alto Networks, Inc. Sec. Litig.*, 2025 WL 2410348, at *2 (N.D. Cal. Aug. 19, 2025) (Breyer, J) ("Plaintiffs cannot remedy their failure to plead falsity or scienter by repackaging their claims as 'scheme liability' claims under SEC Rules 10b–5(a) and (c)."); Tr. of Feb. 17, 2026 Proceedings at 74:19–25 (the Court stating regarding *PayPal*, "I think I said that failure of proving that the statement is false thereby terminates any liability that you would have under 10b–5").

1 | statements are independently false or misleading to clarify that these statements are not alleged to

2 | be independently false or misleading.

3 |       Second, statements that are not alleged to be materially false or misleading cannot give rise

4 | to liability under the securities laws.  *See, e.g.*, *Lorenzo v. Sec. & Exch. Comm'n*, 587 U.S. 71, 78

5 | (2019) ("[D]issemination of *false or misleading statements* with intent to defraud can fall within

6 | the scope of subsections (a) and (c) of Rule 10b–5[.]" (emphasis added)); Tr. of Feb. 17, 2026

7 | Proceedings at 74:19–25 (the Court stating regarding *PayPal*, "I think I said that failure of proving

8 | that the statement is false thereby terminates any liability that you would have under 10b–5").

9 | Accordingly, Defendant requests a limiting instruction any time Plaintiffs introduce evidence of a

10 | statement that was dismissed to clarify that it may not be the basis for liability at all.

DATED:  March 4, 2026

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By      */s/ Ellyde R. Thompson*
      Alex Spiro
      Michael T. Lifrak
      Stephen A. Broome
      Ellyde R. Thompson
      Jesse A. Bernstein
      Alex Bergjans


*Attorneys for Defendant Elon Musk*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was served on all counsel of record electronically or by another manner authorized under FED. R. CIV. P. 5(b) on Wednesday, March 4, 2026.

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By *Ellyde R. Thompson*
    Alex Spiro
    Michael T. Lifrak
    Stephen A. Broome
    Ellyde R. Thompson
    Jesse A. Bernstein
    Alex Bergjans

    *Attorneys for Defendant Elon Musk*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **ATTESTATION**

Pursuant to Civil L.R. 5-1, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the other signatories herein.


By _Alex Bergjans_
Alex Spiro
Michael T. Lifrak
Stephen A. Broome
Ellyde R. Thompson
Jesse A. Bernstein
Alex Bergjans

*Attorneys for Defendant Elon Musk*