QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (*pro hac vice*)
alexspiro@quinnemanuel.com
Jesse A. Bernstein (*pro hac vice*)
jessebernstein@quinnemanuel.com
Ellyde R. Thompson (*pro hac vice*)
ellydethompson@quinnemanuel.com
295 Fifth Ave., New York, NY 10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100

Michael T. Lifrak (Bar No. 210846)
michaellifrak@quinnemanuel.com
Stephen A. Broome (Bar No. 314605)
stephenbroome@quinnemanuel.com
Alex Bergjans (Bar No. 302830)
alexbergjans@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

*Attorneys for Defendant Elon Musk*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIUSEPPE PAMPENA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ELON R. MUSK,<br><br>Defendant. | CASE NO. 3:22-CV-05937-CRB<br><br>**MOTION TO STRIKE EXHIBIT 204, TWITTER'S DELAWARE COMPLAINT**<br><br>Hon. Judge Charles R. Breyer |

# INTRODUCTION

Yesterday, the Court permitted Plaintiffs to introduce as evidence Twitter's Complaint in the Delaware Action, Exhibit 204, subject to a motion to strike. Day 4 Tr. 1140:7-8. The Complaint is blatant hearsay. It is an out of court statement filed in litigation asserting various inflammatory allegations against Mr. Musk relating to his conduct in the Twitter Merger. It falls under no exception to Rule 801. Plaintiffs' counsel claimed that it was being offered for its effect on Mr. Musk, Day 4 Tr. 1139:7-8, but never even showed the Complaint to him during his more than 4 hour examination. There is no foundation necessary to trigger such an exception. It should be stricken for that reason alone.

It goes without saying that Plaintiffs' proffered use of this document is pretextual—they seek to admit it for its truth. Plaintiffs asked Mr. Segal if he "verified" the Complaint before filing it. They would like him to read in and the jury to receive the allegations as evidence. But of course, that is improper. After all, if a party could simply put its complaint into evidence there would hardly be a need for a trial at all.

Even if the Complaint could fit within some exception to the rule against hearsay, any limited probative value that it may have—apparently its impact on a person who may never have even read it—is far outweighed by its highly prejudicial effect. It contains extensive legal argument regarding the parties' rights under the merger agreement, factual characterizations and legal conclusions, references to allegedly improper pre-acquisition stock purchases by Mr. Musk—in violation of the Court's ruling on Defendant's Motion in Limine No.1—and inflammatory characterizations of Mr. Musk's conduct as "absurd," "deceitful," and "secret." No finder of fact adjudicated these allegations, which are not at issue in this case. Admitting the Complaint may necessitate a trial within a trial prejudicially forcing Mr. Musk to respond to accusations that do not give rise to securities fraud liability. Moreover, it will only confuse the jury. This is a securities fraud case, not a re-litigation of the Delaware breach of contract and specific performance action. Placing this Complaint into evidence will inflame and mislead the jury, not inform.

The Court should strike Exhibit 204 from the record in its entirety.

# ARGUMENT

## I. THE DELAWARE COMPLAINT IS INADMISSIBLE HEARSAY

A complaint filed in litigation is not evidence of anything, except for the fact that a Complaint was filed. S*ee United States v. Bailey*, 696 F.3d 794, 802 (9th Cir. 2012) (a complaint establishes only that allegations were made, not the truth of the facts asserted). By its nature, a complaint contains out-of-court statements and allegations that it asserts are true, along with legal argument and conclusions explaining how these facts state a claim for liability. It is the very definition of hearsay. Fed. R. Evid. 801(c). That it must be excluded ought to be uncontroversial. Courts do not allow litigants to enter their own complaints into evidence, this case should be no different.

No exception to the rule against hearsay applies here. Plaintiffs claim that they are offering it for its "effect on the listener" but they laid no foundation that it had any effect on Mr. Musk. In their more than four hour examination of him, Plaintiffs did not to ask a single question about whether he saw the complaint, understood its allegations, or whether it influenced his thinking. On this record, it cannot be admitted for this purpose. The suggestion that it is admissible to establish Mr. Musk's knowledge or state of mind establishes that the proffered explanation is pretextual. The Court should strike and exclude Exhibit 204 as barred by Rule 801.

## II. THE RISK OF UNFAIR PREJUDICE AND CONFUSION SUBSTANTIALLY OUTWEIGHS ANY PROBATIVE VALUE

Even if the Court were to find some residual admissibility, the Delaware Complaint must be excluded under Federal Rule of Evidence 403. The danger of unfair prejudice, confusion of the issues, and misleading the jury substantially outweighs any conceivable probative value.

At the outset, if Plaintiffs are truly offering it for its effect on Mr. Musk, its probative value is negligible—particularly without any evidence of how the Complaint impacted him. The Complaint was filed after he tweeted, requested information from Twitter, and terminated. And Mr. Musk did not indicate that the content of the Complaint—as opposed to the fact that an action was filed—influenced his decision to close the merger. What the Complaint says bears little on the resolution of this action.

### A. The Complaint Contains Colorful and Inflammatory Characterizations.

On the other hand, the Complaint is facially prejudicial and inflammatory. At the outset, it

discusses events—including Mr. Musk's filing of certain SEC forms—that the Court has already excluded in response to Defendant's MIL No. 1. It accuses Mr. Musk acting "absurd[ly]," "deceitful," in "secret," and "wrongful[ly]." It is a lawyer written document, a product of adversarial advocacy and not neutral fact-finding. No limiting instruction could adequately cure the jury's exposure to a prior court pleading characterizing the defendant's conduct in the most pejorative terms possible.

Additionally, the Delaware Complaint contains allegations that certain public statements by Mr. Musk were materially false. To the extent those theories were dismissed at the pleading stage in this litigation, re-introducing them through a prior complaint is improper bootstrapping and would confuse the jury as to the claims actually at issue. *See* Fed. R. Evid. 403.

**B. The Complaint Improperly Back-Doors Legal Interpretations of the Merger Agreement.**

The Complaint also includes legal conclusions and opinions concerning the Merger Agreement, which are independently inadmissible. This Court has previously ruled that evidence related to legal advice regarding the transaction implicates the attorney-client privilege and has limited the presentation of such evidence accordingly. It would be fundamentally inconsistent with that ruling, and with basic principles of fairness, to permit Plaintiffs to introduce a legal pleading, drafted by litigation counsel, containing legal interpretations of the merger agreement that defense counsel is otherwise constrained from presenting to the jury through testimony. The complaint would function as a one-sided, unrebutted legal argument on the central interpretive questions in this case, in direct circumvention of the Court's prior rulings.

**III. IF THE COURT DECLINES TO STRIKE THE EXHIBIT IN ITS ENTIRETY, REDACTIONS ARE REQUIRED**

Should the Court conclude that any portion of the Delaware Complaint is admissible, the document must be redacted to remove improper legal conclusions and arguments, prejudicial allegations, and at minimum all allegations concerning Mr. Musk's pre-acquisition stock purchases and related SEC

disclosure obligations.[1]

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court strike Exhibit 204 from the record in its entirety. In the alternative, Defendant asks that the Court redact the Exhibit to remove the inflammatory and prejudicial contents, including but not limited to those allegations that are barred under the the Court's ruling on Defendant's Motion *in Limine* No. 1.

DATED: March 6, 2026         QUINN EMANUEL URQUHART & SULLIVAN, LLP

By     /s/ Alex Bergjans
   Alex Spiro
   Michael T. Lifrak
   Ellyde R. Thompson
   Steven A. Broome
   Jesse A. Bernstein
   Alex Bergjans
   *Attorneys for Defendant Elon Musk*

---

[1] This is classic other-act evidence of the type precluded by Federal Rule of Evidence 404(b)(1) and addressed in Defendant's Motion in *limine* No. 1. No notice has been provided under Rule 404(b)(2), and no legitimate non-propensity purpose has been identified for the inclusion of this material. Its only function in the complaint and in front of this jury would be to suggest that Mr. Musk has a propensity to violate legal obligations, which is precisely what Rule 404(b)(1) forbids.

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record electronically or by another manner authorized under FED. R. CIV. P. 5(b) on this the 6th day of March, 2026.

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By /s/ Alex Bergjans
    Alex Spiro
    Michael T. Lifrak
    Jesse A. Bernstein

*Attorneys for Defendant Elon Musk*

**ATTESTATION**

Pursuant to Civil L.R. 5-1, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the other signatory herein.

By /s/ Alex Bergjans
Alex Bergjans

*Attorneys for Defendant Elon Musk*