QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (*pro hac vice*)
alexspiro@quinnemanuel.com
Ellyde R. Thompson (*pro hac vice*)
ellydethompson@quinnemanuel.com
Jesse A. Bernstein (*pro hac vice*)
jessebernstein@quinnemanuel.com
295 Fifth Ave., New York, NY 10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100

Michael T. Lifrak (Bar No. 210846)
michaellifrak@quinnemanuel.com
Stephen A. Broome (Bar No. 314605)
stephenbroome@quinnemanuel.com
Alex Bergjans (Bar No. 302830)
alexbergjans@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

*Attorneys for Defendant Elon Musk*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIUSEPPE PAMPENA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ELON R. MUSK,<br><br>Defendant. | CASE NO. 3:22-CV-05937-CRB<br><br>**MOTION TO PRECLUDE IMPROPER TESTIMONY BY NANCY PRICE**<br><br>Hon. Judge Charles R. Breyer |

**BACKGROUND**

Plaintiffs have disclosed Nancy Price—a witness with no relevant personal knowledge—to testify in their case on Monday March 9, 2022. Though Ms. Price is a class representative, she did not personally trade any Twitter securities and had no contemporaneous knowledge of the alleged fraudulent statements. Whatever information she does have stems entirely from private communications with her attorneys or her husband, John Garrett, who has asserted the marital communications privilege over them. Because Ms. Price's testimony would be based solely on those privileged communications, permitting her to take the stand would present a sword and shield dilemma where Plaintiffs prevented Defendant from discovering issues directly relevant to her testimony. And setting aside the privilege issues, Ms. Price's only relevant testimony—why Mr. Garrett made certain trades—would be nothing more than hearsay. No recognized exceptions apply. Thus, she would serve no other purpose than to be a conduit for Mr. Garrett's purported explanations (made, perhaps, with 20/20 hindsight) of his trades. That is plainly improper.

It is unclear what admissible testimony Ms. Price is competent to give in this case and why Plaintiffs seek to call her. Defendant twice asked Plaintiffs for a proffer and they have yet to respond. Regardless, Ms. Price should not be allowed to repeat her husband's out-of-court explanations for his trades, particularly those communicated *after* they joined the lawsuit and that Defendant was barred from exploring in discovery. For these reasons, the Court should preclude Ms. Price from testifying.

**ARGUMENT**

**I.   MS. PRICE'S TESTIMONY IS BASED ON PRIVILEGED COMMUNICATIONS**

During her deposition, Nancy Price testified that her husband, John Garrett, made all of the trades of Twitter securities that form the basis of her claim. Price Dep. at 13:20-24; 23:11-14. Ms. Price never saw the alleged fraudulent statements and Mr. Garrett did not consult her when he bought and sold Twitter stock on her/their behalf. *Id.* at 23:15-18; 53:17-24; 88:12-25. When Mr. Garrett was deposed, he asserted the marital communications privilege in response to questions about his communications with Ms. Price related to the facts of this case. J. Garrett Dep. Vol. 1 at 12:2-22. The privilege cannot, however, operate as both sword and shield. It does not permit Mr. Garrett to block disclosure of his own communications while simultaneously allowing Ms. Price to testify at trial as to facts she learned from those same

communications. *Plantronics, Inc. v. Aliph, Inc.*, 2014 WL 12641792, at *1 (N.D. Cal. Feb. 26, 2014) (A party should "not be permitted to reference communications … wherein privilege was asserted over the contents because privilege cannot be used as a sword and a shield."). Although Ms. Price gave some limited testimony in her deposition on discussions she had with Mr. Garrett, she cannot unilaterally waive the privilege Mr. Garrett invoked. *United States v. Montgomery*, 384 F.3d 1050, 1056 (9th Cir. 2004) ("Vesting the privilege in both spouses recognizes that allowing the communicating spouse to disclose one side of a conversation would eviscerate the privilege. As one treatise has observed, permitting each spouse to testify as to his or her own statements 'invites attempts to prove circumstantially the statements of one spouse by proof of what the other had said.'"). Additionally, because Defendant was prevented from discovering exactly what information Ms. Price learned from Mr. Garrett—as opposed to some other source—the attorney-client privilege is also implicated. Should Ms. Price testify as to how the alleged fraudulent statements impacted Mr. Garrett's trades, Defendant would be unable to effectively cross examine her, including as to whether Mr. Garrett held those beliefs at the time or if she and/or Mr. Garrett formed those beliefs after consulting with their attorneys. It would be improper and unfair for Ms. Price to testify under these circumstances.

## II.  MS. PRICE'S TESTIMONY IS INADMISSIBLE HEARSAY

Moreover, the ***only*** relevant testimony Ms. Price could offer—why Mr. Garrett made certain trades—is hearsay and inadmissible. Ms. Price has no personal knowledge about the trades. She did not make any of them. Price Dep. at 13:20-24; 23:11-14. And she does not have knowledge of his then-existing state of mind when or before he made the trades—he did not consult with her. *Id.* at 23:15-18; 53:17-24; 88:12-25. At best, she can relay what Mr. Garrett (or counsel) told her after the fact. But none of that is admissible. *See PixArt Imaging, Inc. v. Avago Tech. Gen. IP (Singapore) Pte. Ltd.*, 2011 WL 5417090, at *9 (N.D. Cal. Oct. 27, 2011) (statements offered to show a declarant's state of mind as proof that the declarant acted in conformity with that belief on a past occasion are offered for their truth and thus constitute inadmissible hearsay). Plaintiffs' apparent decision not to call Mr. Garrett—while attempting to introduce his statements through Ms. Price—only underscores the impropriety of the tactic, as it deprives Defendants of the opportunity to test those statements through cross-examination. A percipient witness must have personal knowledge about the matters to which she is testifying; she cannot

1  simply be a conduit relaying the thoughts and explanations of another. *See Intel Corp. v. Tela Innovations,*
2  *Inc.*, 2021 WL 1222622, at *4 (N.D. Cal. Feb. 11, 2021) (witnesses cannot act as mere conduits for
3  otherwise inadmissible hearsay evidence). Nor can Mr. Garrett, a party to this action, introduce his own
4  out-of-court statements for their truth. *E.g., United States v. Andrade*, 2025 WL 278122, at *2 (N.D. Cal.
5  Jan. 23, 2025) ("To be sure, [defendant] cannot introduce his own out-of-court statements under the party-
6  opponent rule."); *Cnty. of Stanislaus v. Travelers Indem. Co.*, 142 F. Supp. 3d 1065, 1076 (E.D. Cal.
7  2015) ("As is clear in Rule 801(d)(2), a party may not offer his own statements as party admissions, as
8  only statements offered against a party-opponent are admissible under Federal Rule of Evidence
9  801(d)(2).").

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court to preclude Nancy Price from testifying.

DATED: March 8, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Alex Bergjans
Alex Bergjans
Alex Spiro
Stephen A. Broome
Ellyde R. Thompson
Michael T. Lifrak
Jesse A. Bernstein

*Attorneys for Defendant Elon Musk*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record electronically or by another manner authorized under FED. R. CIV. P. 5(b) on this the 8th day of March, 2026.

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Alex Bergjans
Alex Bergjans
Alex Spiro
Michael T. Lifrak
Stephen A. Broome
Ellyde R. Thompson
Jesse A. Bernstein

*Attorneys for Defendant Elon Musk*

## ATTESTATION

Pursuant to Civil L.R. 5-1, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the other signatory herein.

By */s/ Alex Bergjans*
Alex Bergjans
Alex Spiro
Michael T. Lifrak
Stephen A. Broome
Ellyde R. Thompson
Jesse A. Bernstein

*Attorneys for Defendant Elon Musk*