QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (*pro hac vice*)
alexspiro@quinnemanuel.com
Ellyde R. Thompson (*pro hac vice*)
ellydethompson@quinnemanuel.com
Jesse A. Bernstein (*pro hac vice*)
jessebernstein@quinnemanuel.com
295 Fifth Ave., New York, NY 10010
Telephone:     (212) 849-7000
Facsimile:     (212) 849-7100

Michael T. Lifrak (Bar No. 210846)
michaellifrak@quinnemanuel.com
Stephen A. Broome (Bar No. 314605)
stephenbroome@quinnemanuel.com
Alex Bergjans (Bar No. 302830)
alexbergjans@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

*Attorneys for Defendant Elon Musk*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIUSEPPE PAMPENA, on behalf of himself and all others similarly situated,<br><br>          Plaintiff,<br><br>   vs.<br><br>ELON R. MUSK,<br><br>          Defendant. | CASE NO. 3:22-CV-05937-CRB<br><br>**DEFENDANT'S BRIEF REGARDING CERTAIN DATA SCIENCE ANALYSES**<br><br>Hon. Judge Charles R. Breyer |

## INTRODUCTION

Defendant seeks to admit documents——Exhibits 607, 634, 715, 718, 778—reflecting analyses performed by data scientists retained by Defendant prior to the termination of the Twitter merger. The Court has already acknowledged that they are relevant, but because they contain certain work-product redactions, the Court requested that Defendant submit them for *in camera* review so that it could asses the privilege assertion and analyze whether Plaintiffs "were foreclosed from inquiry into a relevant portion of" them. PTC Tr. at 138:9-19. However, the record makes clear that Plaintiffs were not foreclosed from inquiring about these documents—they simply chose not to during discovery. They did not challenge any privilege assertions in the more than a year that they had these documents. Nor did they ask a single question about the documents in deposition or discovery. If Plaintiffs believed that the redactions were improper or otherwise prejudiced their ability to prosecute their case, the law required that they raise that concern discovery. "If a party fails to timely pursue a discovery remedy, that party has waived its contention that it is entitled to a remedy as a result of discovery violations. A party must move to compel discovery before the discovery cut-off and must not wait to file a discovery motion until the eve of trial." *Madrigal v. Allstate Indem. Co.*, 2015 WL 12746232, at *9 (C.D. Cal. Oct. 29, 2015). Plaintiffs cannot seek to exclude otherwise admissible evidence based on concerns over privilege assertions at trial if they failed to seek to compel Defendant to produce unredacted copies of the documents in the first instance. If Plaintiff had concerns about Defendant's "assertion of privilege, Plaintiff should have raised a discovery dispute with the Court." *Williams v. Alhambra Sch. Dist. No. 68*, 2018 WL 3209441, at FN3 (D. Ariz. June 29, 2018). Any objection to these redactions has been waived. The Court should permit Defendant to present these documents at trial.

## BACKGROUND

In the spring and early summer of 2022, after growing concerned that Twitter's SEC disclosures of the spam and fake accounts on its platform were inaccurate and unsupported by a reliable method, Defendant's team hired three data science firms to perform independent spam analyses. These preliminary analyses showed that spam well exceeded Twitter's less than 5% estimate and supported, in part, Defendant's termination of the merger—which Plaintiffs now claim to be fraudulent. Defendant seeks to admit these analyses to establish, among other things, that the termination was made in good faith and that

the representations in the accompanying letter were supported.

Defendant disclosed and produced these analyses at the beginning of discovery. During the Delaware Action, the Court of Chancery held that the data scientists were "percipient witnesses" and ordered that their communications with Defendant's team be produced in that case. The Court of Chancery also allowed Defendant to withhold and redact any attorney-work product contained in those documents and communications. Plaintiffs knew all this at the outset of the case—they pled these facts in their operative Complaint. Dkt. No. 31 at ¶¶ 158-59. With this knowledge, Plaintiffs entered into a discovery stipulation with Defendant whereby Defendant agreed to produce all discovery from the Delaware Action as it was produced in the Delaware Action—including documents and depositions—in exchange for Plaintiffs agreeing to seek no further document discovery from Defendant or any party that participated in the Delaware Action in this case. Dkt. No. 116 at 9. This stipulation included the data scientist communications and documents at issue now.

Plaintiffs knew throughout discovery that the documents at issue—Exhibits 634, 715, and 718—contained work-product redactions. They also knew the bases for the redactions, as Defendant produced the privilege logs from Delaware too. The logs explained the justification for the assertion of privilege and provided Plaintiffs with ample basis to challenge it. For example, the entry for Ex. 718 stated "Confidential email chain redacting legal advice, as well as requests for and provision of information to assist in rendering same, of outside counsel Quinn Emanuel regarding rights and obligations under merger agreement and parameters of expert analysis to be performed in anticipation of the instant litigation." Plaintiffs chose not to challenge the assertion during discovery. Indeed Plaintiffs asked no questions about these documents at all. The first time they raised any concerns about the redactions was in connection with their Motion *in Limine* No. 4 filed at the eve of trial.

Pursuant to the Court's order, Defendant submitted unredacted versions of the Exhibits for *in camera* review and, following a request from the Court, filed the privilege logs as well.

## ARGUMENT

The Court cannot and should not exclude any of the documents at issue on the grounds that they contained privilege redactions. To start, Plaintiffs have waived any challenge or any exclusion remedy by not first raising it in discovery. "[A] motion *in limine* is not a substitute for a party's obligation to bring

a motion to compel if it believes a party's discovery responses were insufficient." *Atari Interactive, Inc. v. Redbubble, Inc.*, 2021 WL 6014734, at *4–5 (N.D. Cal. Oct. 14, 2021), aff'd, No. 21-17062, 2023 WL 4704891 (9th Cir. July 24, 2023). "To the extent [Plaintiffs] had a colorable argument that [Defendant] wrongfully withheld discovery," they "had an obligation to make that argument in a timely discovery motion under Rule 37." *Id.* Plaintiffs did not do so here and cannot use a motion *in limine* to seek the exclusion of evidence on the grounds that it was redacted for privilege since they never sought to challenge that redaction during discovery. *Madrigal*, 2015 WL 12746232, at *9 ("If a party fails to timely pursue a discovery remedy, that party has waived its contention that it is entitled to a remedy as a result of discovery violations."). If Plaintiff had concerns about Defendant's "assertion of privilege, Plaintiff should have raised a discovery dispute with the Court." *Williams*, 2018 WL 3209441, at FN3. They did not and should be precluded from seeking exclusion now.

Moreover, the Court's justification for reviewing Defendant's redactions—its "concern" that Plaintiffs were "foreclosed from inquiry into a relevant portion" of the documents in discovery, PTC Tr. at 138:9-19—is not implicated at all. Plaintiffs were not "foreclosed from inquiry," they chose not to inquire about these documents at all. First, they agreed to limit any document discovery in this action to the documents produced in Delaware as they were produced in Delaware. Second, they did not ask a single question about any of these documents during discovery. They did not seek to depose any of the data scientists Defendant retained. They did not propound any interrogatories about them. And they did not ask any witness about them in deposition. Nor did they, as discussed above, challenge any of the redactions before trial. Defendant did not foreclose any inquiry; Plaintiffs did not inquire. The first time they raised any concern was at trial. This sandbagging is prohibited by the rules and cannot support any exclusion of these documents—which were produced and have been in Plaintiffs' possession for more than a year. The Court should deny Plaintiffs' attempt to exclude these documents from evidence and permit Defendant to present them at trial.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court allow him to use and admit Exhibits 715. 718, 634, 607, and 778 at trial.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: March 10, 2026 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 3 | | |
| 4 | | By     /s/ Alex Bergjans     <br>        Alex Bergjans |
| 5 | | Alex Spiro <br> Stephen A. Broome |
| 6 | | Ellyde R. Thompson <br> Michael T. Lifrak |
| 7 | | Jesse A. Bernstein |
| 8 | | *Attorneys for Defendant Elon Musk* |

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record electronically or by another manner authorized under FED. R. CIV. P. 5(b) on this the 10th day of March, 2026.

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By <u>/s/ Alex Bergjans</u>
    Alex Bergjans
    Alex Spiro
    Michael T. Lifrak
    Stephen A. Broome
    Ellyde R. Thompson
    Jesse A. Bernstein

*Attorneys for Defendant Elon Musk*

**ATTESTATION**

Pursuant to Civil L.R. 5-1, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the other signatory herein.

By */s/ Alex Bergjans*
Alex Bergjans
Alex Spiro
Michael T. Lifrak
Stephen A. Broome
Ellyde R. Thompson
Jesse A. Bernstein

*Attorneys for Defendant Elon Musk*