IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GIUSEPPE PAMPENA, et al.,

           Plaintiffs,

      v.

ELON MUSK,

           Defendant.

Case No.  22-cv-05937-CRB

**TENTATIVE JURY INSTRUCTIONS**

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

        (1)      the sworn testimony of any witness;

        (2)      the exhibits that are admitted into evidence;

        (3)      any facts to which the lawyers have agreed; and

        (4)      any facts that I have instructed you to accept as proved.

United States District Court
Northern District of California

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence has been admitted only for a limited purpose.

When I have instructed you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

# CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

1
2
3
4
5
6
7
8
9
10
11

United States District Court
Northern District of California

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## USE OF INTERROGATORIES

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**EXPERT OPINION TESTIMONY**

You have heard testimony from Adam Badawi and David Tabak, who testified about their opinions and the reasons for those opinions.  This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of the witnesses.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it and give it as much weight as you think it deserves, considering the witnesses' specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**DATA PRIVACY**

You have heard testimony regarding data privacy laws in relation with Twitter user data that was sought by the defendant during the merger.  The United States and the European Union have data privacy laws that permit disclosure of private data based on consent.  Twitter's privacy policy permitted disclosure of user data during a merger or acquisition.  There is no evidence that any privacy law, domestic or international, prohibited the disclosure of Twitter's private user data to the defendant as part of the merger.  You are not to construe any testimony or anything the Court may have said as inferring such a bar on disclosure.

United States District Court
Northern District of California

1

**SECURITIES—PURPOSE AND SELECTED DEFINITIONS**

2

Congress enacted the securities laws to protect the integrity of financial markets.

3

The plaintiffs claim to have suffered a loss caused by defendant's violation of certain of

4

these laws.

5

There are terms concerning securities laws that have a specific legal meaning.  The

6

following definitions apply throughout these instructions, unless noted otherwise.

7

A security is an investment of money in a commercial, financial, or other business

8

enterprise, with the expectation of profit or other gain produced by the efforts of others.

9

Some common types of securities are stocks and options.

10

The buying and selling of securities are controlled by the Securities Laws.  Many of

11

these laws are administered by the United States Securities and Exchange Commission

12

(SEC).

13

A "10b-5 Claim" is a claim brought under a federal statute, Section 10(b) of the

14

Securities Exchange Act of 1934, which prohibits acts of manipulation or deception in

15

connection with the purchase or sale of a security and in violation of rules and regulations

16

that the SEC has the duty and power to issue.  A corresponding SEC Rule, Rule 10b-5,

17

prohibits any act, practice, or scheme to defraud, the misrepresentation of material facts,

18

and the omission of material facts in connection with the purchase or sale of securities.  A

19

person or business entity who violates the securities laws, including Rule 10b-5, may be

20

liable for damages caused by the violation.

21

An act, practice or scheme to defraud is any conduct intended to mislead investors,

22

including by artificially affecting market activity.

23

A misrepresentation is a statement of material fact that is false or misleading when it

24

is made.  A statement may be misleading even if it is literally true if the context in which

25

the statement was made caused the listener or reader to remain unaware of the actual state

26

of affairs.  A statement is misleading if it would give a reasonable investor the impression

27

of a state of affairs that differs in a material way from the one that actually exists.  Words

28

cannot be viewed in complete isolation but must instead be read in light of all the

13

1  information then available to the market to decide if they conveyed a false or misleading

2  impression.

3       An omission is a failure to disclose a material fact that needed to be disclosed to

4  prevent other statements that were made from being misleading.

5       "In connection with" means that there was some relationship, or nexus, between the

6  allegedly fraudulent conduct and the sale of the securities.  The defendant's conduct may

7  be in connection with a purchase or sale of a security even if the defendant did not actually

8  participate in any securities transaction.

9       An instrumentality of interstate commerce includes the postal mails, e-mails,

10  telephone, telegraph, telefax, interstate highway system, internet and similar methods of

11  communication, and travel from one state to another within the United States.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

14

United States District Court
Northern District of California

### SECURITIES—RULE 10B-5 CLAIM

The plaintiffs allege that the defendant engaged in securities fraud in violation of the federal securities laws.  This is referred to as "the plaintiffs' 10b-5 claim."

To succeed on this claim, the plaintiffs have the burden of proving each of the following five elements by a preponderance of the evidence:

<u>First</u>, the defendant Elon Musk (a) employed a device, scheme, or artifice to defraud; or (b) made an untrue statement of a material fact or omitted a material fact necessary under the circumstances to keep the statements that were made from being misleading; or (c) engaged in an act, practice, or course of business which operated or would operate as a fraud or deceit upon any person, in connection with the sale of securities.

Plaintiffs allege that the following statements were materially false and misleading under Rule 10b-5(b):

(1) A May 13, 2022 Tweet, "Twitter deal temporarily on hold pending details supporting calculation that spam/fake accounts do indeed represent less than 5% of users."

(2) A May 16, 2022 statement that "the prevalence of spam/fake accounts on Twitter is "probably at least four or five times" Twitter's 5% representation and that "the lowest estimate would be probably 20 percent.  And this—and this is—a bunch of quite smart outside firms have done analysis of Twitter and looked at the . . . daily users, and their conclusion is also about—its about 20 percent."

(3)  A May 17, 2022 Tweet, "20% fake/spam accounts, while 4 times what Twitter claims, could be *much* higher.  My offer was based on Twitter's SEC filings being accurate.  Yesterday, Twitter's CEO publicly refused to show proof of <5%.  The deal cannot move forward until it does."

These three statements are the only ones that can form the basis for liability under Rule 10b-5(b).

Plaintiffs separately bring a claim under Rule 10b-5 (a) and/or (c) alleging that the defendant engaged in a scheme to defraud Twitter investors by carrying out manipulative

15

1    or deceptive acts.

2         You have heard testimony regarding other statements or tweets made by the

3    defendant.  These statements must be treated differently under the context of plaintiffs' two

4    claims.  Under Rule 10b-5(b), you may only consider those separate statements in

5    determining whether the three at-issue statements were false and misleading.  Under Rule

6    10b-5(a) or (c), you may consider those separate statements in determining whether they

7    were part of a larger scheme allegedly carried out by the defendant.

8         Second, defendant Elon Musk acted knowingly or recklessly;

9         Third, defendant Elon Musk, used or caused the use of an instrumentality of

10   interstate commerce, such as mail, telephone, internet, or any facility of a national

11   securities exchange, in connection with the purchase or sale of securities, regardless of

12   whether the instrumentality or facility itself was used to engage in the manipulative or

13   deceptive acts, or to make an untrue statement of material fact;

14        Fourth, Plaintiffs justifiably relied on the alleged untrue statements of material fact

15   or manipulative or deceptive conduct; and

16        Fifth, defendant Elon Musk's manipulative or deceptive acts or misrepresentations

17   caused the plaintiffs to suffer damages.

18        If you find that the plaintiffs have proved each of these elements for their claim or

19   claims, your verdict should be for the plaintiffs on that claim or claims.  If, on the other

20   hand, you find that the plaintiffs have failed to prove any of these elements for their claim

21   or claims, your verdict should be for the defendant on that claim or claims.

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### SECURITIES—MATERIALITY

The plaintiffs must prove by a preponderance of the evidence that the defendant's misrepresentation was materially false or misleading.  Under Rule 10b-5(b), a factual representation concerning a security is material if there is a substantial likelihood a reasonable investor would consider the fact important in deciding whether to buy or sell that security.  A material misrepresentation gives a reasonable investor the impression of a state of affairs that differs in a material way from the one that actually exists.

The plaintiffs must also prove by a preponderance of the evidence that the defendant's purported scheme was material.  Under Rule 10b-5(a) or (c), a scheme is material if there is a substantial likelihood a reasonable investor would consider the facts important in deciding whether to buy or sell that security.  If the purported scheme is material, it would give a reasonable investor the impression of a state of affairs that differs in a material way from the one that actually exists.

You must decide whether something was material based on the circumstances as they existed at the time of the statement or duration of the scheme.

1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# OPINIONS INACTIONABLE

A statement of opinion does not constitute an untrue statement of material fact simply because the stated opinion ultimately proves incorrect.  But an opinion is actionable as a false statement if the speaker does not sincerely hold the view or belief expressed regarding the material representation or if the opinion contains a material, verifiable statement of fact that is untrue.

1

## SECURITIES—KNOWINGLY OR RECKLESSLY

A defendant acts knowingly when he makes an untrue statement with the knowledge that the statement was false or with reckless disregard for whether the statement was true.

A defendant acts recklessly when he engages in highly unreasonable conduct that is an extreme departure from ordinary care, presenting a danger of misleading investors, which is either known to the defendant or is so obvious that the defendant must have been aware of it.  Mere recklessness or a motive to commit fraud and opportunity to do so provide some reasonable inference of intent, but are not sufficient to establish a strong inference of deliberate recklessness.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

# RELIANCE

A plaintiff must prove by a preponderance of the evidence reliance on the alleged material misrepresentations and/or manipulative or deceptive acts, and that the plaintiff was justified in doing so.  A plaintiff may not intentionally close his or her eyes and refuse to investigate the circumstances or disregard known or obvious risks.

A plaintiff does not have to prove that he, she, or other members of the Class individually relied on the alleged misrepresentations and/or manipulative or deceptive acts in deciding to sell the securities in question if they prove by a preponderance of the evidence the requirements for invoking a presumption that they and the class relied on the integrity of the market price, otherwise known as the "fraud-on-the-market" presumption.

To invoke the fraud-on-the-market presumption, a plaintiff must prove by a preponderance of the evidence that:

(1) there was an active, open market for Twitter securities during the relevant time period.  An "active, open market" means that there were a large number of traders, a high level of activity, and frequent trades, such that the price of the security immediately reflects all publicly available information;

(2) investors reasonably relied on that market as an accurate reflection of the current market value of the securities;

(3) the alleged misrepresentations and/or manipulative or deceptive acts were publicly known and material, meaning that a reasonable investor would have regarded what was not disclosed to them as having significantly altered the total mix of information they took into account in deciding whether to sell the Twitter security; and

(4) Plaintiff traded the stock between when the alleged material misrepresentations were made and when the truth was revealed.

A defendant may rebut the presumption that the plaintiffs relied on the integrity of the market price when selling Twitter securities by proving by a preponderance of the evidence the plaintiffs did not actually rely on the integrity of the market price when they sold Twitter securities.   In that event, the plaintiffs must then prove that they justifiably

1    relied directly on the misrepresentation and/or manipulative or deceptive acts.  A defendant

2    may also rebut the presumption that the plaintiffs relied on the market price when selling

3    Twitter securities by proving by a preponderance of the evidence that the misrepresentation

4    and/or manipulative or deceptive acts did not affect the market price of Twitter's stock.

5        The fraud-on-the-market presumption of reliance is limited to the time between

6    when the misrepresentation was made or when the manipulative or deceptive acts occurred,

7    and when the truth was revealed.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SECURITIES—CAUSATION

The plaintiffs must prove by a preponderance of the evidence that the alleged manipulative or deceptive acts or material misrepresentations, as alleged in their Rule 10b-5 claims, were the cause of their economic injury.  To establish economic injury or loss, the plaintiffs must prove that the alleged manipulative or deceptive acts or a misrepresentation artificially deflated the price of Twitter's securities.  To establish causation, the plaintiffs must prove that the alleged manipulative or deceptive acts or a misrepresentation played a substantial part in causing the injury or loss the plaintiffs suffered.  The plaintiffs need not prove that the alleged manipulative or deceptive acts or a misrepresentation was the sole cause of the economic injuries.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## PROTECTED LITIGATION CONDUCT

The Constitution ensures the right of all persons to bring lawsuits to vindicate their rights.  In connection with the constitutional right to petition and protection of the right to access the courts, the law protects conduct that is incidental or sufficiently related to attempts to vindicate rights in court.

You have heard testimony relating to litigation between Twitter and the defendant in Delaware.  Such petitioning conduct in litigation is not illegal, and you may not base liability on this conduct.  When evaluating the plaintiffs' claim that the defendant engaged in a scheme through manipulative or deceptive acts and/or misrepresentations, you may only premise liability based on the entire course of the defendant's conduct.  While petitioning conduct may be relevant in connection with issues you must decide, the fact of the petitioning itself cannot be considered by you in determining liability.

1

# DAMAGES

If you find for the plaintiffs on their Rule 10b-5 claim or claims, then you must consider and decide the amount of money damages, if any, to be awarded to the plaintiffs and the Class. You may award only actual damages in an amount that will reasonably and fairly compensate the plaintiffs and the Class for the economic losses they and the Class sustained.

Actual damages are measured by the amount of deflation caused by a misrepresentation or manipulative or deceptive acts on which you based your finding of 10b-5 liability.  In other words, actual damages are measured by the difference between the price at which a stock sold and the price at which the stock would have sold had the statement or manipulative or deceptive acts reflected the true state of affairs.  Actual damages are limited to losses caused by the alleged material misrepresentation or manipulative or deceptive act and do not include losses caused by other events.

You will be asked to determine the amount, if any, by which the prices for Twitter common stock and put options were artificially affected by any material misrepresentation or manipulative or deceptive acts you may find for each day during the Class Period.  You will also be asked to determine the appropriate level of implied volatility which should be used to calculate the effect of any material misrepresentation or manipulative or deceptive acts you may find on Twitter options.

Your award must be based on evidence and not upon speculation, guesswork, or conjecture. The plaintiffs have the burden of proving damages by a preponderance of the evidence.

United States District Court
Northern District of California

24

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

United States District Court
Northern District of California

1

## CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

2       Because you must base your verdict only on the evidence received in the case and

3   on these instructions, I remind you that you must not be exposed to any other information

4   about the case or to the issues it involves.  Except for discussing the case with your fellow

5   jurors during your deliberations.

6       Do not communicate with anyone in any way and do not let anyone else

7   communicate with you in any way about the merits of the case or anything to do with

8   it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or

9   any other means, via email, via text messaging, or any internet chat room, blog, website or

10  application, including but not limited to Facebook, YouTube, the platform "X" formerly

11  known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social

12  media.  This applies to communicating with your family members, your employer, the

13  media or press, and the people involved in the trial.  If you are asked or approached in any

14  way about your jury service or anything about this case, you must respond that you have

15  been ordered not to discuss the matter and to report the contact to the court.

16      Do not read, watch, or listen to any news or media accounts or commentary about

17  the case or anything to do with it; do not do any research, such as consulting dictionaries,

18  searching the Internet, or using other reference materials; and do not make any

19  investigation or in any other way try to learn about the case on your own.  Do not visit or

20  view any place discussed in this case, and do not use Internet programs or other devices to

21  search for or view any place discussed during the trial.  Also, do not do any research about

22  this case, the law, or the people involved—including the parties, the witnesses or the

23  lawyers—until you have been excused as jurors.  If you happen to read or hear anything

24  touching on this case in the media, turn away and report it to me as soon as possible.

25      These rules protect each party's right to have this case decided only on evidence

26  that has been presented here in court.  Witnesses here in court take an oath to tell the truth,

27  and the accuracy of their testimony is tested through the trial process.  If you do any

28  research or investigation outside the courtroom, or gain any information through improper

26

communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

United States District Court
Northern District of California

1

**RETURN OF VERDICT**

2      A verdict form has been prepared for you.  After you have reached unanimous

3  agreement on a verdict, your foreperson should complete the verdict form according to

4  your deliberations, sign and date it, and advise the clerk that you are ready to return to the

5  courtroom.