QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (*pro hac vice*)
alexspiro@quinnemanuel.com
Ellyde R. Thompson (*pro hac vice*)
ellydethompson@quinnemanuel.com
Jesse A.  Bernstein (*pro hac vice*)
jessebernstein@quinnemanuel.com
295 Fifth Ave., New York, NY 10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100

Michael T. Lifrak (Bar No.  210846)
michaellifrak@quinnemanuel.com
Stephen A. Broome (Bar No.  314605)
stephenbroome@quinnemanuel.com
Alex Bergjans (Bar No.  302830)
alexbergjans@quinnemanuel.com
865 S.  Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

*Attorneys for Defendant Elon Musk*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIUSEPPE PAMPENA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ELON R. MUSK,<br><br>Defendant. | CASE NO. 3:22-CV-05937-CRB<br><br>**DEFENDANT ELON MUSK'S OPPOSITION TO PLAINTIFFS' MOTION FOR MODIFICATION OF PARAGRAPH FIVE OF VERDICT FORM AS TO OPTIONS DAMAGES**<br><br>Judge:  Hon. Charles R. Breyer |

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR MODIFICATION OF VERDICT FORM

Defendant maintains his prior objections to Plaintiffs' proposed verdict form and to any reference to Plaintiffs' experts' opinions, and also maintains his request for the full verdict form he proposed. Defendant writes briefly to respond to Plaintiffs' untimely proposed modification to the Court's final verdict form.

**ARGUMENT**

**I.    Plaintiffs Already Agreed To The Verdict From**

First and foremost, Plaintiffs already agreed to the Court's verdict form. At the charge conference, the Court first turned to the Plaintiffs, and asked "No problem with the verdict form from the Plaintiffs." Rgh. Tr. at 103:20-21. Counsel responded, "None." *Id.* at 103:22. After the Court spoke with Defendant, another lawyer for Plaintiffs then interjected and proposed specific changes to the first sentence of Question 5, which the Court adopted in its final verdict form. *Id.* at 104:17-105:1 ("So the paragraph that's numbered 5, it says [as read]: 'Determine the but-for implied volatility percentages.' . . . So I think it should just state instead of 'but for implied volatility percentages,' just say 'Determine the damages proved by plaintiffs for each option contract traded during the class period.'"). That is precisely what the Court's final verdict form reflects. Plaintiffs did not raise any challenge to the remainder of the question or verdict form. Plaintiffs have accordingly waived any objection to the Court's final verdict form. In addition to failing to raise any objection to the second sentence of the Court's proposed question 5, Plaintiffs did not request that the Court replace the chart in its proposed verdict form with a box the jury can check that simply adopts Dr. Tabak's analysis, and Plaintiffs cannot request that now.

Plaintiffs' proposal is untimely for another reason. Plaintiffs suggest that this form of verdict was "proposed by Defendant on Friday." Dkt. No. 526 at 1. But Defendant filed his proposed verdict form (which, in any event, is not identical to the Court's verdict form but rather included questions on each element) along with a brief in support of that verdict form on January 27, 2026. Dkt. No. 360, Dkt. No. 367. Defendant simply emailed a Word version of that proposal to the Court on Friday in response to the Court's request. Plaintiffs have had months to consult with their expert about that proposal. Waiting until after the Court files a final verdict form to do so is untimely.

## II.    Plaintiffs' Proposed Unduly Prejudicial Damages Framing Should Be Rejected

The Court should also reject Plaintiffs' motion on the merits.  Courts in this district in securities class actions have previously rejected similar verdict forms that invite the jury to simply check a box adopting an expert's report as improperly suggestive.  Ex. 10, Oct. 25, 2022 Pretrial Conference Tr., *In re Tesla Sec. Litig.*, 18-cv-4865 at 140:2-8 ("Similarly I would like you to discuss the verdict form. I will tell you right now my inclination is not to have a filled in blanks and say yeah or no.  I think that's -- I don't want to suggest anything to the jury.  And so to the extent that the proposed verdict from the plaintiff has an already table to be prepared and you just have to check a box to say yes, I don't look too favorably on that.").  Any verdict form should—like all recent other verdict forms issued in securities class actions in this Circuit, *see* Ex. 8, Verdict Form, *HsingChing Hsu v. Puma Biotech. Inc.*, 15-cv-865 (C.D. Cal. Feb. 4, 2019), Dkt. No. 718; Ex. 9, Verdict Form, *In re Tesla Sec. Litig.*, 18-cv-4865 (N.D. Cal. Feb. 2, 2023), Dkt. No. 659—include only blank charts for the jury to populate with the respective deflation and but-for implied volatility it determines Plaintiffs have proven.

Moreover, the proposed modification is improper because it does not ask the jury to decide the amount of options deflation proven at all.  The jury is allowed only to agree with Plaintiffs' expert's calculation, choose some unquantified number based on stock deflation, or award no damage.  The form does not contemplate the jury making its own finding as to the amount of deflation based on the evidence presented, which is its charge and what courts consistently require of juries in securities class actions.  *See* Ex. 8, Verdict Form, *HsingChing Hsu v. Puma Biotech. Inc.*, 15-cv-865 (C.D. Cal. Feb. 4, 2019), Dkt. No. 718; Ex. 9, Verdict Form *In re Tesla Sec. Litig.*, 18-cv-4865 (N.D. Cal. Feb. 2, 2023), Dkt. No. 659.

The proposed modification would also incorrectly ask the jury to determine "the amount of damages to Twitter options . . . ."  Dkt. No. 526 at 2.  But Plaintiffs' expert did not calculate "damages," he calculated deflation via implied volatility—which is what the jury will be asked to determine.  *See* Tabak Supp. Report at ¶ 28 ("I use the 'implied volatility' and calculate the effect of the deflation in Twitter's stock price on each option.").  In addition, Plaintiffs' proposed modification would improperly give the jury the option to simply check a box to adopt the "amount

DEFENDANT OPPOSITION TO PLAINTIFFS' MOTION FOR MODIFICATION OF VERDICT FORM

of damages Plaintiffs' expert calculated." And finally, as a third option, Plaintiffs ask the jury to award "[a]n amount of damages consistent with the amount of stock deflation we selected in in paragraph four above." The quantum of that amount? Unknown, as Dr. Tabak did not separately calculate option volatility "consistent with the amount of stock deflation" he identified, let alone some yet-to-be determined amount the jury may decide.

The Court should reject Plaintiff's motion to modify the verdict form.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court reject Plaintiffs' motion.

DATED: March 17, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By _____/s/ Alex Bergjans_____

Alex Spiro
Michael T. Lifrak
Stephen A. Broome
Ellyde R. Thompson
Jesse A. Bernstein
Alex Bergjans

*Attorneys for Defendant Elon Musk*

DEFENDANT OPPOSITION TO PLAINTIFFS' MOTION FOR MODIFICATION OF VERDICT FORM

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record electronically or by another manner authorized under FED. R. CIV. P. 5(b) on Tuesday, March 17, 2026.

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By  /s/ Alex Bergjans
Alex Spiro
Michael T. Lifrak
Stephen A. Broome
Ellyde R. Thompson
Jesse A. Bernstein
Alex Bergjans

*Attorneys for Defendant Elon Musk*

DEFENDANT OPPOSITION TO PLAINTIFFS' MOTION FOR MODIFICATION OF VERDICT FORM

**ATTESTATION**

Pursuant to Civil L.R. 5-1, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the other signatories herein.

By  /s/ Alex Bergjans
    Alex Spiro
    Michael T. Lifrak
    Stephen A. Broome
    Ellyde R. Thompson
    Jesse A. Bernstein
    Alex Bergjans

*Attorneys for Defendant Elon Musk*

DEFENDANT OPPOSITION TO PLAINTIFFS' MOTION FOR MODIFICATION OF VERDICT FORM