QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (*pro hac vice*)
alexspiro@quinnemanuel.com
Ellyde R. Thompson (*pro hac vice*)
ellydethompson@quinnemanuel.com
Jesse A. Bernstein (*pro hac vice*)
jessebernstein@quinnemanuel.com
295 Fifth Ave., New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Michael T. Lifrak (Bar No. 210846)
michaellifrak@quinnemanuel.com
Stephen A. Broome (Bar No. 314605)
stephenbroome@quinnemanuel.com
Alex Bergjans (Bar No. 302830)
alexbergjans@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendant Elon Musk*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIUSEPPE PAMPENA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ELON R. MUSK,<br><br>Defendant. | CASE NO. 3:22-CV-05937-CRB<br><br>**DEFENDANT ELON MUSK'S AUTHORITY IN RESPONSE TO JUROR NOTE #2**<br><br>Judge: Hon. Charles R. Breyer |

On March 18, 2026, the jury submitted a note to the Court requesting clarification on whether they must find that the alleged misrepresentations are "false and misleading" or "false or misleading."  In addition to requesting that the Court direct the jury to the materiality instruction and the language in the jury instructions about an "untrue statement of material fact," Defendant submitted the below to the Court:

In response to the Court's question, the distinction between "untrue" and "misleading" comes from Rule 10b-5(b) itself: "(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading."

The Court removed any reference in the jury instructions to an omissions theory of liability because Plaintiffs have not pled an omissions theory.  Thus, under these circumstances, it would be an inaccurate statement of the law for the Court to advise the jury that it may find liability if the statement is false **or** misleading.  Indeed, the Ninth Circuit has explained this very distinction:

"In setting forth the reasons why they contend that each challenged statement is misleading, securities plaintiffs may rely on either an affirmative misrepresentation theory or an omission theory. *See* 17 C.F.R. § 240.10b-5(b). Under Rule 10b-5, an affirmative misrepresentation is an 'untrue statement of a material fact,' and a fraudulent omission is a failure to 'state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.'" *Wochos v. Tesla, Inc.*, 985 F.3d 1180, 1188 (9th Cir. 2021).

DATED: March 19, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By       */s/ Alex Bergjans*

Alex Spiro
Michael T. Lifrak
Stephen A. Broome
Ellyde R. Thompson
Jesse A. Bernstein
Alex Bergjans

*Attorneys for Defendant Elon Musk*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on all counsel of record electronically or by another manner authorized under FED. R. CIV. P. 5(b) on Thursday, March 19, 2026.

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Alex Bergjans*
Alex Spiro
Michael T. Lifrak
Stephen A. Broome
Ellyde R. Thompson
Jesse A. Bernstein
Alex Bergjans

*Attorneys for Defendant Elon Musk*

**ATTESTATION**

Pursuant to Civil L.R. 5-1, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the other signatories herein.

By /s/ Alex Bergjans
_____
Alex Spiro
Michael T. Lifrak
Stephen A. Broome
Ellyde R. Thompson
Jesse A. Bernstein
Alex Bergjans

*Attorneys for Defendant Elon Musk*