QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (*pro hac vice*)
alexspiro@quinnemanuel.com
Ellyde R. Thompson (*pro hac vice*)
ellydethompson@quinnemanuel.com
Jesse A. Bernstein (*pro hac vice*)
jessebernstein@quinnemanuel.com
295 Fifth Ave., New York, NY 10010
Telephone:      (212) 849-7000
Facsimile:      (212) 849-7100

Michael T. Lifrak (Bar No. 210846)
michaellifrak@quinnemanuel.com
Stephen A. Broome (Bar No. 314605)
stephenbroome@quinnemanuel.com
Alex Bergjans (Bar No. 302830)
alexbergjans@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:      (213) 443-3000
Facsimile:      (213) 443-3100

*Attorneys for Defendant Elon Musk*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIUSEPPE PAMPENA, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> ELON R. MUSK, <br><br> Defendant. | CASE NO. 3:22-CV-05937-CRB <br><br> **DEFENDANT ELON MUSK'S RESPONSE TO PLAINTIFFS' PROPOSED POST-VERDICT PROCEDURES** <br><br> Hon. Judge Charles R. Breyer |

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................................................1

ARGUMENT ........................................................................................................................2

I.     BRIEFING AND RESOLUTION OF DEFENDANT'S RULE 50(B) AND 59 MOTIONS SHOULD NOT BE DELAYED ..................................................................................2

II.    PLAINTIFFS' PROPOSALS REGARDING CLASS NOTICE, A CLAIM FORM, AND DISTRIBUTION PROCESS ARE NOT SUPPORTED BY THE JURY'S VERDICT ................4

       A.     The General Verdict Does Not Establish That Plaintiffs Proved Class-Wide Reliance............................................................................................................4

       B.     Defendant Is Entitled To Move To Decertify The Class Post-Trial ...................7

III.   FULL FINAL JUDGMENT CANNOT BE ENTERED AT THIS TIME BECAUSE INDIVIDUALIZED RELIANCE AND DAMAGES ISSUES REMAIN UNRESOLVED..........8

IV.    THE CLAIMS ADMINISTRATION PROCESS, IF ANY, AND RELATED MOTIONS SHOULD NOT BEGIN UNTIL AFTER DEFENDANT'S POST-TRIAL MOTIONS AND POTENTIAL APPEAL ARE RESOLVED....................................................................12

CONCLUSION....................................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Aana v. Pioneer Hi-Bred Int'l, Inc.*,
2015 WL 12912451 (D. Haw. June 4, 2015) ............................................................................3

*Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*,
568 U.S. 455 (2013) ................................................................................................................7

*Basic Inc. v. Levinson*,
485 U.S. 224 (1988) .............................................................................................................8, 9

*Blackie v. Barrack*,
524 F.2d 891 (9th Cir. 1975) ................................................................................................11

*Catlin v. United States*,
324 U.S. 229 (1945) ..............................................................................................................11

*Citizens for Free Speech, LLC v. Cnty. of Alameda*,
2017 WL 912188 (N.D. Cal. Mar. 8, 2017) ..........................................................................13

*Connecticut Ret. Plans & Tr. Funds v. Amgen Inc.*,
660 F.3d 1170 (9th Cir. 2011) ................................................................................................7

*CPC Pat. Techs. Pty Ltd. v. Apple Inc.*,
119 F.4th 1126 (9th Cir. 2024) ..............................................................................................11

*Eisenberg v. Gagnon*,
766 F.2d 779 (3d Cir. 1985) ..................................................................................................10

*Finjan, Inc. v. Sophos, Inc.*,
2016 WL 2988834 (N.D. Cal. May 24, 2016) ........................................................................6

*Gould v. Mut. Life Ins. Co. of New York*,
790 F.2d 769 (9th Cir. 1986) ................................................................................................11

*Halliburton Co. v. Erica P. John Fund, Inc.*,
573 U.S. 258 (2014) .............................................................................................................2, 9

*Hensley v. Eckerhart*,
461 U.S. 424 (1983) ..............................................................................................................12

*Hesse v. Air France*,
1990 WL 58237 (9th Cir. 1990) ..............................................................................................4

*HsingChing Hsu. v. Puma Biotechnology, Inc.*,
    2019 WL 11637311 (C.D. Cal. May 22, 2019) ........................................................8, 9, 10

*Kaneka Corp. v. SKC Kolon PI, Inc.*,
    198 F. Supp. 3d 1089 (C.D. Cal. 2016) ...............................................................................3

*Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*,
    2005 WL 3801463 (N.D. Ill. Apr. 18, 2005) ..................................................................9, 10

*Logtale, Ltd. v. IKOR, Inc.*,
    2016 WL 7743408 (N.D. Cal. Aug. 16, 2016) .....................................................................6

*In re Lucent Techs. Inc. Sec. Litig.*,
    2002 WL 32818345 (D.N.J. May 9, 2002) .........................................................................10

*Mielo v. Steak 'n Shake Operations, Inc.*,
    897 F.3d 467 (3d Cir. 2018).................................................................................................10

*Niles v. United States*,
    520 F. Supp. 808 (N.D. Cal. 1981) ......................................................................................4

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
    399 F. Supp. 2d 1064 (N.D. Cal. 2005) ...............................................................................3

*In re Oracle Corp. Sec. Litig.*,
    627 F.3d 376 (9th Cir. 2010) ...............................................................................................6

*United Access Techs., LLC v. Centurytel Broadband Servs. LLC*,
    778 F.3d 1327 (Fed. Cir. 2015)............................................................................................6

*In re Vivendi Universal, S.A. Sec. Litig.*,
    765 F. Supp. 2d 512 (S.D.N.Y. 2011)........................................................................3, 8, 9, 10

**REGULATIONS**

17 C.F.R. § 240.10b-5.........................................................................................................7, 8

DEFENDANT'S RESPONSE TO PLAINTIFFS' PROPOSED POST-VERDICT PROCEDURES

Pursuant to the Court's Order at Dkt. No. 546, Defendant submits the following response to Plaintiffs' Proposed Post-Verdict Procedures, Dkt. No. 543.[1]

### INTRODUCTION

Plaintiffs' proposed post-verdict procedures put the cart before the horse and appear to be based on two incorrect assumptions: (1) that they established the right to class-wide recovery at trial and (2) that the Court is in any position to enter a final judgment on a class-wide basis now (or any time in the near future). Plaintiffs ask this Court to enter within weeks what they concede is an incomplete final judgment and to start a class administration process shortly thereafter. But their proposal does not take into account the fact that the jury's general verdict did not make any finding as to whether Plaintiffs established that the fraud-on-the-market presumption applies class-wide and that, even if it did, Defendant has the right under binding Supreme Court law to challenge the individual reliance of each and every class member that seeks damages. Plaintiffs' request that the Court enter final judgment on behalf of the entire class immediately is illogical, inefficient, and contrary to law—which is why every other court when faced with similar questions following a verdict for plaintiffs in a 10b-5 class action has rejected substantially similar proposals.

*First*, instead of entering judgment and jumping into a premature—and likely unnecessary—claims administration process, the Court should resolve Defendant's forthcoming motions under Rules 50(b) and 59 for judgment as a matter of law or, in the alternative, a new trial. Plaintiffs have agreed to the proposed briefing schedule to complete such briefing by June 5, 2026. The Court should resolve these motions first before making any determination as to the process for the second phase of this litigation because its rulings—and any subsequent appeal—may materially impact or eliminate the need for any claims administration or individualized reliance litigation.

*Second*, even if this Court ultimately denies those motions, Defendant will file a motion to decertify the class, which the Court must address before any further process on a class-wide basis. At Plaintiffs' request, the jury rendered a general verdict on liability that made no specific finding as to whether Plaintiffs established reliance through the fraud-on-the-market presumption *or* the Class

---

[1] Defendant does not oppose Plaintiffs' proposal that they "will file all exhibits admitted into evidence no later than March 30, 2026." Dkt. 543 ¶ 1.

Representatives' individual reliance.  The jury was not asked whether the Plaintiffs had established the fraud-on-the-market presumption.  As a result, no collateral estoppel or issue preclusion can attach to the question of class-wide reliance as a matter of law.  Thus, if the Court does not grant Defendant's post-trial motions, it should then set a briefing schedule for a motion to decertify the class and enter judgment just for the Class Representatives that can then be appealed to the Ninth Circuit.

*Third*, and in any event, the Court cannot enter judgment as to all class members even if the Court denies the decertification motion because Defendant maintains the right to challenge reliance and damages on an individualized basis for every class member.  *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 276 (2014) ("*Basic* does afford defendants an opportunity to rebut the presumption of reliance with respect to an individual plaintiff by showing that he did not rely on the integrity of the market price in trading stock.").  The Court must allow Defendant to mount such a challenge—through discovery and individual jury trials on reliance—before any final class-wide judgment is entered.  And this phase of this case—which ultimately will determine the aggregate damages—must be resolved before any motion practice concerning interest, fees, and costs is undertaken and any class-wide judgment is entered.

*Finally*, because this entire process may be avoided if a new trial is required or judgment entered for Defendant, the most logical and efficient post-verdict process is to adjudicate Defendant's post-trial motions.  Under this procedure, the issues relating to class-wide questions of liability and damages can be resolved expeditiously before the parties and Court expend significant time and resources on the second— and far more involved and costly—phase of this litigation.  Otherwise, the parties and Court may waste time and money litigating individual issues of reliance and damages that may ultimately be mooted.

## ARGUMENT

### I. BRIEFING AND RESOLUTION OF DEFENDANT'S RULE 50(B) AND 59 MOTIONS SHOULD NOT BE DELAYED

The Court should adopt the parties' joint proposed schedule on briefing Defendant's Rule 50(b) and Rule 59 motions and order the parties to complete such briefing by early June 2026 to allow the Court to resolve these motions promptly.  There is no reason to delay adjudication of these motions.  To the contrary, it would make little sense to hear these motions after the lengthy claims administration and individual reliance challenge process given that the Court's order on these motions may materially impact

or even obviate the need for such a process at all.  Logic and judicial efficiency call for the motions to be briefed and adjudicated swiftly.

To begin, while Rule 50(b) sets twenty-eight days following the entry of judgment as the outer limit for when a motion under that rule may be filed, that does not preclude an earlier filing.  *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 399 F. Supp. 2d 1064, 1071 (N.D. Cal. 2005), *amended sub nom. O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 420 F. Supp. 2d 1070 (N.D. Cal. 2006), *aff'd*, 221 F. App'x 996 (Fed. Cir. 2007), *and aff'd*, 221 F. App'x 996 (Fed. Cir. 2007) (rejecting argument "that Rule 50(b) authorizes only post-judgment motions for judgment as a matter of law," and instead holding that "Rule 50(b) does not bar [a party] from filing its renewed motion at this time"); *see also Kaneka Corp. v. SKC Kolon PI, Inc.*, 198 F. Supp. 3d 1089, 1099 (C.D. Cal. 2016) ("[T]he motion is nonetheless timely because Rule 50 does not, by its terms, preclude the filing of a renewed motion for judgment as a matter of law before judgment has been entered.  It merely requires that once the judgment has been filed, a party has only 28 days to file its motion."); *Aana v. Pioneer Hi-Bred Int'l, Inc.*, 2015 WL 12912451, at *2 (D. Haw. June 4, 2015) ("Of course, nothing in either Rule [50(b) or 59(b)] precludes the parties from filing such motions at an earlier point, but Pioneer correctly points out that the *deadline* for the motions is twenty-eight days after entry of judgment and not entry of the jury verdict." (emphasis added)).

Given that the parties have agreed to brief these motions now, the Court should decide them first before proceeding to the next steps in the process.  Defendant's motions raise significant legal questions, the outcome of which will directly impact the necessity and contours of the post-verdict proceedings.  It is far more efficient for the parties and Court to address these issues now.  Indeed, this is the approach taken by other courts following securities fraud class action verdicts.  *Compare, e.g.*, *In re Vivendi Universal, S.A. Securities Litigation*, No. 1:02-cv-05571 (S.D.N.Y.), Dkt. 1301 (Final Judgment), dated July 14, 2016, *with id.* Dkts. 1022, 1051, 1060, 1084 (Rule 50(b) and Rule 59 briefing and order), order entered on February 22, 2011.  No reason exists to deviate from that process and precedent here.  The Court should enter Defendant's proposed schedule for briefing Defendant's post-trial motions:  Defendant will file his motions on April 24, 2026, with any opposition due May 22, 2026, and reply briefs filed by June 5, 2026.  The Court then should rule on these motions before determining the process for any post-verdict phase of these proceedings.

## II.    PLAINTIFFS' PROPOSALS REGARDING CLASS NOTICE, A CLAIM FORM, AND DISTRIBUTION PROCESS ARE NOT SUPPORTED BY THE JURY'S VERDICT

The Court should reject Plaintiffs' class notice, claim form, and distribution process proposals because the verdict does not establish that they are entitled to class-wide recovery.  Instead of engaging in a class-wide claims administration process, the Court—should it deny Defendant's Rule 50 and 59 motions—should decertify the class.

### A.    The General Verdict Does Not Establish That Plaintiffs Proved Class-Wide Reliance

Plaintiffs' entire post-trial proposal is based on the assumption that they have established an entitlement to class-wide recovery at trial.  *See* Dkt. No. 543 ¶ 3.  They have not.  Although Plaintiffs presented an argument to the jury regarding the fraud-on-the-market presumption, the jury's verdict made no specific finding as to the fraud-on-the-market presumption.  Rather, based on the jury instructions and verdict, it is equally likely that the jury simply found that Plaintiffs had established individual justifiable reliance by the class representatives who testified at trial.

When plaintiffs in a securities fraud action seek to prove reliance on a class-wide basis through the fraud-on-the-market presumption, they have the burden to prove the elements of that presumption at trial.  *See, e.g.*, Dkt. No. 524 at 23-24.  The Court's decision to certify a class in this case relied on the facial applicability of this presumption to establish predominance.  *See* Dkt. No. 106 at 4-8.  But where there are two or more independent bases for a general verdict, courts cannot presume that the verdict rested on any particular theory.  *Cf., e.g.*, *Niles v. United States*, 520 F. Supp. 808, 812 (N.D. Cal. 1981), *aff'd sub nom. Niles By & Through Niles v. United States*, 710 F.2d 1391 (9th Cir. 1983) ("For example, where a matter is tried on alternate theories of recovery and a general verdict rendered, appellate courts will not speculate on what particular ground the jury may have found against the plaintiff." (alteration adopted and quotation omitted)); *Hesse v. Air France*, 1990 WL 58237, at *2 (9th Cir. 1990) ("The general rule in this circuit is that a general jury verdict will be upheld only if each and every theory of liability submitted to the jury is not legally defective.").

Here, the jury's general verdict does not establish whether the jury found that Plaintiffs had proven the elements of the fraud-on-the-market presumption.  Instead, the Court's instructions to the jury made clear that the jury could find the reliance element met in several different ways.  The instructions explained

DEFENDANT'S RESPONSE TO PLAINTIFFS' PROPOSED POST-VERDICT PROCEDURES

that "a plaintiff must prove by a preponderance of the evidence reliance on the alleged material misrepresentation and/or fraudulent acts, and that the plaintiff was justified in doing so." Dkt. No. 524 at 23. The instructions then explained that one way to prove such reliance, without the need to prove individual reliance, is to "prove by a preponderance of the evidence the requirements for invoking" the fraud-on-the-market presumption. *Id.* Finally, the instructions also made clear that this presumption may be rebutted, in which case "the plaintiffs must then prove that they justifiably relied directly on the misrepresentation and/or fraudulent acts." *Id.* at 23-24.

Defendant proposed a special verdict form that would have required the jury to make specific findings on this element, including whether Plaintiffs had proven the fraud-on-the-market presumption and whether it had been rebutted. *See* Dkt. No. 360 at 5-10. Defendant also submitted a brief in support of his proposed verdict form arguing that "[t]he jury is required to determine . . . justifiable reliance or whether Plaintiffs have proven the fraud-on-the-market presumption," and that a general verdict form "does not ask if Plaintiff proved any of these elements and therefore does not allow the jury to address each of the factual issues essential to judgment." Dkt. No. 367 at 1. Over Defendant's objection, *see* Trial Tr. 2137:23-2138:6, the Court followed Plaintiffs' proposal for a general verdict form that did not allow the jury to make any findings as to reliance, the fraud-on-the-market presumption, and whether that presumption had been rebutted, *see* Dkt. No. 538.

At trial, Plaintiffs argued that the fraud-on-the-market presumption had been proven; Defendant argued that it had not. The jury's verdict offers no way to identify whether the jury found that Plaintiffs proved reliance through the class-wide presumption or based on the fact that the individual Class Representatives "justifiably relied directly on the misrepresentations and/or fraudulent acts." *Compare* Dkt. No. 538 at 2, 4 (general liability verdict) *with* Dkt. No. 524 at 23-24 (Reliance Instruction). Given that the Court's fraud-on-the-market instruction would have required the jury to find that the stock price "immediately" reflected all publicly available information, Dkt. No. 524 at 23, and Plaintiffs' own expert testified that it took from May 13 to May 16 for the stock price to fully reflect the reaction to the May 13 tweet, Trial Tr. 1891:9-1893:13, it is far from clear that the jury would or could have accepted the fraud-on-the-market presumption here.

Because the Court elected to use Plaintiffs' proposed general verdict form over Defendants'

objection, it is not possible to determine on what ground the jury found Plaintiffs established reliance. As other contexts make clear, "[w]hen there are several possible grounds on which a jury could have based its general verdict and the record does not make clear which ground the jury relied on," courts may not treat the verdict as establishing any particular ground. *Cf. Finjan, Inc. v. Sophos, Inc.*, 2016 WL 2988834, at *19 (N.D. Cal. May 24, 2016) ("In line with these requirements, 'a general jury verdict can give rise to collateral estoppel only if it is clear that the jury necessarily decided a particular issue in the course of reaching its verdict.' 'When there are several possible grounds on which a jury could have based its general verdict and the record does not make clear which ground the jury relied on, collateral estoppel does not attach to any of the possible theories.' (quoting *United Access Techs., LLC v. Centurytel Broadband Servs. LLC*, 778 F.3d 1327, 1331 (Fed. Cir. 2015))). Indeed, the collateral estoppel context is particularly instructive. It would be improper for the Court to proceed on a class-wide basis based on an assumption that Plaintiffs had established the fraud-on-the-market presumption at trial—the only possible basis for a class-wide finding on the reliance element—where there is no corresponding basis for collateral estoppel or issue preclusion on that question. No doctrine would bar Defendant from relitigating the fraud-on-the-market presumption in subsequent individual trials, thus eliminating any binding class-wide liability finding. Nor can the Court remedy this deficiency post-trial. Plaintiffs did not move under Rule 50(a) for judgment on the fraud-on-the-market presumption and thus are barred from requesting the Court to enter judgment on that theory as a matter of law. *See* Fed. R. Civ. P. 50(a).

Accordingly, the Court is prohibited from simply assuming, without any supporting evidence, that the jury found that Plaintiffs met their burden to establish the fraud-on-the-market presumption of reliance. And making such an assumption is particularly inappropriate here because the Plaintiffs had the burden to prove each element and yet insisted—over Defendant's objection—on using a general verdict despite understanding that the jury's verdict on each element would have enormous class-wide ramifications. Plaintiffs invited and created this issue and waived any ability to correct it either before or after the jury rendered its verdict. *See, e.g.*, *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 386 (9th Cir. 2010) ("The doctrine of invited error prevents a [party] from complaining of an error that was his own fault." (citation omitted)); *Logtale, Ltd. v. IKOR, Inc.*, 2016 WL 7743408, at *4 (N.D. Cal. Aug. 16, 2016) ("[U]nder the 'invited error" doctrine, a party waives any ability to later challenge a jury instruction or verdict form

when the party invites the error of which it later complains."), *aff'd in part, rev'd in part, dismissed in part on other grounds*, 728 F. App'x 665 (9th Cir. 2018).

## B. Defendant Is Entitled To Move To Decertify The Class Post-Trial

Thus, the appropriate next step—should the Court deny Defendant's Rules 50(b) and 59 motions—is not to begin a class-wide claims process but rather decertify the class. Class treatment of a 10b-5 action lives and dies on a plaintiff's ability to prove the fraud-on-the-market presumption of reliance. "Absent the fraud-on-the-market theory, the requirement that Rule 10b-5 plaintiffs establish reliance would ordinarily preclude certification of a class action seeking money damages because individual reliance issues would overwhelm questions common to the class." *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 462-63 (2013). "Thus, if the plaintiffs failed to prove those elements, they could not use the fraud-on-the-market presumption, but their claims would not be dead on arrival; they could seek to prove reliance individually. That scenario, however, would be inappropriate for a class proceeding." *Connecticut Ret. Plans & Tr. Funds v. Amgen Inc.*, 660 F.3d 1170, 1175 (9th Cir. 2011). Without proving fraud-on-the-market, Plaintiffs' ability to proceed with this case on a class-wide basis collapses.

As discussed above, Plaintiffs have no basis from the general verdict or other procedural mechanism to establish that they proved the fraud-on-the-market elements—as opposed to the Class Representatives' individual reliance—at trial. They thus have no grounds to maintain class treatment of their claims going forward. That the Court initially certified the class to proceed to trial is of no moment and does not change the analysis. As the Court recognized in its Class Certification order, Plaintiffs only satisfied the "prerequisites to establish the <u>Basic</u> presumption of reliance at the class certification stage." Dkt. No. 106 at 7. Plaintiffs had to clear additional hurdles to prove that fraud-on-the-market reliance applied at trial. *Id.* Indeed, the Court was explicit that Defendant's arguments in opposition to class certification were "premature" at the time and raised "matter[s] for trial, not for class certification." *Id.* (internal quotation omitted). The Court held that Defendant's arguments and evidence to rebut the presumption was "insufficient . . . at this stage." *Id.* at 8. It thus provisionally presumed class reliance until trial—where the finder of fact would determine whether Plaintiffs had met their burden. And because Plaintiffs opposed—and the Court rejected—a special verdict form and failed to move for judgment on class-wide reliance, they lack the necessary factual predicate to establish the presumption and proceed on

a class-wide basis post-verdict.  *See Amgen Inc.*, 660 F.3d at 1175.

Plaintiffs' proposed next steps are thus wholly inapposite.  Instead, if the Court does not grant Defendant's Rule 50(b) and 59 motions, the Court should set a briefing schedule for a motion to decertify the class.  The Court should also set a procedure to adjudicate the amount of damages for the Class Representatives, and should then enter judgment on their claims alone—the only remaining claims.  To the extent Plaintiffs' counsel wishes to bring additional claims on behalf of other claimants, that must be done in separate, individual proceedings.

## III. FULL FINAL JUDGMENT CANNOT BE ENTERED AT THIS TIME BECAUSE INDIVIDUALIZED RELIANCE AND DAMAGES ISSUES REMAIN UNRESOLVED

Setting all of this aside, even if Plaintiffs could obtain judgment that the fraud-on-the-market presumption applies to absent class members, that is not sufficient for the Court to enter judgment on liability or damages for the entire class.  Thus, to the extent Plaintiffs are suggesting, *see* Dkt. No. 543 at ¶ 2, that they can "will file and request entry of a [Proposed] Judgment" as to the entire class at this point, Plaintiffs are wrong.  *See HsingChing Hsu. v. Puma Biotechnology, Inc.*, 2019 WL 11637311, at *1 (C.D. Cal. May 22, 2019) (striking proposed final judgment in 10b-5 class action as "premature" due to "outstanding" individualized "issues of liability and damages").

Although securities fraud class action jury trials are extremely rare, precedents following such trials universally establish that, even if a jury finds liability on a class-wide basis at trial, further inquiry remains as to two essential elements of a Rule 10b-5 claim: reliance and economic loss.  *See Puma*, 2019 WL 11637311, at *1; *In re Vivendi Universal, S.A. Sec. Litig.*, Case No. 1:02-cv-5571, Dkt. No. 1084 (S.D.N.Y. Feb. 22, 2011), at 114-21.  The fraud-on-the market presumption is rebuttable both on a class-wide and individual basis, *Basic Inc. v. Levinson*, 485 U.S. 224, 248 (1988), meaning that judgment cannot be entered for any absent class member unless and until Defendant has had the opportunity to challenge whether he or she actually relied on the alleged misstatement or integrity of the market price of Twitter stock.  Similarly, as Plaintiffs and Dr. Tabak acknowledged during Class Certification, the question of whether each purported class member suffered damages at all (i.e., lost money and did not profit from their Twitter investment) and the quantum of any damages must be adjudicated on a claim-by-claim basis.  That is why courts universally refuse to enter final judgment as to all class members in securities class

DEFENDANT'S RESPONSE TO PLAINTIFFS' PROPOSED POST-VERDICT PROCEDURES

actions immediately following a verdict in favor of plaintiffs and before all questions and disputes regarding individual class members' reliance and damages are adjudicated. *In re Vivendi Universal, S.A. Sec. Litig.*, Case No. 1:02-cv-5571, Dkt. No. 1084 (S.D.N.Y. Feb. 22, 2011), at 114-21; *Puma*, 2019 WL 11637311, at *1; *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, 2005 WL 3801463, at *4 (N.D. Ill. Apr. 18, 2005).

The same is true here. Final, class-wide, judgment cannot be entered until after the conclusion of this second—and in many ways, more involved—phase of the litigation.

As to reliance, even if the Court could conclude from the general verdict that the jury found Plaintiffs established the fraud-on-the-market presumption, all that means is that Plaintiffs have invoked a presumption for the class. But there is no dispute that Defendant can and has the right to rebut the presumption—not only on a class-wide basis but also on an individual basis. "Any showing that severs the link between the alleged misrepresentation and either the price received (or paid) by the plaintiff, or his decision to trade at a fair market price, will be sufficient to rebut the presumption of reliance." *Basic*, 485 U.S. at 248.[2] There are multiple ways to rebut this presumption, including by showing "that a plaintiff would have bought or sold the stock even had he been aware that the stock's price was tainted by fraud." *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 269 (2014). As the Supreme Court mandates and lower courts routinely recognize, defendants are entitled to challenge, seek discovery on, and try to juries individual questions of reliance for each member of the class seeking damages after the resolution of class-wide issues. *See, e.g.*, *In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 584-85 (S.D.N.Y. 2011) ("For this reason, courts in securities fraud actions have consistently recognized that issues of individual reliance can and should be addressed after a class-wide trial, through separate jury trials if necessary." (collecting cases)); *id.* at 586 n.64 ("Plaintiffs have not identified a single case in which a court in a securities fraud class action has precluded a defendant from contesting issues of individualized reliance after a class-wide trial on liability issues, where issues of individual reliance were not litigated as part of the class-wide trial and where the defendant asserted an intent to challenge

---

[2] Indeed, the Court already found that the fraud-on-the-market presumption was rebutted as to one of the original lead plaintiffs. *See* Dkt. No. 106 at 9-10 ("Steve's specific identification of something other than the integrity of the market (and, of course, other than Musk's allegedly misleading statements) that caused him to sell Twitter stock 'severs' any causal chain linking his decision to Musk's statements and rebuts the presumption that he relied on Musk's statements.").

DEFENDANT'S RESPONSE TO PLAINTIFFS' PROPOSED POST-VERDICT PROCEDURES

individual reliance issues after the class-wide trial."); *Household Int'l, Inc.*, 2005 WL 3801463, at \*4 ("[N]umerous courts have recognized that individualized issues of reliance may be adjudicated after class-wide issues have been determined." (collecting cases)); *In re Lucent Techs. Inc. Sec. Litig.*, 2002 WL 32818345, at \*2 (D.N.J. May 9, 2002) (holding that discovery sought to test individual reliance "instead may be appropriate at a later stage in the case, in which individualized rebuttal proceedings may be pursued to determine whether a claimant may recover, once the matter of liability has been adjudicated"); *Eisenberg v. Gagnon*, 766 F.2d 779, 786 (3d Cir. 1985) ("The presence of individual questions as to the reliance of each investor does not mean that the common questions of law and fact do not predominate over questions affecting individual members as required by Rule 23(b)(3) . . . . Rather than eliminate securities class actions, it would be more efficient to order separate trials, if necessary, limited to the issue of reliance."), *superseded by rule on other grounds*, *see Mielo v. Steak 'n Shake Operations, Inc.*, 897 F.3d 467 (3d Cir. 2018).

Defendant has raised these issues relating to individual reliance before. *See* Def's Opp. to Pls.' Motion for Class Certification, Dkt. No. 99 (raising issues of individual reliance). The Court held that, because Plaintiffs made a sufficient showing for purposes of class certification that the *Basic* presumption of reliance applied, Plaintiffs satisfied Rule 23(b)(3). Dkt. No. 106 at 8. But the *Basic* presumption is just that—a presumption. Defendant had the opportunity to rebut that presumption on a class-wide basis at the class-wide trial and now—as in *Household*, *Vivendi*, and *Puma*—also is entitled to rebut the presumption as to each individual class member going forward, including in individual jury trials. *Household Int'l, Inc.*, 2005 WL 3801463, at \*4; *Vivendi*, 765 F. Supp. 2d at 584-85; *Puma*, 2019 WL 11637311, at \*1 (holding that verdict that plaintiffs established fraud-on-the-market presumption "doesn't settle the question of whether Defendants may rebut the presumption as to absent class members. And Defendants have a right to challenge reliance on an individualized basis."). Before any judgment can be granted as to any absent class member, that class member must first submit a claim, participate in reliance-related discovery, and—as necessary—defeat Defendant's challenge that the presumption does not apply to him or her.

Reliance is not the only essential element that remains unsettled as to the class members absent from trial. The element of economic loss remains open. At this point, it is unknown how many claims

DEFENDANT'S RESPONSE TO PLAINTIFFS' PROPOSED POST-VERDICT PROCEDURES

will be filed, how many shares those claims will represent, and when the claimants bought and sold those shares. Of course, every claimant must demonstrate economic loss in order to recover. This process is more complex than simply processing submitted claims. As Dr. Tabak himself acknowledged, because many of the class members—including the Class Representatives—both bought and sold shares during the Class Period, the law provides that they can only recover for their actual losses. *See Blackie v. Barrack*, 524 F.2d 891, 908-09 (9th Cir. 1975). Determining whether a given class member is entitled to damages requires determining first whether that class member lost money on the Twitter investment and then whether that class members profited from trades made during the class period, i.e., whether they bought Twitter stock on a day in which the price was more artificially deflated than when they sold. This process will undoubtedly be complex and present numerous issues—both in the aggregate and on an individual basis—for the Court to resolve. Until it is complete, the quantum of economic loss and therefore the quantum of damages is entirely unknown and final judgment as to all class members cannot be entered.

Accordingly, Plaintiffs' suggestion that it will "file and request entry of a [Proposed] Judgment no later than March 30, 2026," Dkt. No. 543 at ¶ 2, is entirely premature. The Court cannot enter final judgment under Federal Rule of Civil Procedure 58 following a jury verdict while key issues remain unadjudicated and unresolved.

Plaintiffs' apparent suggestion, Dkt. 543 ¶ 5, that the Court enter final judgment but indefinitely "reserve jurisdiction to resolve and/or administer" what will no doubt be lengthy and complicated proceedings in the next phase of this litigation demonstrates that the Court cannot enter final judgment at this time. Plaintiffs cite no authority for their suggestion. It is black letter law that, if there remain open issues for the district court to resolve, the Court cannot enter final judgment. *See Catlin v. United States*, 324 U.S. 229, 233 (1945) ("A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."); *CPC Pat. Techs. Pty Ltd. v. Apple Inc.*, 119 F.4th 1126, 1131 (9th Cir. 2024) ("[T]his test [for finality] is satisfied when the district court disassociates itself from the case entirely, retaining nothing of the matter on the federal court's docket." (quotation marks omitted)). Indeed, once a district court enters final judgment and a notice of appeal is filed, that "divests the district court of jurisdiction." *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 772

DEFENDANT'S RESPONSE TO PLAINTIFFS' PROPOSED POST-VERDICT PROCEDURES

(9th Cir. 1986).[3]

The Court cannot enter final judgment in this case as to the entire class until all the matters before it—including the issues of individual reliance and economic loss—are resolved.

## IV.    THE CLAIMS ADMINISTRATION PROCESS, IF ANY, AND RELATED MOTIONS SHOULD NOT BEGIN UNTIL AFTER DEFENDANT'S POST-TRIAL MOTIONS AND POTENTIAL APPEAL ARE RESOLVED

The parties have agreed that Plaintiffs may file motions for prejudgment interest and to approve the class notice, claim, and distribution process on April 24, with briefing completed by June 5, 2026. However, because resolution of Defendant's motions and appeal will bear directly on the necessity and contours of this process, this process should be held in abeyance pending resolution of those motions. Sending out a notice and claims form before these are resolved risks needless waste of judicial resources if the class is decertified, as well as the need for iterative notices and forms if the scope of liability is limited. In any event, well before any distribution process, the parties will need to brief and the Court will need to set a procedure for establishing economic loss and rebutting the presumption of reliance for each individual claimant, including discovery, post-discovery motions, and adjudication.

Finally, Plaintiffs' proposal indicates that it intends to file a bill of costs and motion for approval of attorneys' fees, expenses, pre/post judgment interest, and service awards, and requests that the Court "set a schedule to resolve these matters following completion of claim administration process." Dkt. No. 543 at ¶ 4. Defendant agrees that these matters are best resolved at a later date after any appeals concerning liability and class-wide damages are resolved and after the completion (if necessary) of the Phase II individualized reliance and damages litigation. In any event, Defendant will oppose these motions,

---

[3] The Court could, however, grant partial final judgment under Rule 54(b) as to the Class Representatives who testified at trial regarding their individual reliance once the quantum of their respective damages is established. Fed. R. Civ. P. 54(b) ("[W]hen multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."). There would be "no just reason for delay" in granting a partial final judgment under these circumstances. In fact, the opposite. Because Phase II of this litigation—and the corresponding discovery and adjudication of the individual reliance of each class member—will be so time-consuming and costly and possibly mooted by a successful appeal of underlying liability and damages issues, granting judgment for the Class Representatives only would be the most fair and efficient process. It would simultaneously allow the Ninth Circuit to resolve any outstanding issues concerning liability and class-wide damages before Phase II begins (and all involved spend years and considerable resources litigating those issues) and provide the Class Representatives—who have already been participating in this case for more than three years—with more immediate certainty and a judgment for their claims without having to wait for the process to play out for the remainder of the class.

including to the extent Plaintiffs seek to recover for work related to the theories of liability that the jury rejected. *See Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983) (holding that "the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees" and that "the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee"); *see also Citizens for Free Speech, LLC v. Cnty. of Alameda*, 2017 WL 912188, at *7-9 (N.D. Cal. Mar. 8, 2017) (Breyer, J.) (following *Hensley* and reducing award of fees because plaintiffs were unsuccessful on some claims).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court adopt his proposed post-verdict process and resolve post-trial motions and class decertification before entering any final judgment and engaging in the involved and complex Phase II of this action.

DATED:  March 27, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By     */s/ Alex Bergjans*
    Alex Spiro
    Michael T. Lifrak
    Stephen A. Broome
    Ellyde R. Thompson
    Jesse A. Bernstein
    Alex Bergjans

    *Attorneys for Defendant Elon Musk*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on all counsel of record electronically or by another manner authorized under FED. R. CIV. P. 5(b) on Friday, March 27, 2026.


QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  */s/ Alex Bergjans*
    Alex Spiro
    Michael T. Lifrak
    Stephen A. Broome
    Ellyde R. Thompson
    Jesse A. Bernstein
    Alex Bergjans

*Attorneys for Defendant Elon Musk*

DEFENDANT'S RESPONSE TO PLAINTIFFS' PROPOSED POST-VERDICT PROCEDURES

**ATTESTATION**

Pursuant to Civil L.R. 5-1, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the other signatories herein.

By /s/ Alex Bergjans
   Alex Spiro
   Michael T. Lifrak
   Stephen A. Broome
   Ellyde R. Thompson
   Jesse A. Bernstein
   Alex Bergjans

   *Attorneys for Defendant Elon Musk*