**COTCHETT, PITRE & MCCARTHY, LLP**
Joseph W. Cotchett (SBN 36324)
jcotchett@cpmlegal.com
Mark C. Molumphy (SBN 168009)
mmolumphy@cpmlegal.com
Tyson C. Redenbarger (SBN 294424)
tredenbarger@cpmlegal.com
Elle D. Lewis (SBN 238329)
elewis@cpmlegal.com
Gia Jung (SBN 340160)
gjung@cpmlegal.com
Caroline A. Yuen (SBN 354388)
cyuen@cpmlegal.com
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000

**BOTTINI & BOTTINI, INC.**
Francis A. Bottini, Jr. (SBN 175783)
fbottini@bottinilaw.com
Aaron P. Arnzen (SBN 218272)
aarnzen@bottinilaw.com
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone: (858) 914-2001

*Lead Counsel for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| GIUSEPPE PAMPENA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ELON R. MUSK,<br><br>Defendant. | CASE NO. 3:22-CV-05937-CRB<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S POST TRIAL PROPOSAL**<br><br>Judge: Hon. Charles R. Breyer |

Pursuant to the Court's directions (ECF 546), Lead Plaintiffs respectfully submit this response to the proposals submitted by both parties addressing the next steps in this case (ECF 543, 544).

1. **The Parties Have Agreed to a Coordinated Briefing Schedule to Address All Motions, Subject to Court Approval**

As noted in their initial submission, Lead Plaintiffs intend to file two motions: (1) a motion for prejudgment interest and (2) a motion for approval of class notice of the verdict and a claim and distribution process. ECF 543. Both motions seek standard relief following a verdict in a securities class action and are authorized by statute. *See e.g.*, FRCP 23(d)(1)(B).

Defendant Elon Musk, in his submission, indicated his intent to initially file two motions: (1) a motion for judgment as a matter of law under Rule 50(b) and (2) a motion for new trial under Rule 59. ECF 544.

The Parties met and conferred prior to this submission and agreed that, subject to Court approval, all of these motions should proceed on the following schedule:

| Event | Deadline |
|---|---|
| File motions | April 24, 2026 |
| Oppositions | May 22, 2026 |
| Replies | June 5, 2026 |

Given the Parties' agreement on a common briefing schedule, Musk's original request (without authority) that Plaintiffs' motions and the post-trial claims process should be delayed until after the Court resolves Defendant's Rule 50 and 59 motions is moot. Plaintiffs object to and would oppose any one-sided delay to the extent Musk reasserts any request to postpone Plaintiffs' motions.

2. **There is No Basis for a Motion for Partial Judgment under Rule 54(b)**

Musk stated that he intends to "file a motion for partial final judgment under Rule 54(b) as to the liability issues the jury determined, if the Court does not grant Defendant's Rule 50(b) or Rule 59 motion." ECF 544. In support, Musk states that an "[a]ppeal from a partial final judgment

would be appropriate so that the issues on which the jury rendered a verdict can be reviewed without delay." *Id.* However, the opposite is true. Entering a partial final judgment would only invite piecemeal appeals, and Plaintiffs would oppose Musk's proposed motion for partial judgment under Rule 54(b).

Indeed, Rule 54(b) does not even apply here. Rule 54(b) only governs cases in which there are multiple claims or parties, and a decision has been reached with respect to fewer than all claims or fewer than all parties. *See* Rule 54(b). In this case, there is a single defendant, Musk, who faced a single cause of action under Section 10(b) of the Securities Exchange Act of 1934. The jury reached its verdict with respect to that single cause of action and the single defendant. Musk fails to cite any authority permitting partial judgment under these circumstances, let alone show that there is "no just reason for delay" absent entry of partial judgment.

The out-of-circuit authority cited by Musk, a footnote from *Fikes Wholesale, Inc. v. HSBC Bank USA, N.A.*, is unavailing. In *Fikes*, objectors to the class action settlement challenged the settlement partly on the basis of ascertainability of the class. The district court set that issue aside for determination by a special master pursuant to the terms of the settlement agreement. The district court then approved the settlement order, and the clerk entered judgment disposing of the class's claims. The objectors subsequently appealed the court's final approval order and other orders. In considering that appeal, the question was raised as to whether the unresolved issue would impact appellate jurisdiction and, out of an abundance of caution, the Second Circuit remanded the unresolved issue and instructed the district court to consider whether, in the event that its disposition of the objectors' initial challenge was not a final judgment, there was just reason for delay in the appeal of all other issues. *Fikes*, 62 F.4th 704, 716 n.3 (2d Cir. 2023) ("To obviate any such complications, we remanded[.]"). In deciding that limited issue, the district court held that its judgment should be considered a partial final judgment, and there was no just reason for delay in the appeal. *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.,* No. 05-MD-1720 (MKB), 2022 WL 2803352, at *3 (E.D.N.Y. July 18, 2022).

None of those unusual facts exist here.  This case was decided by a jury, which returned a complete verdict on all issues with respect to all parties.  The fact that a claims process remains does not warrant a partial judgment under Rule 54(b), and certainly not pursuant to *Fikes*, which is distinguishable for additional reasons.  *Id.* (judgment was entered, and the case was already on appeal when remanded to address whether unresolved issues, which did not implicate reliance or damages, might impact appellate jurisdiction).

As the Supreme Court stated in *Curtiss-Wright Corp.*, "Rule 54(b) certification was not to be granted as a matter of course … [t]his remedy should be reserved for the infrequent harsh case because of the overload in appellate courts which would otherwise result from appeals of an interlocutory nature.  The essential inquiry was stated to be 'whether, after balancing the competing factors, finality of judgment should be ordered to advance the interests of sound judicial administration and justice to the litigants.'"  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 5, (1980); *see also Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797–98 (9th Cir. 1991) ("Rule 54(b) certification is scrutinized to prevent piecemeal appeals in cases which should be reviewed only as single units.") (citations omitted).

Finally, the effect of certifying a partial judgment under 54(b) in the manner that Musk suggests would undermine the very purpose of the rule—to prevent piecemeal appeals.  Accordingly, Plaintiffs will oppose any motion for partial judgment under Rule 54(b), and any attempt by Musk to delay approval of a class notice of the verdict and claims process pending resolution of such motion.

### 3.  <u>The Court Should Defer Entry of Judgment Pending Notice and Completion of the Claims Process</u>

As indicated above, Plaintiffs intend to oppose Musk's intended motion for entry of partial judgment under Rule 54(b).  Instead, Plaintiffs propose that the Court enter a complete judgment on all issues, including the total, aggregate damages determined from the claims process.

While there are only a limited number of securities fraud jury verdicts as precedent, deferring entry of judgment until the claims process is completed appears to be the most common

and practical procedure to follow in this case.  At least one court has entered judgment before the claims process was completed (*see In re Apollo Group Inc. Securities*, No. CV 04-2147-PHX-JAT, (D. Ariz.) (ECF 695)), but the district court there was ordered to do so by the Ninth Circuit upon remand of the case after resolution of an appeal.  The other district courts that have faced the issue of when to enter judgment after a verdict in a securities class action have deferred entry of judgment until completion of notice and the claims process and have included the individual and total damages as part of the judgment.  *See, e.g., Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-DOC-SHK (CD Cal.) (ECF 879) (entry of judgment following claims process).  Accordingly, Plaintiffs believe that the better course of action is for the Court to enter just one judgment, and to defer doing so until after the claims process is complete.[1]

### 4.  **Musk Has No Right to Conduct Post-Verdict Discovery**

Musk also indicates he "has the right and intends to challenge individual reliance and damages—and will avail himself of all related discovery and adjudicatory processes authorized by law—for all claimants seeking damages during the claims administration process."  ECF 544.  While it is unclear when Musk intends to seek such relief, there is no Federal Rule of Civil Procedure, no statutory authority, no case law, and no order in this case that grants Musk the right to conduct post-trial discovery.  *See Hsu v. Puma Biotechnology, Inc.*, 2021 WL 2644100, at *2 (C.D. Cal. June 11, 2021) ("Defendants incorrectly assert that they have a right to obtain reasonable post-trial discovery to challenge [] reliance.")

Moreover, Musk has not at any point during this case—whether in fact discovery, motion for summary judgment, or pre-trial briefing—requested or maintained any right to seek discovery from absent class members, let alone post-trial discovery.  Even if Musk had the right to conduct post-trial discovery, Musk should have raised this issue before with the Magistrate Judge overseeing discovery issues.  Musk did not and, thus, has no right to do so after trial.  Plaintiffs therefore intend

---

[1] While Plaintiffs initially believed that entry of final, full judgment could be done now, after reviewing the applicable precedent they determined that deferral is the better course of action.

to object to, and oppose, any discovery directed to absent class members.

Dated: March 27, 2026

**COTCHETT, PITRE & MCCARTHY, LLP**
Joseph W. Cotchett (SBN 36324)
Mark C. Molumphy (SBN 168009)
Tyson C. Redenbarger (SBN 294424)
Elle D. Lewis (SBN 238329)
Gia Jung (SBN 340160)
Caroline A. Yuen (SBN 354388)

*/s/ Mark C. Molumphy*
    Mark C. Molumphy

San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000

**BOTTINI & BOTTINI, INC.**
Francis A. Bottini, Jr. (SBN 175783)
Aaron P. Arnzen (SBN 218272)

*/s/ Francis A. Bottini Jr.*
    Francis A. Bottini Jr.

7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone: (858) 914-2001

*Lead Counsel for Plaintiffs and the Class*

PLAINTIFFS' RESPONSE TO DEFENDANT'S POST TRIAL PROPOSAL

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Mark C. Molumphy, attest that concurrence in the filing of this document has been obtained from the other signatory.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of March, 2026, at Burlingame, California.


*/s/ Mark C. Molumphy*

Mark C. Molumphy

PLAINTIFFS' RESPONSE TO DEFENDANT'S POST TRIAL PROPOSAL