QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (*pro hac vice*)
alexspiro@quinnemanuel.com
Ellyde R. Thompson (*pro hac vice*)
ellydethompson@quinnemanuel.com
Jesse A. Bernstein (*pro hac vice*)
jessebernstein@quinnemanuel.com
295 Fifth Ave., New York, NY 10010
Telephone:     (212) 849-7000
Facsimile:     (212) 849-7100

Michael T. Lifrak (Bar No. 210846)
michaellifrak@quinnemanuel.com
Stephen A. Broome (Bar No. 314605)
stephenbroome@quinnemanuel.com
Alex Bergjans (Bar No. 302830)
alexbergjans@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

*Attorneys for Defendant Elon Musk*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIUSEPPE PAMPENA, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>   vs.<br><br>ELON R. MUSK,<br><br>      Defendant. | CASE NO. 3:22-CV-05937-CRB<br><br>**DEFENDANT ELON MUSK'S OPPOSITION TO PLAINTIFFS' PROPOSED JUDGMENT**<br><br>Hon. Judge Charles R. Breyer |

**TABLE OF CONTENTS**

**Page**

SUMMARY OF ARGUMENT .................................................................................................1

ARGUMENT .........................................................................................................................2

I.  THE COURT CANNOT ENTER JUDGMENT WHILE RETAINING JURISDICTION TO RESOLVE OUTSTANDING ISSUES .................................................................2

II.  THE COURT CANNOT ENTER FINAL JUDGMENT ON A CLASS-WIDE BASIS, BECAUSE THE JURY'S VERDICT DOES NOT ESTABLISH CLASS-WIDE LIABILITY .................................................................................................................3

III.  ENTERING FINAL JUDGMENT IS PREMATURE BEFORE INDIVIDUAL ISSUES OF RELIANCE AND THRESHOLD DAMAGES QUESTIONS ARE RESOLVED .................6

   A.  Defendant Is Entitled To Rebut The Presumption Of Reliance On An Individual Basis Before Judgment Is Entered .................................................7

   B.  Basic Questions Fundamental To Calculating Damages And Determining Who Is An Injured Class Member Have Not Been Considered And Remain Unanswered ...........10

CONCLUSION .....................................................................................................................12

Case No. 3:22-CV-05937-CRB
DEFENDANT'S OPPOSITION TO PLAINTIFFS' PROPOSED JUDGMENT

## TABLE OF AUTHORITIES

**Page**

### Cases

*Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*,
568 U.S. 455 (2013)...........................................................................................................6

*Arizona State Carpenters Pension Tr. Fund v. Miller*,
938 F.2d 1038 (9th Cir. 1991) ..........................................................................................2

*Basic Inc. v. Levinson*,
485 U.S. 224 (1988).......................................................................................................7, 8

*Blackie v. Barrack*,
524 F.2d 891 (9th Cir. 1975) ..........................................................................................10

*Brown v. United States Postal Serv.*,
860 F.2d 884 (9th Cir.1988) ..............................................................................................2

*Catlin v. United States*,
324 U.S. 229 (1945)............................................................................................................2

*Connecticut Ret. Plans & Tr. Funds v. Amgen Inc.*,
660 F.3d 1170 (9th Cir. 2011) ...........................................................................................6

*Cooper v. Fed. Rsrv. Bank of Richmond*,
467 U.S. 867 (1984)............................................................................................................5

*CPC Pat. Techs. Pty Ltd. v. Apple Inc.*,
119 F.4th 1126 (9th Cir. 2024) ..........................................................................................2

*Eisenberg v. Gagnon*,
766 F.2d 779 (3d Cir. 1985)...............................................................................................9

*Finjan, Inc. v. Sophos, Inc.*,
2016 WL 2988834 (N.D. Cal. May 24, 2016) ...................................................................5

*Gould v. Mut. Life Ins. Co. of New York*,
790 F.2d 769 (9th Cir. 1986) .............................................................................................2

*Halliburton Co. v. Erica P. John Fund, Inc.*,
573 U.S. 258 (2014)..................................................................................................7, 8, 10

*Hesse v. Air France*,
1990 WL 58237 (9th Cir. 1990) .........................................................................................3

*HsingChing Hsu. v. Puma Biotechnology, Inc.*,
2019 WL 11637311 (C.D. Cal. May 22, 2019) .......................................................6, 7, 10

DEFENDANT'S OPPOSITION TO PLAINTIFFS' PROPOSED JUDGMENT

*Jaffe Pension Plan v. Household Int'l, Inc., et al.*,
   756 F. Supp. 2d 928 (N.D. Ill. 2010) ...................................................................8, 11

*Jaffe Pension Plan v. Household Int'l, Inc., et al.*,
   No. 1:02-cv-05893, Dkt. 1697 (N.D. Ill. July 28, 2010) ...........................................6

*Jaffe Pension Plan v. Household Int'l, Inc., et al.*,
   2005 WL 3801463, at *4 (N.D. Ill. Apr. 18, 2005) ...............................................8, 10

*Logtale, Ltd. v. IKOR, Inc.*,
   2016 WL 7743408 (N.D. Cal. Aug. 16, 2016) ...........................................................6

*In re Lucent Techs. Inc. Sec. Litig.*,
   2002 WL 32818345 (D.N.J. May 9, 2002) ................................................................8

*Mielo v. Steak 'n Shake Operations, Inc.*,
   897 F.3d 467 (3d Cir. 2018)......................................................................................9

*Niles v. United States*,
   520 F. Supp. 808 (N.D. Cal. 1981) ...........................................................................3

*In re Oracle Corp. Sec. Litig.*,
   627 F.3d 376 (9th Cir. 2010) ....................................................................................6

*United Access Techs., LLC v. Centurytel Broadband Servs. LLC*,
   778 F.3d 1327 (Fed. Cir. 2015)..................................................................................5

*United States v. Burnett*,
   262 F.2d 55 (9th Cir. 1958) ......................................................................................2

*In re Vivendi Universal, S.A. Sec. Litig.*,
   284 F.R.D. 144 (S.D.N.Y. 2012) .............................................................................11

*In re Vivendi Universal, S.A. Sec. Litig.*,
   765 F. Supp. 2d 512 (S.D.N.Y. 2011)..............................................................6, 8, 9, 10

## Other Authorities

17 C.F.R. § 240.10b-5............................................................................................................6

Civil L.R. 5-1 ......................................................................................................................14

Fed. R. Civ. P. 5(b) .............................................................................................................13

Fed. R. Civ. P. 23(b)(3)....................................................................................................9, 10

Fed. R. Civ. P. 50(a) .............................................................................................................5

Fed. R. Civ. P. 54(b) .............................................................................................................3

DEFENDANT'S OPPOSITION TO PLAINTIFFS' PROPOSED JUDGMENT

As indicated in Defendant's filings at Dkt. Nos. 544 and 549, Defendant submits the following opposition to Plaintiffs' Proposed Judgment, Dkt. No. 555-1.

## SUMMARY OF ARGUMENT

As virtually every court to consider this question following a verdict in a securities fraud class action has determined, entering final judgment at this point is premature and improper.

At the threshold, Plaintiffs' Proposed Judgment is premature and defective because it is not final at all. A final judgment must dispose of all issues in a given claim, including liability and damages. But Plaintiffs' own proposal concedes that the Court and parties are not in a position to do so now and instead asks the Court to retain jurisdiction to resolve these open questions. Plaintiffs' proposal that the Court enter "final" judgment while indefinitely retaining jurisdiction to resolve a wide variety of motions and issues is a contradiction in terms. It is improper and itself demonstrates why entering this judgment is entirely premature. Until issues of individual reliance and economic loss are fully resolved, the Court cannot enter final judgment in this case.

That is even more true in this case, where Plaintiffs propose that the Court enter judgment in favor of the entire class, but the jury's verdict does not establish class-wide liability. Because the Court followed Plaintiffs' proposal for a general verdict form on liability, the jury's verdict in no way indicates whether the jury found the reliance element of liability met based on the fraud-on-the-market presumption, which would apply on a class-wide basis, or based on a finding of individual reliance by the Class Representatives who testified at trial, which would apply only to those individuals. The Court cannot enter a class-wide judgment based on this verdict.

But even if the jury's verdict did indicate that Plaintiffs had established the fraud-on-the-market presumption, the Court still could not enter final judgment for multiple reasons. To begin, Supreme Court law and every relevant precedent establishes that Defendant is entitled to an opportunity to rebut the *Basic* presumption on an individual basis; until Defendant has had that opportunity, liability is not fully adjudicated and the Court cannot enter final judgment. Nor have damages been determined. Calculating damages in a securities fraud class action is not a mechanical or ministerial task; doing so requires careful adjudication of both the methods for performing these calculations in the aggregate and of any more discrete issues that arise throughout the lengthy claims administration process. The Court cannot simply

enter judgment adopting Plaintiffs' proposed method of calculation without further briefing and inquiry into threshold questions of how these calculations should be performed and before the parties have any opportunity to raise further questions for the Court to resolve as this process develops.

## ARGUMENT

### I.  THE COURT CANNOT ENTER JUDGMENT WHILE RETAINING JURISDICTION TO RESOLVE OUTSTANDING ISSUES

Fundamentally, Plaintiffs' Proposed Judgment is improper and defective because it is no final judgment at all.  A supposed "judgment" whose "essential purport and effect [is] to dispose only a portion of the issues presented within a single claim," i.e., enter judgment for liability but leave one's entitlement to and amount of damages unresolved, is not a "final judgment" under the law.  *United States v. Burnett*, 262 F.2d 55, 58–59 (9th Cir. 1958); *see also Brown v. United States Postal Serv.*, 860 F.2d 884, 886 (9th Cir. 1988) (holding an initial judgment establishing liability but leaving for subsequent decision the amount of damages was not final).  A judgment must dispose of all elements and issues in a given claim, "end[ing] the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Arizona State Carpenters Pension Tr. Fund v. Miller*, 938 F.2d 1038, 1039–40 (9th Cir. 1991).  This Proposed Judgment fails this test on its face, leaving open a number of critical issues necessary to establish liability and damages at a later date.

It expressly contemplates the Court entering judgment, yet contains provisions indicating that the Court will retain jurisdiction over three different, unresolved processes for an indefinite period of time— including over "the notice and claims process, including an appropriate claims procedure, plan of allocation, and distribution to all Class Members who submit valid claims."  Dkt. No. 555-1 at 1.  But it is black letter law that, if there remain open issues for the district court to resolve, the Court cannot enter final judgment.  *See Catlin v. United States*, 324 U.S. 229, 233 (1945) ("A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."); *CPC Pat. Techs. Pty Ltd. v. Apple Inc.*, 119 F.4th 1126, 1131 (9th Cir. 2024) ("[T]his test [for finality] is satisfied when the district court disassociates itself from the case entirely, retaining nothing of the matter on the federal court's docket." (quotation marks omitted)).  Indeed, once a district court enters final judgment and a notice of appeal is filed, that "divests the district court of jurisdiction." *Gould*

*v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 772 (9th Cir. 1986).

The Court could, however, grant partial final judgment under Rule 54(b) as to the Class Representatives who testified at trial regarding their individual reliance once the quantum of their respective damages is established. Fed. R. Civ. P. 54(b) ("[W]hen multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."). There would be "no just reason for delay" in granting a partial final judgment under these circumstances. In fact, the opposite. Because Phase II of this litigation—and the corresponding discovery and adjudication of the individual reliance of each class member—will be so time-consuming and costly and possibly mooted by a successful appeal of underlying liability and damages issues, granting judgment for the Class Representatives only would be the most fair and efficient process. It would simultaneously allow the Ninth Circuit to resolve any outstanding issues concerning liability and class-wide damages before Phase II begins (and all involved spend years and considerable resources litigating those issues) and provide the Class Representatives— who have already been participating in this case for more than three years—with more immediate certainty and a judgment for their claims without having to wait for the process to play out for the remainder of the class. Aside from partial final judgment under Rule 54(b), however, the Court cannot enter final judgment in this case as to the entire class until all the matters before it are resolved.

**II. THE COURT CANNOT ENTER FINAL JUDGMENT ON A CLASS-WIDE BASIS, BECAUSE THE JURY'S VERDICT DOES NOT ESTABLISH CLASS-WIDE LIABILITY**

At trial, Plaintiffs failed to establish class-wide liability. Although Plaintiffs presented an argument to the jury regarding the fraud-on-the-market presumption and the jury instructions allowed the jury to consider that presumption as one way to establish reliance, the jury's verdict made no specific finding as to the presumption. Rather, based on the jury instructions and verdict, it is equally possible that the jury simply found that Plaintiffs had established individual justifiable reliance by the Class Representatives who testified at trial.

When plaintiffs in a securities fraud action seek to prove reliance on a class-wide basis through the fraud-on-the-market presumption, they have the burden to prove the elements of that presumption at trial. *See, e.g.*, Dkt. No. 524 at 23-24. But where there are two or more independent bases for a general

verdict, courts cannot presume that the verdict rested on any particular theory. *Cf., e.g.*, *Niles v. United States*, 520 F. Supp. 808, 812 (N.D. Cal. 1981), *aff'd sub nom. Niles By & Through Niles v. United States*, 710 F.2d 1391 (9th Cir. 1983) ("For example, where a matter is tried on alternate theories of recovery and a general verdict rendered, appellate courts will not speculate on what particular ground the jury may have found against the plaintiff." (alteration adopted and quotation omitted)); *Hesse v. Air France*, 1990 WL 58237, at *2 (9th Cir. 1990) ("The general rule in this circuit is that a general jury verdict will be upheld only if each and every theory of liability submitted to the jury is not legally defective.").

Here, the jury's general verdict does not establish whether the jury found that Plaintiffs had proven the elements of the fraud-on-the-market presumption. Instead, the Court's instructions to the jury made clear that the jury could find the reliance element met in several different ways. The instructions explained that "a plaintiff must prove by a preponderance of the evidence reliance on the alleged material misrepresentation and/or fraudulent acts, and that the plaintiff was justified in doing so." Dkt. No. 524 at 23. The instructions then explained that one way to prove such reliance, without the need to prove individual reliance, is to "prove by a preponderance of the evidence the requirements for invoking" the fraud-on-the-market presumption. *Id.* Finally, the instructions also made clear that this presumption may be rebutted, in which case "the plaintiffs must then prove that they justifiably relied directly on the misrepresentation and/or fraudulent acts." *Id.* at 23-24.

Defendant proposed a special verdict form that would have required the jury to make specific findings on this element, including whether Plaintiffs had proven the fraud-on-the-market presumption and whether it had been rebutted. *See* Dkt. No. 360 at 5-10. Defendant also submitted a brief in support of his proposed verdict form arguing that "[t]he jury is required to determine . . . justifiable reliance or whether Plaintiffs have proven the fraud-on-the-market presumption," and that a general verdict form "does not ask if Plaintiff proved any of these elements and therefore does not allow the jury to address each of the factual issues essential to judgment." Dkt. No. 367 at 1. Over Defendant's objection, *see* Trial Tr. 2137:23-2138:6, the Court followed Plaintiffs' proposal for a general verdict form that did not allow the jury to make any findings as to reliance, the fraud-on-the-market presumption, and whether that presumption had been rebutted, *see* Dkt. No. 538.

At trial, Plaintiffs argued that the fraud-on-the-market presumption had been proven; Defendant

Case No. 3:22-CV-05937-CRB

DEFENDANT'S OPPOSITION TO PLAINTIFFS' PROPOSED JUDGMENT

argued that it had not.  The jury's verdict offers no way to identify whether the jury found that Plaintiffs proved reliance through the class-wide presumption or based on the fact that the individual Class Representatives "justifiably relied directly on the misrepresentations and/or fraudulent acts." *Compare* Dkt. No. 538 at 2, 4 (general liability verdict) *with* Dkt. No. 524 at 23-24 (Reliance Instruction).  Given that the Court's fraud-on-the-market instruction would have required the jury to find that the stock price "immediately" reflected all publicly available information, Dkt. No. 524 at 23, and Plaintiffs' own expert testified that it took from May 13 to May 16 for the stock price to fully reflect the reaction to the May 13 tweet, Trial Tr. 1891:9-1893:13, it is far from clear that the jury accepted the fraud-on-the-market presumption here.

Because the Court elected to use Plaintiffs' proposed general verdict form over Defendants' objection, it is not possible to determine on what ground the jury found Plaintiffs established reliance.  As other contexts make clear, "[w]hen there are several possible grounds on which a jury could have based its general verdict and the record does not make clear which ground the jury relied on," courts may not treat the verdict as establishing any particular ground. *Cf. Finjan, Inc. v. Sophos, Inc.*, 2016 WL 2988834, at *19 (N.D. Cal. May 24, 2016) ("In line with these requirements, 'a general jury verdict can give rise to collateral estoppel only if it is clear that the jury necessarily decided a particular issue in the course of reaching its verdict.'  'When there are several possible grounds on which a jury could have based its general verdict and the record does not make clear which ground the jury relied on, collateral estoppel does not attach to any of the possible theories.' (quoting *United Access Techs., LLC v. Centurytel Broadband Servs. LLC*, 778 F.3d 1327, 1331 (Fed. Cir. 2015))).  Indeed, the collateral estoppel context is particularly instructive.  It is well established that "[b]asic principles of res judicata (merger and bar or claim preclusion) and collateral estoppel (issue preclusion) apply" to class actions. *Cooper v. Fed. Rsrv. Bank of Richmond*, 467 U.S. 867, 874 (1984).  It thus would be improper for the Court to proceed on a class-wide basis based on an assumption that Plaintiffs had established the fraud-on-the-market presumption at trial—the only possible basis for a class-wide finding on the reliance element—where there is no corresponding basis for collateral estoppel or issue preclusion on that question.  No doctrine would bar Defendant from relitigating the fraud-on-the-market presumption in subsequent individual trials, thus eliminating any binding class-wide liability finding.  Nor can the Court remedy this deficiency

post-trial.  Plaintiffs did not move under Rule 50(a) for judgment on the fraud-on-the-market presumption and thus are barred from requesting the Court to enter judgment on that theory as a matter of law.  *See* Fed. R. Civ. P. 50(a).

Accordingly, the Court is prohibited from simply assuming, without any supporting evidence, that the jury found that Plaintiffs met their burden to establish the fraud-on-the-market presumption of reliance.  And making such an assumption is particularly inappropriate because Plaintiffs had the burden to prove each element and yet insisted on using a general verdict despite understanding that the jury's verdict on each element would have enormous class-wide ramifications.  Plaintiffs invited and created this issue and waived any ability to correct it either before or after the jury rendered its verdict.  *See, e.g.*, *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 386 (9th Cir. 2010) ("The doctrine of invited error prevents a [party] from complaining of an error that was his own fault." (citation omitted)); *Logtale, Ltd. v. IKOR, Inc.*, 2016 WL 7743408, at *4 (N.D. Cal. Aug. 16, 2016) ("[U]nder the 'invited error" doctrine, a party waives any ability to later challenge a jury instruction or verdict form when the party invites the error of which it later complains."), *aff'd in part, rev'd in part, dismissed in part on other grounds*, 728 F. App'x 665 (9th Cir. 2018).  Accordingly, Plaintiffs' Proposed Judgment—which would enter judgment in favor of the entire class, *see* Dkt. No. 555-1 at 1, is not supported by the jury's verdict and cannot be properly granted.[1]

### III.    ENTERING FINAL JUDGMENT IS PREMATURE BEFORE INDIVIDUAL ISSUES OF RELIANCE AND THRESHOLD DAMAGES QUESTIONS ARE RESOLVED

Even if the jury's verdict could support class-wide liability, precedents following jury verdicts in securities fraud class action universally establish that the Court cannot and should not enter final judgment at this time.  *See HsingChing Hsu. v. Puma Biotechnology, Inc.*, 2019 WL 11637311, at *1 (C.D. Cal. May 22, 2019) (striking proposed final judgment in 10b-5 class action as "premature" due to "outstanding" individualized "issues of liability and damages"); *In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp.

---

[1]   As Defendant previously raised, *see* Dkt. No. 549, Defendant will also file a motion to decertify the class on this basis.  *See Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 462-63 (2013) ("Absent the fraud-on-the-market theory, the requirement that Rule 10b-5 plaintiffs establish reliance would ordinarily preclude certification of a class action seeking money damages because individual reliance issues would overwhelm questions common to the class."); *Connecticut Ret. Plans & Tr. Funds v. Amgen Inc.*, 660 F.3d 1170, 1175 (9th Cir. 2011) ("Thus, if the plaintiffs failed to prove those elements, they could not use the fraud-on-the-market presumption, but their claims would not be dead on arrival; they could seek to prove reliance individually.  That scenario, however, would be inappropriate for a class proceeding.").

2d 512, 583 (S.D.N.Y. 2011) ("The Court agrees that Vivendi is entitled to rebut the presumption of reliance on an individual basis and that entry of judgment is, therefore premature."), *aff'd sub nom. In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223 (2d Cir. 2016); *Jaffe v. Household International, Inc., et al.*, No. 102-cv-05893 (N.D. Ill. July 28, 2010), Dkt. 1697 (minute entry striking Plaintiffs' Motion for Entry of Judgment "as premature because a final judgment cannot be entered until the second phase of this case has concluded"). Indeed, Plaintiffs themselves conceded that "deferring entry of judgment until the claims process is completed appears to be the most common and practical procedure to follow in this case," and accordingly asked that the Court defer entry of judgment pending completion of the claims process. Dkt. No. 550 at 3–4. Plaintiffs' then-position was correct. That is because even if a jury finds liability on a class-wide basis at trial, further inquiry remains as to two essential elements of a Rule 10b-5 claim: reliance and economic loss.

### A. Defendant Is Entitled To Rebut The Presumption Of Reliance On An Individual Basis Before Judgment Is Entered

First, a class-wide verdict based on a finding that the fraud-on-the-market presumption applies and has not been rebutted on a class-wide basis still leaves open an important question that is a prerequisite to a finding of liability as to any particular class member: whether Defendant can rebut the presumption of reliance for that individual claimant. Plaintiffs' Proposed Judgment dispenses with this requirement altogether and enters judgment for all class members without first providing Defendant with the opportunity to test each individual. This is contrary to law and entering this final judgment now would be plain error.

It is undisputed that the fraud-on-the market presumption is rebuttable both on a class-wide and individual basis, *Basic Inc. v. Levinson*, 485 U.S. 224, 248 (1988), meaning that judgment cannot be entered for any absent class member unless and until Defendant has had the opportunity to challenge whether he or she actually relied on the alleged misstatement or integrity of the market price of Twitter stock. This rule is uncontroversial and has been repeatedly affirmed by the Supreme Court, even though it has "the effect of leaving individualized questions of reliance in the case." *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 276 (2014). The Supreme Court adopted this rule with a full understanding of its practical implications, acknowledging that that it allows a defendant to "attempt to pick off the

occasional class member here or there through individualized rebuttal" *after* the presumption of class-wide reliance has been established. *Id.*

It is in recognition of this unambiguous Supreme Court law and its impact on post-verdict class administration that courts universally refuse to enter final judgment as to all class members in securities class actions immediately following a verdict in favor of plaintiffs and before all questions and disputes regarding individual class members' reliance are adjudicated. *See Puma*, 2019 WL 11637311, at *1 ("But the verdict doesn't settle the question of whether Defendants may rebut the presumption as to absent class members. And Defendants have a right to challenge reliance on an individual basis[.]"); *Vivendi*, 765 F. Supp. 2d at 584–85 ("For this reason, courts in securities fraud actions have consistently recognized that issues of individual reliance can and should be addressed after a class-wide trial, through separate jury trials if necessary."); *Jaffe Pension Plan v. Household Int'l, Inc.*, 756 F. Supp. 2d 928, 933 (N.D. Ill. 2010) ("As to the third method of rebutting the presumption of reliance, however, Phase II will afford defendants an opportunity to rebut the presumption using the third method set forth in *Basic*, *i.e.*, that the link between the alleged misrepresentations and either the price received or paid by the Plaintiff was severed.").

Even if the Court could conclude from the general verdict that the jury found Plaintiffs established the fraud-on-the-market presumption, all that means is that Plaintiffs have invoked a presumption for the class. But there is no dispute that Defendant can and has the right to rebut the presumption—not only on a class-wide but on an individual basis too. "Any showing that severs the link between the alleged misrepresentation and either the price received (or paid) by the plaintiff, or his decision to trade at a fair market price, will be sufficient to rebut the presumption of reliance." *Basic*, 485 U.S. at 248.[2] There are multiple ways to rebut this presumption, including by showing "that a plaintiff would have bought or sold the stock even had he been aware that the stock's price was tainted by fraud." *Halliburton II*, 573 U.S. at 269. As the Supreme Court mandates and lower courts routinely recognize, defendants are entitled to challenge, seek discovery on, and try to juries individual questions of reliance for each member of the class seeking damages after the resolution of class-wide issues. *See, e.g.*, *In re Vivendi Universal, S.A.*

---

[2] Indeed, the Court already found that the fraud-on-the-market presumption was rebutted as to one of the original lead plaintiffs. *See* Dkt. No. 106 at 9-10 ("Steve's specific identification of something other than the integrity of the market (and, of course, other than Musk's allegedly misleading statements) that caused him to sell Twitter stock 'severs' any causal chain linking his decision to Musk's statements and rebuts the presumption that he relied on Musk's statements.").

*Sec. Litig.*, 765 F. Supp. 2d 512, 584-85 (S.D.N.Y. 2011) ("For this reason, courts in securities fraud actions have consistently recognized that issues of individual reliance can and should be addressed after a class-wide trial, through separate jury trials if necessary." (collecting cases)); *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, 2005 WL 3801463, at *4 (N.D. Ill. Apr. 18, 2005) ("[N]umerous courts have recognized that individualized issues of reliance may be adjudicated after class-wide issues have been determined." (collecting cases)); *In re Lucent Techs. Inc. Sec. Litig.*, 2002 WL 32818345, at *2 (D.N.J. May 9, 2002) (holding that discovery sought to test individual reliance "instead may be appropriate at a later stage in the case, in which individualized rebuttal proceedings may be pursued to determine whether a claimant may recover, once the matter of liability has been adjudicated"); *Eisenberg v. Gagnon*, 766 F.2d 779, 786 (3d Cir. 1985) ("The presence of individual questions as to the reliance of each investor does not mean that the common questions of law and fact do not predominate over questions affecting individual members as required by Rule 23(b)(3) . . . . Rather than eliminate securities class actions, it would be more efficient to order separate trials, if necessary, limited to the issue of reliance."), *superseded by rule on other grounds*, *see Mielo v. Steak 'n Shake Operations, Inc.*, 897 F.3d 467 (3d Cir. 2018).

Indeed, as the *Vivendi* court recognized, there is no indication of "a single case in which a court in a securities fraud class action has precluded a defendant from contesting issues of individualized reliance after a class-wide trial on liability issues, where issues of individual reliance were not litigated as part of the class-wide trial and where the defendant asserted an intent to challenge individual reliance issues after the class-wide trial." 765 F. Supp. 2d at 586 n.64. This Court cannot preclude Defendant from doing so here. There is no dispute that issues of individual reliance were not litigated as part of the class-wide trial. Indeed, in advance of trial, Defendant sought discovery into related issues, including "when and how" Plaintiffs "contend class members bec[a]me aware" of various facts related to Plaintiffs' claims. *See* Ex. 1, Plaintiffs' Further Responses and Objections to Defendant's Supplemental Interrogatories, at 26, 31. In response, Plaintiffs objected to any discovery for absent class members, indicating that they "have not spoken to or communicated with absent class members and thus lack information about what such unidentified persons may have known or not known." *Id.* at 28, 31, 33, 35. But that is one of the critical questions in order to determine whether the presumption of reliance is rebutted as to those class members. When Defendant raised this and related discovery disputes, Plaintiffs asserted that "are not required to

identify class members," and that this is an issue for "the post-judgment claims process." *See* Ex. 2 at 5. Because Plaintiffs refused to identify absent class members or provide any information about their relevant knowledge during the Class Period, it is clear that the subsequent trial did not adjudicate issues of individual reliance for those as-yet unidentified class members.

Nor is there any dispute that Defendant asserted an intent to challenge these issues after the class-wide trial. Defendant raised these issues immediately following the verdict. *See* Dkt. Nos. 544, 549. And that is not the first time Defendant has raised issues of individual reliance. Defendant first raised these issues at the class-certification stage. Def's Opp. to Pls.' Motion for Class Certification, Dkt. No. 99 (raising issues of individual reliance). The Court held that, because Plaintiffs made a sufficient showing for purposes of class certification that the *Basic* presumption of reliance applied, Plaintiffs satisfied Rule 23(b)(3). Dkt. No. 106 at 8. But the *Basic* presumption is just that—a presumption. Defendant had the opportunity to rebut that presumption on a class-wide basis at the class-wide trial and now—as in *Household*, *Vivendi*, and *Puma*—also is entitled to rebut the presumption as to each individual class member going forward, including in individual jury trials. *Household Int'l, Inc.*, 2005 WL 3801463, at *4; *Vivendi*, 765 F. Supp. 2d at 584-85; *Puma*, 2019 WL 11637311, at *1. Before any judgment can be granted as to any absent class member, that class member must first submit a claim, participate in reliance-related discovery, and—as necessary—defeat Defendant's challenge that the presumption does not apply to him or her. *Halliburton II*, 573 U.S. at 276. The Court is prohibited from entering final judgment before that process is completed.

**B.    Basic Questions Fundamental To Calculating Damages And Determining Who Is An Injured Class Member Have Not Been Considered And Remain Unanswered**

Not only is the question of liability unsettled as to all absent class members, the question of damages remains unresolved as well and precludes entry of judgment at this time. As Plaintiffs and their expert, Dr. Tabak, acknowledged during Class Certification, the question of whether each purported class member suffered damages at all (i.e., lost money and did not profit from their Twitter investment) and the quantum of any damages must be adjudicated on a claim-by-claim basis.

At this point, the element of economic loss remains entirely unsettled. It is impossible to know how many claims will be filed, how many shares those claims will represent, and when the claimants

bought and sold those shares.  As other courts have recognized in this exact context, this process is more complex than simply processing submitted claims.  *See Puma*, 2019 WL 11637311, at \*2 ("Even if liability were established as to a known set of absent class members, the damages calculation necessary in this case is not mechanical."); *Vivendi*, 765 F. Supp. 2d at 587 ("In addition, it may be that the methods for calculating an individual claimant's damages will be hotly contested and may trigger additional appeals.").

The law provides that class members can only recover for their actual losses.  *See Blackie v. Barrack*, 524 F.2d 891, 908-09 (9th Cir. 1975).  And as Dr. Tabak himself acknowledged, because many of the class members—including the Class Representatives—both bought and sold shares during the Class Period, determining whether a class member suffered any loss and the amount of that loss is an involved process.  Determining whether a given class member is entitled to damages requires determining first whether that class member lost money on the Twitter investment and then whether that class members profited from trades made during the class period, i.e., whether they bought Twitter stock on a day in which the price was more artificially deflated than when they sold.

The method for determining this is itself complex and requires the Court to make a number of decisions concerning the method by which individual damages will be calculated.  That includes deciding which "netting out" methodology is most appropriate in this case, whether "first-in-first-out" (FIFO) or "last-in-first-out" (LIFO) is the proper method for matching purchases and sales when calculating damages, and how the PSLRA's limitations on damages may apply.  *See, e.g.*, *Household*, 756 F. Supp. 2d at 934–39 (addressing "threshold damages issues," including netting out, the PSLRA's limitations on damages, and whether FIFO or LIFO should apply); *In re Vivendi Universal, S.A. Sec. Litig.*, 284 F.R.D. 144, 157–161 (S.D.N.Y. 2012) (addressing the appropriate methodology for computing damages, including various netting methodologies and the FIFO and LIFO methods, and indicating that the court had issued initial rulings and provided the parties an opportunity to respond and brief these issues before reaching final determinations).  None of these issues have even been raised before the Court yet, let alone briefed and explored in detail.

The Proposed Judgment's terse description of the damages process does not answer any of these questions—which are typically the subject of substantial dispute—or provide anything more than a

superficial explanation of how damages will be determined. The Court cannot enter judgment without further briefing and inquiry into the proper method for performing these calculations. Rushing to enter judgment on a class-wide basis based on nothing more than Plaintiffs' *ipse dixit* about how this calculation should be performed is improper. And even once these threshold issues are resolved, there is no doubt that more issues will arise over the claims administration process with respect to the calculation of damages that the parties cannot anticipate at this time. Until that process is complete, the quantum of economic loss and therefore the quantum of damages is entirely unknown, the Court cannot be certain that more issues will not arise that require careful adjudication, and final judgment as to all class members cannot be entered.

## CONCLUSION

For the foregoing reasons, Defendant objects to and opposes entry of Plaintiffs' Proposed Judgment or any final judgment at this time.

DATED:  April 3, 2026                    QUINN EMANUEL URQUHART & SULLIVAN, LLP


By */s/ Alex Bergjans*
  Alex Spiro
  Michael T. Lifrak
  Stephen A. Broome
  Ellyde R. Thompson
  Jesse A. Bernstein
  Alex Bergjans

*Attorneys for Defendant Elon Musk*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record electronically or by another manner authorized under Fed. R. Civ. P. 5(b) on Friday, April 3, 2026.

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Alex Bergjans*
Alex Spiro
Michael T. Lifrak
Stephen A. Broome
Ellyde R. Thompson
Jesse A. Bernstein
Alex Bergjans

*Attorneys for Defendant Elon Musk*

DEFENDANT'S OPPOSITION TO PLAINTIFFS' PROPOSED JUDGMENT

**ATTESTATION**

Pursuant to Civil L.R. 5-1, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the other signatories herein.

By  */s/ Alex Bergjans*
Alex Spiro
Michael T. Lifrak
Stephen A. Broome
Ellyde R. Thompson
Jesse A. Bernstein
Alex Bergjans

*Attorneys for Defendant Elon Musk*