QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (*pro hac vice*)
alexspiro@quinnemanuel.com
Ellyde R. Thompson (*pro hac vice*)
ellydethompson@quinnemanuel.com
Jesse A. Bernstein (*pro hac vice*)
jessebernstein@quinnemanuel.com
295 Fifth Ave., New York, NY 10010
Telephone:     (212) 849-7000
Facsimile:     (212) 849-7100

Michael T. Lifrak (Bar No. 210846)
michaellifrak@quinnemanuel.com
Stephen A. Broome (Bar No. 314605)
stephenbroome@quinnemanuel.com
Alex Bergjans (Bar No. 302830)
alexbergjans@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

*Attorneys for Defendant Elon Musk*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIUSEPPE PAMPENA, on behalf of himself and all others similarly situated, | CASE NO. 3:22-CV-05937-CRB |
| Plaintiff, | **DEFENDANT'S MOTION TO DECERTIFY CLASS ACTION PURSUANT TO FED. R. CIV. P. 23(C)** |
| vs. | |
| ELON R. MUSK, | Hon. Judge Charles R. Breyer |
| Defendant. | |

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that, on June 11, 2026 at 10:00 a.m. in Courtroom 5 – 17th Floor of the United States Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, the Honorable Charles R. Breyer presiding, Defendant, through his counsel, moves pursuant to Federal Rule of Civil Procedure 23(c)(1)(C) to decertify the class. Following the jury's verdict, Plaintiffs can no longer meet the predominance and superiority requirements for class certification pursuant to Federal Rule of Civil Procedure 23(b)(3) because the general verdict gives no indication whether Plaintiffs proved only individual reliance or established the fraud-on-the-market presumption, as is required to satisfy Rule 23 in a Rule 10b-5 action.

This motion is based on the Memorandum of Points and Authorities below, the arguments of counsel, and any other matters properly before this Court. Pursuant to Local Rule 7-2(c) and Paragraph I.C of the Court's Civil Standing Order – General, Defendant also submits herewith a proposed order.

## ISSUES TO BE DECIDED

1. Should the Court decertify the class in this action and require members of the class to proceed as individual plaintiffs?

DATED: May 1, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Ellyde R. Thompson*
Alex Spiro
Michael T. Lifrak
Stephen A. Broome
Ellyde R. Thompson
Jesse A. Bernstein
Alex Bergjans

*Attorneys for Defendant Elon Musk*

**TABLE OF CONTENTS**

**Page**

SUMMARY OF ARGUMENT ..................................................................................................1

PRELIMINARY STATEMENT ............................................................................................1

BACKGROUND .....................................................................................................................2

LEGAL STANDARD.............................................................................................................4

ARGUMENT ..........................................................................................................................6

I.     THE CLASS MUST BE DECERTIFIED BECAUSE PLAINTIFFS DID NOT PROVE
       CLASS-WIDE RELIANCE AT TRIAL ...................................................................6

       A.    The Law Required Plaintiffs To Prove The Fraud-On-The-Market Presumption At
             Trial To Establish Class-Wide Reliance ..................................................................6

       B.    The Court May Not Conclude The Jury Found The Presumption Proven At Trial.............7

       C.    Absent A Specific Fraud-On-The-Market Finding, Decertification Is Required For
             Failure To Meet The Requirements Of Rule 23 ..............................................................10

II.    IMPOSING CLASS-WIDE LIABILITY WOULD VIOLATE PROCEDURAL DUE
       PROCESS ................................................................................................................12

CONCLUSION.....................................................................................................................14

DEFENDANTS' MOTION TO DECERTIFY CLASS ACTION PURSUANT TO FED. R. CIV. P. 23(C)

# TABLE OF AUTHORITIES

**Page**

## Cases

*Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*,
   568 U.S. 455 (2013)....................................................................................................1, 6, 11

*Arizona State Carpenters Pension Tr. Fund v. Miller*,
   938 F.2d 1038 (9th Cir. 1991) .............................................................................................5

*Barnes v. Am. Tobacco Co.*,
   161 F.3d 127 (3d Cir. 1998).................................................................................................7

*Basic Inc. v. Levinson*,
   485 U.S. 224 (1988)..............................................................................................1, 2, 4, 6

*Cammer v. Bloom*,
   711 F. Supp. 1264 (D.N.J. 1989) ................................................................................2, 2, 7, 8

*Campbell v. City of Los Angeles*,
   903 F.3d 1090 (9th Cir. 2018) ...........................................................................................12

*Colman v. Theranos, Inc.*,
   325 F.R.D. 629 (N.D. Cal. 2018)........................................................................................11

*Connecticut Ret. Plans & Tr. Funds v. Amgen Inc.*,
   660 F.3d 1170 (9th Cir. 2011) .......................................................................1, 3, 11, 12, 13

*Finjan, Inc. v. Sophos, Inc.*,
   2016 WL 2988834 (N.D. Cal. May 24, 2016) ..........................................................4, 13, 14

*Gen. Tel. Co. of Southwest v. Falcon*,
   457 U.S. 147 (1982)...................................................................................................1, 5, 7

*Halliburton Co. v. Erica P. John Fund, Inc.*,
   573 U.S. 258 (2014)..................................................................................1, 2, 2, 7, 8, 12, 13

*Hesse v. Air France*,
   1990 WL 58237 (9th Cir. 1990) ........................................................................................2, 8

*Jin v. Shanghai Original, Inc.*,
   990 F.3d 251 (2d Cir. 2021)..................................................................................................6

*Logtale, Ltd. v. IKOR, Inc.*,
   2016 WL 7743408 (N.D. Cal. Aug. 16, 2016) ...................................................................2, 10

*Marlo v. United Parcel Service, Inc.*,
   639 F.3d 942 (9th Cir. 2011) ............................................................................................5, 10

DEFENDANTS' MOTION TO DECERTIFY CLASS ACTION PURSUANT TO FED. R. CIV. P. 23(C)

*Mattison v. Dallas Carrier Corp.*,
  947 F.2d 95 (4th Cir. 1991) ...................................................................................................9

*In re Methionine Antitrust Litig.*,
  2003 WL 22048232 (N.D. Cal. Aug. 26, 2003) ...................................................................5

*Miller v. Thane Int'l, Inc.*,
  615 F.3d 1095 (9th Cir. 2010) ............................................................2, 3, 4, 8, 9, 12, 13, 14

*Murphy v. City of Long Beach*,
  914 F.2d 183 (9th Cir. 1990) ...............................................................................................10

*Niles v. United States*,
  520 F. Supp. 808 (N.D. Cal. 1981) .....................................................................................2, 8

*Niles By & Through Niles v. United States*,
  710 F.2d 1391 (9th Cir. 1983) ............................................................................................2, 8

*O'Connor v. Boeing N. Am., Inc.*,
  197 F.R.D. 404 (C.D. Cal. 2000) ..........................................................................................5

*In re Oracle Corp. Sec. Litig.*,
  627 F.3d 376 (9th Cir. 2010) ............................................................................................2, 10

*Ries v. Ariz. Bevs. USA LLC*,
  2013 WL 1287416 (N.D. Cal. Mar. 28, 2013)....................................................................5, 10

*Sonneveldt v. Mazda Motor of Am., Inc.*,
  2023 WL 1812157 (C.D. Cal. Jan. 25, 2023) .....................................................................1, 6

*In re U. S. Fin. Sec. Litig.*,
  609 F.2d 411 (9th Cir. 1979) .................................................................................................7

*UniRAM Tech., Inc. v. Taiwan Semiconductor Mfg. Co.*,
  2008 WL 11515597 (N.D. Cal. Apr. 17, 2008) .............................................................3, 12, 13

*United Access Techs., LLC v. Centurytel Broadband Servs. LLC*,
  778 F.3d 1327 (Fed. Cir. 2015)..........................................................................................4, 13

*United States v. Reyes-Alvarado*,
  963 F.2d 1184 (9th Cir. 1992) ...............................................................................................2

*United Steel, Paper & Forestry, Rubber, Mfg. Energies, Allied Indus. & Service Workers*
  *Int'l Union, AFL-CIO, CLC v. ConocoPhillips Co.*,
  593 F.3d 802 (9th Cir. 2010) .........................................................................................1, 5, 7

*Wang v. Chinese Daily News, Inc.*,
  737 F.3d 538 (9th Cir. 2013) ...............................................................................................11

Case No. 3:22-CV-05937-CRB

DEFENDANTS' MOTION TO DECERTIFY CLASS ACTION PURSUANT TO FED. R. CIV. P. 23(C)

*Weigele v. FedEx Ground Package Sys., Inc.,*
267 F.R.D. 614 (S.D. Cal. 2010) ...............................................................................3, 4, 5, 11, 12

*Westways World Travel, Inc. v. AMR Corp.,*
265 F. App'x 472 (9th Cir. 2008) .............................................................................................3, 11

### **Rules**

Fed. R. Civ. P. 23 ..................................................................................................... *passim*

Fed. R. Civ. P. 50 ...................................................................................................1, 9, 13

Fed. R. Civ. P. 59 ...........................................................................................................1

## SUMMARY OF ARGUMENT

The Court should decertify the class because the jury made no finding that Plaintiffs proved the fraud-on-the-market presumption necessary to establish class-wide reliance.

Rule 10b-5 plaintiffs must prove reliance either by proving their individual reliance on the alleged misrepresentation or via the fraud-on-the-market presumption. Where such plaintiffs seek to represent a class, the only way to prove that absent class members relied on the alleged misrepresentation is to prove the fraud-on-the-market presumption—which the defendant may rebut. *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 267–69 (2014) (*Halliburton II*). Accordingly, "[a]bsent the fraud-on-the-market theory, the requirement that Rule 10b-5 plaintiffs establish reliance would ordinarily preclude certification of a class action seeking money damages because individual reliance issues would overwhelm questions common to the class." *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 462–63 (2013) ("*Amgen II*").

As this Court recognized, securities fraud plaintiffs seeking to represent a class must establish the fraud-on-the-market presumption twice—on a preliminary basis at the class certification stage and again at trial. *See* Dkt. No. 106 at 7–8. If they fail to do so at either stage—or if the presumption is rebutted—the case is "inappropriate for a class proceeding." *Connecticut Ret. Plans & Tr. Funds v. Amgen Inc.*, 660 F.3d 1170, 1175 (9th Cir. 2011) (*"Amgen I"*). The Court must therefore re-examine whether the case meets Rule 23's requirements throughout the litigation, particularly after trial. *See Basic Inc. v. Levinson*, 485 U.S. 224, 249 n. 29 (1988) (noting "the District Court retains the authority to amend the certification order as may be appropriate" if plaintiff fails to establish the fraud-on-the-market presumption at trial); *Sonneveldt v. Mazda Motor of Am., Inc.*, 2023 WL 1812157, at *2 (C.D. Cal. Jan. 25, 2023) ("Therefore, a district court retains the flexibility to address problems with a certified class as they arise, including the ability to decertify . . . . A district court's order granting certification is inherently tentative, and actual, not presumed, conformance with Rule 23(a) remains indispensable." (quotations omitted and alterations adopted)); *see also Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982) ("Even after a certification order is entered, the judge remains free to modify it in light of subsequent developments in the litigation."); *United Steel, Paper & Forestry, Rubber, Mfg. Energies, Allied Indus. & Service Workers Int'l Union, AFL-CIO, CLC v. ConocoPhillips Co.*, 593 F.3d 802, 809–10 (9th Cir. 2010) (similar).

Here, for the jury's verdict to apply class-wide, Plaintiffs had to prove the fraud-on-the-market presumption at trial. But there is no way to tell whether Plaintiffs succeeded. The jury returned a general verdict that provides no indication whether the jury found individual reliance or the fraud-on-the-market presumption. And the Court cannot assume the verdict rested on one reliance theory over another. *See Hesse v. Air France*, 1990 WL 58237, at *2 (9th Cir. 1990) ("The general rule in this circuit is that a general jury verdict will be upheld only if each and every theory of liability submitted to the jury is not legally defective."); *Niles v. United States*, 520 F. Supp. 808, 812 (N.D. Cal. 1981) ("[W]here a matter is tried on alternate theories of recovery and a general verdict rendered, appellate courts will not speculate on what particular ground the jury may have found . . . ." (alteration adopted and quotation omitted)), *aff'd sub nom. Niles By & Through Niles v. United States*, 710 F.2d 1391 (9th Cir. 1983).

Notably, Plaintiffs did not move for judgment in their favor on the question of the fraud-on-the-market presumption, so the Court cannot make such a determination now. And the Court adopted the general verdict form at Plaintiffs' request and over Defendant's objection, such that Plaintiffs invited the error that now precludes a judgment of class-wide liability. *See, e.g.*, *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 386 (9th Cir. 2010) (a party may not "invite the district court to err and then complain of that very error" (citing *United States v. Reyes-Alvarado*, 963 F.2d 1184, 1187 (9th Cir. 1992))); *Logtale, Ltd. v. IKOR, Inc.*, 2016 WL 7743408, at *4 (N.D. Cal. Aug. 16, 2016) ("[U]nder the 'invited error' doctrine, a party waives any ability to later challenge a jury instruction or verdict form when the party invites the error of which it later complains."), *aff'd in part, rev'd in part, dismissed in part on other grounds*, 728 F. App'x 665 (9th Cir. 2018).

The Court may not rely on its preliminary class certification findings at this stage. And the evidence at trial contradicted Plaintiffs' efficient market theory—a prerequisite for a the fraud-on-the-market presumption. *See Halliburton II*, 573 U.S. at 268. Specifically, an efficient market requires that the market respond "immediately" to all available information. *See* Dkt No. 524 at 23–24; Ninth Circuit Civil Model Instruction 18.7 (citing *Miller v. Thane Int'l, Inc.*, 615 F.3d 1095, 1102–03 (9th Cir. 2010)); *see also Cammer v. Bloom*, 711 F. Supp. 1264, 1287 (D.N.J. 1989) (explaining that the "cause and effect relationship between unexpected corporate events. . . and an *immediate response* in the stock price" is "the essence of an efficient market and the foundation for the fraud on the market theory" (emphasis

added)).   But Plaintiffs' expert testified at trial that the market did not immediately respond to all information; instead, according to Dr. Tabak, several days passed before the market fully incorporated the effect of Defendant's May 13 tweet, one of the alleged misrepresentations for which the jury found liability.  Trial Tr. at 1891:9–1893:13 (Tabak).

Because the jury's verdict provides no basis to conclude that Plaintiffs proved the fraud-on-the-market presumption, there is no basis to conclude that Plaintiffs proved class-wide reliance and thus the verdict cannot be applied class-wide.  *See Amgen I*, 660 F.3d at 1175 ("Thus, if the plaintiffs failed to prove those elements, they could not use the fraud-on-the-market presumption," and though "their claims would not be dead on arrival [because] they could seek to prove reliance individually," that "would be inappropriate for a class proceeding.").  Without any reason to believe that the jury found class-wide reliance, each person seeking to recover must affirmatively prove individualized reliance in order to establish liability.  Individual issues thus necessarily predominate, and the class must be decertified.  *See Weigele v. FedEx Ground Package Sys., Inc.*, 267 F.R.D. 614, 620, 622 (S.D. Cal. 2010) ("Put another way, the question is whether issues subject to generalized proof predominate over those issues that are subject to individualized proof." (alteration adopted and quotation omitted)); *Westways World Travel, Inc. v. AMR Corp.*, 265 F. App'x 472, 476 (9th Cir. 2008) (affirming decertification where "[t]he district court concluded that maintenance of the class action pursuant to Fed. R. Civ. P. 23(b)(3) was inappropriate because the Travel Agents' RICO, contract, and unjust enrichment claims would require individualized inquiries into American Airlines's legal and contractual relationship with each class member, and these individual inquiries would predominate over common questions of law and fact").  Likewise, "given all of the individual issues that must be litigated in this matter," a class action is not a "superior" vehicle for resolution.  *Weigele*, 267 F.R.D. at 623–24.

Indeed, to hold otherwise would violate procedural due process.  "Due process concerns require that class certification meet rigorous standards in securities cases." *Miller v. Thane Intern., Inc.*, 615 F.3d 1095, 1103 (9th Cir. 2010).  Because this issue implicates "procedural due process concerns," the court is required to give "exacting" scrutiny to the "vague jury verdict," and must resolve "vagueness in a general verdict . . . against [the] prevailing plaintiff." *UniRAM Tech., Inc. v. Taiwan Semiconductor Mfg. Co.*, 2008 WL 11515597, at *5 (N.D. Cal. Apr. 17, 2008).  These standards apply, in particular, to the market

efficiency determination that is a prerequisite to establishing the fraud-on-the-market presumption. *Miller*, 615 F.3d at 1103.  Just as procedural due process principles dictate that a general verdict cannot "give rise to collateral estoppel," because it is not "clear that the jury necessarily decided a particular issue in the course of reaching its verdict," *Finjan, Inc. v. Sophos, Inc.*, 2016 WL 2988834, at *19 (N.D. Cal. May 24, 2016) (quoting *United Access Techs., LLC v. Centurytel Broadband Servs. LLC*, 778 F.3d 1327, 1331 (Fed. Cir. 2015)), the same principle means that the verdict here cannot support judgment on a class--wide basis.

DEFENDANTS' MOTION TO DECERTIFY CLASS ACTION PURSUANT TO FED. R. CIV. P. 23(C)

# PRELIMINARY STATEMENT

The Court certified this case as a class action based on the preliminary finding that Plaintiffs could establish the fraud-on-the-market presumption, including that Twitter securities traded in an efficient market. That finding was *only* preliminary. As the Court made clear then, Plaintiffs still had to prove the presumption at trial. But the jury instructions permitted Plaintiffs to prove reliance in multiple ways, and the jury did not make any specific finding that Plaintiffs proved the fraud-on-the-market presumption. There is thus no basis to conclude that Plaintiffs proved class-wide reliance, and the issue of reliance must now be proved individually. Accordingly, because individualized issues of reliance necessarily overwhelm any common issues, Plaintiffs cannot satisfy Rule 23's predominance requirement and the Court should decertify the class.

The jury instructions correctly permitted the jury to find the element of reliance met either by proving individual reliance, which would apply only an individual basis, or by proving the fraud-on-the-market presumption, which would apply on a class-wide basis. But, at Plaintiffs' insistence and over Defendant's objections and warnings, the Court issued the jury a general verdict form that precluded the jury from specifying which theory of reliance they found—or rejected. Defendant challenged all bases for reliance that Plaintiff asserted at trial. With respect to the fraud-on-the-market presumption, Defendant argued that Plaintiffs had not proven the presumption because it requires an efficient market for Twitter shares that "immediately reflects all publicly available information," and yet Plaintiffs' own expert, Dr. Tabak, opined that the market took several days to incorporate the May 13 tweet into Twitter's price. That is the antithesis of an efficient market. Moreover, Plaintiffs failed to move for judgment as a matter of law on the presumption, and the law is clear that the Court may not rely on the general verdict to conclude that Plaintiffs proved the fraud-on-the-market presumption applied. To the contrary, the heightened due process concerns present in securities class actions call for even more "rigorous standards" and scrutiny. That is especially so here, where the Court already found that one of the four proposed Class Representatives could not use the fraud-on-the-market presumption to satisfy the reliance element for his own 10b-5 claim.

The Court therefore must decertify the class. To the extent the judgment is permitted to stand following Defendant's motion pursuant to Rules 50 and 59, it may stand only for Brian Belgrave, John

Garrett, and Nancy Price in their individual capacities.

## BACKGROUND

Plaintiffs' First Amended Complaint alleges that that they intended to prove class-wide reliance based "in part, upon the presumption of reliance established by the fraud-on-the-market doctrine." Dkt. No. 31 at ¶ 182. At class certification, Plaintiffs again invoked the fraud-on-the-market presumption to argue that individual issues of reliance would not predominate over common issues in violation of Rule 23(b)(3)'s predominance requirement. Dkt. No. 76 at 10–11 (citing *Basic Inc. v. Levinson*, 485 U.S. 224, 242 (1988)).

To satisfy Rule 23(b)(3) on the element of reliance at class certification, Plaintiffs were required to show: "(1) that the alleged misrepresentations were publicly known, (2) that they were material, (3) that the stock traded in an efficient market, and (4) that the plaintiff traded the stock between the time the misrepresentations were made and when the truth was revealed." *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 268 (2014) ("*Halliburton II*") (cited at Dkt. No. 76 at 11). With respect to the third element—that Twitter's stock traded in an efficient market—Plaintiffs and their expert Dr. Tabak purported to demonstrate that the market for Twitter's securities satisfied the five factors from *Cammer v. Bloom*, 711 F. Supp. 1264, 1287 (D.N.J. 1989), including that news of "unexpected corporate events" were accompanied by an "immediate response in the stock price." Dkt. No. 76 at 12, 14. Dr. Tabak conducted an event study that analyzed whether Twitter's stock had a statistically significant price movement on the same day that certain news about the company was released. Dkt. No. 76-1 at 19–25. Dr. Tabak's class certification report did not state or suggest that an "immediate response" in an "efficient market" might include a stock price reaction that took several days for the market to incorporate.

Defendant opposed class certification, arguing *inter alia*, that Plaintiffs' theory of liability was inconsistent and incompatible with an efficient market, that their theory of liability—which at the time turned on whether Defendant misstated his rights under the public Merger Agreement—necessarily required individualized reliance inquiries, and that the lack of price impact of the alleged misstatements rebutted the presumption of reliance. Dkt. No. 99 at 9–18. Defendant also challenged each of the four proposed Class Representatives as atypical. *Id.* at 19–20.

The Court granted class certification. It held that Plaintiffs had "adequately allege[d] an efficient

DEFENDANTS' MOTION TO DECERTIFY CLASS ACTION PURSUANT TO FED. R. CIV. P. 23(C)

market," and Defendant "d[id] not contest" that Plaintiffs had established "the other prerequisites to establish the Basic presumption of reliance at the class certification stage." Dkt. No. 106 at 7. Critically, however, the Court implicitly acknowledged that the presumption of reliance did not apply universally to all class members or even all class representatives, finding that Class Representative Steve Garrett could not avail himself of the fraud-on-the-market presumption (nor establish direct reliance on Defendant's alleged misstatements). *Id.* at 9–10.

But that was not the end of the class certification inquiry. Plaintiffs had the burden to prove their reliance allegations, like all of their other allegations, at trial. The Court correctly instructed the jury that Plaintiffs were required to prove that they "justifiably relied on the alleged untrue statements of material fact or alleged fraudulent conduct." Dkt. No. 524 at 18. The Court made clear that the jury could find the reliance element satisfied if Plaintiffs proved ***either*** that they individually relied on the alleged misstatement ***or*** if they proved fraud-on-the-market. *Id.* at 23. The Court's instruction began by explaining that "a plaintiff must prove by a preponderance of the evidence reliance on the alleged material misrepresentation and/or fraudulent acts, and that the plaintiff was justified in doing so," *i.e.*, individual reliance. *Id.* The instruction then explained, in the alternative, that Plaintiffs could prove reliance without the need to prove individual reliance by demonstrating "by a preponderance of the evidence the requirements for invoking . . . the 'fraud-on-the-market' presumption." *Id.* Finally, the instruction made clear that the presumption could be rebutted, in which case "the plaintiffs must then prove that ***they justifiably relied directly on the misrepresentation*** and/or fraudulent acts." *Id.* at 23–24 (emphasis added). Thus, the jury was presented with two avenues to find the reliance element satisfied: individual reliance or class-wide fraud-on-the-market. *Id.*

At trial, and consistent with the Court's instructions, Plaintiffs sought to prove reliance both individually—calling Plaintiffs Brian Belgrave and Nancy Price to testify about their purchases and sales of Twitter stock—and on a class-wide basis. Trial Tr. 2214:7–23 (Plaintiffs' Closing).

Defendant contested that Plaintiffs could prove reliance under either theory, but in particular challenged Plaintiffs' attempt to prove the fraud-on-the-market presumption. Trial Tr. 2271:24–2272:13 (Defendant's Closing). Specifically, Defendant contrasted the Court's instruction that the presumption applies only in an efficient market where the stock price "immediately" reflects all publicly available

DEFENDANTS' MOTION TO DECERTIFY CLASS ACTION PURSUANT TO FED. R. CIV. P. 23(C)

information with Plaintiff's expert's testimony that the market did not incorporate the information in Defendant's May 13 tweet "immediately," but rather slowly incorporated the information over the course of three days, May 13 to May 16, during which period the stock declined, rebounded, stabilized, and then declined some more. *Id.*; *compare* Dkt. No. 524 at 23 *with* Trial Tr. 1891:9–1893:13 (Dr. Tabak's testimony). The jury could easily have concluded that Dr. Tabak's testimony and Plaintiffs' loss causation and damages theory—which posits that Twitter's stock dropped *twice* in response to the May 13 tweet, the first right after the tweet posted and the second *three days later*, after the price remained stable for the last six hours of trading on May 13, Trial Tr. 1891:9–1893:13—was incompatible with the notion that Twitter securities traded on an efficient market.

But Plaintiffs inexplicably insisted on using a verdict form that prevented the jury from conveying its specific findings on reliance. In advance of trial, in order to ascertain whether Plaintiffs proved the fraud-on-the-market presumption, Defendant proposed a special verdict form that would have required the jury to make specific findings on this critical element of Plaintiffs' claims. *See* Dkt. No. 360 at 5–10. Defendant explained that "[t]he jury is required to determine . . . justifiable reliance or whether Plaintiffs have proven the fraud-on-the-market presumption," and that a general verdict form "does not ask if Plaintiff proved any of these elements and therefore does not allow the jury to address each of the factual issues essential to judgment." Dkt. No. 367 at 1. Over Defendant's objection, *see* Trial Tr. 2137:23–2138:6, the Court adopted Plaintiffs' proposed general verdict form, Dkt. No. 538.

As a consequence, the jury's verdict indicates only that Plaintiffs proved *a* theory of reliance; it does not indicate *which* theory Plaintiffs proved. Since the fraud-on-the-market theory of reliance is essential to the absent class members' claims, and there is no basis to conclude Plaintiffs proved that theory, the class must be decertified and the verdict—should it stand—may be applied only to the Plaintiffs individual claims.

## LEGAL STANDARD

Rule 23(c) authorizes a court to alter a certification order at any time before final judgment. Fed. R. Civ. P. 23(c)(1)(C). This is because "[a] district court's order respecting class certification is inherently tentative prior to final judgment on the merits. Thus, if the Court determines that a class was not properly certified it may modify or decertify that class." *Weigele*, 267 F.R.D. at 617; *see also Basic*, 485 U.S. at

249 n. 29 ("the District Court retains the authority to amend the certification order as may be appropriate" if plaintiff fails to establish the fraud-on-the-market presumption at trial); *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982) (court can modify the class certification decision "in the light of subsequent developments in the litigation"); *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. ConocoPhillips Co.*, 593 F.3d 802, 809 (9th Cir. 2010) (similar); *Arizona State Carpenters Pension Tr. Fund v. Miller*, 938 F.2d 1038, 1039–40 (9th Cir. 1991) (final judgment "end[s] the litigation on the merits and leaves nothing for the court to do but execute the judgment").

"In reviewing whether certification remains proper, the Court again applies the requirements of Federal Rule of Civil Procedure 23. That is, the classes must meet all four requirements set forth in Rule 23(a) and at least one subdivision of Rule 23(b)." *Weigele*, 267 F.R.D. at 617 (quotation omitted); *In re Methionine Antitrust Litig.*, 2003 WL 22048232 at *5 (N.D. Cal. Aug. 26, 2003) (decertifying class where it became clear predominance requirement of Rule 23(b) was no longer met). "The standard used by the courts in reviewing a motion to decertify is the same as the standard used in evaluating a motion to certify." *O'Connor v. Boeing N. Am., Inc.*, 197 F.R.D. 404, 410 (C.D. Cal. 2000). Thus, "[o]n a motion for decertification, the burden remains on the plaintiffs to demonstrate 'that the requirements of Rules 23(a) and (b) are met.'" *Ries v. Ariz. Bevs. USA LLC*, 2013 WL 1287416 at *3 (N.D. Cal. Mar. 28, 2013) (quoting *Marlo v. United Parcel Service, Inc.*, 639 F.3d 942, 947 (9th Cir. 2011)). Plaintiffs must show: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class," and that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(a)-(b).

**ARGUMENT**

## I. THE CLASS MUST BE DECERTIFIED BECAUSE PLAINTIFFS DID NOT PROVE CLASS-WIDE RELIANCE AT TRIAL

Plaintiffs' ability to pursue their securities fraud claim on a class-wide basis rises and falls on establishing the fraud-on-the-market presumption.  Here, however, the Court has no basis to conclude that Plaintiffs proved reliance on a class-wide—as opposed to individual—basis at trial.   Accordingly, the class must be decertified.

### A. The Law Required Plaintiffs To Prove The Fraud-On-The-Market Presumption At Trial To Establish Class-Wide Reliance

To pursue a class-wide securities fraud claim, plaintiffs must establish the fraud-on-the-market presumption.  *See Amgen II*, 568 U.S. at 462–63.  As the Supreme Court has explained, "[a]bsent the fraud-on-the-market theory, the requirement that Rule 10b-5 plaintiffs establish reliance would ordinarily preclude certification of a class action seeking money damages because individual reliance issues would overwhelm questions common to the class." *Id.*  Plaintiffs must establish the fraud-on-the-market theory of reliance both on a preliminary basis at the certification stage and at trial.  *Basic*, 485 U.S. at 249 n. 29; Dkt. No. 524 at 23.

As the Court recognized in its class certification order, Plaintiffs only satisfied the "prerequisites to establish the <u>Basic</u> presumption of reliance at the class certification stage." Dkt. No. 106 at 7.  Plaintiffs had to clear additional hurdles to prove that class-wide reliance at trial.  *Id.*  The Court was explicit that Defendant's arguments in opposition to class certification were "premature" at the time and raised "matter[s] for trial, not for class certification."  *Id.* (internal quotation omitted).  It thus provisionally presumed class reliance until trial, where the jury would determine whether Plaintiffs met their burden.

Now that trial is over, the Court must re-assess whether Plaintiffs met that burden.  "[D]istrict courts must ensure that a certified class satisfies Rule 23 throughout the litigation" and must "alter or decertify the class if that is no longer the case" where "a previously satisfied requirement of Rule 23 is now lacking."  *Jin v. Shanghai Original, Inc.,* 990 F.3d 251, 262 (2d Cir. 2021); *Sonneveldt v. Mazda Motor of Am., Inc.*, 2023 WL 1812157, at *3 (C.D. Cal. Jan. 25, 2023) (citing *Jin* for the same proposition). The Court is "required to reassess" its initial ruling on class certification based on the developments at

trial.  *Barnes v. Am. Tobacco Co.*, 161 F.3d 127, 140 (3d Cir. 1998); *see also Falcon*, 457 U.S. at 160 (court can modify the class certification decision "in the light of subsequent developments in the litigation"); *United Steel*, 593 F.3d at 809.

### B.    The Court May Not Conclude The Jury Found The Presumption Proven At Trial

The question of reliance—whether established through the fraud-on-the-market presumption or on an individualized basis—is one for the jury.  *See In re U. S. Fin. Sec. Litig.*, 609 F.2d 411, 422–23 (9th Cir. 1979) (it is "too obvious to be doubted that the constitutional right to a jury trial attaches" to 10b-5 class actions).  Plaintiffs thus had the burden to prove the fraud-on-the-market presumption at trial to obtain a class-wide judgment.  But the general verdict does not establish that Plaintiffs proved this specific theory of reliance because the verdict form did not require the jury to determine whether Plaintiffs proved ***class-wide*** reliance as opposed to any other theory of reliance.  And the law does not permit the Court to simply assume the jury found Plaintiffs proved one theory of reliance or another.

To establish liability, Plaintiffs were required to prove "reliance"—"that there is a proper connection between a defendant's misrepresentation and a plaintiff's injury."  *Halliburton II*, 573 U.S. at 267.  Reliance under Rule 10b-5 can be proven either individually or class-wide.  Individual reliance, the "traditional (and most direct way)," is established when a shareholder "show[s] that he was aware of a company's statement and engaged in a relevant transaction—*e.g.*, purchasing common stock—based on that specific misrepresentation."  *Id.*  The second method, class-wide reliance, is established through the "fraud-on-the-market" presumption, which requires a plaintiff to both prove its elements—a public and material misstatement, stock traded on an efficient market that "immediately" reflects all available information, and trades made between the alleged fraud and revelation of the truth—and to survive a defendant's attempt to rebut the presumption on a class-wide basis.  *Id.* at 268; *see also Cammer*, 711 F. Supp. at 1287.  And if a defendant does rebut the presumption class-wide, an individual plaintiff may still prevail by reverting to proof of actual individual reliance on the alleged fraud.

Here too, the jury instructions allowed the jury to find the reliance element met through either individual reliance or fraud-on-the-market.  Dkt. No. 524 at 23–24.  But the general verdict gives no indication which of these alternative theories of reliance the jury adopted in concluding that Defendant was liable.  The Court is prohibited from simply assuming that the jury found that Plaintiffs proved fraud-

DEFENDANTS' MOTION TO DECERTIFY CLASS ACTION PURSUANT TO FED. R. CIV. P. 23(C)

on-the-market reliance.  Where there are two independent bases for a general verdict, courts cannot presume that the verdict rests on any particular theory.  *E.g.*, *Niles v. United States*, 520 F. Supp. 808, 812 (N.D. Cal. 1981), *aff'd sub nom. Niles By & Through Niles v. United States*, 710 F.2d 1391 (9th Cir. 1983) ("For example, where a matter is tried on alternate theories of recovery and a general verdict rendered, appellate courts will not speculate on what particular ground the jury may have found against the plaintiff." (alteration adopted and quotation omitted)); *Hesse v. Air France*, 1990 WL 58237, at *2 (9th Cir. 1990) ("The general rule in this circuit is that a general jury verdict will be upheld only if each and every theory of liability submitted to the jury is not legally defective.").  The Court presented the jury with two permissible theories upon which it could find reliance established, but provided jurors with a verdict form that did not allow them to identify which theory was satisfied.  The verdict thus provides no answer, and it would be impermissible to speculate.

Nor may the Court rely upon its preliminary finding at this stage. The law requires—and the Court instructed at trial—that a market for securities must "immediately" respond to and reflect all available information to be considered efficient and eligible for class-wide treatment.  Dkt. No. 524 at 24; Ninth Circuit Civil Model Instruction 18.7 (citing *Miller v. Thane Int'l, Inc.*, 615 F.3d 1095, 1102–03 (9th Cir. 2010)).  The "cause and effect relationship between unexpected corporate events . . . and an ***immediate response*** in the stock price" is "the essence of an efficient market and the foundation for the fraud on the market theory."  *Cammer*, 711 F. Supp. at 1287 (emphasis added).  Even Dr. Tabak acknowledged that immediacy is the "factor that most directly tests market efficiency." Dkt. No. 76-1 at 21.

The evidence that Plaintiffs presented at trial on loss causation and damages theory is inconsistent with an efficient market for Twitter's securities, the prerequisite to establish the presumption.  *Halliburton II*, 573 U.S. at 268.  At trial, Plaintiffs presented expert testimony that the market did ***not*** immediately respond to the May 13 tweet.  Instead, Dr. Tabak testified that Twitter's stock price had a delayed reaction to Defendant's May 13 post, such that it took ***days*** for the market took to digest the information contained in the tweet.  Trial Tr. at 1891:9-11 (testifying that his opinion is "that Mr. Musk's May 13 tweet caused the stock decline on May 13 and May 16").  The jury adopted Dr. Tabak's damages calculations, but those

calculations reflected and depended on the market's **delayed** reaction to the tweet, thereby refuting the possibility that the jury found the market for Twitter's securities was efficient.[1]

The Ninth Circuit has recognized the potential for a jury to find securities fraud liability without finding an efficient market or the fraud-on-the-market presumption. Indeed, it has expressly held that the requirements to prove an "efficient market" and establish the presumption are, by necessity, far more rigorous than those to establish securities fraud liability on an individual basis. *Miller*, 615 F.3d at 1102-03. As explained in *Miller*, the authority cited by the Model Instructions for the requirement that an efficient market "immediately reflect all public information," market efficiency "by definition, exists when the release of financial information results in an 'immediate response' by the market," "[b]ut an *immediate* response is not required for loss causation." *Miller*, 615 F.3d at 1103 (emphasis in original). The general verdict does not indicate that the jury found that any of the fraud-on-the-market elements were satisfied or which alternative theory of reliance supported liability. Nor does it communicate whether the jury found that Defendant rebutted the presumption—an issue the Court expressly found could not be adjudicated until trial, Dkt. No. 106 at 7 (noting that Defendant's price impact arguments were "'a matter for trial,' not for class certification")—but nonetheless concluded, consistent with the Court's instruction, that plaintiffs proved they "justifiably relied directly on the misrepresentation," *see* Dkt. 524 at 23-24.

And the Court cannot now act as a super juror to impose class-wide securities fraud liability. *See Miller*, 615 F.3d at 1103 (emphasizing heightened due process concerns with imposing class-wide securities fraud liability). Plaintiffs made a strategic choice to propose a general verdict form. Dkt. Nos. 360, 409. Defendant, by contrast, proposed a verdict form that would have allowed the jury to answer the critical question of whether Plaintiffs had proved the presumption by a preponderance of the evidence, and whether it had been rebutted. Dkt. No. 360. Permitting the Court to instead fill that fact-finding role would usurp the role of the jury and violate the Seventh Amendment. *E.g.*, *Mattison v. Dallas Carrier Corp.*, 947 F.2d 95, 108 (4th Cir. 1991). Moreover, because Plaintiffs did not file a Rule 50(a) motion, the Court cannot now hold as a matter of law that Plaintiffs proved the elements of the fraud-on-the-market presumption because that would constitute a *sua sponte* judgment under Rule 50(b), which is plainly

---

[1] As set forth in Defendant's Rule 50(a) motion, Plaintiffs in fact failed to present sufficient evidence to establish reliance as a matter of law under any theory.

prohibited. *E.g.*, *Murphy v. City of Long Beach*, 914 F.2d 183, 186 (9th Cir. 1990) ("[A] district court may not enter a JNOV on grounds not asserted in a party's motion for directed verdict.").

Plaintiffs cannot be heard to complain that this outcome is unfair. They knew well that they had to prove each element and yet insisted—over Defendant's objection—on using a general verdict despite understanding that the jury's verdict on each element would have enormous class-wide ramifications. They made a strategic decision and in turn invited this problem. They are thus barred from asking the Court to remedy their error through an improper construction or interpretation of the verdict after the fact. *See, e.g.*, *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 386 (9th Cir. 2010) (a party may not "invite the district court to err and then complain of that very error"); *Logtale, Ltd. v. IKOR, Inc.*, 2016 WL 7743408, at *4 (N.D. Cal. Aug. 16, 2016) ("[U]nder the 'invited error" doctrine, a party waives any ability to later challenge a jury instruction or verdict form when the party invites the error of which it later complains."), *aff'd in part, rev'd in part, dismissed in part on other grounds*, 728 F. App'x 665 (9th Cir. 2018).

The jury's verdict offers no way to identify whether the jury found that Plaintiffs proved reliance through the class-wide presumption or based on the fact that the individual Plaintiffs "justifiably relied directly on the misrepresentations and/or fraudulent acts." *Compare* Dkt. No. 538 at 2, 4 *with* Dkt. No. 524 at 23–24. It thus offers no basis to conclude that Plaintiffs proved class-wide reliance.

### C. Absent A Specific Fraud-On-The-Market Finding, Decertification Is Required For Failure To Meet The Requirements Of Rule 23

Plaintiffs' failure to obtain a verdict that the fraud-on-the-market presumption of class-wide reliance applied—and their waiver of their ability to seek judgment as a matter of law on that theory—means that Plaintiffs failed to establish that Rule 23's requirements are met. *See Ries*, 2013 WL 1287416 at *3 (explaining that court may decertify a class based on "subsequent developments in the litigation," and that "[o]n a motion for decertification, the burden remains on the plaintiffs to demonstrate that the requirements of Rules 23(a) and (b) are met" (quotations omitted)); *Marlo v. United Parcel Service, Inc.*, 639 F.3d 942, 947 (9th Cir. 2011) (similar).

Plaintiffs filed this case as a putative class action under Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently

adjudicating the controversy." Dkt. No. 31 at ¶¶ 180–181; Fed. R. Civ. P. 23(b)(3). "The main concern of the predominance inquiry under Rule 23(b)(3) is 'the balance between individual and common issues.'" *Wang v. Chinese Daily News, Inc.,* 737 F.3d 538, 545–46 (9th Cir. 2013) (citation omitted). "By its nature, reliance is an individualized inquiry that demands individualized proof unless a presumption of reliance applies." *Colman v. Theranos, Inc.*, 325 F.R.D. 629, 641 (N.D. Cal. 2018). Applying this rule in the securities fraud context, the Supreme Court has instructed that "[a]bsent the fraud-on-the-market theory, the requirement that Rule 10b-5 plaintiffs establish reliance would ordinarily preclude certification of a class action seeking money damages because individual reliance issues would overwhelm questions common to the class." *Amgen II*, 568 U.S. at 462–63. "Thus, if the plaintiffs failed to prove those elements, they could not use the fraud-on-the-market presumption," and though "their claims would not be dead on arrival [because] they could seek to prove reliance individually," that "would be inappropriate for a class proceeding." *Amgen I*, 660 F.3d at 1175.

Here, because no means exist to conclude that the jury found Plaintiffs proved the fraud-on-the-market presumption at trial, individualized issues of reliance abound, and there is no basis to conclude that "issues subject to generalized proof predominate over those issues that are subject only to individualized proof." *Weigele*, 267 F.R.D. at 620, 622 (alteration adopted and quotation omitted); *see also Westways World Travel, Inc. v. AMR Corp.*, 265 F. App'x 472, 476 (9th Cir. 2008) (affirming decertification where "[t]he district court concluded that maintenance of the class action pursuant to Fed. R. Civ. P. 23(b)(3) was inappropriate because the Travel Agents' RICO, contract, and unjust enrichment claims would require individualized inquiries into American Airlines's legal and contractual relationship with each class member, and these individual inquiries would predominate over common questions of law and fact"). Plaintiffs have no basis from the general verdict or any other procedural mechanism to establish that they proved the fraud-on-the-market elements—as opposed to the Class Representatives' individual reliance—at trial. Thus, individual issues of reliance "overwhelm questions common to the class," *Amgen II*, 568 U.S. at 462–63, defeating predominance.

Nor can Plaintiffs establish Rule 23(b)(3)'s superiority requirement. A class action is not "superior" if, "given all of the individual issues that must be litigated in this matter, trial administration would be overwhelming." *Weigele*, 267 F.R.D. at 623–24. This is true even when "it would be far more

costly and time consuming for each individual putative class member" to proceed individually.  *Id.*  Absent a class-wide presumption of reliance, no individual class member can recover at all without carrying their burden to establish reliance.  This requires a far more fulsome individualized process than the typical Phase II procedures for rebutting individual reliance contemplated in other securities fraud class actions; instead, the starting point is that there is *no* reliance and therefore no liability for every single absent class member.  *Compare Amgen I*, 660 F.3d at 1175 ("Thus, if the plaintiffs failed to prove those elements, they could not use the fraud-on-the-market presumption," and though "their claims would not be dead on arrival [because] they could seek to prove reliance individually," that "would be inappropriate for a class proceeding.") *with Halliburton II*, 573 U.S. at 276  ("That the defendant might attempt to pick off the occasional class member here or there through individualized rebuttal" in Phase II "does not cause individual questions to predominate.").

In sum, the only basis for the Court's decision to certify a class—the *Basic* presumption—no longer supports certification.  Thus, the class should be decertified and post-verdict proceedings should go forward only as to the Class Representatives.

## II.    IMPOSING CLASS-WIDE LIABILITY WOULD VIOLATE PROCEDURAL DUE PROCESS

Imposing class-wide liability despite the lack of any jury finding that Plaintiffs proved the fraud-on-the-market presumption would violate procedural due process.

"Due process concerns require that class certification meet rigorous standards in securities cases." *Miller*, 615 F.3d at 1103.  Indeed, the Rule 23 requirements exist "[i]n part because of the due process concerns inherent in such a proceeding." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1105 (9th Cir. 2018).  The Ninth Circuit has made clear that these standards apply, in particular, to the determination of the elements necessary to establish the fraud-on-the-market presumption.  *Miller*, 615 F.3d at 1003–04.  And courts are required to give "exacting" scrutiny to "vague jury verdict[s]" when the judgment implicates "procedural due process concerns." *UniRAM Tech., Inc. v. Taiwan Semiconductor Mfg. Co.*, 2008 WL 11515597, at *5 (N.D. Cal. Apr. 17, 2008).

Allowing this case to proceed on a class-wide basis, where the jury's verdict provides no basis to conclude that the jury found market efficiency and the fraud-on-the-market presumption, would run afoul

of these principles. The law requires that a securities class-action plaintiff prove that it is entitled to the fraud-on-the-market presumption twice and to two separate fact finders: the Court on a preliminary basis during class certification and the jury at trial. *Halliburton II*, 573 U.S. at 267; Dkt. 524 at 23. Courts have constructed "rigorous standards," *Miller*, 615 F.3d at 1103, to satisfy the heightened due process concerns present in securities cases. The only manner to confirm whether these standards were satisfied at trial—absent a Rule 50 judgment (which Plaintiffs waived)—is a jury verdict unambiguously so finding, either by necessity (*i.e.*, where the jury instructions directed the jury to find liability only if those standards were satisfied; not the case here) or special interrogatory. *Cf. Finjan, Inc. v. Sophos, Inc.*, 2016 WL 2988834, at *19 (N.D. Cal. May 24, 2016) ("[A] general jury verdict can give rise to collateral estoppel only if it is clear that the jury necessarily decided a particular issue in the course of reaching its verdict." (quotation omitted)).

To hold otherwise would be to provide less protection than due process requires. For instance, to protect due process rights, "vagueness in a general verdict" is "***resolved against a prevailing plaintiff***" in the context of collateral estoppel. *UniRAM Tech., Inc.*, 2008 WL 11515597, at *5 (emphasis added). In such circumstances, "a general jury verdict can give rise to collateral estoppel only if it is clear that the jury necessarily decided a particular issue in the course of reaching its verdict." *Finjan*, 2016 WL 2988834, at *19 (quoting *United Access Techs., LLC v. Centurytel Broadband Servs. LLC*, 778 F.3d 1327, 1331 (Fed. Cir. 2015)). But "[w]hen there are several possible grounds on which a jury could have based its general verdict and the record does not make clear which ground the jury relied on, collateral estoppel does not attach to any of the possible theories." *Id.*

Heightened due process concerns exist here because the fraud-on-the-market presumption gives rise to the ability to proceed on a class-wide basis in a securities case. Absent a finding that Plaintiffs established the presumption, due process and securities law require that each investor seeking damages individually prove they relied on the alleged misrepresentations, defeating Plaintiffs' ability to satisfy Rule 23 and rendering class certification inappropriate. *See Amgen I*, 660 F.3d at 1175 ("Thus, if the plaintiffs failed to prove these elements, they could not use the fraud-on-the-market presumption, but their claims would not be dead on arrival; they could seek to prove reliance individually. That scenario, however, would be inappropriate for a class proceeding."). The Court thus must—at a minimum—apply

the same standard that applies to collateral estoppel to satisfy the "rigorous standards in securities cases." *Miller*, 615 F.3d at 1103.  As a result, due process demands that the ambiguity in the jury's verdict be resolved against Plaintiffs.  *Finjan*, 2016 WL 2988834, at *19.

Procedural due process, therefore, prevents Plaintiffs from maintaining the class and the Court should order decertification.

### CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant this Motion and decertify the Class.

DATED:  May 1, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Ellyde R. Thompson*
Alex Spiro
Michael T. Lifrak
Stephen A. Broome
Ellyde R. Thompson
Jesse A. Bernstein
Alex Bergjans

*Attorneys for Defendant Elon Musk*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing document was served on all counsel of record electronically or by another manner authorized under FED. R. CIV. P. 5(b) on Friday, May 1, 2026.

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  /s/ Alex Bergjans
    Alex Spiro
    Michael T. Lifrak
    Stephen A. Broome
    Ellyde R. Thompson
    Jesse A. Bernstein
    Alex Bergjans

    *Attorneys for Defendant Elon Musk*

**ATTESTATION**

Pursuant to Civil L.R. 5-1, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the other signatories herein.

By  /s/ Alex Bergjans
Alex Spiro
Michael T. Lifrak
Stephen A. Broome
Ellyde R. Thompson
Jesse A. Bernstein
Alex Bergjans

*Attorneys for Defendant Elon Musk*

Case No. 3:22-CV-05937-CRB
DEFENDANTS' MOTION TO DECERTIFY CLASS ACTION PURSUANT TO FED. R. CIV. P. 23(C)