QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (*pro hac vice*)
alexspiro@quinnemanuel.com
Ellyde R. Thompson (*pro hac vice*)
ellydethompson@quinnemanuel.com
Jesse A. Bernstein (*pro hac vice*)
jessebernstein@quinnemanuel.com
295 Fifth Ave., New York, NY 10010
Telephone:     (212) 849-7000
Facsimile:     (212) 849-7100

Michael T. Lifrak (Bar No. 210846)
michaellifrak@quinnemanuel.com
Stephen A. Broome (Bar No. 314605)
stephenbroome@quinnemanuel.com
Alex Bergjans (Bar No. 302830)
alexbergjans@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

*Attorneys for Defendant Elon Musk*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIUSEPPE PAMPENA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ELON R. MUSK,<br><br>Defendant. | CASE NO. 3:22-CV-05937-CRB<br><br>**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO DECERTIFY CLASS ACTION PURSUANT TO FED. R. CIV. P. 23(C)**<br><br>Hon. Judge Charles R. Breyer |

## TABLE OF CONTENTS

**Page**

SUMMARY OF ARGUMENT ................................................................................................1

PRELIMINARY STATEMENT ...........................................................................................4

ARGUMENT .........................................................................................................................5

I.  DEFENDANT'S MOTION IS TIMELY ...................................................................5

    A.  The Court's Premature Entry Of Judgment Cannot Strip Defendant Of His Right To Make This Motion ...........................................................................5

    B.  Defendant Raised This Issue Promptly, And Plaintiffs' Arguments To The Contrary Misstate The Record ...............................................................6

    C.  Defendant Is Entitled To Relief Under Rule 59(e) ............................................7

II.  THE VERDICT CANNOT BE CONSTRUED TO ESTABLISH CLASS-WIDE RELIANCE, SO DECERTIFICATION IS REQUIRED ............................7

    A.  The Fraud-On-The-Market Presumption Was Not "Necessary" To The Verdict ..............7

    B.  The Court Has No "Discretion" To Review The Evidence And Construe The Verdict To Imply A Finding Of Class-Wide Reliance ......................................9

    C.  Procedural Due Process Prohibits Construing An Ambiguous Verdict To Have Class-Wide Ramifications ...........................................................12

    D.  Because Plaintiffs Failed To Obtain A Verdict On The Fraud-On-The-Market Presumption, Decertification Is Required ..........................................13

CONCLUSION.....................................................................................................................14

## TABLE OF AUTHORITIES

**Page**

### Cases

*Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*,
568 U.S. 455 (2013)..............................................................................................1, 3

*In re Apple iPod iTunes Antitrust Litig.*,
2014 WL 6783763 (N.D. Cal. Nov. 25, 2014) ...............................................................7

*Arizona State Carpenters Pension Tr. Fund v. Miller*,
938 F.2d 1038 (9th Cir. 1991) ......................................................................................5

*Basic Inc. v. Levinson*,
485 U.S. 224 (1988)...............................................................................................3, 12

*Campbell v. City of Los Angeles*,
903 F.3d 1090 (9th Cir. 2018) .............................................................................3, 8, 13

*Counts v. Burlington N. R. Co.*,
952 F.2d 1136 (9th Cir. 1991) .....................................................................................10

*Finjan, Inc. v. Sophos, Inc.*,
2016 WL 2988834 (N.D. Cal. May 24, 2016) .......................................................3, 13

*Gen. Tel. Co. of the Sw. v. Falcon*,
457 U.S. 147 (1982).....................................................................................................13

*In re Gilead Scis. Sec. Litig.*,
536 F.3d 1049 (9th Cir. 2008) .....................................................................................12

*Halliburton Co. v. Erica P. John Fund, Inc.*,
573 U.S. 258 (2014) (*Halliburton II*)..........................................................................10

*Hesse v. Air France*,
1990 WL 58237 (9th Cir. 1990) ....................................................................................8

*HsingChing Hsu. v. Puma Biotechnology, Inc.*,
2019 WL 11637311 (C.D. Cal. May 22, 2019) ...............................................................1

*Irving Firemen's Relief & Ret. Fund v. Uber Techs., Inc.*,
998 F.3d 397 (9th Cir. 2021) .................................................................................11, 12

*Kern v. Levolor Lorentzen, Inc.*,
899 F.2d 772 (9th Cir. 1990) .....................................................................................2, 9

*Knapp v. Ernst & Whinney*,
90 F.3d 1431 (9th Cir. 1996) ....................................................................................2, 10

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DECERTIFY
CLASS ACTION PURSUANT TO FED. R. CIV. P. 23(C)

*Logtale, Ltd. v. IKOR, Inc.*,
  2016 WL 7743408 (N.D. Cal. Aug. 16, 2016) ......................................................................9

*Mattison v. Dallas Carrier Corp.*,
  947 F.2d 95 (4th Cir. 1991) .............................................................................................2, 11

*Miller v. Thane Int'l, Inc.*,
  615 F.3d 1095 (9th Cir. 2010) ...................................................................................3, 12, 13

*Montgomery Ward & Co. v. Duncan*,
  311 U.S. 243 (1940).............................................................................................................11

*Murphy v. City of Long Beach*,
  914 F.2d 183 (9th Cir. 1990) ................................................................................................9

*Niles By & Through Niles v. United States*,
  710 F.2d 1391 (9th Cir. 1983) ...........................................................................................2, 8

*Niles v. United States*,
  520 F. Supp. 808 (N.D. Cal. 1981) .....................................................................................2, 8

*In re Oracle Corp. Sec. Litig.*,
  627 F.3d 376 (9th Cir. 2010) ................................................................................................9

*Traver v. Meshriy*,
  627 F.2d 934 (9th Cir. 1980) ........................................................................................2, 9, 10

*UniRAM Tech., Inc. v. Taiwan Semiconductor Mfg. Co.*,
  2008 WL 11515597 (N.D. Cal. Apr. 17, 2008) ...........................................................2, 3, 8, 12, 13

*United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers*
  *Int'l Union, AFL-CIO, CLC v. ConocoPhillips Co.*,
  593 F.3d 802 (9th Cir. 2010) ..............................................................................................13

*Weigele v. FedEx Ground Package System, Inc.*,
  267 F.R.D. 614 (S.D. Cal. 2010) ........................................................................................14

Case No. 3:22-CV-05937-CRB
DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DECERTIFY
CLASS ACTION PURSUANT TO FED. R. CIV. P. 23(C)

**SUMMARY OF ARGUMENT**

Plaintiffs do not dispute that, to apply the judgment class wide, they were required to secure a verdict finding that they proved the fraud-on-the-market presumption applies. Nor can they overcome the fact that the general verdict returned gives no indication whether the jury found that Plaintiffs proved reliance individually or on a class-wide basis—which were the two alternative theories the Court instructed the jury that Plaintiffs could prove to establish that element. Dkt. No. 524 at 23. The verdict form provides the Court with no basis to conclude the jury found that Plaintiffs proved fraud-on-the-market, precluding Plaintiffs from availing themselves of the presumption of class-wide reliance and requiring that the Class be decertified. *See Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 462–63 (2013) ("*Amgen II*") ("Absent the fraud-on-the-market theory, the requirement that Rule 10b-5 plaintiffs establish reliance would ordinarily preclude certification of a class action seeking money damages because individual reliance issues would overwhelm questions common to the class."). Plaintiffs' arguments do not establish otherwise.

First, Plaintiffs assert that the motion is untimely because the Court entered judgment before giving Defendant the opportunity to file this motion. But Defendant preserved his right to seek this relief in his briefing opposing the entry of judgment, and Plaintiffs themselves argued that the Court's judgment was premature. *See* Dkt. No. 550 at 3–4 (Plaintiffs arguing that "The Court Should Defer Entry Of Judgment Pending Notice And Completion Of The Claims Process"); *see also HsingChing Hsu. v. Puma Biotechnology, Inc.*, 2019 WL 11637311, at *1 (C.D. Cal. May 22, 2019) (striking proposed final judgment in 10b-5 class action as "premature" due to "outstanding" individualized "issues of liability and damages"). This motion should not have come as a surprise to Plaintiffs. Defendant objected to and raised concerns that the general verdict "actively prevent[ed] the jury" from conclusively finding "Plaintiffs have proven the fraud-on-the-market presumption." Dkt. No. 367 at 1–2. And he promptly notified Plaintiffs and the Court of his intention to move to decertify after the verdict was rendered and before judgment was entered. In any event, Defendant timely moved under Rule 59(e) to amend or alter the judgment to enter judgment for the Class Representatives alone, instead of the entire putative Class.

Next, Plaintiffs simply assert that the "the jury held Musk liable for his false statements on a class-wide basis," Opp. at 5, and argue that the Court must construe the ambiguous general verdict in their

-1-

favor.  But a prevailing party is only entitled to a presumption that the general verdict made "findings necessary to support the verdict the jury reached," *UniRAM Tech., Inc. v. Taiwan Semiconductor Mfg. Co.*, 2008 WL 11515597 at *5 (N.D. Cal. Apr. 17, 2008), and the Court's own instructions made clear that Defendant could be found liable under either an individual or class-wide theory of reliance.  It was not necessary for the jury to find that the fraud-on-the-market presumption was proven to support the verdict it reached, so the Court cannot presume that the jury made that finding here.  Instead, the general rule that the Court "will not speculate on what particular ground" the jury rendered the general verdict applies.  *E.g., Niles v. United States*, 520 F. Supp. 808, 812 (N.D. Cal. 1981), *aff'd sub nom. Niles By & Through Niles v. United States*, 710 F.2d 1391 (9th Cir. 1983) ("[W]here a matter is tried on alternate theories of recovery and a general verdict rendered, appellate courts will not speculate on what particular ground the jury may have found against the plaintiff." (alteration adopted and quotation omitted)).  That the jury awarded deflation for each day of the Class Period, and not just the days Plaintiffs sold, is irrelevant; the verdict form did not give the jury the latter option.  Dkt. No. 538.

Plaintiffs' argument that the Court can wade into the trial record and make factual findings that the jury determined the fraud-on-the-market presumption was satisfied is unsupported by law and contrary to the Seventh Amendment.  Plaintiffs rely on *Traver v. Meshriy*, 627 F.2d 934, 938 (9th Cir. 1980), and *Kern v. Levolor Lorentzen, Inc.*, 899 F.2d 772, 777 (9th Cir. 1990), to argue that the Court has the "discretion to attribute the general verdict to the fraud-on-the-market presumption." Opp. at 8.  But *Traver* and *Kern* say no such thing.  Instead, they create a "narrow exception" to the "general rule" that "a general jury verdict will be upheld only if there is substantial evidence to support each and every theory of liability submitted to the jury" in response to a Rule 50(b) motion.  *Knapp v. Ernst & Whinney*, 90 F.3d 1431, 1439 (9th Cir. 1996).  Defendant is not arguing that the Class should be decertified because Plaintiffs failed to prove reliance as a matter of law—they did fail to do so, but that is the subject of his pending Rule 50(b) motion, not this one.  Rather, Defendant is arguing that the jury could have found reliance under either theory and has provided no basis through its general verdict for the Court to conclude that the jury found that **class-wide reliance** was proven.  The Court is not permitted to conduct any sufficiency or weight of the evidence review on this motion and Plaintiffs cite to no authority holding otherwise.  *E.g., Mattison v. Dallas Carrier Corp.,* 947 F.2d 95, 108 (4th Cir. 1991) ("The right to jury trial secured by the Seventh

-2-                                    Case No. 3:22-CV-05937-CRB

Amendment thus reserves the weighing of evidence and the finding of facts exclusively to the jury.").

Instead, in cases like this one—where the judgment can be enforced by non-parties and thus implicates weighty due process concerns, *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1105 (9th Cir. 2018) (noting the "due process concerns inherent" in class action proceedings); *Miller v. Thane Int'l, Inc.*, 615 F.3d 1095, 1102–03 (9th Cir. 2010) ("Due process concerns require that class certification meet rigorous standards in securities cases.")—a court must resolve "vagueness in a general verdict . . . ***against*** a prevailing plaintiff," *UniRAM Tech., Inc.*, 2008 WL 11515597, at *5 (emphasis added).  Plaintiffs have no response to that rule and instead argue that no due process concerns are implicated because Defendant received a fair trial.  Whether he did (and he did not,  Dkt. No. 570) is irrelevant—the question is whether the jury's verdict clearly establishes that it found class-wide reliance.  It does not, and its ambiguity must be construed against Plaintiffs.  *UniRAM Tech., Inc.*, 2008 WL 11515597, at *5; *see also Finjan, Inc. v. Sophos, Inc.*, 2016 WL 2988834, at *19 (N.D. Cal. May 24, 2016) (a general verdict is given effect to a particular disputed issue "only if it is clear that the jury necessarily decided a particular issue in the course of reaching its verdict").  Plaintiffs do not contest that, absent a jury finding that Plaintiffs established the presumption, the class must be decertified.  Opp. at 4–5; *Amgen II,* 568 U.S. at 462–63; *Basic Inc. v. Levinson*, 485 U.S. 224, 248 n. 29 (1988) (recognizing establishing the presumption "is a matter for trial").  Thus, the Court should grant Defendant's motion and decertify the Class.

## PRELIMINARY STATEMENT

Plaintiffs do not dispute that, to obtain a class-wide judgment on their securities fraud claims, they were required to obtain a verdict that the fraud-on-the-market presumption applied. Nor do Plaintiffs dispute that the Court instructed the jury that it could find Defendant liable without concluding that Plaintiffs proved class-wide reliance and instead could render a verdict if it found individual reliance was satisfied. Plaintiffs do not dispute that the jury made no specific finding as to which theory of reliance supported its verdict, either. And they do not dispute that the absence of such a finding was a product of their creation, arising from their insistence that the Court issue a general verdict form. On these facts, the Court cannot conclude that Plaintiffs satisfied their burden to establish class-wide reliance—and indeed, must construe any ambiguity in the verdict against Plaintiffs. The Court should decertify the Class.

Plaintiffs ask the Court to ignore these critical issues, speculate about what the jury might have found, and play the role of fact finder itself. They contend that the jury's verdict calculating deflation for each day in the Class Period should be read as a proxy for fraud-on-the-market reliance. No law supports such a suggestion, and the verdict form itself instructed the jury to "[d]etermine the amount of artificial deflation per share of Twitter stock proved by Plaintiffs *on each date during the Class Period*" without any restriction based on the theory of reliance it accepted. Dkt. No. 538 at 6 (emphasis added). That the jury filled out the form as instructed is unremarkable and gives no indication that the jury found class-wide reliance. Plaintiffs then ask the Court to exercise its "discretion" to analyze the evidence at trial and attribute the general verdict to the fraud-on-the-market presumption, claiming there was no evidence of individual reliance. But the Court has no such discretion here and is not permitted—outside of a Rule 50 motion—to conduct any such analysis. If Plaintiffs wanted the Court to make such a finding, they should have moved for judgment as a matter of law on that theory. They chose not to do so. And, of course, Plaintiffs could have proposed—as Defendant did—a special verdict form that required the jury to determine whether the fraud-on-the-market presumption applied. They chose not do that, either.

Plaintiffs made strategic decisions that leave the Court with no guidance from the verdict form to conclude whether the jury found class-wide reliance and no authority to make an independent determination on that question. Plaintiffs cannot now undo those decisions. Plaintiffs have no verdict finding that the fraud-on-the-market presumption applies, cannot meet their burden to satisfy the

-4-

predominance requirement of Rule 23, and cannot maintain their certified Class.  The Court should grant the motion to decertify.

## ARGUMENT

### I.   DEFENDANT'S MOTION IS TIMELY

#### A.   The Court's Premature Entry Of Judgment Cannot Strip Defendant Of His Right To Make This Motion

Rather than contend with the problem they created by insisting on a general verdict, Plaintiffs assert that the Court should deny the motion because it was filed after judgment was entered.  But the Court cannot enter judgment prematurely, before affording Defendant the opportunity to make this motion, and then use that hastily entered judgment to deny Defendant the opportunity to be heard—particularly where Defendant made clear he intended to file a decertification motion **before** the Court entered judgment.  *See* Dkt. No. 549 at 1 ("Instead of engaging in a class-wide claims administration process, the Court—should it deny Defendant's Rule 50 and 59 motions—should decertify the class."); *id.* at 7–8.  The Court did not address Defendant's filing, nor did it afford Defendant an opportunity to make this motion or even to oppose the entry of final judgment.

Moreover, any purported final judgment is improper, and thus no valid final judgment has been entered.  As Plaintiffs recognize, for final judgment to be proper, it must dispose of all elements and issues for a given claim, "end[ing] the litigation on the merits and leav[ing] nothing for the court to do but execute the judgment." *Arizona State Carpenters Pension Tr. Fund v. Miller*, 938 F.2d 1038, 1039–40 (9th Cir. 1991).  Plaintiffs assert that "[t]hose are the circumstances here," but they are not; this motion is just one of the many remaining issues the Court must adjudicate before final judgment can properly be entered. *See* Dkt. No. 549 at 8–12; Dkt. No. 559.  Indeed, Plaintiffs themselves previously recognized that entering final judgment immediately after a jury verdict in a securities fraud class action is improper. *See* Dkt. No. 550 at 3–4 (Plaintiffs arguing that "The Court Should Defer Entry of Judgment Pending Notice and Completion of the Claims Process").  Plaintiffs should not be allowed to weaponize the hastily entered judgment that they previously recognized as premature to deny Defendant the opportunity to challenge class certification in light of intervening events.

**B.    Defendant Raised This Issue Promptly, And Plaintiffs' Arguments To The Contrary Misstate The Record**

Plaintiffs' contention (Opp. at 4) that Defendant delayed filing this motion lacks support in the record. Plaintiffs criticize Defendant for waiting until the conclusion of trial to file this motion. But the basis for this motion—the general verdict form and the resulting ambiguous verdict—did not exist until the conclusion of trial. Plaintiffs mischaracterize Defendant's argument, suggesting that his "sole reason in support of decertification" is "Plaintiffs['] alleged failure to prove class-wide reliance at trial." Opp. at 4. Not so. Defendant's Rule 23(c) motion is not predicated on Plaintiffs' failure to prove class-wide reliance—that is addressed in Defendant's Rule 50(b) motion. Instead, the class must be decertified because the jury returned an ambiguous verdict that does not allow the Court to conclude the jury found class-wide reliance. And if there is no finding of class-wide reliance, the verdict cannot apply to the class. Contrary to Plaintiffs' suggestion, the basis for this motion did not "occur[] during trial," Opp. at 4; it arose when the Court adopted Plaintiffs' proposed general verdict form and when the jury returned an ambiguous verdict as a result. The Court did not provide its tentative verdict form until March 16, 2026, the day of the charge conference and just a day before closing arguments. Dkt. No. 522. And, in any event, Defendant *did* raise concerns well before trial that a general verdict form "actively prevent[ed] the jury" from registering whether it found "Plaintiffs have proven the fraud-on-the-market presumption" and advocated for a special verdict form. Dkt. No. 367 at 1–2. Plaintiffs cite no law, nor is Defendant aware of any, requiring Defendant to make this motion before the jury's verdict.

Plaintiffs next contend that Defendant failed to indicate that he intended to move to decertify the class after the verdict in his filings about the post-trial schedule, specifically claiming that Defendant did not "indicate as much in his response to Plaintiffs' proposed post-verdict procedures (ECF 549)." Opp. at 4. That is simply untrue. Defendant's response to Plaintiffs' proposed post-verdict procedures, filed at Dkt. No. 549, devotes more than four pages to explaining the deficiency with the jury's ambiguous verdict and explicitly details Defendant's intent to move to decertify the class. *Id.* at 4–8 (sections entitled "The General Verdict Does Not Establish That Plaintiffs Proved Class-Wide Reliance" and "Defendant Is Entitled To Move To Decertify The Class Post-Trial"). Defendant's response specifically asked the Court to hear Defendant's post-trial Rule 50 and 59 motions before entering judgment, *id.* at 3, and then asked

-6-

that "if the Court does not grant Defendant's Rule 50(b) and 59 motions, the Court should set a briefing schedule for a motion to decertify the class," *id.* at 8.  Plaintiffs' contention that Defendant did not timely raise his intent to bring this motion is thus flatly contradicted by the record.

Nor is it relevant to the Court's analysis that absent class members will purportedly suffer prejudice if the class is decertified.  As Plaintiffs' case law makes clear, belated decertification causes undue prejudice "where no intervening events have led to changed circumstances." *In re Apple iPod iTunes Antitrust Litig.*, 2014 WL 6783763, at *6 (N.D. Cal. Nov. 25, 2014) (cited Opp. at 3).  Here, the general verdict form adopted on the penultimate day of trial and the resulting ambiguous verdict are intervening events leading to changed circumstances and requiring decertification.  True, absent class members will need to pursue their claims individually—but that is the result of Plaintiffs' insistence on using a general verdict form over Defendant's objection, not Defendant's timing in making this motion.

### C.   Defendant Is Entitled To Relief Under Rule 59(e)

Finally, even if there is a properly entered final judgment, Defendant is still entitled to relief. Federal Rule of Civil Procedure 59(e) allows Defendant to file a motion to alter or amend the judgment within 28 days after the entry of judgment.  Defendant timely filed that motion within the 28-day window, Dkt. No. 570, and specifically asked the Court to amend the judgment to address the class-wide liability problem this motion identifies.  Accordingly, the Court should still grant relief by altering or amending the judgment to remove any reference to class-wide liability.

## II.   THE VERDICT CANNOT BE CONSTRUED TO ESTABLISH CLASS-WIDE RELIANCE, SO DECERTIFICATION IS REQUIRED

### A.   The Fraud-On-The-Market Presumption Was Not "Necessary" To The Verdict

Plaintiffs' merits arguments fare no better.  Plaintiffs simply insist, without explanation or citation, that "the jury held Musk liable for his false statements on a class-wide basis."  Opp. at 5.  But that is precisely the problem:  The reliance jury instructions properly permitted the jury, if it found liability at all, to hold Defendant liable *either* on a class-wide basis *or* only to the individual Class Representatives. The general verdict form provides no insight into which alternative the jury found and thus no basis to assert that the jury held Defendant liable on a class-wide basis.

Plaintiffs attempt to distinguish *Hesse* and *Niles* factually, but they do not engage with the principle those cases articulate:  Courts may not speculate as to which of multiple independent theories a jury found in reaching a general verdict.  *See Hesse v. Air France*, 1990 WL 58237, at *2 (9th Cir. 1990); *Niles v. United States*, 520 F. Supp. 808, 812 (N.D. Cal. 1981), *aff'd sub nom. Niles By & Through Niles v. United States*, 710 F.2d 1391 (9th Cir. 1983) ("For example, where a matter is tried on alternate theories of recovery and a general verdict rendered, appellate courts will not speculate on what particular ground the jury may have found against the plaintiff." (alteration adopted and quotation omitted)).

This dooms Plaintiffs' argument that the ambiguity in the verdict must be resolved in their favor. Opp. at 7.  While Plaintiffs cite *UniRAM* for the proposition that "[a]ny doubt in a general verdict in a civil case is resolved in favor of the prevailing party," meaning that "the law presumes the existence of findings ***necessary to support the verdict the jury reached***," *UniRAM Tech., Inc. v. Taiwan Semiconductor Mfg. Co.*, 2008 WL 11515597 at *5 (N.D. Cal. Apr. 17, 2008) (quoted Opp. at 7), the fraud-on-the-market presumption is not a finding necessary to support the jury's verdict, which indicates only that the jury found ***some*** liability for two statements, not that the jury found ***class-wide*** liability.  Moreover, as explained below, *UniRAM* makes clear that, in situations "involv[ing] procedural due process concerns" such as collateral estoppel, "vagueness in a general verdict [is] resolved against a prevailing plaintiff." *Id.* at *5.  Class certification is such a situation.  *See Campbell v. City of Los Angeles*, 903 F.3d 1090, 1105 (9th Cir. 2018) (noting the "due process concerns inherent" in class action proceedings).

Faced with a reality they created—a general verdict form with no findings of class-wide reliance and no reason to conclude the jury found class-wide liability—Plaintiffs argue that the jury's decision to adopt their expert's damages framework somehow shows that the jury accepted the fraud-on-the-market theory.  Opp. at 6.  Not so.  Contrary to Plaintiffs' assertions, Dr. Tabak did not "calculate[] harm to all class members who sold shares at deflated prices during the class period." *Id.*  That argument might hold some water if Dr. Tabak had indeed calculated the total amount of damages for the entire class.  But he did not; instead, he calculated ***per share*** deflation, leaving the determination of ***who*** can collect at that rate for sales during the class period to the fact-finder.  As Dr. Tabak explained at trial, his damages methodology could be used to calculate damages for the individual Class Representatives.  *See* Trial Tr. at 1855:11–1856:25 (calculating Brian Belgrave's damages).  Moreover, the verdict form asked the jury

-8-                                     Case No. 3:22-CV-05937-CRB

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DECERTIFY
CLASS ACTION PURSUANT TO FED. R. CIV. P. 23(C)

to "[d]etermine the amount of artificial deflation per share of Twitter stock proved by Plaintiffs on each date during the Class Period and write it in the table below." Dkt. No. 538 at 6. The jury adopted Dr. Tabak's calculations to do so. But the jury nowhere indicated that it intended these numbers to be applied on a class-wide basis.

Plaintiffs' argument that the Court should presume that the jury found reliance through the fraud-on-the-market presumption because that is what they attempted to prove at trial, Opp. at 6, is procedurally barred. Plaintiffs did not move under Rule 50(a) for judgment as a matter of law in their favor on the fraud-on-the-market presumption, but they now ask the Court to review the trial record and conclude that a reasonable jury must have found the fraud-on-the-market presumption satisfied as a matter of law. As Plaintiffs do not dispute, doing so is squarely impermissible. *See, e.g.*, *Murphy v. City of Long Beach*, 914 F.2d 183, 186 (9th Cir. 1990) ("[A] district court may not enter a JNOV on grounds not asserted in a party's motion for directed verdict."). Nor do Plaintiffs dispute that they invited this problem through their strategic decision to insist on a general verdict form, which the Court adopted over Defendant's objection. It is well-settled that this prevents Plaintiffs from now complaining of this error or asking the Court to bend procedural rules to rescue them from the deficiency they created. *See, e.g.*, *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 386 (9th Cir. 2010) (a party may not "invite the district court to err and then complain of that very error"); *Logtale, Ltd. v. IKOR, Inc.*, 2016 WL 7743408, at *4 (N.D. Cal. Aug. 16, 2016) ("[U]nder the 'invited error" doctrine, a party waives any ability to later challenge a jury instruction or verdict form when the party invites the error of which it later complains."), *aff'd in part, rev'd in part, dismissed in part on other grounds*, 728 F. App'x 665 (9th Cir. 2018).

**B.      The Court Has No "Discretion" To Review The Evidence And Construe The Verdict To Imply A Finding Of Class-Wide Reliance**

Recognizing that the verdict itself provides no guidance as to what theory of reliance the jury accepted, Plaintiffs argue—citing *Traver v. Meshriy*, 627 F.2d 934, 938 (9th Cir. 1980) and *Kern v. Levolor Lorentzen, Inc.*, 899 F.2d 772, 777 (9th Cir. 1990)—that the Court should "exercise its discretion to attribute the general verdict to the fraud-on-the-market presumption." Opp. at 8. But neither case gives the Court any "discretion" to conduct any sufficiency of the evidence review under the circumstances and thus the cases are inapposite. *Traver* holds, in language omitted from Plaintiffs' parenthetical quotation

of its holding (Opp. at 8), that on review of a motion for judgment as a matter of law or new trial, "[w]here more than one theory of recovery has been submitted to the jury in a civil case, and where on appeal *it is claimed that as to one of the theories there was a lack of evidential support or an error of law in submitting the theory to the jury*, the reviewing court has discretion to construe a general verdict as attributable to another theory . . . ." 627 F.2d at 938 (emphasis added).  This is a "narrow exception" to the "general rule" that "a general jury verdict will be upheld only if there is substantial evidence to support each and every theory of liability submitted to the jury." *Knapp v. Ernst & Whinney*, 90 F.3d 1431, 1439 (9th Cir. 1996).  By its own terms, the theory applies only to a court's review of a jury verdict under Rule 50(b) and allows a court to uphold a general verdict only if the theories of recovery are "largely identical" and one is defective, but the other is supported by law and substantial evidence. *Counts v. Burlington N. R. Co.*, 952 F.2d 1136, 1140 (9th Cir. 1991) (declining to exercise *Traver* discretion because "this case involves claims sharing common issues of fact, but also involving distinctive legal and factual components").  In other words, it allows a court to construe a general verdict only on a 50(b) motion and only where the factual basis for the theories of recovery overlap.

None of the predicates for applying *Traver* discretion exists here.  This motion is not one for judgment as a matter of law, and Defendant does not seek decertification by attacking the verdict as unsupported by sufficient evidence or tainted by legal error.  Defendant does not argue that the class should be decertified because Plaintiffs failed to prove fraud-on-the-market or individual reliance as a matter of law.  Rather, Defendant's argument is that the class should be decertified because, for the purposes of this motion, the jury could have found reliance established under either theory but the verdict does not indicate which one—and only one (fraud on the market) could support application of the verdict class-wide.  Plaintiffs do not identify any overlap between the evidence required to prove individual reliance and the fraud-on-the-market presumption.  One requires showing an investor relied on the alleged misrepresentation and the other requires proving the *Basic* elements and an efficient market.  *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 267–69 (2014) (*Halliburton II*).  The theories at issue are not, as required under *Traver* and *Kern*, "largely identical." *See Counts*, 952 F.2d at 1140.  Thus, the fact pattern here is the opposite of the one presented in *Traver* or *Kern*.  Neither case applies.

The Court is not permitted—and Defendant is not asking it—to examine the evidence in the trial record to determine whether any particular theory of reliance was supported by sufficient evidence outside of Rule 50 and 59 review.  Plaintiffs cite no authority authorizing the Court, on a post-verdict motion for decertification, to dive into the trial record to rescue a class in the face of an ambiguous general verdict. The Ninth Circuit, to Defendant's knowledge, has never held that such review is allowed.  Indeed, any such review would turn the Court into a fact finder operating beyond the narrow authority to conduct sufficiency and weight-of-the-evidence review granted to it under Rule 50 and 59, in violation of the Seventh Amendment.  *See Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 250 (1940) (noting Rule 50(b) review and orders of new trial are permitted under the Seventh Amendment because the practices "w[ere] an incident of jury trial at common law at the time of the adoption of the Seventh Amendment to the Constitution"); *see also Mattison v. Dallas Carrier Corp.,* 947 F.2d 95, 108 (4th Cir. 1991) ("The right to jury trial secured by the Seventh Amendment thus reserves the weighing of evidence and the finding of facts exclusively to the jury.").

Plaintiffs' arguments that the evidence at trial was consistent with an efficient market, Opp. at 9–11, and that Defendant's motion for decertification does not challenge other elements of the presumption, Opp. at 5, miss the point and fail for the same reason.  Defendant argues that Plaintiffs failed to establish those elements, and that Defendant rebutted the presumption, in his parallel motion for judgment as a matter of law in his favor.  But this motion is different—the point is not whether the jury **should have** found the presumption but whether the Court can say conclusively that it **did**.  There is no way for the Court to make that determination from the face of the verdict.

While Plaintiffs spend pages arguing that Dr. Tabak presented sufficient evidence of market efficiency, that does not help them here.  Plaintiffs did not move for judgment on class-wide reliance, and whether there was sufficient evidence of market efficiency gives no indication that the jury accepted that Plaintiffs met their burden to establish the presumption when it rendered its verdict.  And Plaintiffs' suggestion that they were not, in fact, required to prove "that the price of the security immediately reflects all publicly available information" to establish that Twitter traded in an efficient market, Dkt. 524 at 23, is incorrect and irrelevant.  Plaintiffs argue (Opp. at 10), citing *Irving Firemen's Relief & Ret. Fund v. Uber Techs., Inc.*, that the Ninth Circuit has "h[as] not adopted a 'bright-line rule requiring an immediate

-11-

market reaction.'"  998 F.3d 397, 408 (9th Cir. 2021) (*quoting In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1057 (9th Cir. 2008)).  But as the Ninth Circuit explained in *Miller v. Thane Int'l, Inc.*—and Defendant briefed in his Motion (at 9)—an "*immediate* response is not required for loss causation" but *is* required to establish an efficient market.  615 F.3d 1095, 1103 (9th Cir. 2010).  *Irving* simply repeats that rule in the context of a loss causation analysis; it says nothing about the factors required to establish market efficiency.  *Irving*, 998 F.3d at 408.  In any event, Plaintiffs' entire discussion is academic: the jury was instructed that Twitter's price must "immediately reflect[] all publicly available information," Dkt. No. 524 at 23, and had ample basis to conclude from Dr. Tabak's two-trading-day (four-calendar-day) event window and the stock stabilizing in the hours after the May 13 tweet that Twitter's securities market did not.  Plaintiffs cannot now argue that the Court should decide class-wide reliance as a matter of law in their favor.  The question remains:  Did the verdict form clearly identify which theory of reliance the jury accepted?  And the answer remains:  No.

**C.    Procedural Due Process Prohibits Construing An Ambiguous Verdict To Have Class-Wide Ramifications**

Plaintiffs brush off the procedural due process concerns at play here.  As a result, they fail to recognize that they have the standard backwards:  Plaintiffs insist (Opp. at 7–8) that the ambiguous verdict must be construed in their favor, but when faced with a situation implicating these "weighty constitutional concerns," a court must resolve "vagueness in a general verdict . . . ***against*** a prevailing plaintiff." *UniRAM Tech., Inc.*, 2008 WL 11515597, at *5 (emphasis added).

Plaintiffs' response is that Defendant was afforded a fair trial and that the Court already considered the "rigorous standards" due process requires at the class certification stage.  Opp. at 15.  Neither argument is availing.  Whether Defendant received a fair trial[1] is not relevant to the question now before the Court on this motion, which is how the ambiguous verdict resulting from that trial may fairly be construed.  And it is undisputed that granting class certification does not end the Court's obligation to ensure that a case can properly proceed on a class-wide basis at all stages.  *See Basic*, 485 U.S. at 249 n. 29 ("the District Court retains the authority to amend the certification order as may be appropriate" if plaintiff fails to

---

[1]  He did not, as set forth in the accompanying motion under Rule 59 and in his filings during trial.

establish the fraud-on-the-market presumption at trial); *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982) (court can modify the class certification decision "in the light of subsequent developments in the litigation"); *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. ConocoPhillips Co.*, 593 F.3d 802, 809 (9th Cir. 2010) (similar).

Plaintiffs' last resort is to draw various distinctions between Defendant's cited cases and this case. Opp. at 15. But Plaintiffs entirely fail to contend with the basic principles at play, all of which they do not dispute. First, class certification in general—and in particular the determination of the fraud-on-the-market presumption that is necessary to proceed on a class-wide basis in securities cases—implicates significant procedural due process concerns. *See Campbell*, 903 F.3d at 1105; *Miller*, 615 F.3d at 1102–03. Second, as courts have made clear in other contexts that implicate the same procedural due process concerns, these "weighty constitutional concerns" mean that courts must give "exacting" scrutiny to "vague jury verdict[s]." *UniRAM Tech.*, 2008 WL 11515597, at *5. The collateral estoppel context is one such example. There, when considering the precise question at issue here—how to interpret an ambiguous jury verdict in a posture that raises procedural due process concerns—"vagueness in a general verdict" is "resolved against a prevailing plaintiff" in order to protect those rights. Thus, a general jury verdict is given effect "only if it is clear that the jury necessarily decided a particular issue in the course of reaching its verdict." *Finjan, Inc. v. Sophos, Inc.*, 2016 WL 2988834, at *19 (N.D. Cal. May 24, 2016). Finally, these principles apply with equal force to construing an ambiguous verdict to have class-wide ramifications.

Because determining whether the fraud-on-the-market presumption is met and class certification is appropriate implicates procedural due process concerns, the Court must afford Defendant the protections procedural due process requires and cannot construe the general verdict in Plaintiffs' favor or to contain findings the jury did not necessarily make.

**D.    Because Plaintiffs Failed To Obtain A Verdict On The Fraud-On-The-Market Presumption, Decertification Is Required**

Plaintiffs concede that, without the fraud-on-the-market presumption, "individual reliance issues would overwhelm questions common to the class." Opp. at 4. Plaintiffs do not contest that, absent a jury

finding that Plaintiffs established the presumption, the class must be decertified. *See* Opp. at 11–12.[2] But that is precisely the situation Plaintiffs find themselves in. Despite trying this case as a class action, Plaintiffs failed to obtain a verdict indicating that they established the fraud-on-the-market presumption and now assert that the Court—without any guidance from the general verdict—must ***assume*** the jury found that they did. Thus, it is Plaintiffs, not Defendant, that "speculat[e] about the bases for the jury's findings" on this motion. *See* Opp. at 11. And now they ask the Court to do the same—but the Court is not permitted to do so. Absent the presumption, "issues subject to generalized proof predominate over those issues that are subject only to individualized proof," and a class action is not superior because "given all of the individual issues that must be litigated in this matter, trial administration would be overwhelming." *Weigele v. FedEx Ground Package System, Inc.*, 267 F.R.D. 614, 620, 622–24 (S.D. Cal. 2010). The class must be decertified.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant this Motion and decertify the class.

DATED:  May 22, 2026               QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Ellyde R. Thompson*
Alex Spiro
Michael T. Lifrak
Stephen A. Broome
Ellyde R. Thompson
Jesse A. Bernstein
Alex Bergjans

*Attorneys for Defendant Elon Musk*

---

[2]  Plaintiffs' extensive discussion of unrelated class certification elements, Opp. at 12–15, is thus irrelevant. As Plaintiffs concede, if they cannot establish the fraud-on-the-market presumption, the class must be decertified for that reason alone—even if the other elements are met. Defendant disputed those elements at the class certification stage, *see* Dkt. No. 99, and maintains those objections, but they are not relevant to the changed circumstances prompting this motion for decertification.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DECERTIFY
CLASS ACTION PURSUANT TO FED. R. CIV. P. 23(C)

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record electronically or by another manner authorized under FED. R. CIV. P. 5(b) on Friday, May 22, 2026.

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Alex Bergjans*
    Alex Spiro
    Michael T. Lifrak
    Stephen A. Broome
    Ellyde R. Thompson
    Jesse A. Bernstein
    Alex Bergjans

    *Attorneys for Defendant Elon Musk*

Case No. 3:22-CV-05937-CRB
DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DECERTIFY
CLASS ACTION PURSUANT TO FED. R. CIV. P. 23(C)

**ATTESTATION**

Pursuant to Civil L.R. 5-1, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the other signatories herein.


By  */s/ Alex Bergjans*
    Alex Spiro
    Michael T. Lifrak
    Stephen A. Broome
    Ellyde R. Thompson
    Jesse A. Bernstein
    Alex Bergjans

    *Attorneys for Defendant Elon Musk*